# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DEBORAH D. PETERSON**
**Personal Representative**
**Of The Estate Of**
**James C. Knipple(Deceased)**

**JAMES ABBOTT,**
**Personal Representative**
**Of The Estate Of**
**Terry Abbott (Deceased)**

**ROBERT B. ALLMAN**
**Personal Representative**
**Of The Estate Of**
**John Robert Allman(Deceased)**

**THOMAS C. BATES, SR.**
**Personal Representative**
**Of The Estate Of**
**Ronny Bates (Deceased)**

**THOMASINE BAYNARD**
**Personal Representative**
**Of The Estate Of**
**James Baynard (Deceased)**

**PATRICIA CALLOWAY**
**Personal Representative**
**Of The Estate Of**
**Jess Beamon (deceased)**

**LUDDIE BELMER**
**Personal Representative**
**Of The Estate Of**
**Alvin Belmer (Deceased)**

**DEBBIE HORACE**
**Personal Representative**
**Of The Estate Of**
**Richard Blankenship (Deceased)**

FILED

RECEIVED
SEP 18 2001
CHAMBERS OF CHIEF JUDGE
THOMAS F. HOGAN

OCT - 3 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER  1:01CV02094

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 10/03/2001

**ALICE W. BLOCKER**
Personal Representative
Of The Estate Of
John W. Blocker

**JOSEPH BOCCIA**
Personal Representative
Of The Estate Of
Joseph J. Boccia, Jr.

**EDNA BOHANNON**
Personal Representative
Of The Estate Of
Leon Bohannon

**CATHERINE BONK**
Personal Representative
Of The Estate Of
John Bonk, Jr.

**AVENELL CALLAHAN**
Personal Representative
Of The Estate Of
Paul Lynn Callahan

**BILLIE JEAN BOLINGER**
Personal Representative
Of The Estate Of
Mecot Camara

**CLARE CAMPUS**
Personal Representative
Of The Estate Of
Bradley Campus

**ROBBIE CEASAR**
Personal Representative
Of The Estate Of
Johnnie D. Ceasar

**JAMES N. CONLEY**
Personal Representative
Of The Estate Of
Robert Allen Conley

**CHARLES S. COOK**
**Personal Representative**
**Of The Estate Of**
**Charles Dennis Cook**

**BETTY COPELAND**
**Personal Representative**
**Of The Estate Of**
**Johnny Len Copeland**

**LORRAINE MARY COULMAN**
**Persoanl Representative**
**Of The Estate Of**
**Kevin Coulman**

**HAROLD L. COSNER**
**Persoanl Representative**
**Of The Estate Of**
**David Cosner**

**HEIDI LEGAULT**
**Personal Representative**
**Of The Estate Of**
**Rick Robert Crudale**

**MARY M. MASON**
**Personal Representative**
**Of The Estate Of**
**Russell E. Cyzick**

**B. CHRISTINE DEVLIN**
**Personal Representative**
**Of The Estate Of**
**Michael J. Devlin**

**EARLINE MILLER**
**Personal Representative**
**Of The Estate Of**
**Nathaniel G. Dorsey**

**MICHAEL ROBERT DUNNIGAN**
**Personal Representative**
**Of The Estate Of**
**Timothy J. Dunnigan**

**LEONA MAE VARGAS**
**Persoanl Representative**
**Of The Estate Of**
**Bryan L. Earle**

**BARBARA ESTES**
**Personal Representative**
**Of The Estate Of**
**Danny R. Estes**

**MARILOU C. FLUEGEL**
**Personal Representative**
**Of The Estate Of**
**Richard A. Fluegel**

**RUBY A. FULCHER**
**Personal Representative**
**Of The Estate Of**
**Michael D. Fulcher**

**BARBARA GALLAGHER**
**Personal Representative**
**Of The Estate Of**
**Sean Gallagher**

**JULIANA RUDKOWSKI**
**Personal Representative**
**Of The Estate Of**
**George Gangur**

**JESS GARCIA**
**Personal Representative**
**Of The Estate Of**
**Randall J. Garcia**

**LEROY GHUMM**
**Persoanl Representative**
**Of The Estate Of**
**Harold D. Ghumm**

**VALERIE GIBLIN**
**Personal Representative**
**Of The Estate Of**
**Timothy Giblin**

**JUDY A. GORCHINSKI**
Personal Representative
Of The Estate Of
Michael Gorchinski

**ALICE GORDON**
Personal Representative
Of The Estate Of
Richard Gordon

**PATRICIA WRIGHT**
Personal Representative
Of The Estate Of
Davin Green

**JULIA HAIRSTON**
Personal Representative
Of The Estate Of
Thomas Hairston

**RICHARD HASKELL**
Personal Representative
Of The Estate Of
Michael S. Haskell

**MARY ANN TUREK**
Personal Representative
Of The Estate Of
Mark A. Helms

**DORIS P. HESTER**
Personal Representative
Of The Estate Of
Stanley Hester

**CYNTHIA D. HILDRETH**
Personal Representative
Of The Estate Of
Donald Hildreth

**LEE HOLBERTON**
Personal Representative
Of The Estate Of
Richard H. Holberton

**LISA HUDSON**
Personal Representative
Of The Estate Of
Dr. John R. Hudson

**HENRY HUKILL, JR.**
Personal Representative
Of The Estate Of
Maurice Hukill

**ELIZABETH IACOVINO**
Personal Representative
Of The Estate Of
Edward Iacovino, Jr.

**JOHN J. JACKOWSKI, SR.**
Personal Representative
Of The Estate Of
James Jackowski

**ELAINE M. JAMES**
Personal Representative
Of The Estate Of
Jeffrey James

**NATHALIE C. JENKINS**
Personal Representative
Of The Estate Of
Nathaniel Jenkins

**MARY L. BUCKNER**
Personal Representative
Of The Estate Of
Edward Johnston

**OLLIE JONES**
Personal Representative
Of The Estate Of
Steven Jones

**MARY A. COBBLE**
Personal Representative
Of The Estate Of
Thomas C. Keown

**SHIRLEY MARTIN**
Personal Representative
Of The Estate Of
Daniel Kluck

**FREAS KREISCHER, JR.**
Personal Representative
Of The Estate Of
Freas Kreischer, III

**WILLIAM LAISE**
Personal Representative
Of The Estate Of
Keith Laise

**JAMES J. LANGON, SR.**
Personal Representative
Of The Estate Of
James J. Langon

**JOYCE HOUSTON**
Personal Representative
Of The Estate Of
Michael S. LaRiviere

**CHERYL A. COSSABOOM**
Personal Representative
Of The Estate Of
Steven B. LaRiviere

**MARLYS LEMNAH**
Personal Representative
Of The Estate Of
Richard Lemnah

**BETTY LEWIS**
Personal Representative
Of The Estate Of
David Lewis

**ANNETTE LIVINGSTON**
Personal Representative
Of The Estate Of
Joseph Livingston, III

**PAUL LYON, SR.**
**Personal Representative**
**Of The Estate Of**
**Paul Lyon**

**ANNA BEARD**
**Personal Representative**
**Of The Estate Of**
**David Massa**

**SHIRLA MAITLAND**
**Personal Representative**
**Of The Estate Of**
**Samuel Maitland**

**BILL MACROGLOU**
**Personal Representative**
**Of The Estate Of**
**John Macroglou**

**PACITA G. MARTIN**
**Personal Representative**
**Of The Estate Of**
**Charles Robert Martin**

**MARY MCCALL**
**Personal Representative**
**Of The Estate Of**
**John McCall**

**SHIRLEY KIRKWOOD**
**Personal Representative**
**Of The Estate Of**
**James McDonough**

**MURIEL PERSKY**
**Personal Representative**
**Of The Estate Of**
**Timothy McMahon**

**RICHARD H. AND MARGARETTE MENKINS**
**Personal Representative**
**Of The Estate Of**
**Richard Menkins, Jr.**

**MARY LOU MEURER**
Personal Representative
Of The Estate Of
Ronald Meurer

**ROSALIE DONAHUE**
Personal Representative
Of The Estate Of
Joseph Milano

**SUSAN ANN RAY**
Personal Representative
Of The Estate Of
Joseph Moore

**HARRY MYERS**
Personal Representative
Of The Estate Of
Harry Douglas Myers

**CAMPBELL J. NAIRN, JR.**
Personal Representative
Of The Estate Of
David Johns Nairn

**ROGER S. OLSON**
Personal Representative
Of The Estate Of
John Olson

**FRANCES L. OWENS**
Personal Representative
Of The Estate Of
Joseph A. Owens

**JUDITH K. PAGE**
Personal Representative
Of The Estate Of
Ray Page

**MARY RUTH ERVIN**
Personal Representative
Of The Estate Of
Ulysses G. Parker

**SONIA PEARSON**
**Personal Representative**
**Of The Estate Of**
**John L. Pearson**

**RONALD R. PERRON**
**Personal Representative**
**Of The Estate of**
**Thomas S. Perron**

**NANCY B. FOX**
**Personal Representative**
**Of The Estate of**
**John Arthur Phillips, Jr.**

**MARGARET POLLARD**
**Personal Representative**
**Of The Estate Of**
**William Roy Pollard**

**SANDRA RHODES YOUNG**
**Personal Representative**
**Of The Estate Of**
**Victor Mark Prevatt**

**PAUL PRINDEVILLE**
**Personal Representative**
**Of The Estate Of**
**Patrick K. Prindeville**

**BELINDA J. QUIRANTE**
**Personal Representative**
**Of The Estate Of**
**Diomedes J. Quirante**

**CLARENCE RICHARDSON**
**Personal Representative**
**Of The Estate Of**
**Warren Richardson**

**MARIAN ROTONDO DIGIOVANNI**
**Personal Representative**
**Of The Estate Of**
**Louis Rotondo**

**BARBARA E. ROCKWELL**
**Personal Representative**
**Of The Estate Of**
**Michael C. Sauls**

**LYNN DALLACHIE**
**Personal Representative**
**Of The Estate Of**
**Charles Schnorf**

**BEVERLY SCHULTZ**
**Personal Representative**
**Of The Estate Of**
**Scott Lee Schultz**

**FRANK SCIALABBA**
**Personal Representative**
**Of The Estate Of**
**Peter Scialabba**

**MARY ANN SCOTT**
**Personal Representative**
**Of The Estate Of**
**Gary R. Scott**

**PAULINE SHIPP**
**Personal Representative**
**Of The Estate Of**
**Thomas Alan Shipp**

**LULA MAE WATKINS**
**Personal Representative**
**Of The Estate Of**
**Jerryl D. Shropshire**

**ANNA MARIE SIMPSON**
**Personal Representative**
**Of The Estate Of**
**Larry H. Simpson**

**BOBBIE ANN SMITH**
**Personal Representative**
**Of The Estate Of**
**Kirk H. Smith**

**JOSEPH K. SMITH**
**Personal Representative**
**Of The Estate Of**
**Thomas G. Smith**

**ANA SMITH-WARD**
**Personal Representative**
**Of The Estate Of**
**Vincent Lee Smith**

**WILLIAM SOMMERHOF**
**Personal Representative**
**Of The Estate Of**
**William Scott Sommerhof**

**RICHARD J. WALLACE**
**Personal Representative**
**Of The Estate Of**
**Stephen E. Spencer**

**WILLIAM J. & PEGGY STELPFLUG**
**Personal Representative**
**Of The Estate Of**
**William John Stelpflug**

**KARL GOODMAN**
**Personal Representative**
**Of The Estate Of**
**Horace Renardo Stephens**

**DONA STOCKTON**
**Personal Representative**
**Of The Estate Of**
**Craig Stockton**

**IRENE STOKES**
**Personal Representative**
**Of The Estate Of**
**Jeffrey Stokes**

**MARCUS L. STURGHILL, JR.**
**Personal Representative**
**Of The Estate Of**
**Eric D. Sturghill**

**DOREEN SUNDAR**

Personal Representative
Of The Estate Of
Devon Sundar

**RICHARD & BARBARA TINGLEY**
Personal Representatives
Of The Estate Of
Stephen Dale Tingley

**JAMES THORSTAD**
Personal Representative
Of The Estate Of
Thomas Thorstad

**DONALD H. VALLONE**
Personal Representative
Of The Estate Of
Donald H. Vallone, Jr.

**CHARLES CORRY**
Personal Representative
Of The Estate Of
Eric Washington

**PASTOR DANNY WHEELER**
Personal Representative
Of The Estate Of Molly Wheeler

**HENRY & SANDRA WIGGLESWORTH**
Personal Representative
Of The Estate Of
Dwayne Wigglesworth

**RUTH WILLIAMS**
Personal Representative
Of The Estate Of
Rodney J. Williams

**JANET WILLIAMS**
Personal Representative
Of The Estate Of
Scipio C. Williams


**JEWELENE DUNLAP WILLIAMSON**

Personal Representative
Of The Estate Of
Johnny Adam Williamson

**MELIA WINTER COLLIER**
Personal Representative
Of The Estate Of
William Ellis Winter

**PAUL WOOLETT**
Personal Representative
Of The Estate Of
Donald E. Woolett

**SANDRA D. JONES**
Personal Representative
Of The Estate Of
Craig Wyche

**JUDITH YOUNG**
Personal Representative
Of The Estate Of
Jeffrey D. Young

**LAVON BOYETT**
Personal Representative
Of The Estate Of
John Norman Boyett

**PATRICIA AARON**
Personal Representative
Of The Estate Of
Warner Gibbs

**MARVIN ALBRIGHT**

**ANTHONY BANKS**

**RODNEY BURNETTE**

**FRANK W. COMES**

**GLENN DOLPHIN**

**DR. CHARLES FRYE**

TRUMAN DALE GARNER

LARRY GERLACH

PATRICIA GERLACH

TRAVIS GERLACH

MEGAN GERLACH

JOHN HLYWIAK

ORVAL E. HUNT

CYNTHIA L. HUNT

JOSEPH JACOBS

DANITA JACOBS

DANIEL JACOBS

ANDREW JACOBS

BRIAN KIRKPATRICK

BURNHAM MATTHEWS

LOVELLE MOORE

JEFFREY NASHTON

OLYMPIA CALETTA

JOHN EDWARD OLIVER

STPHEN RUSSELL

WANDA RUSSELL

JASON RUSSELL

TANYA RUSSELL

DANA J. SPAULDING

**BARBARA DAVIS**

**SCOTT SPAULDING**

**KELLY SWANK**

**JESSICA WATSON**

**CRAIG SWINSON**

**PASTOR DANNY WHEELER**

**ANDREW WHEELER**

**BRENDA JUNE WHEELER**

**JONATHAN WHEELER**

**KIMBERLY CROP**

**KERRY WHEELER**

**JILL WHEELER**

**PASTOR DANNY WHEELER**
**Personal Representative**
**Of The Estate of**
**Molly Wheeler**

**THOMAS P. YOUNG**

**DANIEL EAVES**

**TIM MITCHELL**

**PAUL RIVERS**

**MICHAEL TOMA**

**PABLO ARROYO**

**JESUS ARROYO**

**ARMINDA HERNANDEZ**

ROSA IBARRO

MILAGROS ARROYO

           **Plaintiffs**

      **v.**

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran
       And
THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

          **Defendants**

## COMPLAINT

(1) This action is brought by the Plaintiffs, Deborah D. Peterson, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered injuries or died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily on the date of the

occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(3) The Defendant, The Islamic Republic of Iran, is a foreign state which was at the time of the acts hereinafter complained of and is to the present designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of

the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(6) The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".

[2] Statement of General Paul X. Kelly, Commandant, United States Marine Corps.

protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7) Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(8) The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

<div align="center">

COUNT I
ESTATE OF JAMES C. KNIPPLE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(10) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, James C. Knipple, a member of the United States Marine Corps, suffered fatal injuries. The death of James C. Knipple was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James C. Knipple. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) The beneficiaries of James C. Knipple who survived him, namely, Deborah D. Peterson, John D. Knipple (now deceased), Catherine E. Grimsley, Pauline V. Knipple, Margaret E. Alvarez, Laura M. Reininger and John R. Knipple, as a direct and proximate

consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James C. Knipple, and funeral and burial expenses.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of the Estate of James C. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT II
ESTATE OF JAMES C. KNIPPLE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(13) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(14) Before death, James C. Knipple, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of the Estate of James C. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT III
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(15) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(16) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James C. Knipple, to wit, Pauline V. Knipple, John D. Knipple (now deceased), Catherine E. Grimsley, Deborah D. Peterson, Margaret E. Alvarez, Laura M. Reininger and John R. Knipple, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of Pauline V. Knipple, John D. Knipple (now deceased), Catherine E. Grimsley, Margaret E. Alvarez, Laura M. Reininger and John R. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT IV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(17) The Plaintiff, Deborah D. Peterson, Personal Representative of the Estate of James C. Knipple, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(18) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Deborah D. Peterson, Personal Representative of the Estate of James C. Knipple, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT V
ESTATE OF TERRY ABBOTT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(19) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(20) On October 23, 1983, when the explosive device described above was detonated, Terry Abbott, a member of the United States Marine Corps, suffered fatal injuries. The death of Terry Abbott was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Terry Abbott. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(21) The beneficiaries of Terry Abbott who survived him, namely, James Abbott, Mary Joe Kircker, Tangie Jay Hollifield as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Terry Abbott, and funeral and burial expenses.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of the Estate of Terry Abbott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT VI
ESTATE OF TERRY ABBOTT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(22) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(23) Before death, Terry Abbott, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of the Estate of Terry Abbott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT VII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(24) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(25) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Terry Abbott, to wit, James Abbott, Mary Joe Kircker, Tangie Jay Hollifield, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of James Abbott, Mary Joe Kircker, Tangie Jay Hollifield, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT VIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(26) The Plaintiff, James Abbot, Personal Representative of the Estate of Terry Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(27) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Abbot, Personal Representative of the Estate of Terry Abbot, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

COUNT IX
ESTATE OF JOHN ROBERT ALLMAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(28) Plaintiff Robert B. Allman, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(29) On October 23, 1983, when the explosive device described above was detonated, John Robert Allman, a member of the United States Marine Corps, suffered fatal injuries. The death of John Robert Allman was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Robert Allman. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(30) The beneficiaries of John Robert Allman who survived him, namely, Robert B. Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, and Susan Terlson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Robert Allman, and funeral and burial expenses.

WHEREFORE, Plaintiff, Robert B. Allman, demands judgment on behalf of the Estate of John Robert Allman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT X
ESTATE OF JOHN ROBERT ALLMAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(31) Plaintiff, Robert B. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(32) Before death, John Robert Allman, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Robert B. Allman, demands judgment on behalf of the Estate of John Robert Allman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(33) Plaintiff Robert B. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(34) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Robert Allman, to wit, Robert B. Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, and Susan Terlson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Robert B. Allman, demands judgment on behalf of Robert B. Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, and Susan Terlson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(35) Plaintiff, Robert B. Allman, Personal Representative of the Estate of John R. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(36) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Robert B. Allman, Personal Representative of the Estate of John R. Allman, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

COUNT XIII
ESTATE OF RONNY BATES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(37) Plaintiff Thomas C. Bates, Sr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(38) On October 23, 1983, when the explosive device described above was detonated, Ronny Bates, a member of the United States Navy, suffered fatal injuries. The death of Ronny Bates was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Ronny Bates. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(39) The beneficiaries of Ronny Bates who survived him, namely, Margie H. Bates, Thomas Bates, Jr., Donnie D. Bates, John Bates, Sr., and Monty Bates as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ronny Bates, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of the Estate of Ronny Bates, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XIV
## ESTATE OF RONNY BATES
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(40) Plaintiff Thomas C. Bates, Sr, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(41) Before death, Ronny Bates, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of the Estate of Ronny Bates, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(42) Plaintiff Thomas C. Bates, Sr, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(43) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Margie H. Bates, Thomas Bates, Jr., Donnie D. Bates, John Bates, Sr., and Monty Bates have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of Margie H. Bates, Thomas Bates, Jr., Donnie D. Bates, John Bates, Sr., and Monty Bates, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(44) Plaintiff, Margie H. Bates, Personal Representative of the Estate of Ronny Bates, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(45) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Margie H. Bates, Personal Representative of the Estate of Ronny Bates, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf

of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND

FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XVII
ESTATE OF JAMES BAYNARD
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(46) Plaintiff Thomasine Baynard, repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

(47) On October 23, 1983, when the explosive device described above was

detonated, James Baynard, a member of the United States Marine Corps, suffered fatal

injuries. The death of James Baynard was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of James Baynard. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(48) The beneficiaries of James Baynard who survived him, namely, Thomasine

Baynard, Stephen Baynard, Rosamar Clark, Michael Clark, David Clark, and Michael

Clark Junior, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of James Baynard, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of the Estate of James Baynard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XVII
ESTATE OF JAMES BAYNARD
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(49)Plaintiff, Thomasine Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(50)Before death, James Baynard, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of the Estate of James Baynard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(51) Plaintiff Thomasine Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(52) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Thomasine Baynard, Stephen Baynard, Rosamar Clark, Michael Clark, David Clark, and Michael Clark Junior, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of Thomasine Baynard, Stephen Baynard, Rosamar Clark, Michael Clark, David Clark, and Michael Clark Junior, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(53) Plaintiff, Thomasine Baynard, Personal Representative of the Estate of James Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(54) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Thomasine Baynard, Personal Representative of the Estate of James Baynard, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XXI
ESTATE OF JESS BEAMON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(55) Plaintiff Patricia Calloway, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(56) On October 23, 1983, when the explosive device described above was detonated, Jess Beamon, a member of the United States Navy, suffered fatal injuries. The death of Jess Beamon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jess Beamon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(57)The beneficiaries of Jess Beamon who survived him, namely, Patricia Calloway, Donald Calloway, and Ashley Tutwiler, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the

<div align="center">

38

</div>

beneficiaries, the loss of future earnings and accretions to the Estate of Jess Beamon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of the Estate of Jess Beamon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXII
### ESTATE OF JESS BEAMON
### SURVIVAL CLAIM
#### Title 12 District of Columbia Code Section 16-2701

(58) Plaintiff, Patricia Calloway, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(59) Before death, Jess Beamon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of the Estate of Jess Beamon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXIII
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(60) Plaintiff Patricia Calloway, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(61) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Patricia Calloway, Donald Calloway, and Ashley Tutwiler, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of Patricia Calloway, Donald Calloway, and Ashley Tutwiler, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(62) Plaintiff, Patricia Calloway, Personal Representative of the Estate of Jess Beamon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(63) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive

damages.

