# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DEBORAH D. PETERSON**
**Personal Representative**
**Of The Estate Of**
**James C. Knipple (Deceased), et al.**
          **Plaintiffs**

      **v.**                                  **Civil No.1:01CV02094**
                                            **Judge Royce C. Lamberth**

**THE ISLAMIC REPUBLIC OF IRAN, et al.**
          **Defendants**

**FILED**

**JUL 3 0 2003**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**JOSEPH AND MARIE BOULOS**
**Personal Representative**
**Of The Estate Of**
**Jeffrey Joseph Boulos (Deceased), et al.**
          **Plaintiffs**

      **v.**                                  **Civil No.1:01CV02684**
                                            **Judge Royce C. Lamberth**

**THE ISLAMIC REPUBLIC OF IRAN, et al.**
          **Defendants**

## AMENDED ADMINISTRATIVE PLAN GOVERNING
## APPOINTED SPECIAL MASTERS AND ORDER

The following plan shall govern all proceedings regarding the special masters appointed by the Court in the Boulos v. Islamic Republic of Iran, Case No. 1:01CV02684, Peterson v. Islamic Republic of Iran, Case No. 1:01CV02094 and any other cases arising out of the October 23,1983 occurrence at Beirut, Lebanon assigned to Judge Royce C. Lamberth in which special masters are appointed.

29/20

### (1) Qualifications

Each person appointed as a special master of this Court under this plan shall be a member of the bar of the highest court of a state of the United States or of the District of Columbia and have not less than five years of experience as a practicing attorney or as a judge of a court of any state, the District of Columbia or the United States. Such person shall not be related to any party or counsel appearing in this action, nor have any financial or other interest which would create a conflict of interest.

### (2) Appointment

Counsel for the Plaintiff shall be responsible for providing the names, curriculum vitae information and a written, signed statement indicating that this plan has been read by and will be followed by each person known to be interested in appointment as a special master in this action, said information to be provided within 30 days of the date of entry of the Order adopting this plan. Appointment shall be conditioned upon adherence to the plan set forth.

### (3) Compensation

Payment is contingent upon receipt of funding from public or private sources to the United States District Court for the District of Columbia. Each special master shall be paid $1,000.00 per day upon submission to the Court of a voucher in the form attached. Where less than a full work day is expended by any special master in performance of duties under this plan, the voucher shall indicate so if less than ½ of the day is expended, in which case the special master shall be paid $500.00. Where more than ½ of a work day is expended but less than a full day, the per day amount of $1,000.00 shall be paid. In

addition each special master shall be paid out of pocket expenses, not to exceed $300.00 per day, exclusive of transportation, and the special master's full transportation expenses. Should any question as to expenses arise, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business related shall be paid.

### (4) Issues

The special masters appointed under this plan shall consider all issues related to damages as to each claim made by Plaintiffs. They are to be guided as to admissibility of evidence by the Federal Rules of Evidence, however, it shall not be necessary for documents to be qualified as genuine pursuant to Federal Evidentiary Rule 901. Authentication as required by FRE 901 may be made by any counsel's representation as an officer of the Court that a proffered document is genuine and is an accurate copy of what that counsel proffers it to be. The special masters shall be guided in reviewing and evaluating damage claims by this Court's opinions in Flatow v. Islamic Republic of Iran, 999 F. Supp. 2d 1 (D.D.C. 1998); Eisenfeld v. Islamic Republic of Iran, 172 F.Supp.2d 1(2000); and Jenco v. Islamic Republic of Iran, 154 F. Supp.2d 27 (2001).

### (5) Powers

Each special master shall have and exercise all of the powers set forth in Federal Civil Rule 53(c) including, but not limited to, the power to compel production of evidence and to administer oaths. Testimony may be recorded by electronic means and the electronic copy, clearly identified as to the parties, shall be turned over to counsel for the Plaintiffs who shall preserve it for use by the Court.

**(6) Reports**

Each master shall, as to each claim referred to him, submit a report to the Court containing findings of fact and conclusions of law regarding damages. The report shall contain an evaluation of each item of damages.

**(7) Costs**

The amounts paid from the registry of this Court as compensation and costs to special masters on any claim pursuant to this Plan from any fund existing as a result of a grant from the Office Of Justice Programs of the United States Department of Justice or from any other public or private source shall be repaid to the registry of this Court from any amounts received in payment of any judgment entered on behalf of the party upon the claim. Upon application by that party, all such amounts of re-imbursement paid to the registry of this Court shall be taxed upon the Defendant or Defendants found liable.

**Date:** _7-30-03_                                       **SO ORDERED:**

**ROYCE C. LAMBERTH**
**United States District Judge**