WHEREFORE, the Plaintiff, Patricia Calloway, Personal Representative of the

Estate of Jess Beamon, prays that judgment be entered, jointly and severally, against The

Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf

of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND

FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

### COUNT XXV
### ESTATE OF ALVIN BELMER
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(64) Plaintiff Luddie Belmer repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(65) On October 23, 1983, when the explosive device described above was

detonated, Alvin Belmer, a member of the United States Marine Corps, suffered fatal

injuries. The death of Alvin Belmer was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of Alvin Belmer. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(66) The beneficiaries of Alvin Belmer who survived him, namely, Luddie Blemer as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Alvin Belmer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Luddie Belmer, demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXVI
## ESTATE OF ALVIN BELMER
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(67) Plaintiff Luddie Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(68) Before death, Alvin Belmer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Luddie Belmer, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Donell Jackson, Ray Jackson, Sharon Jackson and Ruby Jackson demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(69) Plaintiff Luddie Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(70) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Luddie Belmer, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Donell Jackson, Ray Jackson, Sharon Jackson and Ruby Jackson have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Luddie Belmer, demands judgment on behalf of Luddie Belmer, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Donell Jackson, Ray Jackson, Sharon Jackson and Ruby Jackson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(71) Plaintiff, Luddie Belmer, Personal Representative of the Estate of Alvin Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">43</div>

(72) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Luddie Belmer, Personal Representative of the Estate of the Alvin Belmer, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XXIX
ESTATE OF RICHARD BLANKENSHIP
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(73) Plaintiff Debbie Horace, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(74) On October 23, 1983, when the explosive device described above was detonated, Richard Blankenship, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard Blankenship was caused by a willful and deliberate act

of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Blankenship. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(75) The beneficiaries of Richard Blankenship who survived him, namely, Debbie Horace, Donald Blankenship, Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Blankenship, and funeral and burial expenses.

WHEREFORE, Plaintiff, Debbie Horace, demands judgment on behalf of the Estate of Richard Blankenship, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXX
ESTATE OF RICHARD BLANKENSHIP
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(76) Plaintiff, Debbie Horace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(77) Before death, Richard Blankenship, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Debbie Horace, demands judgment on behalf of the Estate of Richard Blankenship, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(78) Plaintiff Debbie Horace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(79) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Debbie Horace, Donald Blankenship, Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Debbie Horace, demands judgment on behalf of Debbie Horace, Donald Blankenship, Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXXII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(80) Plaintiff, Debbie Horace, Personal Representative of the Estate of Richard Blankenship, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(81) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Debbie Horace, Personal Representative of the Estate of Richard Blankenship, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXXIII
### ESTATE OF JOHN W. BLOCKER
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(82) Plaintiff Alice W. Blocker repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(83) On October 23, 1983, when the explosive device described above was detonated, John W. Blocker, a member of the United States Marine Corps, suffered fatal injuries. The death of John W. Blocker was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John W. Blocker. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(84) The beneficiaries of John W. Blocker who survived him, namely, Alice W. Blocker, John R. Blocker, Douglas Blocker, Robert L. Blocker and Joyce Woodle as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John W. Blocker, and funeral and burial expenses.

WHEREFORE, Plaintiff, Alice W. Blocker, demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXIV
### ESTATE OF JOHN W. BLOCKER
### SURVIVAL CLAIM
#### Title 12 District of Columbia Code Section 16-2701

(85) Plaintiff Alice W. Blocker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(86) Before death, John W. Blocker, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Alice W. Blocker demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXV
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(87) Plaintiff Alice W. Blocker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(88) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Alice W. Blocker, John R. Blocker, Douglas Blocker, Robert L. Blocker and Joyce Woodle have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Alice W. Blocker, demands judgment on behalf of John R. Blocker, Douglas Blocker, Robert L. Blocker and Joyce Woodle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(89) Plaintiff, Alice W. Blocker, Personal Representative of the Estate of John W. Blocke, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(90) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Alice W. Blocker, Personal Representative of the Estate of John W. Blocker, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED

AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XXXVII
ESTATE OF JOSEPH J. BOCCIA, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(91) Plaintiff Joseph Boccia repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(92) On October 23, 1983, when the explosive device described above was

detonated, Joseph J. Boccia, Jr., a member of the United States Marine Corps, suffered

fatal injuries. The death of Joseph J. Boccia, Jr. was caused by a willful and deliberate act

of extra judicial killing. The Defendants, through their agents, financed the attack, planned

the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Joseph J. Boccia, Jr. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(93) The beneficiaries of Joseph J. Boccia, Jr. who survived him, namely, Joseph

Boccia, Patricia Boccia, Richard Boccia, Virginia Marshall, Ronnie Boccia, Raymond

Boccia, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of Joseph J. Boccia, Jr., and funeral and burial

expenses.

<div align="center">

51

</div>

WHEREFORE, Plaintiff, Joseph Boccia, demands judgment on behalf of the Estate of Joseph J. Boccia, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXVIII
## ESTATE OF JOSEPH J. BOCCIA, JR.
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(94) Plaintiff Joseph Boccia, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(95) Before death, Joseph J. Boccia, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joseph Boccia demands judgment on behalf of the Estate of Joseph J. Boccia, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXIX
## SOLATIUM CLAIM
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(96) Plaintiff Joseph Boccia, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(97) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph J. Boccia, Jr., namely, Joseph Boccia, Patricia Boccia, Richard Boccia, Virginia Marshall, Ronnie Boccia, James Boccia, and Raymond Boccia, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joseph Boccia, demands judgment on behalf of Joseph Boccia, Patricia Boccia, Richard Boccia, Virginia Marshall, Ronnie Boccia, James Boccia, and Raymond Boccia, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XL
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(98) Plaintiff, Joseph Boccia, Personal Representative of the Estate of Joseph J. Boccia, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(99) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joseph Boccia, Personal Representative of the Estate of Joseph J. Boccia, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XLI
ESTATE OF LEON BOHANNON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(100) Plaintiff Edna Bohannon repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(101) On October 23, 1983, when the explosive device described above was detonated, Leon Bohannon, a member of the United States Marine Corps, suffered fatal injuries. The death of Leon Bohannon, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Leon Bohannon, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(102) The beneficiaries of Leon Bohannon, Jr. who survived him, namely, Edna Bohannon, Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon,

Anthony Bohannon, and Leon Bohannon, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Leon Bohannon, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Edna Bohannon, demands judgment on behalf of the Estate of Leon Bohannon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLII
## ESTATE OF LEON BOHANNON.
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(103) Plaintiff Edna Bohannon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(104) Before death, Leon Bohannon, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Edna Bohannon demands judgment on behalf of the Estate of Leon Bohannon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLIII
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(105) Plaintiff Edna Bohannon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(106) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Leon Bohannon, Jr., namely, Edna Bohannon, Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon, Anthony Bohannon, and Leon Bohannon, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Edna Bohannon, demands judgment on behalf of herself and Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon, Anthony Bohannon, and Leon Bohannon,, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XLIV
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(107) Plaintiff, Edna Bohannon, Personal Representative of the Estate of Leon Bohannon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(108) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Edna Bohannon, Personal  Representative of the Estate of Leon Bohannon, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XLV
ESTATE OF JOHN BONK, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(109) Plaintiff Catherine Bonk repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(110) On October 23, 1983, when the explosive device described above was detonated, John Bonk, Jr.,, a member of the United States Marine Corps, suffered fatal injuries. The death of John Bonk, Jr.,, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Bonk, Jr.,, Jr. Those agents were at all times acting with the scope of their

<div align="center">

57

</div>

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(111) The beneficiaries of John Bonk, Jr., Jr. who survived him, namely, Catherine Bonk, John Bonk, Kevin Bonk, Patricia Kronen Bitter, Catherine Hunt, Thomas F. Bonk, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Bonk, Jr.,, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Catherine Bonk, demands judgment on behalf of the Estate of John Bonk, Jr., Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XLVI
ESTATE OF JOHN BONK, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(112) Plaintiff Catherine Bonk repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(113) Before death, John Bonk, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Catherine Bonk demands judgment on behalf of the Estate of John Bonk, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(114) Plaintiff Catherine Bonk, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(115) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Bonk, Jr., namely, Catherine Bonk, John Bonk, Kevin Bonk, Patricia Kronen Bitter, Catherine Hunt, Thomas F. Bonk, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Catherine Bonk, demands judgment on behalf of herself and Catherine Bonk, John Bonk, Kevin Bonk, Patricia Kronen Bitter, Catherine Hunt, Thomas F. Bonk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(116) Plaintiff, Catherine Bonk, Personal Representative of the Estate of John Bonk, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(117) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Catherine Bonk, Personal Representative of the Estate of John Bonk, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XLIX
ESTATE OF JEFFREY JOSEPH BOULOS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(118) Plaintiff Marie and Joseph Boulos repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(119) On October 23, 1983, when the explosive device described above was detonated, Jeffery Joseph Boulos, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffery Joseph Boulos, Jr. was caused by a willful and

<div align="center">

60

</div>

deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffery Joseph Boulos, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(120) The beneficiaries of Jeffery Joseph Boulos, Jr. who survived him, namely, Marie and Joseph Boulos, Lydia Boulos, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffery Joseph Boulos,, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Marie and Joseph Boulos, demands judgment on behalf of the Estate of Jeffery Joseph Boulos, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT L
ESTATE OF JEFFREY JOSEPH BOULOS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(121) Plaintiff Marie and Joseph Boulos repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(122) Before death, Jeffery Joseph Boulos, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents

<div align="center">61</div>

of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marie and Joseph Boulos demands judgment on behalf of the Estate of Jeffery Joseph Boulos, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(123) Plaintiff Marie and Joseph Boulos repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(124) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Jeffery Joseph Boulos, namely, Marie and Joseph Boulos, Lydia Boulos, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Marie and Joseph Boulos, demands judgment on behalf of themselves and Lydia Boulos, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(125) Plaintiffs, Marie and Joseph Boulos, Personal Representatives of the Estate of Jeffrey J. Boulos, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(126) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Marie and Joseph Boulos, Personal Representative of the Estate of Jeffrey J. Boulos, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT LIII
### ESTATE OF PAUL LYNN CALLAHAN
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(127) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(128) On October 23, 1983, when the explosive device described above was detonated, Paul Lynn Callahan, a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Lynn Callahan, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Lynn Callahan, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(129) The beneficiaries of Paul Lynn Callahan, Jr. who survived him, namely, Avenell Callahan, Michael Callahan, Susan Ciupaska, Sandra Petrick, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Paul Lynn Callahan,, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Avenell Callahan, demands judgment on behalf of the Estate of Paul Lynn Callahan, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LIV
ESTATE OF PAUL LYNN CALLAHAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(130) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(131) Before death, Paul Lynn Callahan, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Avenell Callahan demands judgment on behalf of the Estate of Paul Lynn Callahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(132) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(133) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Paul Lynn Callahan, namely, Avenell Callahan Michael Callahan, Susan Ciupaska, Sandra Petrick, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Avenell Callahan, demands judgment on behalf of herself and Michael Callahan, Susan Ciupaska, Sandra Petrick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT LVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(134) Plaintiff, Avenell Callahan, Personal Representative of the Estate of Paul L. Callahan, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(135) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Avenell Callahan, Personal Representative of the Estate of Paul L. Callahan, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

besides costs.

## COUNT LVII
## ESTATE OF MECOT CAMARA
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(136) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(137) On October 23, 1983, when the explosive device described above was detonated, Mecot Camara, a member of the United States Marine Corps, suffered fatal injuries. The death of Mecot Camara was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Mecot Camara. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(138) The beneficiaries of Mecot Camara, who survived him, namely, Billie Jean Bolinger, Tammy Camara Howell, Theresa Riggs, Mecot Echo Camara, and Elisa Camara Rock, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mecot Camara,, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Billie Jean Bolinger, demands judgment on behalf of the Estate of Mecot Camara, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LVIII
## ESTATE OF MECOT CAMARA
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(139) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(140) Before death, Mecot Camara, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Billie Jean Bolinger demands judgment on behalf of the Estate of Mecot Camara, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(141) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(142) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Mecot Camara, namely, Billie Jean Bolinger, Tammy Camara Howell, Theresa Riggs, Mecot Echo Camara, and Elisa Camara Rock, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Billie Jean Bolinger, demands judgment on behalf of herself and Tammy Camara Howell, Theresa Riggs, Mecot Echo Camara, and Elisa Camara Rock, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(143) Plaintiff, Billie Jean Bolinger, Personal Representative of the Estate of Mecot Camara, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(144) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Billie Jean Bolinger, Personal Representative of the Estate of Mecot Camara, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf

of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND

FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT LXI
ESTATE OF BRADLEY CAMPUS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(145) Plaintiff Clare Campus repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(146) On October 23, 1983, when the explosive device described above was

detonated, Bradley Campus, a member of the United States Marine Corps, suffered fatal

injuries. The death of Bradley Campus was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of Bradley Campus. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(147) The beneficiaries of Bradley Campus, who survived him, namely, Clare

Campus, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of Bradley Campus,, Jr., and funeral and burial

expenses.

WHEREFORE, Plaintiff, Clare Campus, demands judgment on behalf of the Estate of Bradley Campus, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXII
ESTATE OF BRADLEY CAMPUS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(148) Plaintiff Clare Campus repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(149) Before death, Bradley Campus, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Clare Campus demands judgment on behalf of the Estate of John Bonk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(150) Plaintiff Clare Campus repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(151) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Bradley Campus, namely, Clare Campus, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Clare Campus, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT LXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(152) Plaintiff, Clare Campus, Personal Representative of the Estate of Bradley Campus, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(153) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Clare Campus, Personal Representative of the Estate of Bradley Campus, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

### COUNT LXV
### ESTATE OF
### JOHNNY D. CEASAR
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(154) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(155) On October 23, 1983, when the explosive device described above was detonated, Johnny D. Ceasar, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnny D. Ceasar was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnny D. Ceasar. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(156) The beneficiaries of Johnny D. Ceasar, who survived him, namely, Robbie Ceasar, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Howard, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnny D. Ceasar, and funeral and burial expenses.

WHEREFORE, Plaintiff, Robbie Ceasar, demands judgment on behalf of the Estate of Johnny D. Ceasar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXVI
ESTATE OF JOHNNY D. CEASAR
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(157) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(158) Before death, Johnny D. Ceasar, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Robbie Ceasar demands judgment on behalf of the Estate of Johnny D. Ceasar, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXVII
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(159) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(160) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnny D. Ceasar, namely, Robbie Ceasar, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Howard have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Robbie Ceasar, demands judgment on behalf of herself, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Howard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT LXVIII
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(161) Plaintiff, Robbie Ceasar, Personal Representative of the Estate of Johnny D. Ceasar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(162) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Robbie Ceasar, Personal Representative of the Estate of Johnny D. Ceasar, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT LXIX
ESTATE OF ROBERT ALLEN CONLEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(163) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(164) On October 23, 1983, when the explosive device described above was detonated, Robert Allen Conley, a member of the United States Marine Corps, suffered fatal injuries. The death of Robert Allen Conley was caused by a willful and deliberate act

of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Robert Allen Conley. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(165) The beneficiaries of Robert Allen Conley, who survived him, namely, James N. Conley, Roberta Conley, and Sharon Petry, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Robert Allen Conley, and funeral and burial expenses.

WHEREFORE, Plaintiff, James N. Conley, demands judgment on behalf of the Estate of Robert Allen Conley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXX
ESTATE OF ROBERT ALLEN CONLEY
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(166) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(167) Before death, Robert Allen Conley, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents

of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James N. Conley demands judgment on behalf of the Estate of Robert Allen Conley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(168) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(169) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Robert Allen Conley, namely, James N. Conley, Roberta Conley, and Sharon Petry, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James N. Conley, demands judgment on behalf of himself, Roberta Conley, and Sharon Petry, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(170) Plaintiff, James N. Conley, Personal Representative of the Estate of Robert Conley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(171) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James N. Conley, Personal Representative of the Estate of Robert Conley, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT LXXIII
ESTATE OF CHARLES DENNIS COOK
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(172) Plaintiff Charles S. Cook repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(173) On October 23, 1983, when the explosive device described above was detonated, Charles Dennis Cook, a member of the United States Marine Corps, suffered fatal injuries. The death of Charles Dennis Cook, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charles Dennis Cook, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(174) The beneficiaries of Charles Dennis Cook, Jr. who survived him, namely, Charles S. Cook, Elizabeth A. Cook, and Mary A. Cook as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charles Dennis Cook,, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles S. Cook, demands judgment on behalf of the Estate of Charles Dennis Cook, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT LXXIV
ESTATE OF CHARLES DENNIS COOK
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(175) Plaintiff Charles S. Cook repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(176) Before death, Charles Dennis Cook, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles S. Cook demands judgment on behalf of the Estate of Charles Dennis Cook, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(177) Plaintiff Charles S. Cook repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(178) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Charles Dennis Cook, namely, Charles S. Cook, Elizabeth A. Cook, and Mary A. Cook, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Charles S. Cook, demands judgment on behalf of himself, Elizabeth A. Cook, and Mary A. Cook, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(179) Plaintiff, Charles S. Cook, Personal Representative of the Estate of Charles Dennis Cook, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(180) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles S. Cook, Personal Representative of the Estate of Charles Dennis Cook, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT LXXVII
ESTATE OF JOHNNY LEN COPELAND
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(181) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(182) On October 23, 1983, when the explosive device described above was detonated, Johnny Len Copeland, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnny Len Copeland was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnny Len Copeland, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(183) The beneficiaries of Johnny Len Copeland, who survived him, namely, Betty Copeland, Donald Copeland, Alan Tracy Copeland, and Robin Jordan as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnny Len Copeland, and funeral and burial expenses.

WHEREFORE, Plaintiff, Betty Copeland, demands judgment on behalf of the Estate of Johnny Len Copeland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXXVIII
### ESTATE OF JOHNNY LEN COPELAND
### SURVIVAL CLAIM
#### Title 12 District of Columbia Code Section 16-2701

(184) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(185) Before death, Johnny Len Copeland, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Betty Copeland demands judgment on behalf of the Estate of Johnny Len Copeland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXXIX
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(186) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(187) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnny Len Copeland, namely, Betty Copeland, Donald Copeland, Alan Tracy Copeland, and Robin Jordan have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Betty Copeland, demands judgment on behalf of herself, Donald Copeland, Alan Tracy Copeland, and Robin Jordan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT LXXX
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(188) Plaintiff, Betty Copeland, Personal Representative of the Estate of Johnny L. Copeland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(189) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Betty Copeland, Personal Representative of the Estate of Johnny L. Copeland, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security,

on behalf of each decedent and each surviving plaintiff, in the amount of TWO

HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

## COUNT LXXXI
## ESTATE OF KEVIN COULMAN
## CLAIM FOR WRONGFUL DEATH
## Title 16 District of Columbia Code Section 16-2701

(190) Plaintiff Robert L. Coulman repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

(191) On October 23, 1983, when the explosive device described above was

detonated, Kevin Coulman, a member of the United States Marine Corps, suffered fatal

injuries. The death of Kevin Coulman was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of Kevin Coulman, Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(192) The beneficiaries of Kevin Coulman, who survived him, namely, Robert L.

Coulman, Lorraine Mary Coulman, Bryan T. Coulman as a direct and proximate

consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of

Kevin Coulman, and funeral and burial expenses.

WHEREFORE, Plaintiff, Robert L. Coulman, demands judgment on behalf of the Estate of Kevin Coulman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXXXII
ESTATE OF KEVIN COULMAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(193) Plaintiff Robert L. Coulman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(194) Before death, Kevin Coulman, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Robert L. Coulman demands judgment on behalf of the Estate of Kevin Coulman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(195) Plaintiff Robert L. Coulman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(196) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Kevin Coulman, namely, Robert L. Coulman, Lorraine Mary Coulman, Bryan T. Coulman have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Robert L. Coulman, demands judgment on behalf of himself, Lorraine Mary Coulman, Bryan T. Coulman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT LXXXIV
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(197) Plaintiff, Robert L. Coulman, Personal Representative of the Estate of Kevin Coulman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(198) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Robert L. Coulman, Personal Representative of the Estate of Kevin Coulman, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LXXXV
ESTATE OF DAVID COSNER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(199) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(200) On October 23, 1983, when the explosive device described above was detonated, David Cosner, a member of the United States Marine Corps, suffered fatal injuries. The death of David Cosner was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Cosner, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(201) The beneficiaries of David Cosner, who survived him, namely, Harold L. Cosner, Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, and Jeffrey A. Cosner as

a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Cosner, and funeral and burial expenses.

WHEREFORE, Plaintiff, Harold L. Cosner, demands judgment on behalf of the Estate of David Cosner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXXXVI
## ESTATE OF DAVID COSNER
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(202) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(203) Before death, David Cosner, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Harold L. Cosner demands judgment on behalf of the Estate of David Cosner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXXXVII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(204) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(205) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Cosner, namely, Harold L. Cosner, Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, and Jeffrey A. Cosner have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Harold L. Cosner, demands judgment on behalf of himself, Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, and Jeffrey A. Cosner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT LXXXVIII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(206) Plaintiff, Harold Cosner, Personal Representative of the Estate of David Cosner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(207) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Harold L. Cosner, Personal Representative of the Estate of David Cosner, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT LXXXIX
### ESTATE OF RICK CRUDALE
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(208) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(209) On October 23, 1983, when the explosive device described above was detonated, Rick Crudale, a member of the United States Marine Corps, suffered fatal injuries. The death of Rick Crudale was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Rick Crudale, Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(210) The beneficiaries of Rick Crudale, who survived him, namely, Heidi LeGault, Marie Crudale, Rosanne Brunette as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Rick Crudale, and funeral and burial expenses.

WHEREFORE, Plaintiff, Heidi LeGault, demands judgment on behalf of the Estate of Rick Crudale, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<u>COUNT XC</u>
<u>ESTATE OF RICK CRUDALE</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(211) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(212) Before death, Rick Crudale, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Heidi LeGault demands judgment on behalf of the Estate of Rick Crudale, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XCI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(213) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(214) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Rick Crudale, namely, Heidi LeGault, Marie Crudale, Rosanne Brunette have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Heidi LeGault, demands judgment on behalf of herself, Marie Crudale, Rosanne Brunette, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XCII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(215) Plaintiff, Heidi LeGault, Personal Representative of the Estate of Rick R. Crudale, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(216) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Heidi LeGault, Personal Representative of the Estate of Rick R. Crudale, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT XCVII
ESTATE OF RUSSELL E. CYZICK
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(217) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(218) On October 23, 1983, when the explosive device described above was detonated, Russell E. Cyzick, a member of the United States Marine Corps, suffered fatal injuries. The death of Russell E. Cyzick was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Russell E. Cyzick, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(219) The beneficiaries of Russell E. Cyzick, who survived him, namely, Mary M. Mason, Eugene F. Cyzick and Richard L. Mason as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Russell E. Cyzick, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary M. Mason, demands judgment on behalf of the Estate of Russell E. Cyzick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XC
ESTATE OF RUSSELL E. CYZICK
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(220) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(221) Before death, Russell E. Cyzick, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary M. Mason demands judgment on behalf of the Estate of Russell E. Cyzick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XCI
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(222) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(223) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Russell E. Cyzick, namely, Mary M. Mason, Eugene F. Cyzick and Richard L. Mason have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary M. Mason, demands judgment on behalf of herself, Eugene F. Cyzick and Richard L. Mason, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XCII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(224) Plaintiff, Mary M. Mason, Personal Representative of the Estate of Russell E. Cyzick, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(225) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary M. Mason, Personal Representative of the Estate of Russell E. Cyzick, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<center>

COUNT XCVII
ESTATE OF MICHAEL J. DEVLIN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</center>

(226) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(227) On October 23, 1983, when the explosive device described above was detonated, Michael J. Devlin, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael J. Devlin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael J. Devlin, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(228) The beneficiaries of Michael J. Devlin, who survived him, namely, B. Christine Devlin, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F. Devlin, and Daniel C. Devlin as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael J. Devlin, and funeral and burial expenses.

WHEREFORE, Plaintiff, B. Christine Devlin, demands judgment on behalf of the Estate of Michael J. Devlin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XCVIII
ESTATE OF MICHAEL J. DEVLIN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(229) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(230) Before death, Michael J. Devlin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, B. Christine Devlin demands judgment on behalf of the Estate of Michael J. Devlin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XCIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(231) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(232) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael J. Devlin, namely, B. Christine Devlin, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F. Devlin, and Daniel C. Devlin have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, B. Christine Devlin, demands judgment on behalf of herself, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F.

Devlin, and Daniel C. Devlin, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, for each in the

amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


### COUNT C
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(233) Plaintiff, B. Christine Devlin, Personal Representative of the Estate of

Michael J. Devlin, repeats and re-alleges each and every allegation set forth above with

like effect as if alleged herein.

(234) The actions of the Defendants, carried out by their agents as described

above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive

damages.

WHEREFORE, the Plaintiff, B. Christine Devlin, Personal Representative of the

Estate of Michael J. Devlin, prays that judgment be entered, jointly and severally, against

The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED

AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CI
ESTATE OF NATHANIEL G. DORSEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(235) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(236) On October 23, 1983, when the explosive device described above was detonated, Nathaniel G. Dorsey, a member of the United States Marine Corps, suffered fatal injuries. The death of Nathaniel G. Dorsey was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Nathaniel G. Dorsey, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(237) The beneficiaries of Nathaniel G. Dorsey, who survived him, namely, Earline Miller, Harry Miller, Sharon A. Hilton as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Nathaniel G. Dorsey, and funeral and burial expenses.

WHEREFORE, Plaintiff, Earline Miller, demands judgment on behalf of the Estate of Nathaniel G. Dorsey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CII
### ESTATE OF NATHANIEL G. DORSEY
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(238) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(239) Before death, Nathaniel G. Dorsey, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Earline Miller demands judgment on behalf of the Estate of Nathaniel G. Dorsey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(240) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(241) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Nathaniel G. Dorsey, namely, Earline Miller, Harry Miller, and Sharon A. Hilton have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Earline Miller, demands judgment on behalf of herself, Harry Miller, Sharon A. Hilton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(242) Plaintiff, Earline Miller, Personal Representative of the Estate of Nathaniel G. Dorsey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(243) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Earline Miller, Personal Representative of the Estate of Nathaniel G. Dorsey, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security,

on behalf of each decedent and each surviving plaintiff, in the amount of TWO

HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.


### COUNT CV
### ESTATE OF TIMOTHY J. DUNNIGAN
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(244) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every

allegation set forth above with equal effect as if alleged herein.

(245) On October 23, 1983, when the explosive device described above was

detonated, Timothy J. Dunnigan, a member of the United States Marine Corps, suffered

fatal injuries. The death of Timothy J. Dunnigan was caused by a willful and deliberate act

of extra judicial killing. The Defendants, through their agents, financed the attack, planned

the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Timothy J. Dunnigan, Those agents were at all times acting with the scope of

their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and

the Iranian Ministry of Information and Security.

(246) The beneficiaries of Timothy J. Dunnigan, who survived him, namely,

Michael R. Dunnigan, Chester F. Dunnigan, William Dunnigan, and Anne Bennett as a

direct and proximate consequence of the actions of the Defendants hereinabove described,

for which the Defendants are vicariously, jointly and severally liable suffered pecuniary

loss, including assistance to the beneficiaries, the loss of future earnings and accretions to

the Estate of Timothy J. Dunnigan, and funeral and burial expenses.

WHEREFORE, Plaintiff, Michael R. Dunnigan, demands judgment on behalf of the Estate of Timothy J. Dunnigan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CVI
### ESTATE OF TIMOTHY J. DUNNIGAN
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(247) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(248) Before death, Timothy J. Dunnigan, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Michael R. Dunnigan demands judgment on behalf of the Estate of Timothy J. Dunnigan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CVII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(249) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(250) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy J. Dunnigan, namely, Michael R. Dunnigan Chester F. Dunnigan, William Dunnigan, and Anne Bennett have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Michael R. Dunnigan, demands judgment on behalf of himself, Chester F. Dunnigan, William Dunnigan, and Anne Bennett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(251) Plaintiff, Michael R. Dunnigan, Personal Representative of the Estate of Timothy J. Dunnigan, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(252) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

<div align="center">

107

</div>

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Michael R. Dunnigan, Personal Representative of the Estate of Timothy J. Dunnigan, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CIX
### ESTATE OF BRYAN L. EARLE
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(253) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(254) On October 23, 1983, when the explosive device described above was detonated, Bryan L. Earle, a member of the United States Navy, suffered fatal injuries. The death of Bryan L. Earle was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bryan L. Earle, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(255) The beneficiaries of Bryan L. Earle, who survived him, namely, Leona Mae Vargas, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Bryan L. Earle, and funeral and burial expenses.

WHEREFORE, Plaintiff, Leona Mae Vargas, demands judgment on behalf of the Estate of Bryan L. Earle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CX
ESTATE OF BRYAN L. EARLE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(256) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(257) Before death, Bryan L. Earle, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Leona Mae Vargas demands judgment on behalf of the Estate of Bryan L. Earle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(258) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(259) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Bryan L. Earle, namely, Leona Mae Vargas have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Leona Mae Vargas, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


## COUNT CXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(260) Plaintiff, Leona Mae Vargas, Personal Representative of the Estate of Bryan L. Earle, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(261) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Leona Mae Vargas, Personal Representative of the Estate of Bryan L. Earle, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT CXIII
ESTATE OF DANNY R. ESTES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(262) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(263) On October 23, 1983, when the explosive device described above was detonated, Danny R. Estes, a member of the United States Marine Corps, suffered fatal injuries. The death of Danny R. Estes was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Danny R. Estes, Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(264) The beneficiaries of Danny R. Estes, who survived him, namely, Barbara Estes, Franklin Estes, Charles Estes, Tammy Chapman, and Theresa Catano, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Danny R. Estes, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara Estes, demands judgment on behalf of the Estate of Danny R. Estes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXIV
ESTATE OF DANNY R. ESTES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(265) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(266) Before death, Danny R. Estes, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Barbara Estes demands judgment on behalf of the Estate of Danny R. Estes, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of TEN

MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(267) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(268) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Danny R. Estes, namely, Barbara Estes, Franklin Estes, Charles Estes, Tammy

Chapman, and Theresa Catano have suffered extraordinary grief and mental anguish, and

each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara Estes, demands judgment on behalf of herself,

Franklin Estes, Charles Estes, Tammy Chapman, and Theresa Catano, jointly and

severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, for each in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.

## COUNT CXVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(269) Plaintiff, Barbara Estes, Personal Representative of the Estate of Danny R.

Estes, repeats and re-alleges each and every allegation set forth above with like effect as if

alleged herein.

(270) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Barbara Estes, Personal Representative of the Estate of Danny R. Estes, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.


COUNT CXVII
ESTATE OF RICHARD A. FLUEGEL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(271) Plaintiff Marilou C. Fluegel repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(272) On October 23, 1983, when the explosive device described above was detonated, Richard A. Fluegel, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard A. Fluegel was caused by a willful and deliberate act of

extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard A. Fluegel, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(273) The beneficiaries of Richard A. Fluegel, who survived him, namely, Marilou C. Fluegel, Thomas A. Fluegel, Robert J. Fluegel, and Penni Joyce Fluegel as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard A. Fluegel, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marilou C. Fluegel, demands judgment on behalf of the Estate of Richard A. Fluegel, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXVIII
ESTATE OF RICHARD A. FLUEGEL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(274) Plaintiff Marilou C. Fluegel repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(275) Before death, Richard A. Fluegel, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents

<div align="center">115</div>

of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marilou C. Fluegel demands judgment on behalf of the Estate of Richard A. Fluegel, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(276) Plaintiff Marilou C. Fluegel repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(277) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard A. Fluegel, namely, Marilou C. Fluegel, Thomas A. Fluegel, Robert J. Fluegel, and Penni Joyce Fluegel have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marilou C. Fluegel, demands judgment on behalf of herself, Thomas A. Fluegel, Robert J. Fluegel, and Penni Joyce Fluegel, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(278) Plaintiff, Marilou C. Fluegel, Personal Representative of the Estate of Richard A. Fluegel, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(279) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Marilou C. Fluegel, Personal Representative of the Estate of Richard A. Fluegel, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CXXI
ESTATE OF MICHAEL D. FULCHER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(280) Plaintiff Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(281) On October 23, 1983, when the explosive device described above was detonated, Michael D. Fulcher, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael D. Fulcher was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael D. Fulcher, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(282) The beneficiaries of Michael D. Fulcher, who survived him, namely, Ruby A. Fulcher, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael D. Fulcher, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ruby A. Fulcher, demands judgment on behalf of the Estate of Michael D. Fulcher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXXII
ESTATE OF MICHAEL D. FULCHER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(283) Plaintiff Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(284) Before death, Michael D. Fulcher, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ruby A. Fulcher demands judgment on behalf of the Estate of Michael D. Fulcher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXXIII
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(285) Plaintiff Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(286) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael D. Fulcher, namely, Ruby A. Fulcher, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ruby A. Fulcher, demands judgment on behalf of herself, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus, jointly and severally, against

the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXXIV
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(287) Plaintiff, Ruby D. Fulcher, Personal Representative of the Estate of Michael D. Fulcher, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(288) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ruby A. Fulcher, Personal Representative of the Estate of Michael D. Fulcher, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CXXV
ESTATE OF SEAN GALLAGHER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(289) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(290) On October 23, 1983, when the explosive device described above was detonated, Sean Gallagher, a member of the United States Marine Corps, suffered fatal injuries. The death of Sean Gallagher was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Sean Gallagher, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(291) The beneficiaries of Sean Gallagher, who survived him, namely, Barbara Gallagher, James Gallagher, Kevin Gallagher, Brian Gallagher, Michael Gallagher, James Gallagher Jr., and Tara Hanrahan, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Sean Gallagher, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara Gallagher, demands judgment on behalf of the Estate of Sean Gallagher, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXXVI
ESTATE OF SEAN GALLAGHER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(292) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(293) Before death, Sean Gallagher, suffered extreme bodily pain and suffering, as

a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million

dollars.

WHEREFORE, Plaintiff, Barbara Gallagher demands judgment on behalf of the

Estate of Sean Gallagher, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(294) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(295) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Sean Gallagher, namely, Barbara Gallagher, James Gallagher, Kevin Gallagher,

Brian Gallagher, Michael Gallagher, James Gallagher Jr., and Tara Hanrahan have suffered

<div align="center">

</div>

extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara Gallagher, demands judgment on behalf of herself, James Gallagher, Kevin Gallagher, Brian Gallagher, Michael Gallagher, James Gallagher Jr., and Tara Hanrahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(296) Plaintiff, Barbara Gallagher, Personal Representative of the Estate of Sean Gallagher, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(297) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Barbara Gallagher, Personal Representative of the Estate of Sean Gallagher, prays that judgment be entered, jointly and severally, against

The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

**COUNT CXXIX**
**ESTATE OF GEORGE GANGUR**
**CLAIM FOR WRONGFUL DEATH**
Title 16 District of Columbia Code Section 16-2701

</div>

(298) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(299) On October 23, 1983, when the explosive device described above was detonated, George Gangur, a member of the United States Marine Corps, suffered fatal injuries. The death of George Gangur was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of George Gangur, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(300) The beneficiaries of George Gangur, who survived him, namely, Juliana Rudkowsi, Dimitri Gangur, Nada Gangur, Helen Montgomory, and Mary Gangur, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of George Gangur, and funeral and burial expenses.

WHEREFORE, Plaintiff, Juliana Rudkowsi, demands judgment on behalf of the Estate of George Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CXXX
### ESTATE OF GEORGE GANGUR
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(301) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(302) Before death, George Gangur, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Juliana Rudkowsi demands judgment on behalf of the Estate of George Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CXXXI
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(303) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(304) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, George Gangur, namely, Juliana Rudkowsi, Dimitri Gangur, Nada Gangur, Helen Montgomory, and Mary Gangur have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Juliana Rudkowsi, demands judgment on behalf of herself, Dimitri Gangur, Nada Gangur, Helen Montgomory, and Mary Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CXXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(305) Plaintiff, Juliana Rudkowski, Personal Representative of the Estate of George Gangur, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(306) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Juliana Rudkowski, Personal Representative of the Estate of George Gangur, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CXXXIII
ESTATE OF RANDALL J. GARCIA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(307) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(308) On October 23, 1983, when the explosive device described above was detonated, Randall J. Garcia, a member of the United States Marine Corps, suffered fatal injuries. The death of Randall J. Garcia was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Randall J. Garcia, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(309) The beneficiaries of Randall J. Garcia, who survived him, namely, Jess Garcia, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and

severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Randall J. Garcia, and funeral and burial expenses.

WHEREFORE, Plaintiff, Jess Garcia, demands judgment on behalf of the Estate of Randall J. Garcia, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CXXXIV
### ESTATE OF RANDALL J. GARCIA
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(310) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(311) Before death, Randall J. Garcia, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Jess Garcia demands judgment on behalf of the Estate of Randall J. Garcia, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CXXXV
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(312) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(313) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Randall J. Garcia, namely, Jess Garcia, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Jess Garcia, demands judgment on behalf of himself, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

### COUNT CXXXVI
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(314) Plaintiff, Jess Garcia, Personal Representative of the Estate of Randall J. Garcia, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(315) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Jess Garcia, Personal Representative of the Estate of Randall J. Garcia, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CXXXVII
ESTATE OF HAROLD D. GHUMM
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(316) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(317) On October 23, 1983, when the explosive device described above was detonated, Harold D. Ghumm, a member of the United States Marine Corps, suffered fatal injuries. The death of Harold D. Ghumm was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Harold D. Ghumm, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(318) The beneficiaries of Harold D. Ghumm, who survived him, namely, Leroy Ghumm, Hildegard Ghumm, and Rebecca Bowler as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Harold D. Ghumm, and funeral and burial expenses.

WHEREFORE, Plaintiff, Leroy Ghumm, demands judgment on behalf of the Estate of Harold D. Ghumm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

### COUNT CXXXVIII
### ESTATE OF HAROLD D. GHUMM
### SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(319) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(320) Before death, Harold D. Ghumm, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Leroy Ghumm demands judgment on behalf of the Estate of Harold D. Ghumm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXXXIX
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(321) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(322) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Harold D. Ghumm, namely, Leroy Ghumm, Hildegard Ghumm, and Rebecca Bowler have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Leroy Ghumm, demands judgment on behalf of himself, Hildegard Ghumm, and Rebecca Bowler jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXL
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(323) Plaintiff, Leroy Ghumm, Personal Representative of the Estate of Harold D. Ghumm, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(324) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Leroy Ghumm, Personal Representative of the Estate of Harold D. Ghumm, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CXLI
ESTATE OF TIMOTHY GIBLIN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(325) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(326) On October 23, 1983, when the explosive device described above was detonated, Timothy Giblin, a member of the United States Marine Corps, suffered fatal injuries. The death of Timothy Giblin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy Giblin, Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(327) The beneficiaries of Timothy Giblin, who survived him, namely, Valerie Giblin, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Conner, and Anne Deal as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Timothy Giblin, and funeral and burial expenses.

WHEREFORE, Plaintiff, Valerie Giblin, demands judgment on behalf of the Estate of Timothy Giblin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXLII
ESTATE OF TIMOTHY GIBLIN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(328) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(329) Before death, Timothy Giblin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Valerie Giblin demands judgment on behalf of the Estate of Timothy Giblin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXLIII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(330) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(331) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy Giblin, namely, Valerie Giblin, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Conner, and Anne Deal have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Valerie Giblin, demands judgment on behalf of herself, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Conner, and Anne Deal jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(332) Plaintiff, Valerie Giblin, Personal Representative of the Estate of Timothy Giblin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(333) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Valerie Giblin, Personal Representative of the Estate of Timothy Giblin, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CXLV
ESTATE OF MICHAEL GORCHINSKI
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(334) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(335) On October 23, 1983, when the explosive device described above was detonated, Michael Gorchinski, a member of the United States Navy, suffered fatal injuries. The death of Michael Gorchinski was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael Gorchinski, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(336)The beneficiaries of Michael Gorchinski, who survived him, namely, Judy A. Gorchinski, Christina J. Gorchinski, Kevin M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael Gorchinski, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judy A. Gorchinski, demands judgment on behalf of the Estate of Michael Gorchinski, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXLVI
### ESTATE OF MICHAEL GORCHINSKI
### SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(337) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(338) Before death, Michael Gorchinski, suffered extreme bodily pain and

suffering, as a result of the actions described above which were undertaken by the agents

of the Defendants, and the Decedent thereby suffered damages in the amount of ten

million dollars.

WHEREFORE, Plaintiff, Judy A. Gorchinski demands judgment on behalf of the

Estate of Michael Gorchinski, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXLVII
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(339) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(340) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Michael Gorchinski, namely, Judy A. Gorchinski, Christina J. Gorchinski, Kevin

M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judy A. Gorchinski, demands judgment on behalf of herself, Christina J. Gorchinski, Kevin M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXLVIII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(341) Plaintiff, Judy A. Gorchinski, Personal Representative of the Estate of Michael Gorchinski, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(342) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Judy A. Gorchinski, Personal Representative of the Estate of Michael Gorchinski, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CXLIX
ESTATE OF RICHARD GORDON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(343) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(344) On October 23, 1983, when the explosive device described above was detonated, Richard Gordon, a member of the United States Navy, suffered fatal injuries. The death of Richard Gordon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Gordon, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(345) The beneficiaries of Richard Gordon, who survived him, namely, Alice Gordon, Paul Gordon, Elaine Gordon Capobianco, Joseph Gordon, and Linda Gordon as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered

<div align="center">

140

</div>

pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Gordon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Alice Gordon, demands judgment on behalf of the Estate of Richard Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CL
### ESTATE OF RICHARD GORDON
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(346) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(347) Before death, Richard Gordon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Alice Gordon demands judgment on behalf of the Estate of Richard Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CLI
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(348) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(349) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Gordon, namely, Alice Gordon, Paul Gordon, Elaine Gordon Capobianco, Joseph Gordon, and Linda Gordon have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Alice Gordon, demands judgment on behalf of herself, Paul Gordon, Elaine Gordon Capobianco, Joseph Gordon, and Linda Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CLII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(350) Plaintiff, Alice Gordon, Personal Representative of the Estate of Richard Gordon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(351) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Alice Gordon, Personal Representative of the Estate of Richard Gordon, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLIII
ESTATE OF DAVIN GREEN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(352) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(353) On October 23, 1983, when the explosive device described above was detonated, Davin Green, a member of the United States Navy, suffered fatal injuries. The death of Davin Green was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Davin Green, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(354) The beneficiaries of Davin Green, who survived him, namely, Patricia Wright, Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, Debra L. Green as a direct and proximate consequence of the actions of the Defendants hereinabove

described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Davin Green, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Wright, demands judgment on behalf of the Estate of Davin Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLIV
ESTATE OF DAVIN GREEN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(355) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(356) Before death, Davin Green, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Wright demands judgment on behalf of the Estate of Davin Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(357) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(358) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Davin Green, namely, Patricia Wright Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, Debra L. Green have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Wright, demands judgment on behalf of herself Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, Debra L. Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(359) Plaintiff, Patricia Wright, Personal Representative of the Estate of Davin Green, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(360) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Patricia Wright, Personal Representative of the Estate of Davin Green, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLVII
ESTATE OF THOMAS HAIRSTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(361) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(362) On October 23, 1983, when the explosive device described above was detonated, Thomas Hairston, a member of the United States Navy, suffered fatal injuries. The death of Thomas Hairston was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Hairston, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(363) The beneficiaries of Thomas Hairston, who survived him, namely, Julia Hairston, Darlene Hairston, and Sherry Latoya as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas Hairston, and funeral and burial expenses.

WHEREFORE, Plaintiff, Julia Hairston, demands judgment on behalf of the Estate of Thomas Hairston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS. ($10,000,000.00), besides costs.

<div align="center">

COUNT CLVIII
ESTATE OF THOMAS HAIRSTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(364) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(365) Before death, Thomas Hairston, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Julia Hairston demands judgment on behalf of the Estate of Thomas Hairston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CIX
## SOLATIUM CLAIM
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(366) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(367) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Hairston, namely, Julia Hairston, Darlene Hairston, and Sherry Latoya have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Julia Hairston, demands judgment on behalf of herself, Darlene Hairston, and Sherry Latoya, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CX
## PUNITIVE DAMAGES
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(368) Plaintiff, Julia Hairston, Personal Representative of the Estate of Thomas Hairston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(369) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

148

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Julia Hairston, Personal Representative of the Estate of Thomas Hairston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CLXI
### ESTATE OF MICHAEL S. HASKELL
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(370) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(371) On October 23, 1983, when the explosive device described above was detonated, Michael S. Haskell, a member of the United States Navy, suffered fatal injuries. The death of Michael S. Haskell was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael S. Haskell, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(372) The beneficiaries of Michael S. Haskell, who survived him, namely, Richard Haskell, Barbara Haskell, Jeffrey Haskell, Jason Haskell, and Melissa Haskell, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael S. Haskell, and funeral and burial expenses.

WHEREFORE, Plaintiff, Richard Haskell, demands judgment on behalf of the Estate of Michael S. Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXII
ESTATE OF MICHAEL S. HASKELL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(373) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(374) Before death, Michael S. Haskell, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Richard Haskell demands judgment on behalf of the Estate of Michael S. Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">150</div>

## COUNT CIXIII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(375) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(376) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael S. Haskell, namely, Richard Haskell, Barbara Haskell, Jeffrey Haskell, Jason Haskell, Melissa Haskell, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Richard Haskell, demands judgment on behalf of himself, Barbara Haskell, Jeffrey Haskell, Jason Haskell, Melissa Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CLXIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(377) Plaintiff, Barbara Haskell, Personal Representative of the Estate of Michael S. Haskell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(378) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Barbara Haskell, Personal Representative of the Estate of Michael S. Haskell, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CLXV
## ESTATE OF MARK A. HELMS
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(379) Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(380) On October 23, 1983, when the explosive device described above was detonated, Mark A. Helms, a member of the United States Navy, suffered fatal injuries. The death of Mark A. Helms was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Mark A. Helms, Those agents were at all times acting with the scope of their agency and acted

on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(380) The beneficiaries of Mark A. Helms, who survived him, namely, Mary Ann Turek, Marvin R. Helms, Christopher T. Helms, Rebecca Gintonio, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mark A. Helms, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ann Turek, demands judgment on behalf of the Estate of Mark A. Helms, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXVI
ESTATE OF MARK A. HELMS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(381) Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(382)      Before death, Mark A. Helms, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ann Turek demands judgment on behalf of the Estate of Mark A. Helms, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


## COUNT CIXVII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(383)     Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(384)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Mark A. Helms, namely, Mary Ann Turek, Marvin R. Helms, Christopher T. Helms, Rebecca Gintonio, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ann Turek, demands judgment on behalf of herself, Marvin R. Helms, Christopher T. Helms, Rebecca Gintonio, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


## COUNT CLXVIII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(385) Plaintiff, Mary Ann Turek, Personal Representative of the Estate of Mark A. Helms, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(386)    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary Ann Turek, Personal Representative of the Estate of Mark A. Helms, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLXIX
ESTATE OF STANLEY HESTER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(387) Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(388) On October 23, 1983, when the explosive device described above was detonated, Stanley Hester, a member of the United States Navy, suffered fatal injuries. The death of Stanley Hester was caused by a willful and deliberate act of

extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Stanley Hester, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(389) The beneficiaries of Stanley Hester, who survived him, namely, Doris P. Hester, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Stanley Hester, and funeral and burial expenses.

WHEREFORE, Plaintiff, Doris P. Hester, demands judgment on behalf of the Estate of Stanley Hester, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXX
ESTATE OF STANLEY HESTER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(390)   Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(391)   Before death, Stanley Hester, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Doris P. Hester demands judgment on behalf of the Estate of Stanley Hester, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


<div align="center">

COUNT CIXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(392)   Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(393)   As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Stanley Hester, namely, Doris P. Hester, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Doris P. Hester, demands judgment on behalf of herself, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CLXXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(394) Plaintiff, Doris P. Hester, Personal Representative of the Estate of Stanley Hester, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(396)The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Doris P. Hester, Personal Representative of the Estate of Stanley Hester, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CLXXIII
## ESTATE OF DONALD HILDRETH
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(397) Plaintiff Cynthia Hildreth repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(398) On October 23, 1983, when the explosive device described above was detonated, Donald Hildreth, a member of the United States Navy, suffered fatal injuries. The death of Donald Hildreth was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Donald Hildreth, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(399) The beneficiaries of Donald Hildreth, who survived him, namely, Cynthia Hildreth, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, Mary Ann Hildreth, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Donald Hildreth, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cynthia Hildreth, demands judgment on behalf of the Estate of Donald Hildreth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CLXXIV
## ESTATE OF DONALD HILDRETH

## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(400) Plaintiff Cynthia Hildreth repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(401) Before death, Donald Hildreth, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cynthia Hildreth demands judgment on behalf of the Estate of Donald Hildreth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CIXXV
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(402) Plaintiff Cynthia Hildreth repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(403) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Donald Hildreth, namely, Cynthia Hildreth, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, Mary Ann Hildreth, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Cynthia Hildreth, demands judgment on behalf of herself, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, Mary Ann Hildreth, jointly and

severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

### COUNT CLXXVI
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(404) Plaintiff, Cynthia D. Hildreth, Personal Representative of the Estate of Donald Hildreth, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(405) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cynthia D. Hildreth, Personal Representative of the Estate of Donald Hildreth, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CLXXVII
## ESTATE OF RICHARD H. HOLBERTON
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(406) Plaintiff Lee Holberton repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(407) On October 23, 1983, when the explosive device described above was detonated, Richard H. Holberton, a member of the United States Navy, suffered fatal injuries. The death of Richard H. Holberton was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard H. Holberton, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(408) The beneficiaries of Richard H. Holberton, who survived him, namely, Lee Holberton, Ashley Doray, Mary Clyde Holberton, Thomas H. Holberton, and Donald C. Holberton, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard H. Holberton, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lee Holberton, demands judgment on behalf of the Estate of Richard H. Holberton, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CLXXVIII
### ESTATE OF RICHARD H. HOLBERTON
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(409) Plaintiff Lee Holberton repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(410) Before death, Richard H. Holberton, suffered extreme bodily pain and

suffering, as a result of the actions described above which were undertaken by the agents

of the Defendants, and the Decedent thereby suffered damages in the amount of ten

million dollars.

WHEREFORE, Plaintiff, Lee Holberton demands judgment on behalf of the Estate

of Richard H. Holberton, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CIXXIX
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(411) Plaintiff Lee Holberton repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(412) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Richard H. Holberton, namely, Lee Holberton, Ashley Doray, Mary Clyde

Holberton, Thomas H. Holberton, and Donald C. Holberton, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lee Holberton, demands judgment on behalf of herself, Ashley Doray, Mary Clyde Holberton, Thomas H. Holberton, and Donald C. Holberton, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CLXXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(413) Plaintiff, Lee Holberton, Personal Representative of the Estate of Richard H. Holberton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(414) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Lee Holberton, Personal Representative of the Estate of Richard H. Holberton, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLXXXI
ESTATE OF DR. JOHN R. HUDSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(415) Plaintiff Lisa Hudson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(416) On October 23, 1983, when the explosive device described above was detonated, Dr. John R. Hudson, a member of the United States Navy, suffered fatal injuries. The death of Dr. John R. Hudson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Dr. John R. Hudson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(417) The beneficiaries of Dr. John R. Hudson who survived him, namely, Lisa Hudson, William J. Hudson, Samuel Hudson, Ruth Hudson, Lorenzo Hudson and Lucy Hudson as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

<div align="center">165</div>

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dr. John R. Hudson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of the Estate of Dr. John R. Hudson jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXXXII
ESTATE OF DR. JOHN R. HUDSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(418) Plaintiff Lisa Hudson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(419) Before death, Dr. John R. Hudson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of the Estate of Dr. John R. Hudson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(420) Plaintiff Lisa Hudson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(421) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Dr. John R. Hudson, namely, Lisa Hudson, William J. Hudson, Samuel Hudson, Ruth Hudson, Lorenzo Hudson, and Lucy Hudson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of herself, William J. Hudson, Samuel Hudson, Ruth Hudson, Lorenzo Hudson, and Lucy Hudson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CLXXX1V
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(422) Plaintiff, Lisa H. Hudson, Personal Representative of the Estate of Dr. John R. Hudson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(423) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Lisa H. Hudson, Personal Representative of the Estate of Dr. John R. Hudson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLXXXV
ESTATE OF MAURICE HUKILL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(424) Plaintiff Henry Hukill, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(425) On October 23, 1983, when the explosive device described above was detonated, Maurice Hukill, a member of the United States Marine Corps, suffered fatal injuries. The death of Maurice Hukill was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Maurice Hukill. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(426) The beneficiaries of Maurice Hukill who survived him, namely, Henry Hukill, Jr., Virginia Hukill, Monte J. Hukill, Mary Moore, Mary A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Maurice Hukill, and funeral and burial expenses.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of the Estate of Maurice Hukill jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CLXXXVI
ESTATE OF MAURICE HUKILL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(427) Plaintiff Henry Hukill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(428) Before death, Maurice Hukill, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of the Estate of Maurice Hukill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CLXXXVII
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(429) Plaintiff Henry Hukill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(430) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Maurice Hukill, namely, Henry Hukill, Jr., Virginia Hukill, Monte J. Hukill, Mary Moore, Mark A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of himself, Virginia Hukill, Monte J. Hukill, Mary Moore, Mark A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CLXXXVIII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(431) Plaintiff, Henry Hukill, Jr., Personal Representative of the Estate of Maurice Hukill, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(432) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Henry Hukill, Jr., Personal Representative of the Estate of Maurice Hukill, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CLXXXIX
ESTATE OF EDWARD IACOVINO, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(433) Plaintiff Elizabeth Iacovino, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(434) On October 23, 1983, when the explosive device described above was detonated, Edward Iacovino, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Edward Iacovino, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Edward Iacovino, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(435) The beneficiary of Edward Iacovino, Jr. who survived him, namely, Elizabeth Iacovino, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Edward Iacovino, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Elizabeth Iacovino, demands judgment on behalf of the Estate of Edward Iacovino, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXC
## ESTATE OF EDWARD IACOVINO. JR.
### SURVIVAL CLAIM
#### Title 12 District of Columbia Code Section 16-2701

(436) Plaintiff Elizabeth Iacovino, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(437) Before death, Edward Iacovino, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Elizabeth Iacovino, demands judgment on behalf of the Estate of Edward Iacovino, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CXCI
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(438) Plaintiff Elizabeth Iacovino, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(439) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Edward Iacovino, Jr., namely, Elizabeth Iacovino, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Elizabeth Iacovino, demands judgment on behalf of herself, Elizabeth Iacovino, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(440) Plaintiff, Elizabeth Iacovino, Personal Representative of the Estate of Edward Iacovino, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(441) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Elizabeth Iacovino, Personal Representative of the Estate of Edward Iacovino, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CXCIII
ESTATE OF JAMES JACKOWSKI
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(442) Plaintiff John J. Jackowski, Sr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(443) On October 23, 1983, when the explosive device described above was detonated, James Jackowski, a member of the United States Marine Corps, suffered fatal injuries. The death of James Jackowski was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Jackowski. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(444) The beneficiaries of James Jackowski who survived him, namely, John J. Jackowski, Sr., Mary E. Jackowski, Karen Tastensen, Jacklyn Seguerra, and John Jackowski, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Jackowski, and funeral and burial expenses.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of the Estate of James Jackowski, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXCIV
ESTATE OF JAMES JACKOWSKI
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(445) Plaintiff John J. Jackowski, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(446) Before death, James Jackowski, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of the Estate of James Jackowski, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXCV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(447) Plaintiff John J. Jackowski, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(448) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James Jackowski, namely, John J. Jackowski, Sr., Mary E. Jackowski, Karen Tastensen, Jacklyn Seguerra, and John Jackowski, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of John J. Jackowski, Sr., Mary E. Jackowski, Karen Tastensen, Jacklyn Seguerra, and John Jackowski, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXCVI
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(449) Plaintiff, John J.Jackowski, Personal Representative of the Estate of James Jackowski, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(450) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, John J. Jackowski, Personal Representative of the Estate of James Jackowski, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CXCVII
### ESTATE OF JEFFREY JAMES
### CLAIM FOR WRONGFUL DEATH
#### Title 16 District of Columbia Code Section 16-2701

(451) Plaintiff Elaine M. James, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(452) On October 23, 1983, when the explosive device described above was detonated, Jeffrey James, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey James was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey James. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(453) The beneficiary of Jeffrey James who survived him, namely, Elaine M. James, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Jeffrey James, and funeral and burial expenses.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of the Estate of Jeffrey James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CXCVII
ESTATE OF JEFFREY JAMES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(454) Plaintiff Elaine M. James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(455) Before death, Jeffrey James, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of the Estate of Jeffrey James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CXCIX
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(456) Plaintiff Elaine M. James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(457) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Jeffrey James, namely, Elaine M. James, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of Elaine M. James, jointly and severally, against the Defendants, The Islamic Republic of Iran and

the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CC
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(458) Plaintiff, Elaine M. James, Personal Representative of the Estate of Jeffrey James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(459) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Elaine James, Personal Representative of the Estate of Jeffrey James, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCI
ESTATE OF NATHANIEL JENKINS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(460) Plaintiff Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(461) On October 23, 1983, when the explosive device described above was detonated, Nathaniel Jenkins, a member of the United States Marine Corps, suffered fatal injuries. The death of Nathaniel Jenkins was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Nathaniel Jenkins. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(462) The beneficiaries of Nathaniel Jenkins who survived him, namely, Nathalie C. Jenkins, and Stephen M. Jenkins, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Nathaniel Jenkins, and funeral and burial expenses.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of the Estate of Nathaniel Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCII
ESTATE OF NATHANIEL JENKINS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(463) Plaintiff Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(464) Before death, Nathaniel Jenkins, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of the Estate of Nathaniel Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(465) Plaintiff Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(466) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Nathaniel Jenkins, namely, Nathalie C. Jenkins, and Stephen M. Jenkins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of Nathalie C. Jenkins, and Stephen M. Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(467) Plaintiff, Nathalie C. Jenkins, Personal Representative of the Estate of Nathaniel Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(468) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Nathalie C. Jenkins, Personal Representative of the Estate of Nathaniel Jenkins, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCV
ESTATE OF EDWARD JOHNSTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(469) Plaintiff Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(470) On October 23, 1983, when the explosive device described above was detonated, Edward Johnston, a member of the United States Marine Corps, suffered fatal injuries. The death of Edward Johnston was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Edward Johnston. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(471) The beneficiaries of Edward Johnston who survived him, namely, Mary L. Buckner, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Edward Johnston, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of the Estate of Edward Johnston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCVI
### ESTATE OF EDWARD JOHNSTON
### SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(472) Plaintiff Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(473) Before death, Edward Johnston, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of the Estate of Edward Johnston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCVII
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(474) Plaintiff Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(475) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Edward Johnston, namely, Mary L. Buckner, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of Mary L. Buckner, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(476) Plaintiff, Mary L. Buckner, Personal Representative of the Estate of Edward Johnston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(477) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary L. Buckner, Personal Representative of the Estate of Edward Johnston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCIX
ESTATE OF STEVEN JONES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(478) Plaintiff Ollie Jones, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(479) On October 23, 1983, when the explosive device described above was detonated, Steven Jones, a member of the United States Marine Corps, suffered fatal injuries. The death of Steven Jones was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Steven Jones. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(480) The beneficiaries of Steven Jones who survived him, namely, Ollie Jones, Mark Jones, and Andrea Grant, as a direct and proximate consequence of the actions of

<div align="center">187</div>

the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Steven Jones, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of the Estate of Steven Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCX
ESTATE OF STEVEN JONES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(481) Plaintiff Ollie Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(482) Before death, Steven Jones, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of the Estate of Steven Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(483) Plaintiff Ollie Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(484) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Steven Jones, namely, Ollie Jones, Mark Jones, and Andrea Grant, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of Ollie Jones, Mark Jones, and Andrea Grant, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


## COUNT CCXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(485) Plaintiff, Ollie Jones, Personal Representative of the Estate of Steven Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(486) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ollie Jones, Personal Representative of the Estate of Steven Jones, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCXIII
ESTATE OF THOMAS A. JULIAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701
Claim of Karl Julian, Joyce Julian and Shawn Biellow

</div>

(487) Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(488) On October 23, 1983, when the explosive device described above was detonated, Thomas A. Julian, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas A. Julian was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas A. Julian. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(489) The beneficiaries of Thomas A. Julian who survived him, namely, Karl Julian, Joyce Julian, and Shawn Biellow, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Thomas A. Julian, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, demand judgment on behalf of the Estate of Thomas A. Julian, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCXIV
ESTATE OF THOMAS A. JULIAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(490) Plaintiffs Karl Julian, Joyce Julian, and Shawn Biellow, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(491) Before death, Thomas A. Julian, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, demand judgment on behalf of the Estate of Thomas A. Julian, jointly and severally, against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(492) Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(493) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas A. Julian, namely, Karl Julian, Joyce Julian, and Shawn Biellow, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, heirs of Thomas A. Julian, demand judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(494) Plaintiff, Karl and Joyce Julian, the heirs of Thomas A. Julian, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(495) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Karl and Joyce Julian, the heirs of Thomas Julian, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCXVII
ESTATE OF THOMAS C. KEOWN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(496) Plaintiff Mary A. Cobble, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(497) On October 23, 1983, when the explosive device described above was detonated, Thomas C. Keown, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas C. Keown was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Thomas C. Keown. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(498) The beneficiaries of Thomas C. Keown who survived him, namely, Mary A. Cobble, Bobby Keown, Sr., Adam Keown, William R. Keown, and Darren Keown, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Thomas C. Keown, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of the Estate of Thomas C. Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXVIII
ESTATE OF THOMAS C. KEOWN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(499) Plaintiff Mary A. Cobble, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(500) Before death, Thomas C. Keown, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of the Estate of Thomas C. Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXIX
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(501) Plaintiff, Mary A. Cobble, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(502) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas C. Keown, namely, Mary A. Cobble, Bobby Keown, Sr., Adam Keown, William R. Keown, and Darren Keown, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of Mary A. Cobble, Bobby Keown, Sr., Adam Keown, William R. Keown, and Darren Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXX
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(503) Plaintiff, Mary A. Cobble, Personal Representative of the Estate of Thomas C. Keown, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(504) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary A. Cobble, Personal Representative of the Estate of Thomas C. Keown, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<u>COUNT CCXVII</u>
<u>ESTATE OF DANIEL KLUCK</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(496) Plaintiff Shirley Martin, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(497) On October 23, 1983, when the explosive device described above was detonated, Daniel Kluck, a member of the United States Army, suffered fatal injuries. The death of Daniel Kluck was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Daniel Kluck. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(498) The beneficiaries of Daniel Kluck who survived him, namely, Shirley Martin, Michael O. Kluck, Kelly G. Kluck, and Mary F. Ward, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Daniel Kluck, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of the Estate of Daniel Kluck, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCXVIII
### ESTATE OF DANIEL KLUCK
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(499) Plaintiff Shirley Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(500) Before death, Daniel Kluck, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of the Estate of Daniel Kluck, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(501) Plaintiff, Shirley Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(502) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Daniel Kluck, namely, Shirley Martin, Michael O. Kluck, Kelly G. Kluck, and Mary F. Ward, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of Shirley Martin, Michael O. Kluck, Kelly G. Kluck, and Mary F. Ward, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXX
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(503) Plaintiff, Shirley Martin, Personal Representative of the Estate of Daniel Kluck, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(504) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Shirley Martin, Personal Representative of the Estate of Daniel Kluck, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCXXV
## ESTATE OF FREAS KREISCHER, III
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(505) Plaintiff Freas Kreischer, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(506) On October 23, 1983, when the explosive device described above was detonated, Freas Kreischer, III, a member of the United States Marine Corps, suffered fatal injuries. The death of Freas Kreischer, III, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Freas Kreischer, III. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(507) The beneficiary of Freas Kreischer, III, who survived him, namely, Freas Kreischer, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Freas Kreischer, III, and funeral and burial expenses.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of the Estate of Freas Kreischer, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCXXVI
### ESTATE OF FREAS KREISCHER, III
### SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(508) Plaintiff Freas Kreischer, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(509) Before death, Freas Kreischer, III, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of the Estate of Freas Kreischer, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXXVII
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(510) Plaintiff, Freas Kreischer, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(511) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Freas Kreischer, III, namely, Freas Kreischer, Jr., has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of Freas Kreischer, Jr., jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

**COUNT CCXXVIII**
**PUNITIVE DAMAGES**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**

</div>

(512) Plaintiff, Freas Kreischer, Jr., Personal Representative of the Estate of Freas Kreischer, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(513) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCXXIX
ESTATE OF KEITH LAISE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(514) Plaintiffs William and Betty L. Laise, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(515) On October 23, 1983, when the explosive device described above was detonated, Keith Laise, a member of the United States Marine Corps, suffered fatal injuries. The death of Keith Laise, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Keith Laise. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(516) The beneficiaries of Keith Laise, who survived him, namely, William Laise, Betty L. Laise, and Kris Laise, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Keith Laise, and funeral and burial expenses.

WHEREFORE, Plaintiffs, William and Betty L. Laise, demand judgment on behalf of the Estate of Keith Laise, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXXX
## ESTATE OF KEITH LAISE
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(517) Plaintiffs William and Betty L. Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(518) Before death, Keith Laise, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, William and Betty L. Laise, demand judgment on behalf of the Estate of Keith Laise, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXXXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(519) Plaintiffs, William and Betty L. Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(520) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Keith Laise, namely, William Laise, Betty L. Laise, and Kris Laise, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, William and Betty L. Laise, demand judgment on behalf of William Laise, Betty L. Laise, and Kris Laise, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCXXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(521) Plaintiff, William and Betty L. Laise, Personal Representative of the Estate of Keith Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(522) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, William and Betty L. Laise, Personal Representative of the Estate of Keith Laise, pray that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCXXXIII
### ESTATE OF JAMES J. LANGON
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(523) Plaintiff James J. Langon, Sr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(524) On October 23, 1983, when the explosive device described above was detonated, James J. Langon, a member of the United States Marine Corps, suffered fatal injuries. The death of James J. Langon, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James J. Langon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(525) The beneficiaries of James J. Langon, who survived him, namely, James J. Langon, Sr., Carol Schak, and George Schak, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James J. Langon, and funeral and burial expenses.

WHEREFORE, Plaintiff, James J. Langon, Sr., demands judgment on behalf of the Estate of James J. Langon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXXXIV
ESTATE OF JAMES J. LANGON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(526) Plaintiff James J. Langon, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(527) Before death, James J. Langon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James J. Langon, Sr., demands judgment on behalf of the Estate of James J. Langon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(528) Plaintiff, James J. Langon, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(529) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James J. Langon, namely, James J. Langon, Sr., Carol Schak, and George Schak, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James J. Langon, Sr., demands judgment on behalf of James J. Langon, Sr., Carol Schak, and George Schak, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(530) Plaintiff, James J. Langon, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(531) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James J. Langon, Sr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCXXXVII
### ESTATE OF MICHAEL S. LaRIVIERE
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(532) Plaintiff Joyce Houston, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(533) On October 23, 1983, when the explosive device described above was detonated, Michael S. LaRiviere, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael S. LaRiviere, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael S. LaRiviere. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(534) The beneficiaries of Michael S. LaRiviere, who survived him, namely, Joyce Houston, Eugene LaRiviere, Zandra Morgan, William LaRiviere, and the Estate of Wilford L. LaRiviere, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of

future earnings and accretions to the Estate of Michael S. LaRiviere, and funeral and burial expenses.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of the Estate of Michael S. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXXXVIII
ESTATE OF MICHAEL S. LaRIVIERE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(535) Plaintiff Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(536) Before death, Michael S. LaRiviere, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of the Estate of Michael S. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(537) Plaintiff, Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

210

</div>

(538) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael S. LaRiviere, namely, Joyce Houston, Eugene LaRiviere, Zandra Morgan, William LaRiviere, and the Estate of Wilford L. LaRiviere, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of Joyce Houston, Eugene LaRiviere, Zandra Morgan, William LaRiviere, and the Estate of Wilford L. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXL
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(539) Plaintiff, Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(540) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joyce Houston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCXLI
ESTATE OF STEVEN B. LaRIVIERE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(541) Plaintiff Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(542) On October 23, 1983, when the explosive device described above was detonated, Steven B. LaRiviere, a member of the United States Marine Corps, suffered fatal injuries. The death of Steven B. LaRiviere, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Steven B. LaRiviere. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(543) The beneficiaries of Steven B. LaRiviere, who survived him, namely, Cheryl A. Cossaboom, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J.

LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Steven B. LaRiviere, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of the Estate of Steven B. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXLII
ESTATE OF STEVEN B. LaRIVIERE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(544) Plaintiff Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(545) Before death, Steven B. LaRiviere, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of the Estate of Steven B. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXLIII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(546) Plaintiff, Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(547) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Steven B. LaRiviere, namely, Cheryl A. Cossaboom, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J. LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of Cheryl A. Cossaboom, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J. LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXLIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(548) Plaintiff, Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(549) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCXLV
### ESTATE OF RICHARD LEMNAH
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(550) Plaintiff Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(551) On October 23, 1983, when the explosive device described above was detonated, Richard Lemnah, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard Lemnah, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Lemnah. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(552) The beneficiaries of Richard Lemnah, who survived him, namely, Marlys Lemnah, Fay Lemnah, Etta Lemnah, Robert Lemnah, Harold Lemnah, and Ronald Lemnah, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Lemnah, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of the Estate of Richard Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXLVI
ESTATE OF RICHARD LEMNAH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(553) Plaintiff Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(554) Before death, Richard Lemnah, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of the Estate of Richard Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


## COUNT CCXLVII
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(555) Plaintiff, Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(556) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Lemnah, namely, Marlys Lemnah, Fay Lemnah, Etta Lemnah, Robert Lemnah, Harold Lemnah, and Ronald Lemnah, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of Marlys Lemnah, Fay Lemnah, Etta Lemnah, Robert Lemnah, Harold Lemnah, and Ronald Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


## COUNT CCXLVIII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

217

(557) Plaintiff, Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(558) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marlys Lemnah, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCXLIX
ESTATE OF DAVID LEWIS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(559) Plaintiff Betty Lewis, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(560) On October 23, 1983, when the explosive device described above was detonated, David Lewis, a member of the United States Marine Corps, suffered fatal

injuries. The death of David Lewis, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Lewis. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(561) The beneficiaries of David Lewis, who survived him, namely, Betty Lewis, Scott Lewis, and Jerry Lewis, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Lewis, and funeral and burial expenses.

WHEREFORE, Plaintiff, Betty Lewis, demands judgment on behalf of the Estate of David Lewis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCL
## ESTATE OF DAVID LEWIS
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(562) Plaintiff, Betty Lewis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(563) Before death, David Lewis, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Betty Lewis, demands judgment on behalf of the Estate of David Lewis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLI
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(564) Plaintiff, Betty Lewis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(565) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Lewis, namely, Betty Lewis, Scott Lewis, and Jerry Lewis, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Betty Lewis, demands judgment on behalf of Betty Lewis, Scott Lewis, and Jerry Lewis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCLII
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(566) Plaintiff, Betty Lewis, Personal Representative of the estate of David Lewis repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(567) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Betty Lewis, Personal Representative of the estate of David Lewis, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

## COUNT CCLIII
### ESTATE OF JOSEPH LIVINGSTON, III
### CLAIM FOR WRONGFUL DEATH
#### Title 16 District of Columbia Code Section 16-2701

(568) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(569) On October 23, 1983, when the explosive device described above was detonated, Joseph Livingston, III, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph Livingston, III, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Livingston, III. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(570) The beneficiaries of Joseph Livingston, III, who survived him, namely, Annette Livingston, and Joseph Livingston, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Livingston, III, and funeral and burial expenses.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of the Estate of Joseph Livingston, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLIV
ESTATE OF JOSEPH LIVINGSTON, III
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(570) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(571) Before death, Joseph Livingston, III, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of the Estate of Joseph Livingston, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(571) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(572) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Livingston, III, namely, Annette Livingston, and Joseph Livingston, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of Annette Livingston, and Joseph Livingston, jointly and severally, against the Defendants,

The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCLVI
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(573) Plaintiff Annette Livingston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(574) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Annette Livingston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCLVII
ESTATE OF PAUL LYON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(575)Plaintiff Paul Lyon, Sr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(576)On October 23, 1983, when the explosive device described above was detonated, Paul Lyon, a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Lyon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Lyon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(577) The beneficiaries of Paul Lyon who survived him, namely, Paul Lyon, Sr., Malia Lyon, Elizabeth Lyon, Valerie Lyon, Earl Lyon, Francisco Lyon, and June Lyon, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Paul Lyon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Paul Lyon, Sr., demands judgment on behalf of the Estate of Paul Lyon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLVIII
## ESTATE OF PAUL LYON
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(578)Plaintiff, Paul Lyon, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(579) Before death, Paul Lyon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Paul Lyon, Sr., demands judgment on behalf of the Estate of Paul Lyon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(580) Plaintiff Paul Lyon, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(581) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Paul Lyon, to wit, Paul Lyon, Sr., Malia Lyon, Elizabeth Lyon, Valerie Lyon, Earl Lyon, Francisco Lyon, and June Lyon, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Paul Lyon, Sr., demands judgment on behalf of herself, Malia Lyon, Elizabeth Lyon, Valerie Lyon, Earl Lyon, Francisco Lyon, and June Lyon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(582) Plaintiff Paul Lyon Sr. repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(583) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Paul Lyon Sr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the

amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT CCLXI
ESTATE OF DAVID MASSA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(583) Plaintiff Anna Beard, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(584) On October 23, 1983, when the explosive device described above was

detonated, David Massa, a member of the United States Marine Corps, suffered fatal

injuries. The death of David Massa was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of David Massa. Those agents were at all times acting with the scope of their agency

and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

(585) The beneficiaries of David Massa who survived him, namely, Anna Beard,

Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, and Cristina

Massa, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of David Massa, and funeral and burial expenses.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of the Estate of David Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXII
## ESTATE OF DAVID MASSA
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(586) Plaintiff, Anna Beard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(587) Before death, David Massa, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of the Estate of David Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXIII
## SOLATIUM CLAIM
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(588) Plaintiff Anna Beard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(589) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Massa, to wit, Anna Beard, Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, and Cristina Massa, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of herself, Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, and Cristina Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCLXIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(590) Plaintiff Anna Beard repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(591) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Anna Beard, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCLXV
### ESTATE OF SAMUEL MAITLAND
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(592) Plaintiff Shirla Maitland, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(593) On October 23, 1983, when the explosive device described above was detonated, Samuel Maitland, a member of the United States Marine Corps, suffered fatal injuries. The death of Samuel Maitland was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Samuel Maitland. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(594) The beneficiaries of Samuel Maitland who survived him, namely, Shirla Maitland, and Leysmal Maitland, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly

and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Samuel Maitland, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of the Estate of Samuel Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXVI
## ESTATE OF SAMUEL MAITLAND
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(595) Plaintiff, Shirla Maitland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(596) Before death, Samuel Maitland, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of the Estate of Samuel Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXVII
## SOLATIUM CLAIM
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(597) Plaintiff Shirla Maitland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(598) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Samuel Maitland, to wit, Shirla Maitland, and Leysmal Maitland, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of herself, and Leysmal Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCLXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(599) Plaintiff Samuel Maitland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(600) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Shirla Maitland, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCLXIX
ESTATE OF JOHN MACROGLOU
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(601) Plaintiff Bill Macroglou, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(602) On October 23, 1983, when the explosive device described above was detonated, John Macroglou, a member of the United States Marine Corps, suffered fatal injuries. The death of John Macroglou was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Macroglou. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(603) The beneficiaries of John Macroglou who survived him, namely, Bill Macroglou, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James

Macroglou, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Macroglou, and funeral and burial expenses.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of the Estate of John Macroglou, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXX
ESTATE OF JOHN MACROGLOU
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(604) Plaintiff, Bill Macroglou, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(605) Before death, John Macroglou, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of the Estate of John Macroglou, jointly and severally, against the Defendants, The Islamic Republic of and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXXI
SOLATIUM CLAIM

</div>

Public Law 104-208, Div. A, Title I, Section 101 ( C )

(606) Plaintiff Bill Macroglou, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(607) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Macroglou, to wit, Bill Macroglou, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James Macroglou, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of herself, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James Macroglou, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CCLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(608) Plaintiff Bill Macroglou repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(609) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Bill Macroglou, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCLXXIII
ESTATE OF CHARLIE ROBERT MARTIN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(610) Plaintiff Pacita G. Martin, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(611) On October 23, 1983, when the explosive device described above was detonated, Charlie Robert Martin, a member of the United States Marine Corps, suffered fatal injuries. The death of Charlie Robert Martin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charlie Robert Martin. Those agents were at all times acting with

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(612) The beneficiaries of Charlie Robert Martin who survived him, namely, Pacita G. Martin, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charlie Robert Martin, and funeral and burial expenses.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of the Estate of Charlie Robert Martin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXXIV
ESTATE OF CHARLIE ROBERT MARTIN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(613) Plaintiff, Pacita G. Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(614) Before death, Charlie Robert Martin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of the Estate of Charlie Robert Martin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXXV
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(615) Plaintiff Pacita G. Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(616) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Charlie Robert Martin, to wit, Pacita G. Martin, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of herself, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCLXXVI
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(616) Plaintiff Ruby Martin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(617) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Ruby Martin prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the Estate of Charlie R. Martin, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), Besides costs.

<div align="center">

COUNT CCLXXVII
ESTATE OF JOHN MCCALL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(618) Plaintiff Mary McCall, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(619) On October 23, 1983, when the explosive device described above was detonated, John McCall, a member of the United States Marine Corps, suffered fatal injuries. The death of John McCall was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John McCall. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(620) The beneficiaries of John McCall who survived him, namely, Mary McCall, Stephen McCall, and Valerie McCall, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John McCall, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of the Estate of John McCall, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXXVIII
ESTATE OF JOHN MCCALL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(621) Plaintiff, Mary McCall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(622) Before death, John McCall, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of the Estate of John McCall, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(623) Plaintiff Mary McCall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(624) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John McCall, to wit, Mary McCall, Stephen McCall, and Valerie McCall, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of herself, Stephen McCall, and Valerie McCall, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCLXXX
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(625) Plaintiff Mary McCall repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(626) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the Estate of John McCall, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCLXXXI
ESTATE OF JAMES MCDONOUGH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(627) Plaintiff Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(628) On October 23, 1983, when the explosive device described above was detonated, James McDonough, a member of the United States Marine Corps, suffered fatal injuries. The death of James McDonough was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James McDonough. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(629) The beneficiaries of James McDonough who survived him, namely, Shirley Kirkwood, Carl Kirkwood, Carl Kirkwood, Jr., Edward McDonough, Sally Jo McDonough, Kathy McDonald, Storm Jones, Sean McDonough, and Edward W. McDonough, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James McDonough, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of the Estate of James McDonough, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXXXII
## ESTATE OF JAMES MCDONOUGH
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(630) Plaintiff, Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(631) Before death, James McDonough, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of the Estate of James McDonough, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCLXXXIII
## SOLATIUM CLAIM
## Public Law 104-208, Div. A, Title I, Section 101 ( C )

(632) Plaintiff Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(633) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James McDonough, to wit, Shirley Kirkwood, Carl Kirkwood, Carl Kirkwood,

Jr., Edward McDonough, Sally Jo McDonough, Kathy McDonald, Storm Jones, Sean McDonough, and Edward W. McDonough, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of herself, Carl Kirkwood, Carl Kirkwood, Jr., Edward McDonough, Sally Jo McDonough, Kathy McDonald, Storm Jones, Sean McDonough, and Edward W. McDonough, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(634) Plaintiff Shirley Kirkwood above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(635) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Shirley Kirkwood, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCLXXXV
ESTATE OF TIMOTHY MCMAHON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(636) Plaintiff Muriel Persky, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(637) On October 23, 1983, when the explosive device described above was detonated, Timothy McMahon, a member of the United States Marine Corps, suffered fatal injuries. The death of Timothy McMahon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy McMahon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(638) The beneficiaries of Timothy McMahon who survived him, namely, Muriel Persky, and Herbert Persky, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of

future earnings and accretions to the Estate of Timothy McMahon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of the Estate of Timothy McMahon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCLXXXVI
ESTATE OF TIMOTHY MCMAHON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(639) Plaintiff, Muriel Persky, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(640) Before death, Timothy McMahon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of the Estate of Timothy McMahon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCLXXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(641) Plaintiff Muriel Persky, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(642) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy McMahon, to wit, Muriel Persky, and Herbert Persky, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of herself, and Herbert Persky, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCLXXXVIII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(643) Plaintiff Muriel Persky repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(644) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Muriel Persky, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCLXXXIX
ESTATE OF RICHARD MENKINS, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(645)Plaintiffs, Richard H. and Margarette Menkins, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(646)On October 23, 1983, when the explosive device described above was detonated, Richard Menkins, Jr., a member of the United States Marine Navy, suffered fatal injuries. The death of Richard Menkins, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Menkins, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(647)The beneficiaries of Richard Menkins, Jr. who survived him, namely, Richard H. Menkins, Margarette Menkins, Lisa Palmer, Darren Menkins, and Gregory Menkins, as

a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Menkins, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiffs, Richard H. and Margarette Menkins, demands judgment on behalf of the Estate of Richard Menkins, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXC
## ESTATE OF RICHARD MENKINS, JR.
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(648) Plaintiffs, Richard H. and Margarette Menkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(649) Before death, Richard Menkins, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Richard H. and Margarette Menkins, demands judgment on behalf of the Estate of Richard Menkins, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXCI
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(650) Plaintiffs, Richard H. and Margarette Menkins, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(651) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Menkins, Jr., to wit, Richard H. and Margarette Menkins, Richard H. Menkins, Margarette Menkins, Lisa Palmer, Darren Menkins, and Gregory Menkins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Richard H. and Margarette Menkins, demands judgment on behalf of themselves, Richard H. Menkins, Margarette Menkins, Lisa Palmer, Darren Menkins, and Gregory Menkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXCII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(652) Plaintiff Richard H. Menkins repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(653) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Richard H. Menkins prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCXCIII
### ESTATE OF RONALD MEURER
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(654) Plaintiff Mary Lou Meurer, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(655) On October 23, 1983, when the explosive device described above was detonated, Ronald Meurer, a member of the United States Marine Navy, suffered fatal injuries. The death of Ronald Meurer was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Ronald Meurer. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(656) The beneficiaries of Ronald Meurer who survived him, namely, Mary Lou Meurer, Michael J. Meurer, Robin Lynch, Thomas Meurer, Jay Meurer, and John Meurer, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ronald Meurer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of the Estate of Ronald Meurer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCXCIV
ESTATE OF RONALD MEURER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(657) Plaintiff, Mary Lou Meurer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(658) Before death, Ronald Meurer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of the Estate of Ronald Meurer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXCV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(659) Plaintiff Mary Lou Meurer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(660) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Ronald Meurer, to wit, Mary Lou Meurer, Michael J. Meurer, Robin Lynch, Thomas Meurer, Jay Meurer, and John Meurer, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of herself, Michael J. Meurer, Robin Lynch, Thomas Meurer, Jay Meurer, and John Meurer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCXCVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(661) Plaintiff Mary Lou Meurer repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(662) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Mary Lou Meurer, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

### COUNT CCXCVII
### ESTATE OF JOSEPH MILANO
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(663)Plaintiff Rosalie Donahue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(664)On October 23, 1983, when the explosive device described above was detonated, Joseph Milano, a member of the United States Marine Navy, suffered fatal injuries. The death of Joseph Milano was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Milano. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(665)The beneficiaries of Joseph Milano who survived him, namely, Rosalie Donahue, Angelina Donahue, and Peter Donahue, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Milano, and funeral and burial expenses.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of the Estate of Joseph Milano, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCXCVIII
ESTATE OF JOSEPH MILANO
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(666) Plaintiff, Rosalie Donahue, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(667) Before death, Joseph Milano, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of the Estate of Joseph Milano, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCXCIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(668) Plaintiff Rosalie Donahue, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(669) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Milano, to wit, Rosalie Donahue, Angelina Donahue, and Peter Donahue, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of herself, Angelina Donahue, and Peter Donahue, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCC
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(670) Plaintiff Rosalie Donahue described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(671) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE, Plaintiff Rosalie Donahue, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCI
ESTATE OF JOSEPH MOORE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(672)Plaintiff Susan Ann Ray, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(673)On October 23, 1983, when the explosive device described above was detonated, Joseph Moore, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph Moore was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Moore. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(674)The beneficiaries of Joseph Moore who survived him, namely, Susan Ann Ray, Betty Moore, Harry Moore, Melissa Lea, and Denise Lynn Voyles, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Moore, and funeral and burial expenses.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of the Estate of Joseph Moore, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<center>

COUNT CCCII
ESTATE OF JOSEPH MOORE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</center>

(675)Plaintiff, Susan Ann Ray, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(676)Before death, Joseph Moore, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of the Estate of Joseph Moore, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCIII
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(677) Plaintiff Susan Ann Ray, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(678) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Moore, to wit, Susan Ann Ray, Betty Moore, Harry Moore, Melissa Lea, and Denise Lynn Voyles, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of herself, Betty Moore, Harry Moore, Melissa Lea, and Denise Lynn Voyles, jointy and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(679) Plaintiff Betty Moore described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(680) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Betty Moore, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCCV
## ESTATE OF HARRY DOUGLAS MYERS
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(681) Plaintiff Harry Myers, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(682) On October 23, 1983, when the explosive device described above was detonated, Harry Douglas Myers, a member of the United States Marine Corps, suffered fatal injuries. The death of Harry Douglas Myers was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Harry Douglas Myers. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(683)The beneficiaries of Harry Douglas Myers who survived him, namely, Harry Myers, and Geneva Myers, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Harry Douglas Myers, and funeral and burial expenses.

WHEREFORE, Plaintiff, Harry Myers, demands judgment on behalf of the Estate of Harry Douglas Myers, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCVI
ESTATE OF HARRY DOUGLAS MYERS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(684)Plaintiff, Harry Myers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(685)Before death, Harry Douglas Myers, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Harry Myers, demands judgment on behalf of the Estate of Harry Douglas Myers, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(686) Plaintiff Harry Myers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(687) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Harry Douglas Myers, to wit, Harry Myers, and Geneva Myers, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Harry Myers, demands judgment on behalf of himself, and Geneva Myers, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(688) Plaintiff Harry Myers described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(689) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Harry Myers prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCIX
ESTATE OF DAVID JOHNS NAIRN
CLAIM FOR WRONGFUL DEATH

</div>

Title 16 District of Columbia Code Section 16-2701

(690) Plaintiff Campbell J. Nairn, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(691) On October 23, 1983, when the explosive device described above was detonated, David Johns Nairn, a member of the United States Marine Corps, suffered fatal injuries. The death of David Johns Nairn was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Johns Nairn. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(692)The beneficiaries of David Johns Nairn who survived him, namely, Campbell J. Nairn, Jr., Billie Ann Nairn, Campbell J. Nairn, III, William P. Nairn, and Tammy Freshhour, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Johns Nairn, and funeral and burial expenses.

WHEREFORE, Plaintiff, Campbell J. Nairn, Jr., demands judgment on behalf of the Estate of David Johns Nairn, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCX
## ESTATE OF DAVID JOHNS NAIRN
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(693) Plaintiff, Campbell J. Nairn, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(694) Before death, David Johns Nairn, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Campbell J. Nairn, Jr., demands judgment on behalf of the Estate of David Johns Nairn, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


## COUNT CCCXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(695) Plaintiff Campbell J. Nairn, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(696) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Johns Nairn, to wit, Campbell J. Nairn, Jr., Billie Ann Nairn, Campbell J. Nairn, III, William P. Nairn, and Tammy Freshhour, have suffered extraordinary grief and

mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Campbell J. Nairn, Jr., demands judgment on behalf of himself, Billie Ann Nairn, Campbell J. Nairn, III, William P. Nairn, and Tammy Freshhour, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(697) Plaintiff Campbell J. Nairn, Jr. repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(698) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Campbell J. Nairn, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian

Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

### COUNT CCCXIII
### ESTATE OF JOHN OLSON
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(699) Plaintiff Roger S. Olson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(700) On October 23, 1983, when the explosive device described above was detonated, John Olson, a member of the United States Marine Corps, suffered fatal injuries. The death of John Olson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Olson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(701) The beneficiaries of John Olson who survived him, namely, Roger S. Olson, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, and Wendy L. Lange, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Olson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of the Estate of John Olson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

**COUNT CCCXIV**
**ESTATE OF JOHN OLSON**
**SURVIVAL CLAIM**
**Title 12 District of Columbia Code Section 16-2701**

</div>

(702)Plaintiff, Roger S. Olson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(703)Before death, John Olson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of the Estate of John Olson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

**COUNT CCCXV**
**SOLATIUM CLAIM**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**

</div>

(704) Plaintiff Roger S. Olson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(705) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Olson, to wit, Roger S. Olson, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, and Wendy L. Lange, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of herself, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, and Wendy L. Lange, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(706) Plaintiff Roger S. Olson described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(707) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Roger S. Olson, prays that a judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCXVII
ESTATE OF JOSEPH A. OWENS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(708) Plaintiff Frances L. Owens, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(709)On October 23, 1983, when the explosive device described above was detonated, Joseph A. Owens, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph A. Owens was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph A. Owens. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(710) The beneficiaries of Joseph A. Owens who survived him, namely, Frances L. Owens, Deanna L. Owens, David L. Owens, and Steven T. Owens, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph A. Owens, and funeral and burial expenses.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of the Estate of Joseph A. Owens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXVIII
## ESTATE OF JOSEPH A. OWENS
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(711) Plaintiff, Frances L. Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(712) Before death, Joseph A. Owens, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of the Estate of Joseph A. Owens, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCXIX
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(713) Plaintiff Frances L. Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(714) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph A. Owens, to wit, Frances L. Owens, Deanna L. Owens, David L. Owens, and Steven T. Owens, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of herself, Deanna L. Owens, David L. Owens, and Steven T. Owens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCCXX
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(715) Plaintiff Frances L. Owens described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(716) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Frances L. Owens, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCXXI
ESTATE OF RAY PAGE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(717)Plaintiff Judith K. Page, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(718)On October 23, 1983, when the explosive device described above was detonated, Ray Page, a member of the United States Marine Corps, suffered fatal injuries. The death of Ray Page was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Ray Page.

Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(719)The beneficiaries of Ray Page who survived him, namely, Judith K. Page, and Connie M. Page, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ray Page, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of the Estate of Ray Page, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCXXII
ESTATE OF RAY PAGE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(720) Plaintiff, Judith K. Page, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(721) Before death, Ray Page, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of the Estate of Ray Page, jointly and severally, against the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXXIII
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(722) Plaintiff Judith K. Page, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(723) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Ray Page, to wit, Judith K. Page, and Connie M. Page, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of herself, and Connie M. Page, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCXXIV
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(724) Plaintiff Judith K. Page described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(725) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Judith K. Page, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCXXV
ESTATE OF ULYSSES G. PARKER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(726) Plaintiff Mary Ruth Ervin, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(727) On October 23, 1983, when the explosive device described above was detonated, Ulysses G. Parker, a member of the United States Marine Corps, suffered fatal injuries. The death of Ulysses G. Parker was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Ulysses G. Parker. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(728) The beneficiaries of Ulysses G. Parker who survived him, namely, Mary Ruth Ervin, Ray A. Johnson, Sharon Parker, Henry James, and Shirley L. Murray, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ulysses G. Parker, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of the Estate of Ulysses G. Parker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCXXVI
ESTATE OF ULYSSES G. PARKER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(729) Plaintiff, Mary Ruth Ervin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(730) Before death, Ulysses G. Parker, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of the Estate of Ulysses G. Parker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXXVII
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(731) Plaintiff Mary Ruth Ervin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(732) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Ulysses G. Parker, to wit, Mary Ruth Ervin, Ray A. Johnson, Sharon Parker, Henry James, and Shirley L. Murray, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of herself, Ray A. Johnson, Sharon Parker, Henry James, and Shirley L. Murray, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCXXVIII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(733) Plaintiff Mary Ruth Ervin described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(734) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Ruth Ervin, prays that a judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS $250,000,000.00), besides costs.

<div align="center">

COUNT CCCXXIX
ESTATE OF JOHN L. PEARSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(735) Plaintiff Sonia Pearson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(736) On October 23, 1983, when the explosive device described above was detonated, John L. Pearson, a member of the United States Marine Corps, suffered fatal injuries. The death of John L. Pearson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John L. Pearson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(737) The beneficiaries of John L. Pearson who survived him, namely, Sonia Pearson, Helen M. Pearson, Melrose Ricks, and John L. Pearson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John L. Pearson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of the Estate of John L. Pearson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCXXX
ESTATE OF JOHN L. PEARSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(738)Plaintiff, Sonia Pearson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(739)Before death, John L. Pearson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of the Estate of John L. Pearson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXXXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(740) Plaintiff Sonia Pearson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(741) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John L. Pearson, to wit, Sonia Pearson, Helen M. Pearson, Melrose Ricks, and John L. Pearson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of herself, Helen M. Pearson, Melrose Ricks, and John L. Pearson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCXXXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(742) Plaintiff Sonia Pearson described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(743) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Sonia Pearson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCCXXXIII
## ESTATE OF THOMAS S. PERRON
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(744)Plaintiff Ronald R. Perron, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(745)On October 23, 1983, when the explosive device described above was detonated, Thomas S. Perron, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas S. Perron was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas S. Perron. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(746)The beneficiaries of Thomas S. Perron who survived him, namely, Ronald R. Perron, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A. Hurston, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas S. Perron, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of the Estate of Thomas S. Perron, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXXXIV
## ESTATE OF THOMAS S. PERRON
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(747) Plaintiff, Ronald R. Perron, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(748) Before death, Thomas S. Perron, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of the Estate of Thomas S. Perron, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXXXV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(749) Plaintiff Ronald R. Perron, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(750) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas S. Perron, to wit, Ronald R. Perron, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A.

Hurston, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of himself, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A. Hurston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(751) Plaintiff Ronald R. Perron described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(752) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Ronald R. Perron, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCXXXVII
ESTATE OF JOHN ARTHUR PHILLIPS, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(753) Plaintiff Nancy B. Fox, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(754) On October 23, 1983, when the explosive device described above was detonated, John Arthur Phillips, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of John Arthur Phillips, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Arthur Phillips, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(755) The beneficiary of John Arthur Phillips, Jr. who survived him, namely, Nancy B. Fox, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future

earnings and accretions to the Estate of John Arthur Phillips, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of the Estate of John Arthur Phillips, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCXXXVIII
ESTATE OF JOHN ARTHUR PHILLIPS, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(756)Plaintiff, Nancy B. Fox, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(757) Before death, John Arthur Phillips, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of the Estate of John Arthur Phillips, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(758) Plaintiff Nancy B. Fox, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(759) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, John Arthur Phillips, Jr., to wit, Nancy B. Fox, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of herself, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


### COUNT CCCXL
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(760) Plaintiff Nancy B. Fox repeats and re-alleges every allegation set forth above with like effect as if alleged herein.

(761) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Nancy B. Fox, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCCXLI
## ESTATE OF WILLIAM ROY POLLARD
## CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(762) Plaintiff Margaret Pollard, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(763) On October 23, 1983, when the explosive device described above was detonated, William Roy Pollard, a member of the United States Marine Corps, suffered fatal injuries. The death of William Roy Pollard was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William Roy Pollard. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(764) The beneficiaries of William Roy Pollard who survived him, namely, Margaret Pollard, and Stacey Yvonne Pollard, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are

vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William Roy Pollard, and funeral and burial expenses.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of the Estate of William Roy Pollard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCXLII
### ESTATE OF WILLIAM ROY POLLARD
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(765) Plaintiff, Margaret Pollard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(766) Before death, William Roy Pollard, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of the Estate of William Roy Pollard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCXLIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(767) Plaintiff Margaret Pollard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(768) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William Roy Pollard, to wit, Margaret Pollard, and Stacey Yvonne Pollard, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of herself, and Stacey Yvonne Pollard jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(769) Plaintiff William R. Pollard described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(770) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, William R. Pollard prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCCXLV
### ESTATE OF VICTOR MARK PREVATT
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(771) Plaintiff Sandra Rhodes Young, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(772)On October 23, 1983, when the explosive device described above was detonated, Victor Mark Prevatt, a member of the United States Marine Corps, suffered fatal injuries. The death of Victor Mark Prevatt was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Victor Mark Prevatt. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(773)The beneficiaries of Victor Mark Prevatt who survived him, namely, Sandra Rhodes Young, Victor Thornton Prevatt, Lee H. Prevatt, Victoria N. Prevatt, and

Lawrence Rawls, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Victor Mark Prevatt, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of the Estate of Victor Mark Prevatt, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCXLVI
ESTATE OF VICTOR MARK PREVATT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(774) Plaintiff, Sandra Rhodes Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(775) Before death, Victor Mark Prevatt, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of the Estate of Victor Mark Prevatt, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCXLVII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(776) Plaintiff Sandra Rhodes Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(777) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Victor Mark Prevatt, to wit, Sandra Rhodes Young, Victor Thornton Prevatt, Lee H. Prevatt, Victoria N. Prevatt, and Lawrence Rawls, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of herself, Victor Thornton Prevatt, Lee H. Prevatt, Victoria N. Prevatt, and Lawrence Rawls jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCXLVIII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(778) Plaintiff Sandra R. Young repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(779) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Sandra R. Young, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCXLIX
ESTATE OF PATRICK K. PRINDEVILLE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(780) Plaintiff Paul Prindeville, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(781) On October 23, 1983, when the explosive device described above was detonated, Patrick K. Prindeville, a member of the United States Marine Corps, suffered fatal injuries. The death of Patrick K. Prindeville was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Patrick K. Prindeville. Those agents were at all times acting with the scope of

their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(782)The beneficiary of Patrick K. Prindeville who survived him, namely, Paul Prindeville, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Patrick K. Prindeville, and funeral and burial expenses.

WHEREFORE, Plaintiff, Paul Prindeville, demands judgment on behalf of the Estate of Patrick K. Prindeville, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCL
ESTATE OF PATRICK K. PRINDEVILLE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(783)Plaintiff, Paul Prindeville, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(784)Before death, Patrick K. Prindeville, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Paul Prindeville, demands judgment on behalf of the Estate of Patrick K. Prindeville, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCLI
## SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(785) Plaintiff Paul Prindeville, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(786) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Patrick K. Prindeville, to wit, Paul Prindeville, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Paul Prindeville, demands judgment on behalf of himself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCLII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(787) Plaintiff Paul Prindeville described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(788) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs Paul Prindeville, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLIII
ESTATE OF DIOMEDES J. QUIRANTE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(789) Plaintiff Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(790) On October 23, 1983, when the explosive device described above was detonated, Diomedes J. Quirante, a member of the United States Navy, suffered fatal

injuries. The death of Diomedes J. Quirante was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Diomedes J. Quirante. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(791) The beneficiaries of Diomedes J. Quirante who survived him, namely, Belinda J. Quirante, The Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Diomedes J. Quirante, and funeral and burial expenses.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of the Estate of Diomedes J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCLIV
ESTATE OF DIOMEDES J. QUIRANTE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(791) Plaintiff, Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(792) Before death, Diomedes J. Quirante, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of the Estate of Diomedes J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

## COUNT CCCLV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(793) Plaintiff Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(794) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Diomedes J. Quirante, to wit, Belinda J. Quirante, The Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of herself, Beatrice Richardson, The Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCLVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(795) Plaintiff, Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(796) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Belinda J. Quirante, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCLVII
ESTATE OF WARREN RICHARDSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(797)Plaintiff Clarence Richardson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(798)On October 23, 1983, when the explosive device described above was detonated, Warren Richardson, a member of the United States Marine Corps, suffered fatal injuries. The death of Warren Richardson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Warren Richardson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(799)The beneficiaries of Warren Richardson who survived him, namely, Clarence Richardson, Beatrice Richardson, Vanessa Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Warren Richardson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of the Estate of Warren Richardson, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLVIII
### ESTATE OF WARREN RICHARDSON
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(800) Plaintiff, Clarence Richardson, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(801) Before death, Warren Richardson, suffered extreme bodily pain and

suffering, as a result of the actions described above which were undertaken by the agents

of the Defendants, and the Decedent thereby suffered damages in the amount of ten

million dollars.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of the

Estate of Warren Richardson, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLIX
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(802) Plaintiff Clarence Richardson, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(803) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Warren Richardson, to wit, Clarence Richardson, Beatrice Richardson, Vanessa

Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, have

suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of himself, Beatrice Richardson, Vanessa Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(804) Plaintiff, Clarence Richardson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(805) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Clarence Richardson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLXI
ESTATE OF LOUIS ROTONDO
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(806) Plaintiff Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(807) On October 23, 1983, when the explosive device described above was detonated, Louis Rotondo, a member of the United States Marine Corps, suffered fatal injuries. The death of Louis Rotondo was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Louis Rotondo. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(808) The beneficiaries of Louis Rotondo who survived him, namely, Marian Rotondo DiGiovanni, Robert DiGiovanni, Lisa DiGiovanni, and Danielle DiGiovanni, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Louis Rotondo, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of the Estate of Louis Rotondo, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLXII
### ESTATE OF LOUIS ROTONDO
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(809) Plaintiff, Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(810) Before death, Louis Rotondo, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of the Estate of Louis Rotondo, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLXIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(811) Plaintiff Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(812) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Louis Rotondo, to wit, Marian Rotondo DiGiovanni, Robert DiGiovanni, Lisa DiGiovanni, and Danielle DiGiovanni, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of herself, Robert DiGiovanni, Lisa DiGiovanni, and Danielle DiGiovanni, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CCCLXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(813) Plaintiff, Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(814) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLXV
ESTATE OF MICHAEL C. SAULS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(815) Plaintiff Barbara E. Rockwell repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(816) On October 23, 1983, when the explosive device described above was detonated, Michael C. Sauls, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael C. Sauls was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael C. Sauls. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(817) The beneficiaries of Michael C. Sauls who survived him, namely, Barbara E. Rockwell, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, as a direct and proximate consequence of the actions of the Defendants hereinabove

described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael C. Sauls, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of the Estate of Michael C. Sauls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLXVI
### ESTATE OF MICHAEL C. SAULS
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(818) Plaintiff, Barbara E. Rockwell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(819) Before death, Michael C. Sauls, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of the Estate of Michael C. Sauls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLXVII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(820) Plaintiff Barbara E. Rockwell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(821) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael C. Sauls, to wit, Barbara E. Rockwell, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of herself, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCLXVIII
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(822) Plaintiff, Barbara Elizabeth Rockwell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(823) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Barbara Elizabeth Rockwell, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCLXIX
ESTATE OF CHARLES SCHNORF
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(824) Plaintiff Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(825) On October 23, 1983, when the explosive device described above was detonated, Charles Schnorf, a member of the United States Marine Corps, suffered fatal injuries. The death of Charles Schnorf was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charles Schnorf. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(826)The beneficiaries of Charles Schnorf who survived him, namely, Lynn Dallachie, Richard Schnorf, and Margaret Schnorf, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charles Schnorf, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of the Estate of Charles Schnorf, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCLXX
ESTATE OF CHARLES SCHNORF
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(827) Plaintiff, Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(828) Before death, Charles Schnorf, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of the Estate of Charles Schnorf, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCLXXI
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(829) Plaintiff Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(830) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Charles Schnorf, to wit, Lynn Dallachie, Richard Schnorf, and Margaret Schnorf, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of herself, Richard Schnorf, and Margaret Schnorf, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCCLXXII
### PUNITIVE DAMAGES
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(831) Plaintiff, Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(832) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lynn Dallachie, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXIII
ESTATE OF SCOTT LEE SCHULTZ
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(833) Plaintiff Beverly Schultz, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(834) On October 23, 1983, when the explosive device described above was detonated, Scott Lee Schultz, a member of the United States Marine Corps, suffered fatal injuries. The death of Scott Lee Schultz was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Scott Lee Schultz. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(835) The beneficiaries of Scott Lee Schultz who survived him, namely, Beverly Schultz, Dennis R. Schultz, and Dennis James Schultz, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Scott Lee Schultz, and funeral and burial expenses.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of the Estate of Scott Lee Schultz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


COUNT CCCLXXIV
ESTATE OF SCOTT LEE SCHULTZ
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(836) Plaintiff, Beverly Schultz, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(837) Before death, Scott Lee Schultz, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of the Estate of Scott Lee Schultz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.]

## COUNT CCCLXXV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(838) Plaintiff Beverly Schultz repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(839) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Scott Lee Schultz, to wit, Beverly Schultz Dennis R. Schultz, and Dennis James Schultz, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of herself, Dennis R. Schultz, and Dennis James Schultz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCLXXVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(840) Plaintiff, Beverly Schultz, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(841) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Beverly Schultz, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXVII
ESTATE OF PETER SCIALABBA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(842) Plaintiff Frank Scialabba, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(843) On October 23, 1983, when the explosive device described above was detonated, Peter Scialabba, a member of the United States Marine Corps, suffered fatal

injuries. The death of Peter Scialabba was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Peter Scialabba. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(844)The beneficiaries of Peter Scialabba who survived him, namely, Frank Scialabba, Jacquelyn Scialabba, and Samuel Scialabba, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Peter Scialabba, and funeral and burial expenses.

WHEREFORE, Plaintiff, Frank Scialabba, demands judgment on behalf of the Estate of Peter Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXVIII
ESTATE OF PETER SCIALABBA
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(845) Plaintiff, Frank Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(846) Before death, Peter Scialabba, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

<div align="center">320</div>

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Frank Scialabba, demands judgment on behalf of the Estate of Peter Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(847) Plaintiff Frank Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(848) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Peter Scialabba, to wit, Frank Scialabba, Jacquelyn Scialabba, and Samuel Scialabba, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Frank Scialabba, demands judgment on behalf of himself, Jacquelyn Scialabba, and Samuel Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(849) Plaintiff, Frank Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(859) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Frank Scialabba, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXXI
ESTATE OF GARY R. SCOTT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(860) Plaintiff Mary Ann Scott repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(861) On October 23, 1983, when the explosive device described above was detonated, Gary R. Scott, a member of the United States Marine Corps, suffered fatal

injuries. The death of Gary R. Scott was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Gary R. Scott. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(862) The beneficiaries of Gary R. Scott who survived him, namely, Mary Ann Scott, Stephen Scott, Susan Jordan, Kevin James Scott, The Estate of Larry L. Scott (Personal Representative Mary Ann Scott), Ashley Doray, Mary Clyde Holberton, Thomas H. Holberton, and Donald C. Holberton and Jon C. Scott, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Gary R. Scott, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of the Estate of Gary R. Scott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCLXXXII
ESTATE OF GARY R. SCOTT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(863)Plaintiff, Mary Ann Scott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(864)Before death, Gary R. Scott, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of the Estate of Gary R. Scott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(865) Plaintiff Mary Ann Scott repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(866) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Gary R. Scott, to wit, Mary Ann Scott, Stephen Scott, Susan Jordan, Kevin James Scott, The Estate of Larry L. Scott (Personal Representative Mary Ann Scott), and Jon C. Scott, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of herself, Stephen Scott, Susan Jordan, Kevin James Scott, The Estate of Larry L. Scott (Personal

Representative Mary Ann Scott), and Jon C. Scott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(866) Plaintiff, Mary Ann Scott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(867) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Ann Scott, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCLXXXV
ESTATE OF THOMAS ALAN SHIPP
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(868) Plaintiff Pauline Shipp repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(869) On October 23, 1983, when the explosive device described above was detonated, Thomas Alan Shipp, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas Alan Shipp was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Alan Shipp. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(870)The beneficiaries of Thomas Alan Shipp who survived him, namely, Pauline Shipp and Bryan Richard Shipp, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas Alan Shipp, and funeral and burial expenses.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of the Estate of Thomas Alan Shipp, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCLXXXVI
## ESTATE OF THOMAS ALAN SHIPP
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(871) Plaintiff, Pauline Shipp, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(872) Before death, Thomas Alan Shipp, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of the Estate of Thomas Alan Shipp, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


## COUNT CCCLXXXVII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(873) Plaintiff Pauline Shipp repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(874) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Alan Shipp, to wit, Pauline Shipp and Bryan Richard Shipp, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of herself, and Bryan Richard Shipp, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCLXXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(875) Plaintiff, Pauline Shipp, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(876) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Pauline Shipp, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCLXXXIX
ESTATE OF JERRYL D. SHROPSHIRE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(877) Plaintiff Lula Mae Watkins repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(878) On October 23, 1983, when the explosive device described above was detonated, Jerryl D. Shropshire, a member of the United States Marine Corps, suffered fatal injuries. The death of Jerryl D. Shropshire was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jerryl D. Shropshire. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(879) The beneficiary of Jerryl D. Shropshire who survived him, namely, Lula Mae Watkins, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jerryl D. Shropshire, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lula Mae Watkins, demands judgment on behalf of the Estate of Jerryl D. Shropshire, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCXC
ESTATE OF JERRYL D. SHROPSHIRE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(880)Plaintiff, Lula Mae Watkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(881)Before death, Jerryl D. Shropshire, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lula Mae Watkins, demands judgment on behalf of the Estate of Jerryl D. Shropshire, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCXCI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(882) Plaintiff Lula Mae Watkins repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(883) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Jerryl D. Shropshire, to wit, Lula Mae Watkins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lula Mae Watkins, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCXCII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(884) Plaintiff, Lula Mae Watkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(885) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lula Mae Watkins, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCXCIII
ESTATE OF LARRY H. SIMPSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(886)Plaintiff Anna Marie Simpson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(887)On October 23, 1983, when the explosive device described above was detonated, Larry H. Simpson, a member of the United States Marine Corps, suffered fatal injuries. The death of Larry H. Simpson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Larry H. Simpson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(888)The beneficiaries of Larry H. Simpson who survived him, namely, Anna Marie Simpson and Larry H. Simpson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Larry H. Simpson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of the Estate of Larry H. Simpson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCXCIV
### ESTATE OF LARRY H. SIMPSON
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(889) Plaintiff, Anna Marie Simpson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(890)Before death, Larry H. Simpson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of the Estate of Larry H. Simpson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCXCV
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(891) Plaintiff Anna Marie Simpson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(892) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Larry H. Simpson, to wit, Anna Marie Simpson and Larry H. Simpson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of herself and Larry H. Simpson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCXCVI
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(893) Plaintiff, Anna Marie Simpson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(894) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anna Marie Simpson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCXCVII
ESTATE OF KIRK H. SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(895) Plaintiff Bobbie Ann Smith repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(896) On October 23, 1983, when the explosive device described above was detonated, Kirk H. Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Kirk H. Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Kirk H. Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(897) The beneficiaries of Kirk H. Smith who survived him, namely, Bobbie Ann Smith and Terrence Smith, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Kirk H. Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of the Estate of Kirk H. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCXCVIII
ESTATE OF KIRK H. SMITH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(898)Plaintiff, Bobbie Ann Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(880a)Before death, Kirk H. Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of the Estate of Kirk H. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


COUNT CCCXCIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(881a) Plaintiff Bobbie Ann Smith repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(882a) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Kirk H. Smith, to wit, Bobbie Ann Smith and Terrence Smith, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of herself and Terrence Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCC
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(883a) Plaintiff, Bobbie Ann Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(884a) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Bobbie Ann Smith, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCI
ESTATE OF THOMAS G. SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(885a) Plaintiff Joseph K. Smith repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(886a) On October 23, 1983, when the explosive device described above was detonated, Thomas G. Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas G. Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas G. Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(887a) The beneficiaries of Thomas G. Smith who survived him, namely, Joseph K. Smith and Joseph K. Smith III, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas G. Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Joseph K. Smith, demands judgment on behalf of the Estate of Thomas G. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs. COUNT CCCCII

### ESTATE OF THOMAS G. SMITH
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(888a) Plaintiff, Joseph K. Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(889a) Before death, Thomas G. Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joseph K. Smith, demands judgment on behalf of the Estate of Thomas G. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(889a) Plaintiff Joseph K. Smith repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(890a) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas G. Smith, to wit, Joseph K. Smith and Joseph K. Smith, III, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joseph K. Smith, demands judgment on behalf of Joseph K. Smith and Joseph K. Smith III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(891a) Plaintiff, Joseph K. Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(892a) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joseph K. Smith, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCV
ESTATE OF VINCENT LEE SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(893a)Plaintiff Ana Smith-Ward repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(894a)On October 23, 1983, when the explosive device described above was detonated, Vincent Lee Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Vincent Lee Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Vincent Lee Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(895a)The beneficiaries of Vincent Lee Smith who survived him, namely, Ana Smith-Ward, Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cinthia I. Smith, Lynn M. Smith, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Vincent Lee Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of the Estate of Vincent Lee Smith, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCVI
## ESTATE OF VINCENT LEE SMITH
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(896a) Plaintiff, Ana Smith-Ward, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(897a) Before death, Vincent Lee Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of the Estate of Vincent Lee Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(898a) Plaintiff Ana Smith-Ward repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(899a) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Vincent Lee Smith, to wit, Ana Smith-Ward Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cinthia I. Smith, Lynn M. Smith, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of Ana Smith-Ward Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cinthia I. Smith, Lynn M. Smith, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(900a) Plaintiff, Anna Smith-Ward, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(901a) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anna Smith-Ward, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCIX
ESTATE OF WILLIAM SCOTT SOMMERHOF
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(902) Plaintiff William Sommerhof, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(903) On October 23, 1983, when the explosive device described above was detonated, William Scott Sommerhof, a member of the United States Marine Corps, suffered fatal injuries. The death of William Scott Sommerhof was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William Scott Sommerhof. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(904)The beneficiaries of William Scott Sommerhof who survived him, namely, William Sommerhof, Jocelyn Sommerhof, and John A. Sommerhof, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which

the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William Scott Sommerhof, and funeral and burial expenses.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of the Estate of William Scott Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCX
ESTATE OF WILLIAM SCOTT SOMMERHOF
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(905) Plaintiff, William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(906) Before death, William Scott Sommerhof, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of the Estate of William Scott Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(907) Plaintiff William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(908) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William Scott Sommerhof, to wit, William Sommerhof Jocelyn Sommerhof, and John A. Sommerhof, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of William Sommerhof, Jocelyn Sommerhof, and John A. Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(909) Plaintiff, William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(910) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive

damages.

WHEREFORE, Plaintiff, William Sommerhof, prays that judgment be entered,

jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the

amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT CCCCXIII
ESTATE OF STEPHEN E. SPENCER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(911) Plaintiff Richard J. Wallace repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

(912) On October 23, 1983, when the explosive device described above was

detonated, Stephen E. Spencer, a member of the United States Marine Corps, suffered

fatal injuries. The death of Stephen E. Spencer was caused by a willful and deliberate act

of extra judicial killing. The Defendants, through their agents, financed the attack, planned

the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Stephen E. Spencer. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(913) The beneficiaries of Stephen E. Spencer who survived him, namely, Richard

J. Wallace, Bobby L. Wallace, Douglas Spencer, Debra Lynn Rhosto, and Richard

<div align="center">347</div>

Wallace, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Stephen E. Spencer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Richard J. Wallace, demands judgment on behalf of the Estate of Stephen E. Spencer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXIV
ESTATE OF STEPHEN E. SPENCER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(914) Plaintiff, Richard J. Wallace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(915) Before death, Stephen E. Spencer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Richard J. Wallace, demands judgment on behalf of the Estate of Stephen E. Spencer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXV
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(916) Plaintiff Richard J. Wallace repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(917) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Stephen E. Spencer, to wit, Richard J. Wallace, Bobby L. Wallace, Douglas Spencer, Debra Lynn Rhosto, and Richard Wallace, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Richard J. Wallace, demands judgment on behalf of Richard J. Wallace, Bobby L. Wallace, Douglas Spencer, Debra Lynn Rhosto, and Richard Wallace, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.


## COUNT CCCCXVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(918) Plaintiff, Richard J. Wallace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(919) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Richard J. Wallace, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXVII
ESTATE OF WILLIAM JOHN STELPFLUG
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(920) Plaintiff William J. and Peggy Stelpflug, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(921) On October 23, 1983, when the explosive device described above was detonated, William John Stelpflug, a member of the United States Marine Corps, suffered fatal injuries. The death of William John Stelpflug was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William John Stelpflug. Those agents were at all times acting with

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(922) The beneficiaries of William John Stelpflug who survived him, namely, William J. Stelpflug, Peggy Stelpflug, Christy Williford, Kathy Nathan, Laura Basfield, and Joseph Stelpflug, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William John Stelpflug, and funeral and burial expenses.

WHEREFORE, Plaintiff, William J. and Peggy Stelpflug, demands judgment on behalf of the Estate of William John Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCCXVIII
ESTATE OF WILLIAM JOHN STELPFLUG
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(923) Plaintiff, William J. and Peggy Stelpflug, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(924) Before death, William John Stelpflug, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, William J. and Peggy Stelpflug, demands judgment on behalf of the Estate of William John Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(925) Plaintiff William J. and Peggy Stelpflug, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(926) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William John Stelpflug, to wit, William J. Stelpflug, Peggy Stelpflug, Christy Williford, Kathy Nathan, Laura Basfield, and Joseph Stelpflug, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, William J. and Peggy Stelpflug, demands judgment on behalf of William J. Stelpflug, Peggy Stelpflug, Christy Williford, Kathy Nathan, Laura Basfield, and Joseph Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXX
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(927) Plaintiffs, William J. and Peggy Stelpflug, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(928) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, William J. and Peggy Stelpflug, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXI
ESTATE OF HORACE RENARDO STEPHENS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(929) Plaintiff Karl Goodman repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(930) On October 23, 1983, when the explosive device described above was detonated, Horace Renardo Stephens, a member of the United States Marine Corps,

suffered fatal injuries. The death of Horace Renardo Stephens was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Horace Renardo Stephens. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(931) The beneficiaries of Horace Renardo Stephens who survived him, namely, Karl Goodman, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Horace Renardo Stephens, and funeral and burial expenses.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of the Estate of Horace Renardo Stephens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXII
ESTATE OF HORACE RENARDO STEPHENS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(932) Plaintiff, Karl Goodman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(933) Before death, Horace Renardo Stephens, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of the Estate of Horace Renardo Stephens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCXXIII
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(934) Plaintiff Karl Goodman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(935) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Horace Renardo Stephens, to wit, Karl Goodman, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of Karl Goodman, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, jointly and severally, against the Defendants, The Islamic Republic of Iran

and the Iranian Ministry of Information and Security, for each in the amount of TWENTY

MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXXIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(925) Plaintiff, Karl Goodman, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(926) The actions of the Defendants, carried out by their agents as described

above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive

damages.

WHEREFORE, Plaintiff, Karl Goodman, prays that judgment be entered, jointly

and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the

amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

## COUNT CCCCXXV
## ESTATE OF CRAIG STOCKTON
## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(927) Plaintiff Dona Stockton repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(928) On October 23, 1983, when the explosive device described above was detonated, Craig Stockton, a member of the United States Marine Corps, suffered fatal injuries. The death of Craig Stockton was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Craig Stockton. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(929) The beneficiaries of Craig Stockton who survived him, namely, Dona Stockton, Donald R. Stockton, and Ronald G. Stockton as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Craig Stockton, and funeral and burial expenses.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of the Estate of Craig Stockton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXVI
ESTATE OF CRAIG STOCKTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(930) Plaintiff, Dona Stockton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(931) Before death, Craig Stockton, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of the Estate of Craig Stockton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXXVII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(932) Plaintiff Dona Stockton repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(933) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Craig Stockton, to wit, Dona Stockton, Donald R. Stockton, and Ronald G. Stockton, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of Dona Stockton, Donald R. Stockton, and Ronald G. Stockton, jointly and severally, against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(934) Plaintiff, Dona Stockton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(935) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Dona Stockton, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCXXIX
ESTATE OF JEFFREY STOKES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(936) Plaintiff Irene Stokes repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(937) On October 23, 1983, when the explosive device described above was detonated, Jeffrey Stokes, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey Stokes was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey Stokes. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(938)The beneficiaries of Jeffrey Stokes who survived him, namely, Irene Stokes, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffrey Stokes, and funeral and burial expenses.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of the Estate of Jeffrey Stokes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXXX
## ESTATE OF JEFFREY STOKES
## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(939)Plaintiff, Irene Stokes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(940)Before death, Jeffrey Stokes, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of the Estate of Jeffrey Stokes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


## COUNT CCCCXXXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(941) Plaintiff Irene Stokes repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(942) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Jeffrey Stokes, to wit, Irene Stokes, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of Irene Stokes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXXXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(943) Plaintiff, Irene Stokes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(944) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Irene Stokes, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCXXXIII
ESTATE OF ERIC D. STURGHILL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(945) Plaintiff Marcus L. Sturghill, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(946) On October 23, 1983, when the explosive device described above was detonated, Eric D. Sturghill, a member of the United States Marine Corps, suffered fatal injuries. The death of Eric D. Sturghill was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Eric D. Sturghill. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(947) The beneficiaries of Eric D. Sturghill who survived him, namely, Marcus L. Sturghill, Jr., Marcus D. Sturghill, and Nakeshia Lynn Sturghill, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Eric D. Sturghill, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marcus L. Sturghill, Jr., demands judgment on behalf of the Estate of Eric D. Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCCXXXIV
ESTATE OF ERIC D. STURGHILL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(948) Plaintiff, Marcus L. Sturghill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(949) Before death, Eric D. Sturghill, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marcus L. Sturghill, Jr., demands judgment on behalf of the Estate of Eric D. Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCCXXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(950) Plaintiff Marcus L. Sturghill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(951) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Eric D. Sturghill, to wit, Marcus L. Sturghill, Jr., Marcus D. Sturghill, and Nakeshia Lynn Sturghill have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marcus L. Sturghill, Jr., demands judgment on behalf of Marcus L. Sturghill, Jr., Marcus D. Sturghill, and Nakeshia Lynn Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXXXVI
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(952) Plaintiff, Marcus L. Sturghill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(953) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marcus L. Sturghill, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the

amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

<div align="center">

COUNT CCCCXXXVII
ESTATE OF DEVON SUNDAR
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(954) Plaintiff Doreen Sundar, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(955) On October 23, 1983, when the explosive device described above was

detonated, Devon Sundar, a member of the United States Marine Corps, suffered fatal

injuries. The death of Devon Sundar was caused by a willful and deliberate act of extra

judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the

death of Devon Sundar. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(956) The beneficiaries of Devon Sundar who survived him, namely, Doreen

Sundar, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of Devon Sundar, and funeral and burial expenses.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of the

Estate of Devon Sundar, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXXVIII
ESTATE OF DEVON SUNDAR
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(957) Plaintiff, Doreen Sundar, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(958) Before death, Devon Sundar, suffered extreme bodily pain and suffering, as

a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million

dollars.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of the

Estate of Devon Sundar, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(959) Plaintiff Doreen Sundar, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(960) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Devon Sundar, to wit, Doreen Sundar, have suffered extraordinary grief and

mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of Doreen Sundar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXL
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(961) Plaintiff, Doreen Sundar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(962) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Doreen Sundar, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXLI
ESTATE OF STEPHEN DALE TINGLEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(963) Plaintiff Richard and Barbara Tingley, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(964) On October 23, 1983, when the explosive device described above was detonated, Stephen Dale Tingley, a member of the United States Marine Corps, suffered fatal injuries. The death of Stephen Dale Tingley was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Stephen Dale Tingley. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(965) The beneficiaries of Stephen Dale Tingley who survived him, namely, Richard Tingley, Barbara Tingley, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Stephen Dale Tingley, and funeral and burial expenses.

WHEREFORE, Plaintiff, Richard and Barbara Tingley, demands judgment on behalf of the Estate of Stephen Dale Tingley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCXLII
### ESTATE OF STEPHEN DALE TINGLEY
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(966) Plaintiff, Richard and Barbara Tingley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(967) Before death, Stephen Dale Tingley, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Richard, and Barbara Tingley, demands judgment on behalf of the Estate of Stephen Dale Tingley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCXLIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(968) Plaintiff Richard and Barbara Tingley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(969) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Stephen Dale Tingley, to wit, Richard Tingley, Barbara Tingley, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Richard and Barbara Tingley, demands judgment on behalf of Richard Tingley, Barbara Tingley, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(970) Plaintiffs, Richard and Barbara Tingley, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(971) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Richard and Barbara Tingley, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXLV
ESTATE OF THOMAS THORSTAD
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(972) Plaintiff James Thorstad, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(973) On October 23, 1983, when the explosive device described above was detonated, Thomas Thorstad, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas Thorstad was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Thorstad. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(974) The beneficiaries of Thomas Thorstad who survived him, namely, James Thorstad, and Barbara Thorstad, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the

loss of future earnings and accretions to the Estate of Thomas Thorstad, and funeral and burial expenses.

WHEREFORE, Plaintiff, James Thorstad, demands judgment on behalf of the Estate of Thomas Thorstad, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXLVI
### ESTATE OF THOMAS THORSTAD
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(975) Plaintiff, James Thorstad, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(976) Before death, Thomas Thorstad, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Thorstad, demands judgment on behalf of the Estate of Thomas Thorstad, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXLVII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(977) Plaintiff James Thorstad, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(978) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Thorstad, to wit, James Thorstad, and Barbara Thorstad, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James Thorstad, demands judgment on behalf of James Thorstad, and Barbara Thorstad, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCXLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(979) Plaintiff, James Thorstad, Personal Representative of the Estate of Thomas Thorstad, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(980) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Thorstad, Personal Representative of the Estate of Thomas Thorstad, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXLIX
ESTATE OF DONALD H. VALLONE, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(981) Plaintiff Donald H. Vallone, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(982) On October 23, 1983, when the explosive device described above was detonated, Donald H. Vallone, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Donald H. Vallone, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Donald H. Vallone, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(983) The beneficiaries of Donald H. Vallone, Jr. who survived him, namely, Donna Phelps, Charles Phelps, Charles Phelps, Jr., Donna Smith, Natalie Lewis, Timothy

Vallone, Anthony Vallone, and Donald H. Vallone, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Donald H. Vallone, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of the Estate of Donald H. Vallone, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCL
ESTATE OF DONALD H. VALLONE, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(984) Plaintiff, Donald H. Vallone, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(985) Before death, Donald H. Vallone, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of the Estate of Donald H. Vallone, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCLI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(986) Plaintiff Donald H. Vallone, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(987) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Donald H. Vallone, Jr., to wit, Donna Phelps, Charles Phelps, Charles Phelps, Jr., Donna Smith, Natalie Lewis, Timothy Vallone, Anthony Vallone, and Donald H. Vallone, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of Donna Phelps, Pearl Olaniji, Charles Phelps, Charles Phelps, Jr., Donna Smith, Natalie Lewis, Timothy Vallone, Anthony Vallone, and Donald H. Vallone, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCLII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(988) Plaintiff, Donald H. Vallone, Personal Representative of the Estate of Donald H. Vallone, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(989) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Donald H. Vallone, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCLIII
ESTATE OF ERIC WASHINGTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(990) Plaintiff Charles Corry, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(991) On October 23, 1983, when the explosive device described above was detonated, Eric Washington, a member of the United States Marine Corps, suffered fatal injuries. The death of Eric Washington was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the

attack and rendered material support to the activities of Hezbollah that resulted in the death of Eric Washington. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(992) The beneficiaries of Eric Washington who survived him, namely, Charles Corry, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, and Vancine Washington, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Eric Washington, and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of the Estate of Eric Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLIV
ESTATE OF ERIC WASHINGTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(993) Plaintiff, Charles Corry, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(994) Before death, Eric Washington, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of the Estate of Eric Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(995) Plaintiff Charles Corry, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(996) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Eric Washington, to wit, Charles Corry, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, and Vancine Washington, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of Charles Corry, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, and Vancine Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CCCCLVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(997) Plaintiff, Charles Corry, Personal Representative of the Estate of Eric Washington, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(998) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles Corry, Personal Representative of the Estate of Eric Washington, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCLVII
ESTATE OF DWAYNE WIGGLESWORTH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(999) Plaintiff Sandra and Henry Wigglesworth, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1000) On October 23, 1983, when the explosive device described above was detonated, Dwayne Wigglesworth, a member of the United States Marine Corps, suffered fatal injuries. The death of Dwayne Wigglesworth was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Dwayne Wigglesworth. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1001) The beneficiaries of Dwayne Wigglesworth who survived him, namely, Sandra and Henry Wigglesworth, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dwayne Wigglesworth, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra and Henry Wigglesworth, demands judgment on behalf of the Estate of Dwayne Wigglesworth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCLVIII
### ESTATE OF DWAYNE WIGGLESWORTH
### SURVIVAL CLAIM
#### Title 12 District of Columbia Code Section 16-2701

(1002) Plaintiff, Sandra and Henry Wigglesworth, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1003) Before death, Dwayne Wigglesworth, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra and Henry Wigglesworth, demands judgment on behalf of the Estate of Dwayne Wigglesworth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCLIX
### SOLATIUM CLAIM
#### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1004) Plaintiff Sandra and Henry Wigglesworth, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1005) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Dwayne Wigglesworth, to wit, Sandra and Henry Wigglesworth, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sandra and Henry Wigglesworth, demands judgment on behalf of Sandra and Henry Wigglesworth, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1006) Plaintiff, Sandra and Henry Wigglesworth, the Personal Representatives of the Estate of Dwayne Wigglesworth, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1007) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Sandra and Henry Wigglesworth, Personal Representatives of the Estate of Dwayne Wigglesworth, pray that judgment be entered,

jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXI
ESTATE OF RODNEY J. WILLIAMS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1008) Plaintiff Ruth Williams, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1009) On October 23, 1983, when the explosive device described above was detonated, Rodney J. Williams, a member of the United States Marine Corps, suffered fatal injuries. The death of Rodney J. Williams was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Rodney J. Williams. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1010) The beneficiaries of Rodney J. Williams who survived him, namely, Ruth Williams, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of Rodney J. Williams, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of the Estate of Rodney J. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXII
ESTATE OF RODNEY J. WILLIAMS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1011) Plaintiff, Ruth Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1012) Before death, Rodney J. Williams, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of the Estate of Rodney J. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCLXIV
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1013) Plaintiff Ruth Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1014) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Rodney J. Williams, to wit, Ruth Williams, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of Ruth Williams, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCCCLXV
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1015) Plaintiff, Ruth Williams, Personal Representative of the Estate of Rodney J. Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1016) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ruth Williams, Personal Representative of the Estate of Rodney J. Williams, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCCCLXV
### ESTATE OF SCIPIO C. WILLIAMS
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1017) Plaintiff Janet Williams, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1018) On October 23, 1983, when the explosive device described above was detonated, Scipio C. Williams, a member of the United States Marine Corps, suffered fatal injuries. The death of Scipio C. Williams was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Scipio C. Williams. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1019) The beneficiaries of Scipio C. Williams who survived him, namely, Janet Williams, Keysha Tolliver, Scipio J. Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Scipio C. Williams, and funeral and burial expenses.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of the Estate of Scipio C. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCLXVI
### ESTATE OF SCIPIO C. WILLIAMS
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(1020) Plaintiff, Janet Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1021) Before death, Scipio C. Williams, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of the Estate of Scipio C. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1022) Plaintiff Janet Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1023) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Scipio C. Williams, to wit, Janet Williams, Keysha Tolliver, Scipio J. Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of Janet Williams, Keysha Tolliver, Scipio J. Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCLXVIII
## PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1024) Plaintiff, Janet Williams, Personal Representative of the Estate of Scipio C. Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1025) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Janet Williams, Personal Representative of the Estate of Scipio C. Williams, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.


## COUNT CCCCLXIX
## ESTATE OF JOHNNY ADAM WILLIAMSON
## CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1026) Plaintiff Jewelene Dunlap Williamson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1027) On October 23, 1983, when the explosive device described above was detonated, Johnny Adam Williamson, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnny Adam Williamson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnny Adam Williamson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1028) The beneficiaries of Johnny Adam Williamson who survived him, namely, Jewelene Dunlap Williamson, Bill Williamson, Elizabeth Adams, and Tony Williamson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnny Adam Williamson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of the Estate of Johnny Adam Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXX
ESTATE OF JOHNNY ADAM WILLIAMSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1029) Plaintiff, Jewelene Dunlap Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1030) Before death, Johnny Adam Williamson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of the Estate of Johnny Adam Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1031) Plaintiff Jewelene Dunlap Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1032) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnny Adam Williamson, to wit, Jewelene Dunlap Williamson, bill Williamson, Elizabeth Adams, and Tony Williamson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of Jewelene Dunlap Williamson, Bill Williamson, Elizabeth Adams, and Tony Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and

the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1033) Plaintiff, Jewelene Dunlap Williamson, Personal Representative of the Estate of Johnny A. Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1034) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Jewelene Dunlap Williamson, Personal Representative of the Estate of Johnny A. Williamson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCLXXIII
ESTATE OF WILLIAM E. WINTER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1035) Plaintiff Melia Winter Collier, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1036) On October 23, 1983, when the explosive device described above was detonated, William E. Winter, a member of the United States Marine Corps, suffered fatal injuries. The death of William E. Winter was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William E. Winter. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1037) The beneficiaries of William E. Winter who survived him, namely, Melia Winter Collier, Amanda E. Couch, and Michael E. Winter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William E. Winter, and funeral and burial expenses.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of the Estate of William E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCCLXXIV
ESTATE OF WILLIAM E. WINTER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(1038) Plaintiff, Melia Winter Collier, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1039) Before death, William E. Winter, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of the Estate of William E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CCCCLXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1040) Plaintiff Melia Winter Collier, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1041) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William E. Winter, to wit, Melia Winter Collier, Amanda E. Couch, and Michael E. Winter, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of Melia Winter Collier, Amanda Couch, and Michael E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1042) Plaintiff, Melia Winter Collier, Personal Representative of the Estate of William E. Winter, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1043) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Melia Winter Collier, Personal Representative of the Estate of William E. Winter, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED

AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT CCCCLXXVII
### ESTATE OF DONALD E. WOOLETT
### CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1044) Plaintiff Paul Woolett, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(1045) On October 23, 1983, when the explosive device described above was

detonated, Donald E. Woolett, a member of the United States Marine Corps, suffered fatal

injuries. The death of Donald E. Woolett was caused by a willful and deliberate act of

extra judicial killing. The Defendants, through their agents, financed the attack, planned

the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Donald E. Woolett. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security.

(1046)The beneficiaries of Donald E. Woolett who survived him, namely, Paul

Woolett, Beverly Woolett, Lilla Abbey, and Lyda Guz, as a direct and proximate

consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of

Donald E. Woolett, and funeral and burial expenses.

WHEREFORE, Plaintiff, Paul Woolett, demands judgment on behalf of the Estate

of Donald E. Woolett, jointly and severally, against the Defendants, The Islamic Republic

of Iran and the Iranian Ministry of Information and Security, in the amount of TEN

MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCLXXVIII
### ESTATE OF DONALD E. WOOLETT
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(1047)Plaintiff, Paul Woolett, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(1048)Before death, Donald E. Woolett, suffered extreme bodily pain and

suffering, as a result of the actions described above which were undertaken by the agents

of the Defendants, and the Decedent thereby suffered damages in the amount of ten

million dollars.

WHEREFORE, Plaintiff, Paul Woolett, demands judgment on behalf of the Estate

of Donald E. Woolett, jointly and severally, against the Defendants, The Islamic Republic

of Iran and the Iranian Ministry of Information and Security, in the amount of TEN

MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCLXXIX
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1049) Plaintiff Paul Woolett, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(1050) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of

Decedent, Donald E. Woolett, to wit, Paul Woolett, Beverly Woolett, Lilla Abbey, and

Lyda Guz, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Paul Woolett, demands judgment on behalf of Paul Woolett, Beverly Woolett, Lilla Abbey, and Lyda Guz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1051) Plaintiff, Paul Woolett, Personal Representative of the Estate of Donald E. Woolett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1052) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Paul Woolett, Personal Representative of the Estate of Donald E. Woolett, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXXI
ESTATE OF CRAIG WYCHE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1053) Plaintiff Sandra D. Jones, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1054) On October 23, 1983, when the explosive device described above was detonated, Craig Wyche, a member of the United States Marine Corps, suffered fatal injuries. The death of Craig Wyche was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Craig Wyche. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1055) The beneficiaries of Craig Wyche who survived him, namely, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, Alicia Jones, and Sandra D. Jones, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss,

including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Craig Wyche, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of the Estate of Craig Wyche, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXXII
ESTATE OF CRAIG WYCHE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1056) Plaintiff, Sandra D. Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1057) Before death, Craig Wyche, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of the Estate of Craig Wyche, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1058) Plaintiff Sandra D. Jones repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1059) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Craig Wyche, to wit, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, Alicia Jones, and Sandra D. Jones, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of Sandra D. Jones, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, and Alicia Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCCCLXXXIV
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1060) Plaintiff, Sandra D. Jones, Personal Representative of the Estate of Craig Wyche, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1061) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Sandra D. Jones, Personal Representative of the Estate of Craig Wyche, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT CCCCLXXXV
ESTATE OF JEFFREY D. YOUNG
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1062) Plaintiff Judith Young, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1063) On October 23, 1983, when the explosive device described above was detonated, Jeffrey D. Young, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey D. Young was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey D. Young. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1064) The beneficiaries of Jeffrey D. Young who survived him, namely, Judith Young, John Young, and John W. Young, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffrey D. Young, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of the Estate of Jeffrey D. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXXVI
ESTATE OF JEFFREY D. YOUNG
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1065) Plaintiff, Judith Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1066) Before death, Jeffrey D. Young, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of the Estate of Jeffrey D. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCLXXXVII
### SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1067) Plaintiff Judith Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1068) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Jeffrey D. Young, to wit, Judith Young, John Young, and John W. Young, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of Judith Young, John Young, and John W. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCLXXXVIII
### PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1069) Plaintiff, Judith Young, Personal Representative of the Estate of Jeffrey D. Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1070) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Judith Young, Personal Representative of the Estate of Jeffrey D. Young, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCLXXXIX
ESTATE OF JOHN N.  BOYETT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1071) Plaintiff Lavon Boyett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1072) On October 23, 1983, when the explosive device described above was detonated, John N. Boyett, a member of the United States Marine Corps, suffered fatal injuries. The death of John N. Boyett was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John N. Boyett. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1073) The beneficiaries of John N. Boyett who survived him, namely, Lavon Boyett and William A. Boyett, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffrey D. Young, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lavon Boyett, demands judgment on behalf of the Estate of John N. Boyett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXC
ESTATE OF JOHN N. BOYETT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1074) Plaintiff, Lavon Boyett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1075) Before death, John N. Boyett, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lavon, demands judgment on behalf of the Estate of Jeffrey D. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT CCCCXCI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1076) Plaintiff Lavon Boyett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1077) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John N. Boyett, to wit, Lavon Boyett and William A. Boyett, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lavon Boyett, demands judgment on behalf of Lavon Boyett and William A. Boyett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCCCXCII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1078) Plaintiff, Lavon Boyett, Personal Representative of the Estate of John N. Boyett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1079) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Lavon Boyett, Personal Representative of the Estate of John N. Boyett, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT CCCCXCIII
ESTATE OF WARNER GIBBS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1080) Plaintiff Patricia Aaron, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1081) On October 23, 1983, when the explosive device described above was detonated, Warner Gibbs, a member of the United States Marines Corps, suffered fatal injuries. The death of Warner Gibbs was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Warner Gibbs. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1082) The beneficiaries of Warner Gibbs who survived him, namely, Patricia Aaron and Freeda Gibbs, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Warner Gibbs, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Aaron, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCCCXCIV
ESTATE OF WARNER GIBBS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1083) Plaintiff, Patricia Aaron, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1084) Before death, Warner Gibbs, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Aaron, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT CCCCXCV
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1085) Plaintiff Patricia Aaron repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1086) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Warner Gibbs, to wit, Patricia Aaron and Freeda Gibbs, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Aaron, demands judgment on behalf of Patricia Aaron and Freeda Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCCCXCVI
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1087) Plaintiff, Patricia Aaron, Personal Representative of the Estate of Warner Gibbs, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1088) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Patricia Aaron, Personal Representative of the Estate of Warner Gibbs, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT CCCCXCVII
## BATTERY

Claim of Marvin Albright

(1089)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1090)  On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Marvin Albright, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


## COUNT CCCCXCVIII
## ASSAULT

Claim of Marvin Albright

(1091)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1092)  The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Marvin Albright, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT CCCCXCIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Marvin Albright

(1093) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1094) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Marvin Albright, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT D
PUNITIVE DAMAGES

Claim of Marvin Albright

(1095) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1096) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Marvin Albright's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DI
## BATTERY

<u>Claim of Anthony Banks</u>

(1097)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1098) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Anthony Banks, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DII
## ASSAULT

<u>Claim of Anthony Banks</u>

(1099) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2000) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Anthony Banks, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its

agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Anthony Banks

(2001) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2002) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Anthony Banks, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT DIV
PUNITIVE DAMAGES

Claim of Anthony Banks

(2003) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2004) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Anthony Banks's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DV
## BATTERY

Claim of Rodney Burnette

(2005)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2006) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Rodney Burnette, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DVI
## ASSAULT

Claim of Rodney Burnette

(2007) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2008) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Rodney Burnette, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Rodney Burnette

(2009) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2010) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Rodney Burnette, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs

## COUNT DVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette

(2011) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2012) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Rodney Burnett with the intent to inflict emotional distress upon him and upon members of his family, Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Rodney Burnette's family, consisting of his sisters, brother, mother and son were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette, demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

## COUNT DIX
## PUNITIVE DAMAGES

Claim of Rodney Burnette

(2013) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2014) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Rodney Burnette rights and physical

well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DX
## BATTERY

Claim of Frank W. Comes

(2015) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2016) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Frank W. Comes, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment,

have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Frank W. Comes, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXI
ASSAULT

</div>

Claim of Frank W. Comes

(2017) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2018) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Frank W. Comes, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Frank W. Comes, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Frank W. Comes

(2019) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2020) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Frank W. Comes, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Frank W. Comes, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXIII
## PUNITIVE DAMAGES

Claim of Frank W. Comes

(2021) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2022) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Frank W. Comes's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Frank W. Comes, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DXIV
BATTERY

</div>

Claim of Glenn Dolphin

(2023) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2024) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Glenn Dolphin, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment,

have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXV
ASSAULT
</div>

Claim of Glenn Dolphin

(2025) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2026) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Glenn Dolphin, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Glenn Dolphin

(2027) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2028) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Glenn Dolphin, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXVII
## PUNITIVE DAMAGES

Claim of Glenn Dolphin

(2029) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2030) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Glenn Dolphin's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">COUNT DXVII I<br>BATTERY</div>

Claim of Dr. Charles Frye

(2031)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if  alleged herein.

(2032)  On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Dr. Charles Frye, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXIX
ASSAULT

</div>

Claim of Dr. Charles Frye

(2033) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2034) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Dr. Charles Frye, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Dr. Charles Frye

(2035) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2036) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Dr. Charles Frye, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXI
## PUNITIVE DAMAGES

Claim of Dr. Charles Frye

(2037)The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2038) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Dr. Charles Frye's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">COUNT DXXII<br>BATTERY</div>

Claim of Truman Dale Garner

(2039) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2040) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Truman Dale Garner, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's

services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXIII
## ASSAULT

Claim of Truman Dale Garner

(2041) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2042) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Truman Dale Garner, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Truman Dale Garner

(2043) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2044) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Truman Dale Garner, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXV
## PUNITIVE DAMAGES

Claim of Truman Dale Garner

(2045) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2046) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Truman Dale Garner's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<u>COUNT DXXVI</u>
<u>BATTERY</u>

<u>Claim of Larry Gerlach</u>

(2047)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2048) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Larry Gerlach, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of

Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXXVII
ASSAULT

</div>

Claim of Larry Gerlach

(2049) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2050) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Larry Gerlach, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Larry Gerlach

(2051) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2052) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Larry Gerlach, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Patricia Gerlach, Travis Gerlach, and Megan Gerlach

(2053) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2054) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Larry Gerlach with the intent to inflict emotional distress

upon him and upon members of his family, Patricia Gerlach, Travis Gerlach, and Megan Gerlach, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Larry Gerlach's family, consisting of his daughter, son, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Patricia Gerlach, Travis Gerlach, and Megan Gerlach, demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<center>COUNT DXXX<br>PUNITIVE DAMAGES</center>

Claim of Larry Gerlach

(2055) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2056) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Larry Gerlach's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DXXXI
## BATTERY

Claim of John Hlywiak

(2057)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2058) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Hlywiak, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXXII
## ASSAULT

Claim of John Hlywiak

(2059) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2060) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Hlywiak, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of John Hlywiak

(2061) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2062) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John

Hlywiak, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXXXIV
PUNITIVE DAMAGES

</div>

Claim of John Hlywiak

(2063) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2064) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Hlywiak's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28

United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DXXXV
BATTERY
</div>

Claim of MGSgt. Orval E. Hunt

(2065)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2066) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, MGSgt. Orval E. Hunt, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXXVI
## ASSAULT

Claim of MGSgt. Orval E. Hunt

(2067) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2068) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, MGSgt. Orval E. Hunt, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of MGSgt. Orval E. Hunt

(2069) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2070) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, MGSgt. Orval E. Hunt, endured extreme mental anguish and pain and suffering, suffered the loss of the

company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXXXVIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

</div>

Claims of Cynthia L. Hunt

(2071) The Plaintiff repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2072) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against MGSgt. Orval E. Hunt with the intent to inflict emotional distress upon him and upon his wife, Cynthia L. Hunt, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

WHEREFORE, Plaintiff, Cynthia L. Hunt, demands that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">

COUNT DXXXIX
PUNITIVE DAMAGES

</div>

Claim of MGSgt. Orval E. Hunt

<div align="center">444</div>

(2073) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2074) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of MGSgt. Orval E. Hunt's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DXL
BATTERY

</div>

Claim of Joseph Jacobs

(2075)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2076) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Joseph Jacobs, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXLI
## ASSAULT

Claim of Joseph Jacobs

(2077) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2078) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Joseph Jacobs, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its

agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXLI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Joseph Jacobs

(2079) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2080) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Joseph Jacobs, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXLVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Danita Jacobs, Daniel Jacobs, and Andrew Jacobs

(2081) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2082) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Joseph Jacobs with the intent to inflict emotional distress upon him and upon members of his family, Danita Jacobs, Daniel Jacobs, and Andrew Jacobs, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Joseph Jacobs's family, consisting of his wife and sons were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Danita Jacobs, Daniel Jacobs, and Andrew Jacobs, demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

## COUNT DXLIII
## PUNITIVE DAMAGES

Claim of Joseph Jacobs

(2083) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2084) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joseph Jacobs's rights and physical

well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">COUNT DXLIV<br>BATTERY</div>

Claim of Brian Kirkpatrick

(2085) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2086) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Brian Kirkpatrick, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment,

have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXLV
ASSAULT

</div>

Claim of Brian Kirkpatrick

(2087) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2088) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Brian Kirkpatrick, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXLVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Brian Kirkpatrick

(2089) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2090) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Brian Kirkpatrick, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXLVII
## PUNITIVE DAMAGES

Claim of Brian Kirkpatrick

(2091) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2092) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Brian Kirkpatrick's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">COUNT DXLVIII<br>BATTERY</div>

Claim of Burnham Matthews

(2093) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2094) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Burnham Matthews, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's

services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXLIX
ASSAULT

</div>

Claim of Burnham Matthews

(2095) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2096) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Burnham Matthews, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DL
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Burnham Matthews

(2097) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2098) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Burnham Matthews, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLI
## PUNITIVE DAMAGES

Claim of Burnham Matthews

(2099) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2100) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Burnham Matthews's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support

by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DLII
BATTERY
</div>

Claim of Lovelle Moore

(2101)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2102) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Lovelle Moore, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLIII
ASSAULT
</div>

Claim of Lovelle Moore

(2103) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2104) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Lovelle Moore, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Lovelle Moore

(2105) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2106) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Lovelle Moore, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


## COUNT DLV
## PUNITIVE DAMAGES

Claim of Lovelle Moore

(2107) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2108) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Lovelle Moore's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DLVI
BATTERY
</div>

Claim of Jeffrey Nashton

(2109)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2110) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Jeffrey Nashton, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLVII
ASSAULT

</div>

Claim of Jeffrey Nashton

(2111) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2112) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Jeffrey Nashton, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Jeffrey Nashton

(2113) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2114) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Jeffrey Nashton, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


## COUNT DLIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Olympia Caletta

(2115) The Plaintiff repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2116) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Jeffrey Nashton with the intent to inflict emotional

distress upon him and upon his mother, Olympia Caletta, and as a direct result and proximate

result of these willful, wrongful and intentional acts of Hezbollah.

WHEREFORE, Plaintiff, Olympia Caletta, demands that judgment be entered, jointly

and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, as to each in the amount of FIVE MILLION DOLLARS

($5,000,000.00), and costs.

## COUNT DLX
## PUNITIVE DAMAGES

Claim of Jeffrey Nashton

(2117) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(2118) The actions of the Hezbollah members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Jeffrey Nashton's rights and physical

well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code,

Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the

Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of

Information and Security  was acting within the scope of its agency as an instrumentality of the

Islamic Republic of Iran. Said agency rendered material support to those actually carrying out

the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28

United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DLXI
BATTERY

</div>

Claim of John Edward Oliver

(2119)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2120) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Edward Oliver, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXII
## ASSAULT

Claim of John Edward Oliver

(2121) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2122) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Edward Oliver, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of John Edward Oliver

(2123) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2124) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Edward Oliver, endured extreme mental anguish and pain and suffering, suffered the loss of the

company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXIV
## PUNITIVE DAMAGES

Claim of John Edward Oliver

(2125) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2126) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Edward Oliver's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DLXV
BATTERY
</div>

Claim of Stephen Russell

(2127)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2128) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Stephen Russell, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXVI
## ASSAULT

Claim of Stephen Russell

(2129) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2130) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Stephen Russell, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Stephen Russell

(2131) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2132) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Stephen Russell, endured extreme mental anguish and pain and suffering, suffered the loss of the

company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


COUNT DLXVIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Wanda Russell, Jason Russell, and Tanya Russell

(2133) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2134) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Stephen Russell with the intent to inflict emotional distress upon him and upon members of his family, Wanda Russell, Jason Russell, and Tanya Russell, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Stephen Russell's family, consisting of his wife and children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Wanda Russell, Jason Russell, Tanya Russell, demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

## COUNT DLXIX
## PUNITIVE DAMAGES

Claim of Stephen Russell

(2135) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2136) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Stephen Russell's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DLXX
## BATTERY

Claim of Dana J. Spaulding

(2137)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2138) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Dana J. Spaulding, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXI
## ASSAULT

Claim of Dana J. Spaulding

(2139) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2140) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Dana J. Spaulding, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLXXII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

</div>

Claim of Dana J. Spaulding

(2141) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2142) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Dana J. Spaulding, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson

(2143) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2144) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Dana J. Spaulding with the intent to inflict emotional distress upon him and upon members of his family, Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Dana J. Spaulding's family, consisting of his sisters, brother, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson, demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

## COUNT DLXXIV
## PUNITIVE DAMAGES

Claim of Dana J. Spaulding

(2145) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2146) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Dana J. Spaulding's rights and

physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

### COUNT DLXXV
### BATTERY

Claim of Craig Swinson

(2147) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2148) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Craig Swinson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment,

have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLXXVI
ASSAULT
</div>

Claim of Craig Swinson

(2149) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2150) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Craig Swinson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Craig Swinson

(2151) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2152) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Craig Swinson, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXVIII
## PUNITIVE DAMAGES

Claim of Craig Swinson

(2153) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2154) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Craig Swinson's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DLXXIX
BATTERY

</div>

Claim of Pastor Danny Wheeler

(2155) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2156) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Pastor Danny Wheeler, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's

services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLXXX
ASSAULT

</div>

Claim of Pastor Danny Wheeler

(2157) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2158) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Pastor Danny Wheeler, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXXI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Pastor Danny Wheeler

(2159) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2160) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Pastor Danny Wheeler, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


## COUNT DLXXXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler, and The Estate of Molly Wheeler(Personal Representative Danny Wheeler)

(2161) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2162) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and

outrageous conduct carried out against Pastor Danny Wheeler with the intent to inflict emotional distress upon him and upon members of his family, Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler, and The Estate of Molly Wheeler(Personal Representative Danny Wheeler), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Pastor Danny Wheeler's family, consisting of his sisters, mother, wife and sons were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler, and The Estate of Molly Wheeler(Personal Representative Danny Wheeler), demand that judgment be entered, jointly and severally, against against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

## COUNT DLXXXIII
## PUNITIVE DAMAGES

Claim of Pastor Danny Wheeler

(2163) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2164) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Pastor Danny Wheeler's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DLXXXIV
## BATTERY

Claim of Thomas P. Young

(2165) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2166) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas P. Young, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of

Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXXV
### ASSAULT

Claim of Thomas P. Young

(2167) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2168) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas P. Young, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Thomas P. Young

(2169) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2170) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas P. Young, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DLXXXVII
## PUNITIVE DAMAGES

Claim of Thomas P. Young

(2171) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2172) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas P. Young's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support

by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## COUNT DLXXXVIII
## BATTERY

Claim of Daniel Eaves

(2173)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2174) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Daniel Eaves, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DLXXXIX
ASSAULT

</div>

Claim of Daniel Eaves

(2175) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2176) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Daniel Eaves, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT DXC
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Daniel Eaves

(2177) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2178) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Daniel Eaves, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


COUNT DXCI
PUNITIVE DAMAGES

Claim of Daniel Eaves

(2179) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2180) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Daniel Eaves's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DXCII
BATTERY
</div>

Claim of Tim Mitchell

(2181) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2182) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Tim Mitchell, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Tim Mitchell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DXCIII
ASSAULT

</div>

Claim of Tim Mitchell

(2183) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2184) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Tim Mitchell, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Tim Mitchell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXCIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

<u>Claim of Tim Mitchell</u>

(2185) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2186) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Tim Mitchell, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Tim Mitchell, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXCV
## PUNITIVE DAMAGES

<u>Claim of Tim Mitchell</u>

(2187) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2188) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Tim Mitchell's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Tim Mitchell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DXCVI
BATTERY

</div>

Claim of Paul Rivers

(2189)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if  alleged herein.

(2190) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Paul Rivers, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

## COUNT DXCVII
## ASSAULT

</div>

Claim of Paul Rivers

(2191) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2192) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Paul Rivers, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

## COUNT DXCVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

</div>

Claim of Paul Rivers

(2193) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2194) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Paul Rivers, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXCIX
## PUNITIVE DAMAGES

Claim of Paul Rivers

(2195) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2196) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul Rivers's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">

COUNT DC
BATTERY
</div>

Claim of Michael Toma

(2197)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if  alleged herein.

(2198) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Toma, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of

Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DCI
ASSAULT

</div>

Claim of Michael Toma

(2199) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2200) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Michael Toma, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT DCII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Michael Toma

(2201) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2202) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Toma, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT DCIII
PUNITIVE DAMAGES

Claim of Michael Toma

(2203) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2204) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Toma's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

<div align="center">COUNT DCIV<br>BATTERY</div>

Claim of Pablo Arroyo

(2205) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2206) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Pablo Arroyo, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services,

nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT DCV
ASSAULT

</div>

Claim of Pablo Arroyo

(2207) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2208) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Pablo Arroyo, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DCVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Pablo Arroyo

(2209) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(2210) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Pablo Arroyo, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.


## COUNT DCVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and Milagros Arroyo

(2211) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(2212) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Pablo Arroyo with the intent to inflict emotional distress

496

upon him and upon members of his family, Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and

Milagros Arroyo, and as a direct result and proximate result of these willful, wrongful and

intentional acts of Hezbollah, Pablo Arroyo's family, consisting of his sisters, brother, and

mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and

Milagros Arroyo, demand that judgment be entered, jointly and severally, against against

Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security,

as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">

COUNT DCVIII
PUNITIVE DAMAGES

</div>

Claim of Pablo Arroyo

(2213) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(2214) The actions of the Hezbollah members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Pablo Arroyo's rights and physical

well being. All of the acts of Hezbollah were facilitated by funding, training and support by the

Iranian Ministry of Information and Security. In accordance with 28 United States Code,

Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the

Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of

Information and Security  was acting within the scope of its agency as an instrumentality of the

Islamic Republic of Iran. Said agency rendered material support to those actually carrying out

the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

Date: 9/17/01

STEVEN R. PERLES, P.C.

By: _____
Steven R. Perles (D.C.Bar#326975)
1615 New Hampshire Ave, NW
Suite 200
Washington, DC 20009
(202) 745-1300

THOMAS FORTUNE FAY, P.C.

By: _____
Thomas Fortune Fay (D.C.Bar#23929)
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
(202) 638-4534

ATTORNEYS FOR PLAINTIFFS