# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DEBORAH D. PETERSON**
**Personal Representative**
**Of The Estate Of**
**James C. Knipple (Deceased)**

**JAMES ABBOTT**
**Personal Representative**
**Of The Estate Of**
**Terry Abbott (Deceased)**

**ROBERT B. ALLMAN**
**Personal Representative**
**Of The Estate Of**
**John Robert Allman (Deceased)**

**THOMAS C. BATES, SR.**
**Personal Representative**
**Of The Estate Of**
**Ronny Bates (Deceased)**

**THOMASINE BAYNARD**
**Personal Representative**
**Of The Estate Of**
**James Baynard (Deceased)**

**PATRICIA CALLOWAY**
**Personal Representative**
**Of The Estate Of**
**Jess Beamon (deceased)**

**LUDDIE BELMER**
**Personal Representative**
**Of The Estate Of**
**Alvin Belmer (Deceased)**

**DEBRA HORNER**
**Personal Representative**
**Of The Estate Of**
**Richard Blankenship (Deceased)**

**Consolidated civil actions**
**01CV02094 (RCL)**
**01CV02684 (RCL)**

1

**JOHN R. BLOCKER**
**Personal Representative**
**Of The Estate Of**
**John W. Blocker**

**JOSEPH BOCCIA, SR.**
**Personal Representative**
**Of The Estate Of**
**Joseph J. Boccia, Jr.**

**EDNA BOHANNON**
**Personal Representative**
**Of The Estate Of**
**Leon Bohannon, Jr.**

**CATHERINE BONK**
**Personal Representative**
**Of The Estate Of**
**John Bonk, Jr.**

**AVENELL CALLAHAN**
**Personal Representative**
**Of The Estate Of**
**Paul Lynn Callahan**

**BILLIE JEAN BOLINGER**
**Personal Representative**
**Of The Estate Of**
**Mecot Camara**

**CLARE CAMPUS**
**Personal Representative**
**Of The Estate Of**
**Bradley Campus**

**ROBBIE CEASAR**
**Personal Representative**
**Of The Estate Of**
**Johnnie D. Ceasar**

**JAMES N. CONLEY**
**Personal Representative**
**Of The Estate Of**
**Robert Allen Conley**

**CHARLES F. COOK**
**Personal Representative**
**Of The Estate Of**
**Charles Dennis Cook**

**BETTY COPELAND**
**Personal Representative**
**Of The Estate Of**
**Johnny Len Copeland**

**LORRAINE MARY COULMAN**
**Personal Representative**
**Of The Estate Of**
**Kevin Coulman**

**HAROLD L. COSNER**
**Personal Representative**
**Of The Estate Of**
**David Cosner**

**HEIDI LEGAULT**
**Personal Representative**
**Of The Estate Of**
**Rick Robert Crudale**

**MARY M. MASON**
**Personal Representative**
**Of The Estate Of**
**Russell E. Cyzick**

**B. CHRISTINE DEVLIN**
**Personal Representative**
**Of The Estate Of**
**Michael J. Devlin**

**EARLINE MILLER**
**Personal Representative**
**Of The Estate Of**
**Nathaniel G. Dorsey**

**MICHAEL ROBERT DUNNIGAN**
**Personal Representative**
**Of The Estate Of**
**Timothy J. Dunnigan**

**LEONA MAE VARGAS**
**Personal Representative**
**Of The Estate Of**
**Bryan L. Earle**

**BARBARA ESTES**
**Personal Representative**
**Of The Estate Of**
**Danny R. Estes**

**THOMAS & MARILOU C. FLUEGEL**
**Personal Representative**
**Of The Estate Of**
**Richard A. Fluegel**

**RUBY A. FULCHER**
**Personal Representative**
**Of The Estate Of**
**Michael D. Fulcher**

**BARBARA GALLAGHER**
**Personal Representative**
**Of The Estate Of**
**Sean Gallagher**

**JULIANA RUDKOWSKI**
**Personal Representative**
**Of The Estate Of**
**George Gangur**

**JESS GARCIA**
**Personal Representative**
**Of The Estate Of**
**Randall J. Garcia**

**LEROY GHUMM**
**Personal Representative**
**Of The Estate Of**
**Harold D. Ghumm**

**VALERIE GIBLIN**
**Personal Representative**
**Of The Estate Of**
**Timothy Giblin**

**JUDY A. GORCHINSKI**
**Personal Representative**
**Of The Estate Of**
**Michael Gorchinski**

**ALICE GORDON**
**Personal Representative**
**Of The Estate Of**
**Richard Gordon**

**PATRICIA WRIGHT**
**Personal Representative**
**Of The Estate Of**
**Davin Green**

**JULIA HAIRSTON**
**Personal Representative**
**Of The Estate Of**
**Thomas Hairston**

**JEFFREY HASKELL**
**Personal Representative**
**Of The Estate Of**
**Michael S. Haskell**

**MARY ANN TUREK**
**Personal Representative**
**Of The Estate Of**
**Mark A. Helms**

**DORIS P. HESTER**
**Personal Representative**
**Of The Estate Of**
**Stanley Hester**

**CYNTHIA D. LAKE**
**Personal Representative**
**Of The Estate Of**
**Donald Hildreth**

**PATRICIA LEE HOLBERTON**
**Personal Representative**
**Of The Estate Of**
**Richard H. Holberton**

**LISA HUDSON**
**Personal Representative**
**Of The Estate Of**
**Dr. John R. Hudson**

**HENRY HUKILL, JR.**
**Personal Representative**
**Of The Estate Of**
**Maurice Hukill**

**ELIZABETH IACOVINO**
**Personal Representative**
**Of The Estate Of**
**Edward Iacovino, Jr.**

**JOHN J. JACKOWSKI, SR.**
**Personal Representative**
**Of The Estate Of**
**James Jackowski**

**ELAINE M. JAMES**
**Personal Representative**
**Of The Estate Of**
**Jeffrey James**

**NATHALIE C. JENKINS**
**Personal Representative**
**Of The Estate Of**
**Nathaniel Jenkins**

**MARY L. BUCKNER**
**Personal Representative**
**Of The Estate Of**
**Edward Johnston**

**OLLIE JONES**
**Personal Representative**
**Of The Estate Of**
**Steven Jones**

**KARL & JOYCE JULIAN & SHAWN BIELLO**
**Personal Representative**
**Of The Estate Of**
**Thomas A. Julian**

**MARY A. COBBLE**
**Personal Representative**
**Of The Estate Of**
**Thomas C. Keown**

**SHIRLEY MARTIN**
**Personal Representative**
**Of The Estate Of**
**Daniel Kluck**

**FREAS KREISCHER, JR.**
**Personal Representative**
**Of The Estate Of**
**Freas Kreischer, III**

**WILLIAM & BETTY LAISE**
**Personal Representative**
**Of The Estate Of**
**Keith Laise**

**JAMES J. LANGON, SR.**
**Personal Representative**
**Of The Estate Of**
**James J. Langon**

**JOYCE HOUSTON**
**Personal Representative**
**Of The Estate Of**
**Michael S. LaRiviere**

**CHERYL A. COSSABOOM**
**Personal Representative**
**Of The Estate Of**
**Steven B. LaRiviere**

**MARLYS LEMNAH**
**Personal Representative**
**Of The Estate Of**
**Richard Lemnah**

**ANNETTE LIVINGSTON**
**Personal Representative**
**Of The Estate Of**
**Joseph Livingston, III**

**MARIA LYON**
**Personal Representative**
**Of The Estate Of**
**Paul Lyon**

**ANNA BEARD**
**Personal Representative**
**Of The Estate Of**
**David Massa**

**SHIRLA MAITLAND**
**Personal Representative**
**Of The Estate Of**
**Samuel Maitland**

**BILL MACROGLOU**
**Personal Representative**
**Of The Estate Of**
**John Macroglou**

**PACITA G. MARTIN**
**Personal Representative**
**Of The Estate Of**
**Charles Robert Martin**

**MARY MCCALL**
**Personal Representative**
**Of The Estate Of**
**John McCall**

**SHIRLEY KIRKWOOD**
**Personal Representative**
**Of The Estate Of**
**James McDonough**

**MURIEL PERSKY**
**Personal Representative**
**Of The Estate Of**
**Timothy McMahon**

**RICHARD H. & MARGARET MENKINS**
**Personal Representative**
**Of The Estate Of**
**Richard Menkins, Jr.**

**MARY LOU MEURER**
**Personal Representative**
**Of The Estate Of**
**Ronald Meurer**

**ROSALIE DONAHUE**
**Personal Representative**
**Of The Estate Of**
**Joseph Milano**

**SUSAN ANN RAY**
**Personal Representative**
**Of The Estate Of**
**Joseph Moore**

**GENEVA MYERS**
**Personal Representative**
**Of The Estate Of**
**Harry Douglas Myers**

**TAMMY FRESHOUR**
**Personal Representative**
**Of The Estate Of**
**David Johns Nairn**

**ROGER S. OLSON**
**Personal Representative**
**Of The Estate Of**
**John Olson**

**FRANCES L. OWENS**
**Personal Representative**
**Of The Estate Of**
**Joseph A. Owens**

**JUDITH K. PAGE**
**Personal Representative**
**Of The Estate Of**
**Ray Page**

**MARY RUTH ERVIN**
**Personal Representative**
**Of The Estate Of**

Ulysses G. Parker

**SONIA PEARSON**
**Personal Representative**
**Of The Estate Of**
**John L. Pearson**

**RONALD R. PERRON**
**Personal Representative**
**Of The Estate of**
**Thomas S. Perron**

**NANCY B. FOX**
**Personal Representative**
**Of The Estate of**
**John Arthur Phillips, Jr.**

**MARGARET POLLARD**
**Personal Representative**
**Of The Estate Of**
**William Roy Pollard**

**SANDRA RHODES YOUNG**
**Personal Representative**
**Of The Estate Of**
**Victor Mark Prevatt**

**KATHLEEN TARA PRINDEVILLE**
**Personal Representative**
**Of The Estate Of**
**Patrick K. Prindeville**

**BELINDA J. QUIRANTE**
**Personal Representative**
**Of The Estate Of**
**Diomedes J. Quirante**

**CLARENCE RICHARDSON**
**Personal Representative**
**Of The Estate Of**
**Warren Richardson**

**MARIAN ROTONDO DIGIOVANNI**
**Personal Representative**
**Of The Estate Of**
**Louis Rotondo**

**BARBARA E. ROCKWELL**
**Personal Representative**
**Of The Estate Of**
**Michael C. Sauls**

**LYNN DALLACHIE**
**Personal Representative**
**Of The Estate Of**
**Charles Schnorf**

**BEVERLY SCHULTZ**
**Personal Representative**
**Of The Estate Of**
**Scott Lee Schultz**

**SAMUEL SCOTT SCIALABBA**
**Personal Representative**
**Of The Estate Of**
**Peter Scialabba**

**MARY ANN SCOTT**
**Personal Representative**
**Of The Estate Of**
**Gary R. Scott**

**PAULINE SHIPP**
**Personal Representative**
**Of The Estate Of**
**Thomas Alan Shipp**

**GERALDINE MORGAN & SIMON WATKINS**
**Personal Representative**
**Of The Estate Of**
**Jerryl D. Shropshire**

**ANNA MARIE SIMPSON**
**Personal Representative**
**Of The Estate Of**
**Larry H. Simpson, Jr.**

**BOBBIE ANN SMITH**
**Personal Representative**
**Of The Estate Of**
**Kirk H. Smith**

**JOSEPH K. SMITH**
**Personal Representative**
**Of The Estate Of**
**Thomas G. Smith**

**ANA SMITH-WARD**
**Personal Representative**
**Of The Estate Of**
**Vincent Lee Smith**

**WILLIAM SOMMERHOF**
**Personal Representative**
**Of The Estate Of**
**William Scott Sommerhof**

**ILA WALLACE**
**Personal Representative**
**Of The Estate Of**
**Stephen E. Spencer**

**WILLIAM J. & PEGGY STELPFLUG**
**Personal Representative**
**Of The Estate Of**
**William John Stelpflug**

**KARL GOODMAN**
**Personal Representative**
**Of The Estate Of**
**Horace Renardo Stephens**

**DONA STOCKTON**
**Personal Representative**
**Of The Estate Of**
**Craig Stockton**

**IRENE STOKES**
**Personal Representative**
**Of The Estate Of**
**Jeffrey Stokes**

**MARCUS L. STURGHILL, JR.**
**Personal Representative**
**Of The Estate Of**
**Eric D. Sturghill**

**DOREEN SUNDAR**
**Personal Representative**
**Of The Estate Of**
**Devon Sundar**

**RICHARD & BARBARA TINGLEY**
**Personal Representatives**
**Of The Estate Of**
**Stephen Dale Tingley**

**JAMES THORSTAD**
**Personal Representative**
**Of The Estate Of**
**Thomas Thorstad**

**DONALD H. VALLONE**
**Personal Representative**
**Of The Estate Of**
**Donald H. Vallone, Jr.**

**CHARLES CORRY**
**Personal Representative**
**Of The Estate Of**
**Eric Washington**

**HENRY & SANDRA WIGGLESWORTH**
**Personal Representative**
**Of The Estate Of**
**Dwayne Wigglesworth**

**RUTH WILLIAMS**
**Personal Representative**
**Of The Estate Of**
**Rodney J. Williams**

**JANET WILLIAMS**
**Personal Representative**
**Of The Estate Of**
**Scipio C. Williams, Jr.**

**JEWELENE DUNLAP WILLIAMSON**
**Personal Representative**
**Of The Estate Of**
**Johnny Adam Williamson**

**MELIA WINTER COLLIER**
**Personal Representative**
**Of The Estate Of**
**William Ellis Winter**

**PAUL WOOLETT**
**Personal Representative**
**Of The Estate Of**
**Donald E. Woolett**

**SANDRA D. JONES**
**Personal Representative**
**Of The Estate Of**
**Craig Wyche**

**JUDITH YOUNG**
**Personal Representative**
**Of The Estate Of**
**Jeffrey D. Young**

**THERESA ROTH**
**Personal Representative**
**Of The Estate Of**
**John Norman Boyett**

**MARVIN ALBRIGHT**

**MARVIN ALBRIGHT, JR.**

**SHERTARA ALBRIGHT**

**MIRQURN ALBRIGHT**

**ANTHONY BANKS**

**ANTHONY BANKS**

**MICHAEL BANKS**

**TAIARRA BANKS**

**RODNEY BURNETTE**

**CHRISTOPHER BURNETTE**

**CONNIE DECKER**

**GWEN WOODCOCK**

**GWEN D. BURNETTE**

**FRANK W. COMES**

**FRANK COMES, SR.**

**JOAN COMES**

**PATRICK COMES**

**CHRISTOPHER COMES**

**LISA MAGNOTTI**

**DALE COMES**

**TOMMY COMES**

**GLENN DOLPHIN**

**ERIN DOLPHIN**

**DR. CHARLES FRYE**

**GINA FRYE**

**LINCOLN FRYE**

**CHARLES FRYE**

**RANDALL FRYE**

**LIALANI FRYE**

**TRUMAN DALE GARNER**

**PENNY GARNER**

**JOSEPH GARNER**

**JUSTINA GARNER**

**REVA GARNER**

**LARRY GERLACH**

**PATRICIA GERLACH**

**TRAVIS GERLACH**

**MEGAN GERLACH**

**JOSEPH HLYWIAK**
**Personal Representative**
**Of The Estate of**
**JOHN HLYWIAK**

**JOSEPH HLYWIAK**

**PETER HLYWIAK, SR.**

**MARGARET HLYWIAK**

**PETER HLYWIAK, JR.**

**PAUL HLYWIAK**

**MARGARET H. ANGELONI**

**JORDAN HLYWIAK**

**TAYLOR HLYWIAK**

**ORVAL E. HUNT**

**CYNTHIA L. HUNT**

**MENDY LEIGH HUNT**

**JACK DARRELL HUNT**

**MARCY ELIZABETH HUNT**

**MOLLY FAYE HUNT**

**JOSEPH JACOBS**

**DANITA JACOBS**

**DANIEL JACOBS**

**ANDREW JACOBS**

**BRIAN KIRKPATRICK**

**KATHLEEN KIRKPATRICK**

**CECELIA STANLEY**

**BURNHAM MATTHEWS**

**DEBRA MATTHEWS**

**CHADWICK MATTHEWS**

**DREW MATTHEWS**

**LOVELLE MOORE**

**ALIE MAE MOORE**

**ALICE WARREN FRANKLIN**

**DEBORAH CRAWFORD**

**AUDREY WEBB**

**BRONZELL WARREN**

**JOHNNIE MAE MOORE-JONES**

**JAMAAL ALI**
**MARVIN MOORE**

**ESTATE OF JAMES D. MOORE**

**ESTATE OF JOHNNY S. MOORE**

**JEFFREY NASHTON**

**OLYMPIA CARLETTA**

**PAMELA JOYCE NASHTON**

**ESTATE OF ALEX W. NASHTON**

**JOHN EDWARD OLIVER**

**PAUL OLIVER**

**GRACE LEWIS**

**ASHLEY E. OLIVER**

**NATALIE L. ROCHWELL**

**KIMBERLY CARPENTER**

**PATRICK OLIVER**

**KAYLEY OLIVER**

**MICHAEL JOHN OLIVER**

**RILEY OLIVER**

**STEPHEN RUSSELL**

**WANDA RUSSELL**

**JASON RUSSELL**

**TANYA RUSSELL**

**DANA J. SPAULDING**

**BARBARA DAVIS**

**SCOTT SPAULDING**

**KELLY SWANK**

**JESSICA WATSON**

**CRAIG SWINSON**

**DAWN SWINSON**

**TERESA SWINSON**

**WILLIAM SWINSON**

**DANIEL SWINSON**

**ESTATE OF KENNETH SWINSON**

**ESTATE OF INGRID SWINSON**

**CLYDIA SHAVER**

**PASTOR DANNY WHEELER**

**ANDREW WHEELER**

**BRENDA JUNE WHEELER**

**JONATHAN WHEELER**

**BENJAMIN WHEELER**

**KIMBERLY CROP**

**KERRY WHEELER**

**JILL WHEELER**

**PASTOR DANNY WHEELER**
**Personal Representative**
**Of The Estate of**
**Molly Wheeler**

**THOMAS P. YOUNG**

**MARY STILPEN**

**JAMES YOUNG**

**ESTATE OF NORA YOUNG**

**ESTATE OF ROBERT YOUNG**

**DANIEL EAVES**

**SYLVIA EAVES**

**CHRISTOPHER EAVES**

**INDIA EAVES**

**TIM MITCHELL**

**ELVERA MITCHELL**

**ROBERT MITCHELL**

**DEBRA WISE**

**WENDY MITCHELL**

**WENDY CONNORS**

**ROBERT MITCHELL**

**PAUL RIVERS**

**SANDRA RIVERS**

**PAUL RIVERS**

**JEREMY RIVERS**

**MICHAEL TOMA**

**PABLO ARROYO**

**JESUS ARROYO**

**ARMINDA HERNANDEZ**

**ROSA IBARRO**

**MILAGROS ARROYO**

     **Plaintiffs**

  **v.**

**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
  **And**

**THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran**

       **Defendants**

# AMENDED COMPLAINT

(1) This action is brought by the Plaintiffs, Deborah D. Peterson, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in persona jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered injuries or died as a result

of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983.  Members of the United States Marine Corps were assigned to the 24th Amphibious Unit.  Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(3) The Defendant, The Islamic Republic of Iran, is a foreign state which was at the time of the acts hereinafter complained of and is to the present designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shiia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shiia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(6) The mission statement of the 24th Amphibious Unit on October 23, 1983, was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".
[2] Statement of General Paul X. Kelly, Commandant, United States Marine Corps.

reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7) Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983, the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete

structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(8) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

<div align="center">COUNT I
ESTATE OF JAMES C. KNIPPLE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701</div>

(10) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, James C. Knipple, a member of the United States Marine Corps, suffered fatal injuries. The death of James C. Knipple was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James C. Knipple.  Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) The beneficiaries of James C. Knipple who survived him, namely, Deborah D. Peterson, John D. Knipple (now deceased), Catherine E. Grimsley, Pauline V. Knipple, Margaret E. Alvarez, Laura M. Reininger, and John R. Knipple, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James C. Knipple, and funeral and burial expenses.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of the Estate of James C. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT II</u>
<u>ESTATE OF JAMES C. KNIPPLE</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(13) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(14) Before death, James C. Knipple, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of the Estate of James C. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

### COUNT III
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(15) Plaintiff Deborah D. Peterson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(16) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James C. Knipple, to wit, Deborah D. Peterson, Estate of Pauline V. Knipple, Estate of John D. Knipple, Catherine E. Grimsley, Margaret E. Alvarez, Laura M. Reininger, and John R. Knipple, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Deborah D. Peterson, demands judgment on behalf of herself, Estate of Pauline V. Knipple, Estate of John D. Knipple, Catherine E. Grimsley, Margaret E. Alvarez, Laura M. Reininger, and John R. Knipple, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

### COUNT IV
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(17) The Plaintiff, Deborah D. Peterson, Personal Representative of the Estate of James C. Knipple, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(18) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Deborah D. Peterson, Personal Representative of the Estate of James C. Knipple, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT V
ESTATE OF TERRY ABBOTT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(19) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(20) On October 23, 1983, when the explosive device described above was detonated, Terry Abbott, a member of the United States Marine Corps, suffered fatal injuries. The death of Terry Abbott was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Terry Abbott. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(21) The beneficiaries of Terry Abbott who survived him, namely, James Abbott, Mary Joe Kirker, and Tangie Jay Hollifield as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Terry Abbott, and funeral and burial expenses.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of the Estate of Terry Abbott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT VI
ESTATE OF TERRY ABBOTT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(22) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(23) Before death, Terry Abbott, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of the Estate of Terry Abbott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT VII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(24) Plaintiff James Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(25) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Terry Abbott, to wit, James Abbott, Mary Joe Kirker, Tangie Jay Hollifield, and the Estate of Mary Abbott have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James Abbott, demands judgment on behalf of himself, Mary Joe Kirker, Tangie Jay Hollifield, and the Estate of Mary Abbott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT VIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(26) The Plaintiff, James Abbott, Personal Representative of the Estate of Terry Abbott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(27) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Abbott, Personal Representative of the Estate of Terry Abbott, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT IX
ESTATE OF JOHN ROBERT ALLMAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(28) Plaintiff Robert R. Allman, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(29) On October 23, 1983, when the explosive device described above was detonated, John Robert Allman, a member of the United States Marine Corps, suffered fatal injuries. The death of John Robert Allman was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Robert Allman. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(30) The beneficiaries of John Robert Allman who survived him, namely, Robert R. Allman, Anne Ellen Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, Susan Terlson, and the Estate of Theodore H. Allman, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Robert Allman, and funeral and burial expenses.

WHEREFORE, Plaintiff, Robert R. Allman, demands judgment on behalf of the Estate of John Robert Allman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT X
ESTATE OF JOHN ROBERT ALLMAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(31) Plaintiff, Robert R. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(32) Before death, John Robert Allman, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Robert R. Allman, demands judgment on behalf of the Estate of John Robert Allman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT XI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(33) Plaintiff Robert R. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(34) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Robert Allman, to wit, Robert R. Allman, Anne Ellen. Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, Susan Terlson, and the Estate of Theodore H. Allman, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Robert R. Allman, demands judgment on behalf of himself, Anne Ellen Allman, DiAnne Margaret Allman, Debbie Graves, Tammi Ruark, Susan Terlson, and the Estate of Theodore H. Allman, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(35) Plaintiff, Robert R. Allman, Personal Representative of the Estate of John R. Allman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(36) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Robert R. Allman, Personal Representative of the Estate of John R. Allman, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT XIII
ESTATE OF RONNY BATES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(37) Plaintiff Thomas C. Bates, Sr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(38) On October 23, 1983, when the explosive device described above was detonated, Ronny Bates, a member of the United States Navy, suffered fatal injuries. The death of Ronny Bates was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Ronny Bates. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(39) The beneficiaries of Ronny Bates who survived him, namely, Thomas C. Bates, Sr., Margie H. Bates, Thomas Bates Jr., Donnie D. Bates, John Bates, Sr., Linda Sue Sandback Fish, Laura Bates, and Monty Bates as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ronny Bates, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of the Estate of Ronny Bates, jointly and severally, against the Defendants, The Islamic

<div align="center">35</div>

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT XIV</u>
<u>ESTATE OF RONNY BATES</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(40) Plaintiff Thomas C. Bates, Sr, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(41) Before death, Ronny Bates, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of the Estate of Ronny Bates, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT XV</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(42) Plaintiff Thomas C. Bates, Sr, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(43) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas C. Bates, Sr., Margie H. Bates, Thomas Bates Jr., Donnie D. Bates, John Bates, Sr., Linda Sue Sandback Fish, Laura Bates, and Monty Bates have suffered

extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Thomas C. Bates, Sr, demands judgment on behalf of himself, Margie H. Bates, Thomas Bates, Jr., Donnie D. Bates, John Bates, Sr., Linda Sue Sandback Fish, Laura Bates, and Monty Bates, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(44) Plaintiff, Thomas C. Bates Sr., Personal Representative of the Estate of Ronny Bates, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(45) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Thomas C. Bates Sr., Personal Representative of the Estate of Ronny Bates, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT XVII</u>
<u>ESTATE OF JAMES BAYNARD</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(46) Plaintiff Thomasine Baynard repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(47) On October 23, 1983, when the explosive device described above was detonated, James Baynard, a member of the United States Marine Corps, suffered fatal injuries. The death of James Baynard was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Baynard. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(48) The beneficiaries of James Baynard who survived him, namely, Thomasine Baynard, Stephen Baynard, Rosemary Clark, Michael Clark, David Clark[3], Michael Clark, Jr.[4], Anthony Baynard, Philip Baynard, Phyllis Woodford, Mary Frances Black, Janet Smith, Wayne Baynard, Emerson Baynard, Barry Baynard, Patricia Miller, and

---

[3] **Nephew**
[4] **Nephew**

Timothy Baynard, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Baynard, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of the Estate of James Baynard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT XVIII
ESTATE OF JAMES BAYNARD
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(49) Plaintiff, Thomasine Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(50) Before death, James Baynard, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of the Estate of James Baynard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT XIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(51) Plaintiff Thomasine Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(52) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomasine Baynard, Stephen Baynard, Rosemary Clark, Michael Clark, David Clark[5], Michael Clark, Jr.[6], Anthony Baynard, Philip Baynard, Phyllis Woodford, Mary Frances Black, Janet Smith, Wayne Baynard, Emerson Baynard, Barry Baynard, Patricia Miller, and Timothy Baynard have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Thomasine Baynard, demands judgment on behalf of herself, Stephen Baynard, Rosemary Clark, Michael Clark, David Clark[7], Michael Clark, Jr.[8], Anthony Baynard, Philip Baynard, Phyllis Woodford, Mary Frances Black, Janet Smith, Wayne Baynard, Emerson Baynard, Barry Baynard, Patricia Miller, and Timothy Baynard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

---

[5] **Nephew**
[6] **Nephew**
[7] **Nephew**
[8] **Nephew**

(53) Plaintiff, Thomasine Baynard, Personal Representative of the Estate of James Baynard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(54) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Thomasine Baynard, Personal Representative of the Estate of James Baynard, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT XXI</u>
<u>ESTATE OF JESS BEAMON</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(55) Plaintiff Patricia Calloway, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(56) On October 23, 1983, when the explosive device described above was detonated, Jess Beamon, a member of the United States Navy, suffered fatal injuries. The

death of Jess Beamon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jess Beamon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(57) The beneficiaries of Jess Beamon who survived him, namely, Patricia Calloway, Donald Calloway, and Ashley Tutwiler, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jess Beamon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of the Estate of Jess Beamon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT XXII
ESTATE OF JESS BEAMON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(58) Plaintiff, Patricia Calloway, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(59) Before death, Jess Beamon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of the Estate of Jess Beamon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT XXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(60) Plaintiff Patricia Calloway, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(61) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Patricia Calloway, Donald Calloway, and Ashley Tutwiler, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Calloway, demands judgment on behalf of herself, Donald Calloway, and Ashley Tutwiler, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT XXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(62) Plaintiff, Patricia Calloway, Personal Representative of the Estate of Jess Beamon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(63) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Patricia Calloway, Personal Representative of the Estate of Jess Beamon, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT XXV
ESTATE OF ALVIN BELMER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(64) Plaintiff Luddie Belmer repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(65) On October 23, 1983, when the explosive device described above was detonated, Alvin Belmer, a member of the United States Marine Corps, suffered fatal

injuries. The death of Alvin Belmer was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Alvin Belmer. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(66) The beneficiaries of Alvin Belmer who survived him, namely, Luddie Belmer, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Faye A. Belmer, and Colby Keith Belmer, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Alvin Belmer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Luddie Belmer, demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT XXVI
ESTATE OF ALVIN BELMER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(67) Plaintiff Luddie Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(68) Before death, Alvin Belmer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Luddie Belmer, demands judgment on behalf of the Estate of Alvin Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


COUNT XXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(69) Plaintiff Luddie Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(70) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Luddie Belmer, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Faye A. Belmer, and Colby Keith Belmer, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars**.**

WHEREFORE, Plaintiff, Luddie Belmer, demands judgment on behalf of herself, Alue Belmer, Annette Belmer, Denise Belmer, Kenneth Belmer, Clarence Belmer, Donna Belmer, Faye A. Belmer, and Colby Keith Belmer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT XXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(71) Plaintiff, Luddie Belmer, Personal Representative of the Estate of Alvin Belmer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(72) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Luddie Belmer, Personal Representative of the Estate of the Alvin Belmer, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT XXIX
ESTATE OF RICHARD BLANKENSHIP
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(73) Plaintiff Debra Horner repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(74) On October 23, 1983, when the explosive device described above was detonated, Richard Blankenship, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard Blankenship was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Blankenship. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(75) The beneficiaries of Richard Blankenship who survived him, namely, Debra Horner, Donald Blankenship, (Donald Blankenship, Personal Representative of the) Estate of Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Blankenship, and funeral and burial expenses.

WHEREFORE, Plaintiff, Debra Horner, demands judgment on behalf of the Estate of Richard Blankenship, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT XXX</u>
<u>ESTATE OF RICHARD BLANKENSHIP</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(76) Plaintiff, Debra Horner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(77) Before death, Richard Blankenship, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Debra Horner, demands judgment on behalf of the Estate of Richard Blankenship, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT XXXI</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(78) Plaintiff Debra Horner repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(79) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Debra Horner, Donald Blankenship, (Donald Blankenship, Personal Representative of the) Estate of Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Debra Horner, demands judgment on behalf of herself, Donald Blankenship, (Donald Blankenship, Personal Representative of the) Estate of Mary E. Blankenship, Richard Norfleet, Dawn M. Goff, Sharon R. Christian, Rebecca Doss, and Donald Blankenship, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(80) Plaintiff, Debra Horner, Personal Representative of the Estate of Richard Blankenship, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(81) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Debra Horner, Personal Representative of the Estate of Richard Blankenship, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT XXXIII
ESTATE OF JOHN W. BLOCKER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(82) Plaintiff John R. Blocker repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(83) On October 23, 1983, when the explosive device described above was detonated, John W. Blocker, a member of the United States Marine Corps, suffered fatal injuries. The death of John W. Blocker was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John W. Blocker. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(84) The beneficiaries of John W. Blocker who survived him, namely, John R. Blocker, Alice W. Blocker, Douglas Blocker, Robert L. Blocker, Joyce Woodle, and Betty A. Thurman, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John W. Blocker, and funeral and burial expenses.

WHEREFORE, Plaintiff, John R. Blocker, demands judgment on behalf of the Estate of John W. Blocker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT XXXIV
ESTATE OF JOHN W. BLOCKER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(85) Plaintiff John R. Blocker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(86) Before death, John W. Blocker, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, John R. Blocker demands judgment on behalf of the Estate of John W. Blocker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT XXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(87) Plaintiff John R. Blocker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(88) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries

of Decedent, John R. Blocker, Alice W. Blocker, Douglas Blocker, Robert L. Blocker, Joyce Woodle, and Betty A. Thurman, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, John R. Blocker, demands judgment on behalf of himself, Alice Blocker, Douglas Blocker, Robert L. Blocker, Joyce Woodle, and Betty A. Thurman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(89) Plaintiff, John R. Blocker, Personal Representative of the Estate of John W. Blocker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(90) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, John R. Blocker, Personal Representative of the Estate of John W. Blocker, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT XXXVII</u>
<u>ESTATE OF JOSEPH J. BOCCIA, JR.</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(91) Plaintiff Joseph Boccia Sr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(92) On October 23, 1983, when the explosive device described above was detonated, Joseph J. Boccia, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph J. Boccia, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph J. Boccia, Jr.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(93) The beneficiaries of Joseph J. Boccia, Jr. who survived him, namely, Joseph Boccia Sr., Patricia Boccia, Richard Boccia, James Boccia, Virginia Marshall, Ronnie Boccia, and Raymond Boccia, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the

loss of future earnings and accretions to the Estate of Joseph J. Boccia, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Joseph Boccia Sr., demands judgment on behalf of the Estate of Joseph J. Boccia, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT XXXVIII
ESTATE OF JOSEPH J. BOCCIA, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(94) Plaintiff Joseph Boccia Sr. repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(95) Before death, Joseph J. Boccia, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joseph Boccia Sr. demands judgment on behalf of the Estate of Joseph J. Boccia, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT XXXIX
SOLATIUM CLAIM

<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(96) Plaintiff Joseph Boccia Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(97) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph J. Boccia, Jr., namely, Joseph Boccia Sr., Patricia Boccia, Richard Boccia, Virginia Marshall, Ronnie (Veronica) Boccia, James Boccia, and Raymond Boccia, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joseph Boccia Sr., demands judgment on behalf of himself, Patricia Boccia, Richard Boccia, Virginia Marshall, Ronnie (Veronica) Boccia, James Boccia, and Raymond Boccia, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

<u>COUNT XL</u>
<u>PUNITIVE DAMAGES</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

</div>

(98) Plaintiff, Joseph Boccia Sr., Personal Representative of the Estate of Joseph J. Boccia, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(99) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

<div align="center">56</div>

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joseph Boccia Sr., Personal Representative of the Estate of Joseph J. Boccia, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT XLI
ESTATE OF LEON BOHANNON,  JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(100) Plaintiff Edna Bohannon repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(101) On October 23, 1983, when the explosive device described above was detonated, Leon Bohannon, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Leon Bohannon, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Leon Bohannon, Jr.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(102) The beneficiaries of Leon Bohannon, Jr. who survived him, namely, Edna Bohannon, Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon, Anthony Bohannon, and Leon Bohannon, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Leon Bohannon, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Edna Bohannon, demands judgment on behalf of the Estate of Leon Bohannon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT XLII
ESTATE OF LEON BOHANNON, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(103) Plaintiff Edna Bohannon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(104) Before death, Leon Bohannon, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Edna Bohannon demands judgment on behalf of the Estate of Leon Bohannon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT XLIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(105) Plaintiff Edna Bohannon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(106) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Leon Bohannon, Jr., namely, Edna Bohannon, Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon, Anthony Bohannon, and Leon Bohannon, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Edna Bohannon, demands judgment on behalf of herself, Carrie Bohannon, Angela Bohannon, Ricki Bohannon, David Bohanon, Anthony Bohannon, and Leon Bohannon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT XLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(107) Plaintiff, Edna Bohannon, Personal Representative of the Estate of Leon Bohannon, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(108) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Edna Bohannon, Personal Representative of the Estate of Leon Bohannon, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT XLV</u>
<u>ESTATE OF JOHN BONK, JR.</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(109) Plaintiff Catherine Bonk repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(110) On October 23, 1983, when the explosive device described above was detonated, John Bonk, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of John Bonk, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Bonk, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(111) The beneficiaries of John Bonk, Jr. who survived him, namely, Catherine Bonk, John Bonk, Kevin Bonk, Patricia Kronenbitter, Catherine Hunt, and Thomas F. Bonk, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Bonk, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Catherine Bonk, demands judgment on behalf of the Estate of John Bonk, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT XLVI</u>
<u>ESTATE OF JOHN BONK, JR.</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(112) Plaintiff Catherine Bonk repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(113) Before death, John Bonk, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Catherine Bonk demands judgment on behalf of the Estate of John Bonk, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT XLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(114) Plaintiff Catherine Bonk repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(115) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Bonk, Jr., namely, Catherine Bonk, John Bonk, Kevin Bonk, Patricia Kronenbitter, Catherine Hunt, and Thomas F. Bonk, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Catherine Bonk, demands judgment on behalf of herself John Bonk, Kevin Bonk, Patricia Kronenbitter, Catherine Hunt, and Thomas F. Bonk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT XLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(116) Plaintiff, Catherine Bonk, Personal Representative of the Estate of John Bonk, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(117) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Catherine Bonk, Personal Representative of the Estate of John Bonk, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT XLIX
ESTATE OF PAUL LYNN CALLAHAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(118) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(119) On October 23, 1983, when the explosive device described above was detonated, Paul Lynn Callahan, a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Lynn Callahan was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Lynn Callahan. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(120) The beneficiaries of Paul Lynn Callahan who survived him, namely, Avenell Callahan, Michael Callahan, Susan Ciupaska, and Sandra Petrick, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Paul Lynn Callahan, and funeral and burial expenses.

WHEREFORE, Plaintiff, Avenell Callahan, demands judgment on behalf of the Estate of Paul Lynn Callahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.


<u>COUNT L</u>
<u>ESTATE OF PAUL LYNN CALLAHAN</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(121) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(122) Before death, Paul Lynn Callahan, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Avenell Callahan demands judgment on behalf of the Estate of Paul Lynn Callahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT LI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(123) Plaintiff Avenell Callahan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(124) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Paul Lynn Callahan, namely Avenell Callahan, Michael Callahan, Susan Ciupaska, and Sandra Petrick, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Avenell Callahan, demands judgment on behalf of herself, Michael Callahan, Susan Ciupaska, and Sandra Petrick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT LII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(125) Plaintiff, Avenell Callahan, Personal Representative of the Estate of Paul Lynn Callahan, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(126) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Avenell Callahan, Personal Representative of the Estate of Paul L. Callahan, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LIII
ESTATE OF MECOT CAMARA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(127) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(128) On October 23, 1983, when the explosive device described above was detonated, Mecot Camara, a member of the United States Marine Corps, suffered fatal injuries. The death of Mecot Camara was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Mecot Camara. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(129) The beneficiaries of Mecot Camara, who survived him, namely, Billie Jean Bolinger, Tammy Camara Howell, Mecot Echo Camara, and Elisa Camara Rock, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mecot Camara, and funeral and burial expenses.

WHEREFORE, Plaintiff, Billie Jean Bolinger, demands judgment on behalf of the Estate of Mecot Camara, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT LIV</u>
<u>ESTATE OF MECOT CAMARA</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(130) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(131) Before death, Mecot Camara, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Billie Jean Bolinger demands judgment on behalf of the Estate of Mecot Camara, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT LV</u>

**67**

## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(132) Plaintiff Billie Jean Bolinger repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(133) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Mecot Camara, namely, Billie Jean Bolinger, Tammy Camara Howell, Theresa Riggs, Mecot Echo Camara, and Elisa Camara Rock, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Billie Jean Bolinger, demands judgment on behalf of herself, Tammy Camara Howell, Theresa Riggs, Mecot Echo Camara, and Elisa Camara Rock, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT LVI
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(134) Plaintiff, Billie Jean Bolinger, Personal Representative of the Estate of Mecot Camara, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(135) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Billie Jean Bolinger, Personal Representative of the Estate of Mecot Camara, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LVII
ESTATE OF BRADLEY CAMPUS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(136) Plaintiff Clare Campus repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(137) On October 23, 1983, when the explosive device described above was detonated, Bradley Campus, a member of the United States Marine Corps, suffered fatal injuries. The death of Bradley Campus was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bradley Campus. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(138) The beneficiaries of Bradley Campus, who survived him, namely, Clare Campus, Brenda Haskill, and Gail McDermott, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Bradley Campus, and funeral and burial expenses.

WHEREFORE, Plaintiff, Clare Campus, demands judgment on behalf of the Estate of Bradley Campus, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT LVIII
ESTATE OF BRADLEY CAMPUS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(139) Plaintiff Clare Campus repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(140) Before death, Bradley Campus, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Clare Campus demands judgment on behalf of the Estate of John Bonk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT LIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(141) Plaintiff Clare Campus repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(142) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Bradley Campus, namely, Clare Campus, Brenda Haskill, and Gail McDermott, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Clare Campus, demands judgment on behalf of herself, Brenda Haskill, and Gail McDermott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT LX
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(143) Plaintiff, Clare Campus, Personal Representative of the Estate of Bradley Campus, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(144) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Clare Campus, Personal Representative of the Estate of Bradley Campus, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXI
ESTATE OF
JOHNNIE D. CEASAR
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(145) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(146) On October 23, 1983, when the explosive device described above was detonated, Johnnie D. Ceasar, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnnie D. Ceasar was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnnie D. Ceasar. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(147) The beneficiaries of Johnnie D. Ceasar, who survived him, namely, Robbie Ceasar, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Howard, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnnie D. Ceasar, and funeral and burial expenses.

WHEREFORE, Plaintiff, Robbie Ceasar, demands judgment on behalf of the Estate of Johnnie D. Ceasar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT LXII</u>
<u>ESTATE OF JOHNNIE D. CEASAR</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(148) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(149) Before death, Johnnie D. Ceasar, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Robbie Ceasar demands judgment on behalf of the Estate of Johnnie D. Ceasar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT LXIII
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(150) Plaintiff Robbie Ceasar repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(151) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnnie D. Ceasar, namely, Robbie Ceasar, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Washington have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Robbie Ceasar, demands judgment on behalf of herself, Bruce Ceasar, Freddie Ceasar, Frankie Ceasar, Sybil Ceasar, Cathy Lawton, and Linda Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT LXIV
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(152) Plaintiff, Robbie Ceasar, Personal Representative of the Estate of Johnnie D. Ceasar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(153) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Robbie Ceasar, Personal Representative of the Estate of Johnnie D. Ceasar, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT LXV
ESTATE OF ROBERT ALLEN CONLEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(154) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(155) On October 23, 1983, when the explosive device described above was detonated, Robert Allen Conley, a member of the United States Marine Corps, suffered fatal injuries. The death of Robert Allen Conley was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Robert Allen Conley. Those agents were at all times acting with

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(156) The beneficiaries of Robert Allen Conley, who survived him, namely, James N. Conley, Roberta Conley, and Sharon Petry, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Robert Allen Conley, and funeral and burial expenses.

WHEREFORE, Plaintiff, James N. Conley, demands judgment on behalf of the Estate of Robert Allen Conley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXVI
ESTATE OF ROBERT ALLEN CONLEY
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(157) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(158) Before death, Robert Allen Conley, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James N. Conley demands judgment on behalf of the Estate of Robert Allen Conley, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(159) Plaintiff James N. Conley repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(160) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Robert Allen Conley, namely, James N. Conley, Roberta Conley, and Sharon Petry, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James N. Conley, demands judgment on behalf of himself, Roberta Conley, and Sharon Petry, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT LXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(161) Plaintiff, James N. Conley, Personal Representative of the Estate of Robert Conley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(162) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

<div align="center">

77

</div>

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James N. Conley, Personal Representative of the Estate of Robert Conley, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXIX
ESTATE OF CHARLES DENNIS COOK
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(163) Plaintiff Charles F. Cook repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(164) On October 23, 1983, when the explosive device described above was detonated, Charles Dennis Cook, a member of the United States Marine Corps, suffered fatal injuries. The death of Charles Dennis Cook was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charles Dennis Cook. Those agents were at all times acting with

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(165) The beneficiaries of Charles Dennis Cook, who survived him, namely, Charles F. Cook, Elizabeth A. Cook, and Mary A. Cook as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charles Dennis Cook, and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles F. Cook, demands judgment on behalf of the Estate of Charles Dennis Cook, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXX
ESTATE OF CHARLES DENNIS COOK
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(166) Plaintiff Charles F. Cook repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(167) Before death, Charles Dennis Cook, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles F. Cook demands judgment on behalf of the Estate of Charles Dennis Cook, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(168) Plaintiff Charles S. Cook repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(169) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries

of Decedent, Charles Dennis Cook, namely, Charles F. Cook, Elizabeth A. Cook, and

Mary A. Cook, have suffered extraordinary grief and mental anguish, and each has

thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Charles F. Cook, demands judgment on behalf of

himself, Elizabeth A. Cook, and Mary A. Cook, jointly and severally, against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00),**

**besides costs**.

<div align="center">

COUNT LXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(170) Plaintiff, Charles F. Cook, Personal Representative of the Estate of Charles

Dennis Cook, repeats and re-alleges each and every allegation set forth above with like

effect as if alleged herein.

(171) The actions of the Defendants, carried out by their agents as described

above, were malicious, willful, unlawful and in wanton disregard of life and the standards

<div align="center">

80

</div>

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles F. Cook, Personal Representative of the Estate of Charles Dennis Cook, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXXIII
ESTATE OF JOHNNY LEN COPELAND
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(172) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(173) On October 23, 1983, when the explosive device described above was detonated, Johnny Len Copeland, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnny Len Copeland was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnny Len Copeland, Those agents were at all times acting with

<div align="center">

81

</div>

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(174) The beneficiaries of Johnny Len Copeland, who survived him, namely, Betty Copeland, Donald Copeland, Alan Tracy Copeland, and Robin Jordan, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnny Len Copeland, and funeral and burial expenses.

WHEREFORE, Plaintiff, Betty Copeland, demands judgment on behalf of the Estate of Johnny Len Copeland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT LXXIV</u>
<u>ESTATE OF JOHNNY LEN COPELAND</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(175) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(176) Before death, Johnny Len Copeland, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Betty Copeland demands judgment on behalf of the Estate of Johnny Len Copeland, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(177) Plaintiff Betty Copeland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(178) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnny Len Copeland, namely, Betty Copeland, Donald Copeland, Alan Tracy Copeland, and Robin Jordan have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Betty Copeland, demands judgment on behalf of herself, Donald Copeland, Alan Tracy Copeland, and Robin Jordan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT LXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(179) Plaintiff, Betty Copeland, Personal Representative of the Estate of Johnny L. Copeland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(180) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Betty Copeland, Personal Representative of the Estate of Johnny L. Copeland, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXXVII
ESTATE OF KEVIN COULMAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(181) Plaintiff Lorraine Mary Coulman repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(182) On October 23, 1983, when the explosive device described above was detonated, Kevin Coulman, a member of the United States Marine Corps, suffered fatal injuries. The death of Kevin Coulman was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Kevin Coulman, Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(183) The beneficiaries of Kevin Coulman, who survived him, namely, Lorraine Mary Coulman, Robert L. Coulman, Bryan T. Coulman, Christopher J. Coulman, Dennis P. Coulman, and Robert D. Coulman, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Kevin Coulman, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lorraine Mary Coulman, demands judgment on behalf of the Estate of Kevin Coulman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div style="text-align:center">

COUNT LXXVIII
ESTATE OF KEVIN COULMAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(184) Plaintiff Lorraine Mary Coulman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(185) Before death, Kevin Coulman, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lorraine Mary Coulman demands judgment on behalf of the Estate of Kevin Coulman, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(186) Plaintiff Lorraine Mary Coulman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(187) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Kevin Coulman, namely, Lorraine Mary Coulman, Robert L. Coulman, Bryan T. Coulman, Christopher J. Coulman, Dennis P. Coulman, and Robert D. Coulman, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lorraine Mary Coulman, demands judgment on behalf of herself, Robert L. Coulman, Bryan T. Coulman, Christopher J. Coulman, Dennis P. Coulman, Dennis P. Coulman, and Robert D. Coulman, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT LXXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(188) Plaintiff, Lorraine Mary Coulman, Personal Representative of the Estate of Kevin Coulman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(189) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Lorraine Mary Coulman, Personal Representative of the Estate of Kevin Coulman, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXXXI
ESTATE OF DAVID COSNER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(190) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(191) On October 23, 1983, when the explosive device described above was detonated, David Cosner, a member of the United States Marine Corps, suffered fatal injuries. The death of David Cosner was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Cosner, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(192) The beneficiaries of David Cosner, who survived him, namely, Harold L. Cosner, (Harold L. Cosner, Personal Representative of the) Estate of Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, Barbara Wiseman, and Jeffrey A. Cosner as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Cosner, and funeral and burial expenses.

WHEREFORE, Plaintiff, Harold L. Cosner, demands judgment on behalf of the Estate of David Cosner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXXXII
ESTATE OF DAVID COSNER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(193) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(194) Before death, David Cosner, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Harold L. Cosner demands judgment on behalf of the Estate of David Cosner, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT LXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(195) Plaintiff Harold L. Cosner repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(196) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Cosner, namely, Harold L. Cosner, (Harold L. Cosner, Personal Representative of the) Estate of Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, Barbara Wiseman, and Jeffrey A. Cosner have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Harold L. Cosner, demands judgment on behalf of himself, (Harold L. Cosner, Personal Representative of the) Estate of Marva Lynn Cosner, Lori L. Fansler, Leanna B. Cosner, Barbara Wiseman, and Jeffrey A. Cosner,

jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT LXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(197) Plaintiff, Harold Cosner, Personal Representative of the Estate of David Cosner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(198) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Harold L. Cosner, Personal Representative of the Estate of David Cosner, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXXXV

</div>

<u>ESTATE OF RICK ROBERT CRUDALE</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(199) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(200) On October 23, 1983, when the explosive device described above was detonated, Rick Robert Crudale, a member of the United States Marine Corps, suffered fatal injuries. The death of Rick Robert Crudale was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Rick Robert Crudale. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(201) The beneficiaries of Rick Robert Crudale, who survived him, namely, Heidi LeGault, Marie Crudale, and Rosanne Brunette, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Rick Robert Crudale, and funeral and burial expenses.

WHEREFORE, Plaintiff, Heidi LeGault, demands judgment on behalf of the Estate of Rick Robert Crudale, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT LXXXVI</u>
<u>ESTATE OF RICK ROBERT CRUDALE</u>

SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(202) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(203) Before death, Rick Robert Crudale, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Heidi LeGault demands judgment on behalf of the Estate of Rick Robert Crudale, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT LXXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(204) Plaintiff Heidi LeGault repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(205) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Rick Robert Crudale, namely, Heidi LeGault, Marie Crudale, and Rosanne Brunette have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Heidi LeGault, demands judgment on behalf of herself, Marie Crudale, and Rosanne Brunette, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT LXXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(206) Plaintiff, Heidi LeGault, Personal Representative of the Estate of Rick Robert Crudale, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(207) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Heidi LeGault, Personal Representative of the Estate of Rick Robert Crudale, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT LXXXIX
ESTATE OF RUSSELL E. CYZICK

</div>

<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(208) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(209) On October 23, 1983, when the explosive device described above was detonated, Russell E. Cyzick, a member of the United States Marine Corps, suffered fatal injuries. The death of Russell E. Cyzick was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Russell E. Cyzick, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(210) The beneficiaries of Russell E. Cyzick, who survived him, namely, Mary M. Mason, Eugene F. Cyzick, and Richard L. Mason as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Russell E. Cyzick, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary M. Mason, demands judgment on behalf of the Estate of Russell E. Cyzick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT XC</u>
<u>ESTATE OF RUSSELL E. CYZICK</u>
<u>SURVIVAL CLAIM</u>

<u>Title 12 District of Columbia Code Section 16-2701</u>

(211) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(212) Before death, Russell E. Cyzick, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary M. Mason demands judgment on behalf of the Estate of Russell E. Cyzick, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT XCI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(213) Plaintiff Mary M. Mason repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(214) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Russell E. Cyzick, namely, Mary M. Mason, Eugene F. Cyzick, and Richard L. Mason have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary M. Mason, demands judgment on behalf of herself, Eugene F. Cyzick, and Richard L. Mason, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT XCII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(215) Plaintiff, Mary M. Mason, Personal Representative of the Estate of Russell E. Cyzick, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(216) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary M. Mason, Personal Representative of the Estate of Russell E. Cyzick, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT XCIII
ESTATE OF MICHAEL J. DEVLIN
CLAIM FOR WRONGFUL DEATH

</div>

<u>Title 16 District of Columbia Code Section 16-2701</u>

(217) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(218) On October 23, 1983, when the explosive device described above was detonated, Michael J. Devlin, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael J. Devlin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael J. Devlin, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(219) The beneficiaries of Michael J. Devlin, who survived him, namely, B. Christine Devlin, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F. Devlin, Gabrielle Tubbs, and Daniel C. Devlin as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael J. Devlin, and funeral and burial expenses.

WHEREFORE, Plaintiff, B. Christine Devlin, demands judgment on behalf of the Estate of Michael J. Devlin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT XCIV</u>
<u>ESTATE OF MICHAEL J. DEVLIN</u>

## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(220) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(221) Before death, Michael J. Devlin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, B. Christine Devlin demands judgment on behalf of the Estate of Michael J. Devlin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

## COUNT XCV
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(222) Plaintiff B. Christine Devlin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(223) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael J. Devlin, namely, B. Christine Devlin, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F. Devlin, Gabrielle Devlin, and Daniel C. Devlin have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, B. Christine Devlin, demands judgment on behalf of herself, Christine Devlin Cecca, Richard B. Devlin, Kathleen Devlin Mahoney, Sean F.

Devlin, Gabrielle Devlin, and Daniel C. Devlin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT XCVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(224) Plaintiff, B. Christine Devlin, Personal Representative of the Estate of Michael J. Devlin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(225) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, B. Christine Devlin, Personal Representative of the Estate of Michael J. Devlin, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT XCVII
ESTATE OF NATHANIEL G. DORSEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(226) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(227) On October 23, 1983, when the explosive device described above was detonated, Nathaniel G. Dorsey, a member of the United States Marine Corps, suffered fatal injuries. The death of Nathaniel G. Dorsey was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Nathaniel G. Dorsey, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(228) The beneficiaries of Nathaniel G. Dorsey, who survived him, namely, Earline Miller, Harry Miller, and Sharon A. Hilton, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Nathaniel G. Dorsey, and funeral and burial expenses.

WHEREFORE, Plaintiff, Earline Miller, demands judgment on behalf of the Estate of Nathaniel G. Dorsey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT XCVIII

ESTATE OF NATHANIEL G. DORSEY
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(229) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(230) Before death, Nathaniel G. Dorsey, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Earline Miller demands judgment on behalf of the Estate of Nathaniel G. Dorsey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT XCIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

(231) Plaintiff Earline Miller repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(232) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Nathaniel G. Dorsey, namely, Earline Miller, Harry Miller, and Sharon A. Hilton have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Earline Miller, demands judgment on behalf of herself, Harry Miller, and Sharon A. Hilton, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT C
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(233) Plaintiff, Earline Miller, Personal Representative of the Estate of Nathaniel G. Dorsey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(234) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Earline Miller, Personal Representative of the Estate of Nathaniel G. Dorsey, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CI
ESTATE OF TIMOTHY J. DUNNIGAN
CLAIM FOR WRONGFUL DEATH

</div>

<u>Title 16 District of Columbia Code Section 16-2701</u>

(235) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(236) On October 23, 1983, when the explosive device described above was detonated, Timothy J. Dunnigan, a member of the United States Marine Corps, suffered fatal injuries. The death of Timothy J. Dunnigan was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy J. Dunnigan, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(237) The beneficiaries of Timothy J. Dunnigan, who survived him, namely, Michael R. Dunnigan, Chester F. Dunnigan, William Dunnigan, and Elizabeth Ann Bennett as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Timothy J. Dunnigan, and funeral and burial expenses.

WHEREFORE, Plaintiff, Michael R. Dunnigan, demands judgment on behalf of the Estate of Timothy J. Dunnigan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CII
ESTATE OF TIMOTHY J. DUNNIGAN

</div>

### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(238) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(239) Before death, Timothy J. Dunnigan, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Michael R. Dunnigan, demands judgment on behalf of the Estate of Timothy J. Dunnigan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

### COUNT CIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(240) Plaintiff Michael R. Dunnigan repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(241) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy J. Dunnigan, namely, Michael R. Dunnigan, Claudine Dunnigan, Chester F. Dunnigan, William Dunnigan, and Elizabeth Ann Bennett have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Michael R. Dunnigan, demands judgment on behalf of himself, Claudine Dunnigan, Chester F. Dunnigan, William Dunnigan, and Elizabeth

Ann Bennett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(242) Plaintiff, Michael R. Dunnigan, Personal Representative of the Estate of Timothy J. Dunnigan, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(243) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Michael R. Dunnigan, Personal Representative of the Estate of Timothy J. Dunnigan, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CV

</div>

ESTATE OF BRYAN L. EARLE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(244) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(245) On October 23, 1983, when the explosive device described above was detonated, Bryan L. Earle, a member of the United States Navy, suffered fatal injuries. The death of Bryan L. Earle was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bryan L. Earle, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(246) The beneficiary of Bryan L. Earle, who survived him, namely, Leona Mae Vargas, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Bryan L. Earle, and funeral and burial expenses.

WHEREFORE, Plaintiff, Leona Mae Vargas, demands judgment on behalf of the Estate of Bryan L. Earle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CVI
ESTATE OF BRYAN L. EARLE
SURVIVAL CLAIM

<u>Title 12 District of Columbia Code Section 16-2701</u>

(247) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(248) Before death, Bryan L. Earle, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff Leona Mae Vargas demands judgment on behalf of the Estate of Bryan L. Earle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CVII</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 (C)</u>

(249) Plaintiff Leona Mae Vargas repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(250) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Bryan L. Earle, namely, Leona Mae Vargas has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Leona Mae Vargas, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and

the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(251) Plaintiff, Leona Mae Vargas, Personal Representative of the Estate of Bryan L. Earle, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(252) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Leona Mae Vargas, Personal Representative of the Estate of Bryan L. Earle, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CIX
ESTATE OF DANNY R. ESTES
CLAIM FOR WRONGFUL DEATH

<u>Title 16 District of Columbia Code Section 16-2701</u>

(253) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(254) On October 23, 1983, when the explosive device described above was detonated, Danny R. Estes, a member of the United States Marine Corps, suffered fatal injuries. The death of Danny R. Estes was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Danny R. Estes, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(255) The beneficiaries of Danny R. Estes, who survived him, namely, Barbara Estes, Franklin Estes, Charles Estes, Tammy R. Chapman, and Theresa Catano, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Danny R. Estes, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara Estes, demands judgment on behalf of the Estate of Danny R. Estes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CX
ESTATE OF DANNY R. ESTES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(256) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(257) Before death, Danny R. Estes, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Barbara Estes demands judgment on behalf of the Estate of Danny R. Estes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(258) Plaintiff Barbara Estes repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(259) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Danny R. Estes, namely, Barbara Estes, Franklin Estes, Charles Estes, Tammy R. Chapman, and Theresa Catano have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara Estes, demands judgment on behalf of herself, Franklin Estes, Charles Estes, Tammy R. Chapman, and Theresa Catano, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry

of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXII
PUNITIVE DAMAGES
Public Law 104-20   8, Div. A, Title I, Section 101 (C)

</div>

(260) Plaintiff, Barbara Estes, Personal Representative of the Estate of Danny R. Estes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(261) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Barbara Estes, Personal Representative of the Estate of Danny R. Estes, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CXIII
ESTATE OF RICHARD A. FLUEGEL
CLAIM FOR WRONGFUL DEATH

</div>

Title 16 District of Columbia Code Section 16-2701

(262) Plaintiffs Marilou and Thomas Fluegel repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(263) On October 23, 1983, when the explosive device described above was detonated, Richard A. Fluegel, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard A. Fluegel was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard A. Fluegel, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(264) The beneficiaries of Richard A. Fluegel, who survived him, namely, Marilou C. Fluegel, Thomas A. Fluegel, Robert J. Fluegel, Penni Joyce Fluegel, Sandra Karen Bianco, and Sandra Bianco, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard A. Fluegel, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Marilou and Thomas Fluegel, demand judgment on behalf of the Estate of Richard A. Fluegel, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CXIV

ESTATE OF RICHARD A. FLUEGEL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(265) Plaintiffs Marilou and Thomas Fluegel repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(266) Before death, Richard A. Fluegel, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs Marilou and Thomas Fluegel demand judgment on behalf of the Estate of Richard A. Fluegel, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

(267) Plaintiffs Marilou and Thomas Fluegel repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(268) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard A. Fluegel, namely, Marilou C. Fluegel, Thomas A. Fluegel, Robert J. Fluegel, Penni Joyce Fluegel, Sandra Karen Bianco, and Sandra Bianco, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Marilou and Thomas Fluegel, demand judgment on behalf of themselves, Robert J. Fluegel, Penni Joyce Fluegel, Sandra Karen Bianco, and Sandra Bianco, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

(269) Plaintiffs, Marilou and Thomas Fluegel, Personal Representatives of the Estate of Richard A. Fluegel, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(270) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Marilou and Thomas Fluegel, Personal Representatives of the Estate of Richard A. Fluegel, pray that judgment be entered, jointly and severally,

against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CXVII</u>
<u>ESTATE OF MICHAEL D. FULCHER</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(271) Plaintiff Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(272) On October 23, 1983, when the explosive device described above was detonated, Michael D. Fulcher, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael D. Fulcher was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael D. Fulcher, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(273) The beneficiaries of Michael D. Fulcher, who survived him, namely, Ruby A. Fulcher, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael D. Fulcher, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ruby A. Fulcher, demands judgment on behalf of the Estate of Michael D. Fulcher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CXVIII
ESTATE OF MICHAEL D. FULCHER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(274) Plaintiff, Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(275) Before death, Michael D. Fulcher, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ruby A. Fulcher demands judgment on behalf of the Estate of Michael D. Fulcher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

(276) Plaintiff Ruby A. Fulcher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(277) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries

116

of Decedent, Michael D. Fulcher, namely, Ruby A. Fulcher, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ruby A. Fulcher, demands judgment on behalf of herself, Phyllis A. Cash, Angela D. Farthing, and Kimberly F. Angus, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(278) Plaintiff Ruby D. Fulcher, Personal Representative of the Estate of Michael D. Fulcher, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(279) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ruby A. Fulcher, Personal Representative of the Estate of Michael D. Fulcher, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CXXI</u>
<u>ESTATE OF SEAN GALLAGHER</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(280) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(281) On October 23, 1983, when the explosive device described above was detonated, Sean Gallagher, a member of the United States Marine Corps, suffered fatal injuries. The death of Sean Gallagher was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Sean Gallagher, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(282) The beneficiaries of Sean Gallagher, who survived him, namely, Barbara Gallagher, James Gallagher, Kevin Gallagher, Brian Gallagher, Michael Gallagher, James Gallagher Jr., Maureen Pare, and Tara Hanrahan, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Sean Gallagher, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara Gallagher, demands judgment on behalf of the Estate of Sean Gallagher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXXII
ESTATE OF SEAN GALLAGHER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(283) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(284) Before death, Sean Gallagher, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Barbara Gallagher demands judgment on behalf of the Estate of Sean Gallagher, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(285) Plaintiff Barbara Gallagher repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(286) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Sean Gallagher, namely, Barbara Gallagher, James Gallagher, Kevin Gallagher, Brian Gallagher, Michael Gallagher, James Gallagher Jr., Maureen Pare, and Tara Hanrahan have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara Gallagher, demands judgment on behalf of herself, James Gallagher, Kevin Gallagher, Brian Gallagher, Michael Gallagher, James Gallagher Jr., Maureen Pare, and Tara Hanrahan, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(287) Plaintiff, Barbara Gallagher, Personal Representative of the Estate of Sean Gallagher, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(288) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Barbara Gallagher, Personal Representative of the Estate of Sean Gallagher, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CXXV
ESTATE OF GEORGE GANGUR
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(289) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(290) On October 23, 1983, when the explosive device described above was detonated, George Gangur, a member of the United States Marine Corps, suffered fatal injuries. The death of George Gangur was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of George Gangur, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(291) The beneficiaries of George Gangur, who survived him, namely, Juliana Rudkowsi, Dimitri Gangur, Nada Gangur Jurist, Helen Montgomery, and Mary Gangur, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of George Gangur, and funeral and burial expenses.

WHEREFORE, Plaintiff, Juliana Rudkowsi, demands judgment on behalf of the Estate of George Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXXVI
ESTATE OF GEORGE GANGUR
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(292) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation above with like effect as if alleged herein.

(293) Before death, George Gangur, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Juliana Rudkowsi demands judgment on behalf of the Estate of George Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXXVII

</div>

## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(294) Plaintiff Juliana Rudkowsi repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(295) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, George Gangur, namely, Juliana Rudkowsi, Dimitri Gangur, Nada Gangur Jurist, Helen Montgomery, and Mary Gangur have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Juliana Rudkowsi, demands judgment on behalf of herself, Dimitri Gangur, Nada Gangur Jurist, Helen Montgomery, and Mary Gangur, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CXXVIII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(296) Plaintiff, Juliana Rudkowski, Personal Representative of the Estate of George Gangur, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(297) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Juliana Rudkowski, Personal Representative of the Estate of George Gangur, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CXXIX
ESTATE OF RANDALL J. GARCIA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(298) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(299) On October 23, 1983, when the explosive device described above was detonated, Randall J. Garcia, a member of the United States Marine Corps, suffered fatal injuries. The death of Randall J. Garcia was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Randall J. Garcia, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(300) The beneficiaries of Randall J. Garcia, who survived him, namely, Jess Garcia, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Randall J. Garcia, and funeral and burial expenses.

WHEREFORE, Plaintiff, Jess Garcia, demands judgment on behalf of the Estate of Randall J. Garcia, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CXXX
ESTATE OF RANDALL J. GARCIA
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(301) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(302) Before death, Randall J. Garcia, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Jess Garcia demands judgment on behalf of the Estate of Randall J. Garcia, jointly and severally, against the Defendants, The Islamic Republic

of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT CXXXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(303) Plaintiff Jess Garcia repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(304) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Randall J. Garcia, namely, Jess Garcia, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Jess Garcia, demands judgment on behalf of himself, Violet Garcia, Rachel Caldera, Russell Garcia, Ronald Garcia, Rebecca Jewett, and Roxanne Garcia jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CXXXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(305) Plaintiff Jess Garcia Personal Representative of the Estate of Randall J. Garcia, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(306) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Jess Garcia, Personal Representative of the Estate of Randall J. Garcia, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CXXXIII
ESTATE OF HAROLD D. GHUMM
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(307) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(308) On October 23, 1983, when the explosive device described above was detonated, Harold D. Ghumm, a member of the United States Marine Corps, suffered fatal injuries. The death of Harold D. Ghumm was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack,

planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Harold D. Ghumm, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(309) The beneficiaries of Harold D. Ghumm, who survived him, namely, Leroy Ghumm, Hildegard Ghumm, Arlene Ghumm, Moronica B. Davis, Estate of Jedaiah Ghumm, Ashley Ghumm, Jesse Ghumm, Edward Ghumm, Billy John Ghumm, and Rebecca Bowler, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Harold D. Ghumm, and funeral and burial expenses.

WHEREFORE, Plaintiff, Leroy Ghumm, demands judgment on behalf of the Estate of Harold D. Ghumm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXXXIV
ESTATE OF HAROLD D. GHUMM
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(310) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(311) Before death, Harold D. Ghumm, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents

<div align="center">128</div>

of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Leroy Ghumm demands judgment on behalf of the Estate of Harold D. Ghumm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CXXXV</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 (C)</u>

(312) Plaintiff Leroy Ghumm repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(313) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Harold D. Ghumm, namely, Leroy Ghumm, Hildegard Ghumm, Arlene Ghumm, Moronica B. Davis, Estate of Jedaiah Ghumm, Ashley Ghumm, Jesse Ghumm, Edward Ghumm, Billy John Ghumm, and Rebecca Bowler have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Leroy Ghumm, demands judgment on behalf of himself, Hildegard Ghumm, Arlene Ghumm,  Moronica B. Davis, Estate of Jedaiah Ghumm, Ashley Ghumm, Jesse Ghumm, Edward Ghumm, Billy John Ghumm, and Rebecca Bowler jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

(314) Plaintiff, Leroy Ghumm, Personal Representative of the Estate of Harold D. Ghumm, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(315) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Leroy Ghumm, Personal Representative of the Estate of Harold D. Ghumm, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CXXXVII
ESTATE OF TIMOTHY GIBLIN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(316) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(317) On October 23, 1983, when the explosive device described above was detonated, Timothy Giblin, a member of the United States Marine Corps, suffered fatal injuries. The death of Timothy Giblin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy Giblin, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(318) The beneficiaries of Timothy Giblin, who survived him, namely, Valerie Giblin, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Connor, and Anne Deal as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Timothy Giblin, and funeral and burial expenses.

WHEREFORE, Plaintiff, Valerie Giblin, demands judgment on behalf of the Estate of Timothy Giblin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CXXXVIII
ESTATE OF TIMOTHY GIBLIN

## SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(319) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(320) Before death, Timothy Giblin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Valerie Giblin demands judgment on behalf of the Estate of Timothy Giblin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT CXXXIX
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(321) Plaintiff Valerie Giblin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(322) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy Giblin, namely, Valerie Giblin, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Connor, and Anne Deal have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Valerie Giblin, demands judgment on behalf of herself, Jeanne Giblin, Jeanne Gattegno, Geraldine Paolozzi, Margaret Tella, Kathleen Calabro, Michael Giblin, William Giblin, Donald Giblin, Tiffany Giblin, Deborah O'Connor, and Anne Deal jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXL
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(323) Plaintiff, Valerie Giblin, Personal Representative of the Estate of Timothy Giblin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(324) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Valerie Giblin, Personal Representative of the Estate of Timothy Giblin, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

<div align="center">

**133**

</div>

behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CXLI
ESTATE OF MICHAEL GORCHINSKI
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(325) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(326) On October 23, 1983, when the explosive device described above was detonated, Michael Gorchinski, a member of the United States Navy, suffered fatal injuries. The death of Michael Gorchinski was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael Gorchinski, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(327) The beneficiaries of Michael Gorchinski, who survived him, namely, Judy A. Gorchinski, Christina J. Gorchinski, Kevin M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael Gorchinski, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judy A. Gorchinski, demands judgment on behalf of the Estate of Michael Gorchinski, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CXLII</u>
<u>ESTATE OF MICHAEL GORCHINSKI</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(328) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(329) Before death, Michael Gorchinski, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Judy A. Gorchinski, demands judgment on behalf of the Estate of Michael Gorchinski, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CXLIII</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 (C)</u>

(330) Plaintiff Judy A. Gorchinski repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(331) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael Gorchinski, namely, Judy A. Gorchinski, Christina J. Gorchinski, Kevin M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee have

suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judy A. Gorchinski, demands judgment on behalf of herself, Christina J. Gorchinski, Kevin M. Gorchinski, Valerie M. Gorchinski, Penny Meyer, and Patty McPhee jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT CXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

(332) Plaintiff Judy A. Gorchinski, Personal Representative of the Estate of Michael Gorchinski, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(333) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Judy A. Gorchinski, Personal Representative of the Estate of Michael Gorchinski, prays that judgment be entered, jointly and severally,

against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CXLV</u>
<u>ESTATE OF RICHARD GORDON</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(334) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(335) On October 23, 1983, when the explosive device described above was detonated, Richard Gordon, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard Gordon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Gordon, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(336) The beneficiaries of Richard Gordon, who survived him, namely, Alice Gordon, Paul Gordon, Elaine Gordon Capobianco, Joseph Gordon, and Linda Gordon, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Gordon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Alice Gordon, demands judgment on behalf of the Estate of Richard Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CXLVI
ESTATE OF RICHARD GORDON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(337) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(338) Before death, Richard Gordon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Alice Gordon demands judgment on behalf of the Estate of Richard Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CXLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(339) Plaintiff Alice Gordon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(340) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Gordon, namely, Alice Gordon, Paul Gordon, Elaine Gordon

<div align="center">

138

</div>

Capobianco, Joseph Gordon, Linda Gordon, and the Estate of Norris Gordon have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Alice Gordon, demands judgment on behalf of herself, Paul Gordon, Elaine Gordon Capobianco, Joseph Gordon, Linda Gordon, and the Estate of Norris Gordon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(341) Plaintiff, Alice Gordon, Personal Representative of the Estate of Richard Gordon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(342) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Alice Gordon, Personal Representative of the Estate of Richard Gordon, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CXLIX
ESTATE OF DAVIN GREEN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(343) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(344) On October 23, 1983, when the explosive device described above was detonated, Davin Green, a member of the United States Marine Corps, suffered fatal injuries. The death of Davin Green was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Davin Green, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(345) The beneficiaries of Davin Green, who survived him, namely, Patricia Wright, Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, and Deborah L. Green as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Davin Green, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Wright, demands judgment on behalf of the Estate of Davin Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CL
ESTATE OF DAVIN GREEN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(346) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(347) Before death, Davin Green, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Wright demands judgment on behalf of the Estate of Davin Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CLI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(348) Plaintiff Patricia Wright repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(349) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Davin Green, namely, Patricia Wright Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, and Deborah L. Green have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Wright, demands judgment on behalf of herself Damion Briscoe, Sheria L. Scott, Kia Jones, Rebecca Iverson, and Deborah L. Green, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CLII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(350) Plaintiff, Patricia Wright, Personal Representative of the Estate of Davin Green, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(351) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

<div align="center">

142

</div>

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Patricia Wright, Personal Representative of the Estate of Davin Green, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**


COUNT CLIII
ESTATE OF THOMAS HAIRSTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(352) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(353) On October 23, 1983, when the explosive device described above was detonated, Thomas Hairston, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas Hairston was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Hairston, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(354) The beneficiaries of Thomas Hairston, who survived him, namely, Julia Hairston, Felicia Hairston, Evans Hairston, Darlene Hairston, and Sherry Latoya Johnson

as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas Hairston, and funeral and burial expenses.

WHEREFORE, Plaintiff, Julia Hairston, demands judgment on behalf of the Estate of Thomas Hairston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CLIV</u>
<u>ESTATE OF THOMAS HAIRSTON</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(355) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(356) Before death, Thomas Hairston, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Julia Hairston demands judgment on behalf of the Estate of Thomas Hairston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CLV</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(357) Plaintiff Julia Hairston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(358) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Hairston, namely, Julia Hairston, Felicia Hairston, Evans Hairston, Darlene Hairston, and Sherry Latoya Johnson have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Julia Hairston, demands judgment on behalf of herself, Felicia Hairston, Evans Hairston, Darlene Hairston, and Sherry Latoya Johnson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">
COUNT CLVI<br>
PUNITIVE DAMAGES<br>
Public Law 104-208, Div. A, Title I, Section 101 (C)
</div>

(359) Plaintiff, Julia Hairston, Personal Representative of the Estate of Thomas Hairston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(360) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Julia Hairston, Personal Representative of the Estate of Thomas Hairston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CLVII
ESTATE OF MICHAEL S. HASKELL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(361) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(362) On October 23, 1983, when the explosive device described above was detonated, Michael S. Haskell, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael S. Haskell was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael S. Haskell, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

<div align="center">

146

</div>

(363) The beneficiaries of Michael S. Haskell, who survived him, namely, Richard Haskell, Barbara Haskell, and Jeffrey Haskell, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael S. Haskell, and funeral and burial expenses.

WHEREFORE, Plaintiff, Richard Haskell, demands judgment on behalf of the Estate of Michael S. Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

## COUNT CLVIII
## ESTATE OF MICHAEL S. HASKELL
## SURVIVAL CLAIM
## Title 12 District of Columbia Code Section 16-2701

(364) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(365) Before death, Michael S. Haskell, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Richard Haskell demands judgment on behalf of the Estate of Michael S. Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(366) Plaintiff Richard Haskell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(367) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael S. Haskell, namely, Richard Haskell, Barbara Haskell and Jeffrey Haskell, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Richard Haskell, demands judgment on behalf of himself, Barbara Haskell, and Jeffrey Haskell, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT CLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(368) Plaintiff, Richard Haskell, Personal Representative of the Estate of Michael S. Haskell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(369) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Richard Haskell, Personal Representative of the Estate of Michael S. Haskell, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CLXI
ESTATE OF MARK A. HELMS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(370) Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(371) On October 23, 1983, when the explosive device described above was detonated, Mark A. Helms, a member of the United States Marine Corps, suffered fatal injuries. The death of Mark A. Helms was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Mark A. Helms, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(372) The beneficiaries of Mark A. Helms, who survived him, namely, Mary Ann Turek, Marvin R. Helms, Christopher T. Helms, and Rebecca Gintonio, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mark A. Helms, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ann Turek, demands judgment on behalf of the Estate of Mark A. Helms, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXII
ESTATE OF MARK A. HELMS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(373) Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(374) Before death, Mark A. Helms, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ann Turek demands judgment on behalf of the Estate of Mark A. Helms, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXIII

</div>

## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(375) Plaintiff Mary Ann Turek repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(376) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Mark A. Helms, namely, Mary Ann Turek, Marvin R. Helms, Christopher T. Helms, and Rebecca Gintonio, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ann Turek, demands judgment on behalf of herself, Marvin R. Helms, Christopher T. Helms, and Rebecca Gintonio, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CLXIV
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(377) Plaintiff, Mary Ann Turek, Personal Representative of the Estate of Mark A. Helms, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(378) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary Ann Turek, Personal Representative of the Estate of Mark A. Helms, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CLXV
ESTATE OF STANLEY HESTER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(379) Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(380) On October 23, 1983, when the explosive device described above was detonated, Stanley Hester, a member of the United States Marine Corps, suffered fatal injuries. The death of Stanley Hester was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Stanley Hester, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(381) The beneficiary of Stanley Hester, who survived him, namely, Doris P. Hester, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Stanley Hester, and funeral and burial expenses.

WHEREFORE, Plaintiff, Doris P. Hester, demands judgment on behalf of the Estate of Stanley Hester, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLXVI
ESTATE OF STANLEY HESTER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(382) Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(383) Before death, Stanley Hester, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Doris P. Hester demands judgment on behalf of the Estate of Stanley Hester, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

(384) Plaintiff Doris P. Hester repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(385) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Stanley Hester, namely, Doris P. Hester, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Doris P. Hester, demands judgment on behalf of herself, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CLXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(386) Plaintiff, Doris P. Hester, Personal Representative of the Estate of Stanley Hester, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(387) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Doris P. Hester, Personal Representative of the Estate of Stanley Hester, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CLXIX
ESTATE OF DONALD HILDRETH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(388) Plaintiff Cynthia D. Lake repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(389) On October 23, 1983, when the explosive device described above was detonated, Donald Hildreth, a member of the United States Marine Corps, suffered fatal injuries. The death of Donald Hildreth was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Donald Hildreth, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(390) The beneficiaries of Donald Hildreth, who survived him, namely, Cynthia D. Lake, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, and Mary Ann Hildreth, as a direct and proximate consequence of the actions of the Defendants

**155**

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Donald Hildreth, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cynthia D. Lake, demands judgment on behalf of the Estate of Donald Hildreth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXX
ESTATE OF DONALD HILDRETH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(391) Plaintiff Cynthia D. Lake repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(392) Before death, Donald Hildreth, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cynthia D. Lake demands judgment on behalf of the Estate of Donald Hildreth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(393) Plaintiff Cynthia D. Lake repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**156**

</div>

(394) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Donald Hildreth, namely, Cynthia D. Lake, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, and Mary Ann Hildreth, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Cynthia D. Lake, demands judgment on behalf of herself, Clifton D. Hildreth, Julia Hildreth, Michael W. Hildreth, and Mary Ann Hildreth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(395) Plaintiff, Cynthia D. Lake, Personal Representative of the Estate of Donald Hildreth, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(396) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cynthia D. Lake, Personal Representative of the Estate of Donald Hildreth, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CLXXIII
ESTATE OF RICHARD H. HOLBERTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(397) Plaintiff Patricia Lee Holberton repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(398) On October 23, 1983, when the explosive device described above was detonated, Richard H. Holberton, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard H. Holberton was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard H. Holberton, Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(399) The beneficiaries of Richard H. Holberton, who survived him, namely, Patricia Lee Holberton, Ashley Doray, Mary Clyde Hart, Thomas H. Holberton, and Donald C. Holberton, as a direct and proximate consequence of the actions of the

**158**

Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard H. Holberton, and funeral and burial expenses.

WHEREFORE, Plaintiff, Patricia Lee Holberton, demands judgment on behalf of the Estate of Richard H. Holberton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLXXIV
ESTATE OF RICHARD H. HOLBERTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(400) Plaintiff Patricia Lee Holberton repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(401) Before death, Richard H. Holberton, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Patricia Lee Holberton, demands judgment on behalf of the Estate of Richard H. Holberton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLXXV
SOLATIUM CLAIM

<u>Public Law 104-208, Div. A, Title I, Section 101 (C)</u>

(402) Plaintiff Patricia Lee Holberton repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(403) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard H. Holberton, namely, Patricia Lee Holberton, Ashley Doray, Mary Clyde Hart, Thomas H. Holberton, and Donald C. Holberton, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Patricia Lee Holberton, demands judgment on behalf of herself, Ashley Doray, Mary Clyde Hart, Thomas H. Holberton, and Donald C. Holberton, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CLXXVI
PUNITIVE DAMAGES
<u>Public Law 104-208, Div. A, Title I, Section 101 (C)</u>

</div>

(404) Plaintiff, Patricia Lee Holberton, Personal Representative of the Estate of Richard H. Holberton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(405) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Patricia Lee Holberton, Personal Representative of the Estate of Richard H. Holberton, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CLXXVII
ESTATE OF DR. JOHN R. HUDSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(406) Plaintiff Lisa Hudson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(407) On October 23, 1983, when the explosive device described above was detonated, Dr. John R. Hudson, a member of the United States Navy, suffered fatal injuries. The death of Dr. John R. Hudson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Dr. John R. Hudson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(408) The beneficiaries of Dr. John R. Hudson who survived him, namely, Lisa Hudson, William J. Hudson, Samuel Hudson, Ruth Hudson, Lorenzo Hudson and Lucy Hudson as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dr. John R. Hudson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of the Estate of Dr. John R. Hudson jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CLXXVIII
ESTATE OF DR. JOHN R. HUDSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(409) Plaintiff Lisa Hudson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(410) Before death, Dr. John R. Hudson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of the Estate of Dr. John R. Hudson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

162

</div>

## COUNT CLXXIX
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(411) Plaintiff Lisa Hudson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(412) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Dr. John R. Hudson, namely, Lisa Hudson, William J. Hudson, the Estate of Samuel Hudson, Ruth Hudson, Lorenzo Hudson, and Lucy Hudson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lisa Hudson, demands judgment on behalf of herself, William J. Hudson, the Estate of Samuel Hudson, Ruth Hudson, Lorenzo Hudson, and Lucy Hudson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CLXXX
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 (C)

(413) Plaintiff, Lisa H. Hudson, Personal Representative of the Estate of Dr. John R. Hudson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(414) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Lisa H. Hudson, Personal Representative of the Estate of Dr. John R. Hudson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CLXXXI
ESTATE OF MAURICE HUKILL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(415) Plaintiff Henry Hukill, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(416) On October 23, 1983, when the explosive device described above was detonated, Maurice Hukill, a member of the United States Marine Corps, suffered fatal injuries. The death of Maurice Hukill was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Maurice Hukill. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(417) The beneficiaries of Maurice Hukill who survived him, namely, Henry Hukill, Jr., Virginia Hukill, Monte J. Hukill, Mary Moore, Mark A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Maurice Hukill, and funeral and burial expenses.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of the Estate of Maurice Hukill jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXXXII
ESTATE OF MAURICE HUKILL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(418) Plaintiff Henry Hukill, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(419) Before death, Maurice Hukill, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of the Estate of Maurice Hukill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

(420) Plaintiff Henry Hukill, Jr. repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(421) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Maurice Hukill, namely, Henry Hukill, Jr., Virginia Hukill, Monte J. Hukill, Mary Moore, Mark A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Henry Hukill, Jr., demands judgment on behalf of himself, Virginia Hukill, Monte J. Hukill, Mary Moore, Mark A. Hukill, Matthew S. Hukill, Meredith A. Ingersoll, Mitchell C. Hukill, and Melissa J. Hukill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

(422) Plaintiff, Henry Hukill, Jr., Personal Representative of the Estate of Maurice Hukill, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(423) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Henry Hukill, Jr., Personal Representative of the Estate of Maurice Hukill, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CLXXXV
ESTATE OF EDWARD IACOVINO, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(424) Plaintiff Elizabeth Iacovino repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(425) On October 23, 1983, when the explosive device described above was detonated, Edward Iacovino, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Edward Iacovino, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that

resulted in the death of Edward Iacovino, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(426) The beneficiary of Edward Iacovino, Jr. who survived him, namely, Elizabeth Iacovino and the Estate of Edward Iacovino, Sr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Edward Iacovino, Jr. and funeral and burial expenses.

WHEREFORE, Plaintiff, Elizabeth Iacovino, demands judgment on behalf of the Estate of Edward Iacovino, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CLXXXVI</u>
<u>ESTATE OF EDWARD IACOVINO, JR.</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(427) Plaintiff Elizabeth Iacovino repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(428) Before death, Edward Iacovino, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff Elizabeth Iacovino demands judgment on behalf of the Estate of Edward Iacovino, Jr., jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CLXXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(429) Plaintiff Elizabeth Iacovino repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(430) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Edward Iacovino, Jr., namely, Elizabeth Iacovino and the Estate of Edward Iacovino, Sr., has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Elizabeth Iacovino, demands judgment on behalf of herself, Elizabeth Iacovino and the Estate of Edward Iacovino, Sr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CLXXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(431) Plaintiff Elizabeth Iacovino, Personal Representative of the Estate of Edward Iacovino, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(432) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

<div align="center">

**169**

</div>

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Elizabeth Iacovino, Personal Representative of the Estate of Edward Iacovino, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CLXXXIX
ESTATE OF JAMES JACKOWSKI
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(433) Plaintiff John J. Jackowski, Sr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(434) On October 23, 1983, when the explosive device described above was detonated, James Jackowski, a member of the United States Marine Corps, suffered fatal injuries. The death of James Jackowski was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Jackowski. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(435) The beneficiaries of James Jackowski who survived him, namely, John J. Jackowski, Sr., Mary E. Jackowski, Karen Valenti, Jacklyn Seguerra, and John Jackowski, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Jackowski, and funeral and burial expenses.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of the Estate of James Jackowski, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CXC
ESTATE OF JAMES JACKOWSKI
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(436) Plaintiff John J. Jackowski, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(437) Before death, James Jackowski, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of the Estate of James Jackowski, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXCI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(438) Plaintiff, John J. Jackowski, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(439) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James Jackowski, namely, John J. Jackowski, Sr., Mary E. Jackowski, Karen Valenti, Jacklyn Seguerra, and John Jackowski, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, John J. Jackowski, Sr., demands judgment on behalf of himself, Mary E. Jackowski, Karen Valenti, Jacklyn Seguerra, and John Jackowski, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXCII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(440) Plaintiff, John J. Jackowski, Personal Representative of the Estate of James Jackowski, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(441) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, John J. Jackowski, Personal Representative of the Estate of James Jackowski, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CXCIII
ESTATE OF JEFFREY JAMES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(442) Plaintiff Elaine M. James  repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(443) On October 23, 1983, when the explosive device described above was detonated, Jeffrey James, a member of the United States Marine Corps, suffered fatal

<div align="center">

**173**

</div>

injuries. The death of Jeffrey James was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey James. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(444) The beneficiary of Jeffrey James who survived him, namely, Elaine M. James, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Jeffrey James, and funeral and burial expenses.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of the Estate of Jeffrey James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


COUNT CXCIV
ESTATE OF JEFFREY JAMES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(445) Plaintiff, Elaine M. James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(446) Before death, Jeffrey James, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of the Estate of Jeffrey James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CXCV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(447) Plaintiff, Elaine M. James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(448) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Jeffrey James, namely, Elaine M. James, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Elaine M. James, demands judgment on behalf of Elaine M. James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CXCVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(449) Plaintiff, Elaine M. James, Personal Representative of the Estate of Jeffrey James, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(450) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Elaine James, Personal Representative of the Estate of Jeffrey James, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CXCVII
ESTATE OF NATHANIEL JENKINS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(451) Plaintiff, Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(452) On October 23, 1983, when the explosive device described above was detonated, Nathaniel Jenkins, a member of the United States Marine Corps, suffered fatal

injuries. The death of Nathaniel Jenkins was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Nathaniel Jenkins. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(453) The beneficiaries of Nathaniel Jenkins who survived him, namely, Nathalie C. Jenkins and Stephen M. Jenkins, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Nathaniel Jenkins, and funeral and burial expenses.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of the Estate of Nathaniel Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXCVIII
ESTATE OF NATHANIEL JENKINS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(454) Plaintiff, Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(455) Before death, Nathaniel Jenkins, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents

<div align="center">

**177**

</div>

of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of the Estate of Nathaniel Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CXCIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(456) Plaintiff Nathalie C. Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(457) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Nathaniel Jenkins, namely, Nathalie C. Jenkins and Stephen M. Jenkins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Nathalie C. Jenkins, demands judgment on behalf of Nathalie C. Jenkins and Stephen M. Jenkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CC
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(458) Plaintiff, Nathalie C. Jenkins, Personal Representative of the Estate of Nathaniel Jenkins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(459) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Nathalie C. Jenkins, Personal Representative of the Estate of Nathaniel Jenkins, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**


<div align="center">

COUNT CCI
ESTATE OF EDWARD JOHNSTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(460) Plaintiff, Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(461) On October 23, 1983, when the explosive device described above was detonated, Edward Johnston, a member of the United States Marine Corps, suffered fatal injuries. The death of Edward Johnston was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Edward Johnston. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(462) The beneficiaries of Edward Johnston who survived him, namely, Mary L. Buckner, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner Sanchez, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Edward Johnston, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of the Estate of Edward Johnston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCII
ESTATE OF EDWARD JOHNSTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(463) Plaintiff Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(464) Before death, Edward Johnston, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of the Estate of Edward Johnston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(465) Plaintiff Mary L. Buckner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(466) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Edward Johnston, namely, Mary L. Buckner, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner Sanchez, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary L. Buckner, demands judgment on behalf of herself, Charles Johnston, Edwin Johnston, Jr., Mary Ann Johnston, Mary A. Beck, and Alicia L. Buckner Sanchez, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT CCIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(467) Plaintiff, Mary L. Buckner, Personal Representative of the Estate of Edward Johnston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(468) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary L. Buckner, Personal Representative of the Estate of Edward Johnston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCV
ESTATE OF STEVEN JONES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(469) Plaintiff Ollie Jones, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(470) On October 23, 1983, when the explosive device described above was detonated, Steven Jones, a member of the United States Marine Corps, suffered fatal injuries. The death of Steven Jones was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Steven Jones. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(471) The beneficiaries of Steven Jones who survived him, namely, Ollie Jones, Mark Jones, Andrea Grant, and the Estate of Synovure Jones, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Steven Jones, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of the Estate of Steven Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CCVI</u>
<u>ESTATE OF STEVEN JONES</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(472) Plaintiff Ollie Jones repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(473) Before death, Steven Jones, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of the Estate of  Steven Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(474) Plaintiff Ollie Jones repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(475) As a direct consequence of the actions of the Defendants, The Islamic  Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Steven Jones, namely, Ollie Jones, Mark Jones, Andrea Grant, and the Estate of Synovure Jones, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ollie Jones, demands judgment on behalf of herself, Mark Jones, Andrea Grant, and the Estate of Synovure Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT CCVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(476) Plaintiff Ollie Jones, Personal Representative of the Estate of Steven Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(477) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ollie Jones, Personal Representative of the Estate of Steven Jones, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCIX
ESTATE OF THOMAS A. JULIAN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(478) Plaintiffs, Karl Julian, Joyce Julian, and Shawn Biellow, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(479) On October 23, 1983, when the explosive device described above was detonated, Thomas A. Julian, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas A. Julian was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas A. Julian. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(480) The beneficiaries of Thomas A. Julian who survived him, namely, Karl Julian, Joyce Julian, and Shawn Biellow, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Thomas A. Julian, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian and Shawn Biellow, demand judgment on behalf of the Estate of Thomas A. Julian, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCX
ESTATE OF THOMAS A. JULIAN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(481) Plaintiffs Karl Julian, Joyce Julian and Shawn Biello, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(482) Before death, Thomas A. Julian, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian and Shawn Biellow, demand judgment on behalf of the Estate of Thomas A. Julian, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(483) Plaintiffs, Karl Julian, Joyce Julian and Shawn Biello, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(484) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas A. Julian, namely, Karl Julian, Joyce Julian, and Shawn Biellow have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Karl Julian, Joyce Julian and Shawn Biellow, the heirs of Thomas A. Julian, demand judgment jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(485) Plaintiffs, Karl Julian, Joyce Julian and Shawn Biellow, the heirs of Thomas A. Julian, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(486) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Karl Julian, Joyce Julian and Shawn Biellow, the heirs of Thomas Julian, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXIII
ESTATE OF THOMAS C. KEOWN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

<div align="center">

**188**

</div>

(487) Plaintiff Mary A. Cobble repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(488) On October 23, 1983, when the explosive device described above was detonated, Thomas C. Keown, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas C. Keown was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas C. Keown. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(489) The beneficiaries of Thomas C. Keown who survived him, namely, Mary A. Cobble, Bobby Keown, Sr., Bobby Keown Jr., Adam Keown, William R. Keown, and Darren Keown, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Thomas C. Keown, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of the Estate of Thomas C. Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXIV
ESTATE OF THOMAS C. KEOWN
SURVIVAL CLAIM

</div>

<u>Title 12 District of Columbia Code Section 16-2701</u>

(490) Plaintiff Mary A. Cobble, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(491) Before death, Thomas C. Keown, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of the Estate of Thomas C. Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(492) Plaintiff, Mary A. Cobble, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(493) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas C. Keown, namely, Mary A. Cobble, Bobby Keown, Sr., Bobby Keown Jr., Adam Keown, William R. Keown and Darren Keown, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary A. Cobble, demands judgment on behalf of herself, Bobby Keown, Sr., Bobby Keown Jr., Adam Keown, William R. Keown, and

Darren Keown, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(494) Plaintiff, Mary A. Cobble, Personal Representative of the Estate of Thomas C. Keown, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(495) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Mary A. Cobble, Personal Representative of the Estate of Thomas C. Keown, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXVII
ESTATE OF DANIEL KLUCK

</div>

## CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(496) Plaintiff Shirley Martin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(497) On October 23, 1983, when the explosive device described above was detonated, Daniel Kluck, a member of the United States Army, suffered fatal injuries. The death of Daniel Kluck was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Daniel Kluck. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(498) The beneficiaries of Daniel Kluck who survived him, namely, Shirley Martin, Michael O. Kluck, and Kelly G. Kluck, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Daniel Kluck, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of the Estate of Daniel Kluck, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT CCXVIII
### ESTATE OF DANIEL KLUCK
### SURVIVAL CLAIM

Title 12 District of Columbia Code Section 16-2701

(499) Plaintiff Shirley Martin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(500) Before death, Daniel Kluck, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of the Estate of Daniel Kluck, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(501) Plaintiff, Shirley Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(502) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Daniel Kluck, namely, Shirley Martin, Michael O. Kluck, and Kelly G. Kluck, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Martin, demands judgment on behalf of herself, Michael O. Kluck, and Kelly G. Kluck, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(503) Plaintiff, Shirley Martin, Personal Representative of the Estate of Daniel Kluck, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(504) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Shirley Martin, Personal Representative of the Estate of Daniel Kluck, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXXI

</div>

ESTATE OF FREAS KREISCHER, III
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(505) Plaintiff Freas Kreischer, Jr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(506) On October 23, 1983, when the explosive device described above was detonated, Freas Kreischer, III, a member of the United States Marine Corps, suffered fatal injuries. The death of Freas Kreischer, III, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Freas Kreischer, III. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(507) The beneficiary of Freas Kreischer, III, who survived him, namely, Freas Kreischer, Jr., Doreen Kreischer and Megan Gummer, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Freas Kreischer, III, and funeral and burial expenses.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of the Estate of Freas Kreischer, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXII

195

ESTATE OF FREAS KREISCHER, III
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(508) Plaintiff Freas Kreischer, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(509) Before death, Freas Kreischer, III, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of the Estate of Freas Kreischer, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(510) Plaintiff, Freas Kreischer, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(511) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Freas Kreischer, III, namely, Freas Kreischer, Jr., Doreen Kreischer and Megan Gummer, have suffered extraordinary grief and mental anguish, and have thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Freas Kreischer, Jr., demands judgment on behalf of himself, Doreen Kreischer and Megan Gummer, jointly and severally, against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(512) Plaintiff, Freas Kreischer, Jr., Personal Representative of the Estate of Freas Kreischer, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(513) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXXV
ESTATE OF KEITH LAISE

</div>

<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(514) Plaintiffs William Laise and Betty L. Laise, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(515) On October 23, 1983, when the explosive device described above was detonated, Keith Laise, a member of the United States Marine Corps, suffered fatal injuries. The death of Keith Laise, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Keith Laise. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(516) The beneficiaries of Keith Laise, who survived him, namely, William Laise, Betty L. Laise, and Kris Laise, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Keith Laise, and funeral and burial expenses.

WHEREFORE, Plaintiffs, William Laise and Betty L. Laise, demand judgment on behalf of the Estate of Keith Laise, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CCXXVI</u>
<u>ESTATE OF KEITH LAISE</u>
<u>SURVIVAL CLAIM</u>

<u>Title 12 District of Columbia Code Section 16-2701</u>

(517) Plaintiffs William Laise and Betty L. Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(518) Before death, Keith Laise, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, William Laise and Betty L. Laise, demand judgment on behalf of the Estate of Keith Laise, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CCXXVII</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(519) Plaintiffs, William Laise and Betty L. Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(520) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Keith Laise, namely, William Laise, Betty L. Laise, and Kris Laise, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, William Laise and Betty L. Laise, demand judgment on behalf of themselves and Kris Laise, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(521) Plaintiffs, William Laise and Betty L. Laise, Personal Representative of the Estate of Keith Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(522) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, William Laise and Betty L. Laise, Personal Representative of the Estate of Keith Laise, pray that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXXIX

</div>

ESTATE OF JAMES J. LANGON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(523) Plaintiff James J. Langon, III, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(524) On October 23, 1983, when the explosive device described above was detonated, James J. Langon, a member of the United States Marine Corps, suffered fatal injuries. The death of James J. Langon, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James J. Langon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(525) The beneficiary of James J. Langon, who survived him, namely, James J. Langon, III, Carol Schak, and George Schak as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James J. Langon, and funeral and burial expenses.

WHEREFORE, Plaintiff, James J. Langon, III, demands judgment on behalf of the Estate of James J. Langon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXX

ESTATE OF JAMES J. LANGON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(526) Plaintiff James J. Langon, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(527) Before death, James J. Langon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James J. Langon, III., demands judgment on behalf of the Estate of James J. Langon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(528) Plaintiff, James J. Langon, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(529) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, James J. Langon, namely, James J. Langon, III, Carol Schak, and George Schak, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James J. Langon, III, demands judgment on behalf of himself, Carol Schak, and George Schak, jointly and severally, against the Defendants,

The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCXXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(530) Plaintiff, James J. Langon, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(531) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James J. Langon, III, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXXXIII
ESTATE OF MICHAEL S. LaRIVIERE
CLAIM FOR WRONGFUL DEATH

</div>

<u>Title 16 District of Columbia Code Section 16-2701</u>

(532) Plaintiff Joyce Houston repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(533) On October 23, 1983, when the explosive device described above was detonated, Michael S. LaRiviere, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael S. LaRiviere, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael S. LaRiviere. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(534) The beneficiaries of Michael S. LaRiviere, who survived him, namely, Joyce Houston, Eugene LaRiviere, Zandra Johnston, and William LaRiviere, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael S. LaRiviere, and funeral and burial expenses.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of the Estate of Michael S. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<u>COUNT CCXXXIV</u>
<u>ESTATE OF MICHAEL S. LaRIVIERE</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(535) Plaintiff Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(536) Before death, Michael S. LaRiviere, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of the Estate of Michael S. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(537) Plaintiff, Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(538) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael S. LaRiviere, namely, Joyce Houston, Eugene LaRiviere, Zandra Johnston, and William LaRiviere, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joyce Houston, demands judgment on behalf of herself, Eugene LaRiviere, Zandra Johnston, and William LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

<div align="center">205</div>

Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(539) Plaintiff, Joyce Houston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(540) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joyce Houston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCXXXVII
ESTATE OF STEVEN B. LaRIVIERE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(541) Plaintiff Cheryl A. Cossaboom repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(542) On October 23, 1983, when the explosive device described above was detonated, Steven B. LaRiviere, a member of the United States Marine Corps, suffered fatal injuries. The death of Steven B. LaRiviere, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Steven B. LaRiviere. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(543) The beneficiaries of Steven B. LaRiviere, who survived him, namely, Cheryl A. Cossaboom, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J. LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Steven B. LaRiviere, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of the Estate of Steven B. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXXVIII
ESTATE OF STEVEN B. LaRIVIERE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(544) Plaintiff Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(545) Before death, Steven B. LaRiviere, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of the Estate of Steven B. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(546) Plaintiff, Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(547) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Steven B. LaRiviere, namely, Cheryl A. Cossaboom, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J. LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, demands judgment on behalf of herself, Janet LaRiviere, Richard K. LaRiviere, Linda J. Rooney, Robert P. LaRiviere, Michael L. LaRiviere, Joanne M. Zimmerman, John M. LaRiviere, Nancy J. LaRiviere, Lesley A. LaRiviere, and Estate of Richard G. LaRiviere, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCXL
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(548) Plaintiff, Cheryl A. Cossaboom, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(549) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Cheryl A. Cossaboom, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCXLI
ESTATE OF RICHARD LEMNAH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(550) Plaintiff Marlys Lemnah repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(551) On October 23, 1983, when the explosive device described above was detonated, Richard Lemnah, a member of the United States Marine Corps, suffered fatal injuries. The death of Richard Lemnah, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Lemnah. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(552) The beneficiaries of Richard Lemnah, who survived him, namely, Marlys Lemnah, Etta Lemnah, Robert Lemnah, Harold Lemnah, Fay Lemnah, and Ronald Lemnah, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future

earnings and accretions to the Estate of Richard Lemnah, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of the Estate of Richard Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCXLII
ESTATE OF RICHARD LEMNAH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701
</div>

(553) Plaintiff Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(554) Before death, Richard Lemnah, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of the Estate of Richard Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCXLIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )
</div>

(555) Plaintiff, Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(556) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Lemnah, namely, Marlys Lemnah, Etta Lemnah, Robert Lemnah, Harold Lemnah, Fay Lemnah, the Estate of Clarence Lemnah, and Ronald Lemnah, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marlys Lemnah, demands judgment on behalf of herself, Etta Lemnah, Robert Lemnah, Harold Lemnah, Fay Lemnah, the Estate of Clarence Lemnah, and Ronald Lemnah, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(557) Plaintiff, Marlys Lemnah, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(558) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marlys Lemnah, prays that judgment be entered, jointly and severally, against the Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCXLV
ESTATE OF JOSEPH LIVINGSTON, III
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(559) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(560) On October 23, 1983, when the explosive device described above was detonated, Joseph Livingston, III, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph Livingston, III, was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Livingston, III. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(561) The beneficiaries of Joseph Livingston, III, who survived him, namely, Annette Livingston, Joseph Livingston, Tia Fox, the Estate of Joseph Livingston, Carol Livingston, and Lori Berry, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and

severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Livingston, III, and funeral and burial expenses.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of the Estate of Joseph Livingston, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXLVI
ESTATE OF JOSEPH LIVINGSTON, III
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(562) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(563) Before death, Joseph Livingston, III, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of the Estate of Joseph Livingston, III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(564) Plaintiff, Annette Livingston, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(565) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Livingston, III, namely, Annette Livingston, Joseph Livingston IV, Tia Fox, the Estate of Joseph Livingston, Jr., Carol Livingston, and Lori Berry, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Annette Livingston, demands judgment on behalf of herself, Joseph Livingston IV, Tia Fox, the Estate of John Livingston, Jr., Carol Livingston, and Lori Berry, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCXLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(566) Plaintiff Annette Livingston repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(567) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Annette Livingston, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCXLIX
ESTATE OF PAUL LYON, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(568) Plaintiff Maria Lyon, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(569) On October 23, 1983, when the explosive device described above was detonated, Paul Lyon, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Lyon, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Lyon, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(570) The beneficiaries of Paul Lyon, Jr. who survived him, namely, Maria Lyon, Paul Lyon, Sr., Elizabeth Lyon House, Valerie Lyon, Earl Lyon, Francisco Michael Lyon, and June Lyon, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and

severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Paul Lyon, Jr. and funeral and burial expenses.

WHEREFORE, Plaintiff, Maria Lyon, demands judgment on behalf of the Estate of Paul Lyon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCL
ESTATE OF PAUL LYON, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(571) Plaintiff, Maria Lyon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(572) Before death, Paul Lyon, Jr. suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Maria Lyon, demands judgment on behalf of the Estate of Paul Lyon, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCLI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(573) Plaintiff, Maria Lyon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(574) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Paul Lyon, Jr., to wit, Maria Lyon, Paul Lyon, Sr., Elizabeth Lyon House, Valerie Lyon, Earl Lyon, Francisco (Michael) Lyon, and June Lyon, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Maria Lyon, demands judgment on behalf of herself, Paul Lyon, Sr., Elizabeth Lyon House, Valerie Lyon, Earl Lyon, Francisco (Michael) Lyon, and June Lyon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<u>COUNT CCLII</u>
<u>PUNITIVE DAMAGES</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(575) Plaintiff Maria Lyon repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(576) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Maria Lyon, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLIII
ESTATE OF DAVID MASSA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(577) Plaintiff Anna Beard repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(578) On October 23, 1983, when the explosive device described above was detonated, David Massa, a member of the United States Marine Corps, suffered fatal injuries. The death of David Massa was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Massa. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(579) The beneficiaries of David Massa who survived him, namely, Anna Beard, Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, and Christina Massa, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Massa, and funeral and burial expenses.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of the Estate of David Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CCLIV</u>
<u>ESTATE OF DAVID MASSA</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(580) Plaintiff, Anna Beard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(581) Before death, David Massa, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of the Estate of David Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CCLV</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(582) Plaintiff Anna Beard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(583) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Massa, to wit, Anna Beard, Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, Jr., the Estate of Manuel Massa, and Christina Massa, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Beard, demands judgment on behalf of herself, Jose Massa, Edmund Massa, Ramiro Massa, Joao Massa, Manuel Massa, Jr., the Estate of Manuel Massa, and Christina Massa, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCLVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(584) Plaintiff Anna Beard repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(585) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anna Beard, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs**.

<div align="center">

COUNT CCLVII
ESTATE OF SAMUEL MAITLAND
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(586) Plaintiff Shirla Maitland repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(587) On October 23, 1983, when the explosive device described above was detonated, Samuel Maitland, a member of the United States Marine Corps, suffered fatal injuries. The death of Samuel Maitland was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Samuel Maitland. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(588) The beneficiaries of Samuel Maitland who survived him, namely, Shirla Maitland, Leysmal Maitland, Samuel Maitland, Jr., Alex Griffin, and Kenty Maitland, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered

pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Samuel Maitland, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of the Estate of Samuel Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLVIII
ESTATE OF SAMUEL MAITLAND
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(589) Plaintiff, Shirla Maitland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(590) Before death, Samuel Maitland, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of the Estate of Samuel Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLVIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(591) Plaintiff, Shirla Maitland, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**223**

</div>

(592) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Samuel Maitland, to wit, Shirla Maitland, Leysmal Maitland, Samuel Maitland, Sr., Alex Griffin, Miralda Alarcon (Judith Maitland), and Kenty Maitland, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirla Maitland, demands judgment on behalf of herself Leysmal Maitland, Samuel Maitland, Jr., Alex Griffin, Miralda Alarcon (Judith Maitland), and Kenty Maitland, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<u>COUNT CCLX</u>
<u>PUNITIVE DAMAGES</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(593) Plaintiff Shirla Maitland repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(594) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C )

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Shirla Maitland, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXI
ESTATE OF JOHN MACROGLOU
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(595) Plaintiff Bill Macroglou repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(596) On October 23, 1983, when the explosive device described above was detonated, John Macroglou, a member of the United States Marine Corps, suffered fatal injuries. The death of John Macroglou was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Macroglou. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(597) The beneficiaries of John Macroglou who survived him, namely, Bill Macroglou, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James Macroglou, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Macroglou, and funeral and burial expenses.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of the Estate of John Macroglou, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCLXII
ESTATE OF JOHN MACROGLOU
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(598) Plaintiff, Bill Macroglou, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(599) Before death, John Macroglou, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of the Estate of John Macroglou, jointly and severally, against the Defendants, The Islamic Republic of and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CCLXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(600) Plaintiff Bill Macroglou repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

226

</div>

(601) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Macroglou, to wit, Bill Macroglou, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James Macroglou, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Bill Macroglou, demands judgment on behalf of himself, Lorraine Macroglou, Deborah M. Coltrane, Heather Macroglou, and James Macroglou, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCLXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(602) Plaintiff Bill Macroglou repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(603) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Bill Macroglou, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXV
ESTATE OF CHARLIE ROBERT MARTIN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(604) Plaintiff Pacita G. Martin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(605) On October 23, 1983, when the explosive device described above was detonated, Charlie Robert Martin, a member of the United States Marine Corps, suffered fatal injuries. The death of Charlie Robert Martin was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charlie Robert Martin. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(606) The beneficiaries of Charlie Robert Martin who survived him, namely, Pacita G. Martin, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, as a direct and proximate consequence of the actions of the Defendants hereinabove

<div align="center">

228

</div>

described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charlie Robert Martin, and funeral and burial expenses.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of the Estate of Charlie Robert Martin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXVI
ESTATE OF CHARLIE ROBERT MARTIN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(607) Plaintiff, Pacita G. Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(608) Before death, Charlie Robert Martin, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of the Estate of Charlie Robert Martin, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(609) Plaintiff, Pacita G. Martin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**229**

</div>

(610) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Charlie Robert Martin, to wit, Pacita G. Martin, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Pacita G. Martin, demands judgment on behalf of herself, Ruby Martin, Charlita Covington, Renerio Martin, Gussie Williams, John Martin, Mary E. Thompson, Florene Carter, Linda Johnson, and Corene Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCLXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(611) Plaintiff Ruby Martin repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

 (612) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Ruby Martin prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the Estate of Charlie R. Martin, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCLXIX
ESTATE OF JOHN McCALL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(613) Plaintiff Mary McCall repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(614) On October 23, 1983, when the explosive device described above was detonated, John McCall, a member of the United States Marine Corps, suffered fatal injuries. The death of John McCall was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John McCall. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(615) The beneficiaries of John McCall who survived him, namely, Mary McCall, Stephen Zone, Valerie McCall, and The Estate of Thomas McCall, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss,

including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John McCall, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of the Estate of John McCall, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCLXX
ESTATE OF JOHN McCALL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(616) Plaintiff, Mary McCall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(617) Before death, John McCall, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of the Estate of John McCall, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCLXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(618) Plaintiff, Mary McCall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(619) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John McCall, to wit, Mary McCall, Stephen Zone, Valerie McCall, and The Estate of Thomas McCall, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary McCall, demands judgment on behalf of herself, Stephen Zone, Valerie McCall, and the Estate of Thomas McCall, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(620) Plaintiff, Mary McCall repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(621) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants.  In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary McCall, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the Estate of John McCall, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CCLXXIII</u>
<u>ESTATE OF JAMES McDONOUGH</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(622) Plaintiff, Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(623) On October 23, 1983, when the explosive device described above was detonated, James McDonough, a member of the United States Marine Corps, suffered fatal injuries. The death of James McDonough was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James McDonough. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(624) The beneficiaries of James McDonough who survived him, namely, Shirley Kirkwood, Carl Kirkwood, Sr., Jeff Kirkwood, Carl Kirkwood, Jr., Edward J. McDonough, Sally Jo Wirick, Kathy McDonald, Storm Jones, Sean McDonough, and Edward W. McDonough, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss

of future earnings and accretions to the Estate of James McDonough, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of the Estate of James McDonough, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXXIV
ESTATE OF JAMES McDONOUGH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(625) Plaintiff, Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(626) Before death, James McDonough, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of the Estate of James McDonough, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(627) Plaintiff, Shirley Kirkwood, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(628) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James McDonough, to wit, Shirley Kirkwood, Carl Kirkwood, Sr., Carl Kirkwood, Jr., Edward J. McDonough, Sally Jo Wirick, Kathy McDonald, Jeff Kirkwood, Storm Jones, Sean McDonough, and Edward W. McDonough, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Kirkwood, demands judgment on behalf of herself, Carl Kirkwood, Sr., Carl Kirkwood, Jr., Edward J. McDonough, Sally Jo Wirick, Kathy McDonald, Jeff Kirkwood, Storm Jones, Sean McDonough, and Edward W. McDonough, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCLXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(629) Plaintiff Shirley Kirkwood above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(630) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Shirley Kirkwood, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXVII
ESTATE OF TIMOTHY McMAHON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(631) Plaintiff Muriel Persky, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(632) On October 23, 1983, when the explosive device described above was detonated, Timothy McMahon, a member of the United States Marine Corps, suffered fatal injuries. The death of Timothy McMahon was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy McMahon. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(633) The beneficiaries of Timothy McMahon who survived him, namely, Muriel Persky, Herbert Persky, Marie E. Russell, George F. McMahon, and Michael P. McMahon, as a direct and proximate consequence of the actions of the Defendants

<div align="center">

237

</div>

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Timothy McMahon, and funeral and burial expenses.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of the Estate of Timothy McMahon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXVIII
ESTATE OF TIMOTHY McMAHON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(634) Plaintiff, Muriel Persky, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(635) Before death, Timothy McMahon, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of the Estate of Timothy McMahon, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(636) Plaintiff Muriel Persky, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(637) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Timothy McMahon, to wit, Muriel Persky, Herbert Persky, Marie E. Russell, George F. McMahon, and Michael P. McMahon, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Muriel Persky, demands judgment on behalf of herself, Marie E. Russell, Herbert Persky, George F. McMahon, and Michael P. McMahon**,** jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<u>COUNT CCLXXX</u>
<u>PUNITIVE DAMAGES</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(638) Plaintiff Muriel Persky repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(639) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Muriel Persky, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXXI
ESTATE OF RICHARD MENKINS, II
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(640) Plaintiffs Margaret Menkins and Richard H. Menkins repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(641) On October 23, 1983, when the explosive device described above was detonated, Richard Menkins, II, a member of the United States Marine Navy, suffered fatal injuries. The death of Richard Menkins, II was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Richard Menkins, II. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(642) The beneficiaries of Richard Menkins, II who survived him, namely Margaret Menkins, Richard H. Menkins, Darren Menkins, Lisa Palmer, and Gregory

Scott Menkins, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Richard Menkins, II, and funeral and burial expenses.

WHEREFORE, Plaintiffs Margaret Menkins and Richard Menkins demand judgment on behalf of the Estate of Richard Menkins, II, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXXXII
ESTATE OF RICHARD MENKINS, II
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(643) Plaintiffs Margaret Menkins and Richard H. Menkins repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(644) Before death, Richard Menkins, II, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs Margaret Menkins and Richard H. Menkins demand judgment on behalf of the Estate of Richard Menkins, II, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(645) Plaintiffs Margaret Menkins and Richard H. Menkins repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(646) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Richard Menkins, II, to wit, Margaret Menkins, Richard H. Menkins, Darren Menkins, Lisa Palmer, and Gregory Scott Menkins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Margaret Menkins and Richard H. Menkins demand judgment on behalf of herself, Richard H. Menkins, Darren Menkins, Lisa Palmer, and Gregory Scott Menkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(647) Plaintiffs Margaret Menkins and Richard H. Menkins repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(648) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs Margaret Menkins and Richard H. Menkins pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXXV
ESTATE OF RONALD MEURER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(649) Plaintiff Mary Lou Meurer repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(650) On October 23, 1983, when the explosive device described above was detonated, Ronald Meurer, a member of the United States Marine Corps, suffered fatal injuries. The death of Ronald Meurer was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Ronald Meurer. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(651) The beneficiaries of Ronald Meurer who survived him, namely, Mary Lou Meurer, Michael J. Meurer, Robin Lynch, John Meurer, John Thomas Meurer, Jay Meurer, Deborah Meurer, and Jennifer Collier, as a direct and proximate consequence of

the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ronald Meurer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of the Estate of Ronald Meurer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCLXXXVI
ESTATE OF RONALD MEURER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(652) Plaintiff, Mary Lou Meurer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(653) Before death, Ronald Meurer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of the Estate of Ronald Meurer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCLXXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(654) Plaintiff Mary Lou Meurer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(655) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Ronald Meurer, to wit, Mary Lou Meurer, Michael J. Meurer, Robin Lynch, John Meurer, John Thomas Meurer, Jay Meurer, Deborah Meurer, and Jennifer Collier, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Lou Meurer, demands judgment on behalf of herself, Michael J. Meurer, Robin Lynch, John Meurer, John Thomas Meurer, Jay Meurer, Deborah Meurer, and Jennifer Collier, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCLXXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(656) Plaintiff Mary Lou Meurer repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(657) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Lou Meurer, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCLXXXIX
ESTATE OF JOSEPH MILANO
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(658) Plaintiff Rosalie Donahue repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(659) On October 23, 1983, when the explosive device described above was detonated, Joseph Milano, a member of the United States Marine Navy, suffered fatal injuries. The death of Joseph Milano was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Milano. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(660) The beneficiaries of Joseph Milano who survived him, namely, Rosalie Donahue, Angelina Milano, Peter Milano, Adel H. Chios, and Bernadette Jaccom, as a

direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Milano, and funeral and burial expenses.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of the Estate of Joseph Milano, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXC
ESTATE OF JOSEPH MILANO
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(661) Plaintiff, Rosalie Donahue, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(662) Before death, Joseph Milano, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of the Estate of Joseph Milano, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCXCI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

<div align="center">247</div>

(663) Plaintiff Rosalie Donahue, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(664) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Milano, to wit, Rosalie Donahue, Angelina Milano, Peter Milano, Adel H. Chios, and Bernadette Jaccom, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Rosalie Donahue, demands judgment on behalf of herself, Angelina Milano, Peter Milano, Adel H. Chios, and Bernadette Jaccom, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">
COUNT CCXCII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )
</div>

(665) Plaintiff Rosalie Donahue described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(666) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Rosalie Donahue, and each of them, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCXCIII
ESTATE OF JOSEPH MOORE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(667) Plaintiff Susan Ann Ray repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(668) On October 23, 1983, when the explosive device described above was detonated, Joseph Moore, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph Moore was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph Moore. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(669) The beneficiaries of Joseph Moore who survived him, namely, Susan Ann Ray, Betty Moore, Harry Moore, Melissa Lea Moore, and Denise Lynn Voyles, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered

pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph Moore, and funeral and burial expenses.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of the Estate of Joseph Moore, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXCIV
ESTATE OF JOSEPH MOORE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(670) Plaintiff, Susan Ann Ray, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(671) Before death, Joseph Moore, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of the Estate of Joseph Moore, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXCV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(672) Plaintiff, Susan Ann Ray, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(673) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph Moore, to wit, Susan Ann Ray, Betty Moore, Harry Moore, Melissa Lea Moore, the Estate of Michael Moore, and Denise Lynn Voyles, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Susan Ann Ray, demands judgment on behalf of herself, Betty Moore, Harry Moore, Melissa Lea Moore, the Estate of Michael Moore, and Denise Lynn Voyles, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCXCVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (C)

(674) Plaintiff Betty Moore described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(675) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Betty Moore, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs**.

<div align="center">

COUNT CCXCVII
ESTATE OF HARRY DOUGLAS MYERS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(676) Plaintiff Geneva Myers repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(677) On October 23, 1983, when the explosive device described above was detonated, Harry Douglas Myers, a member of the United States Marine Corps, suffered fatal injuries. The death of Harry Douglas Myers was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Harry Douglas Myers. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(678) The beneficiaries of Harry Douglas Myers who survived him, namely, Geneva Myers, Harry Myers, and Debra Myers, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to

the beneficiaries, the loss of future earnings and accretions to the Estate of Harry Douglas Myers, and funeral and burial expenses.

WHEREFORE, Plaintiff, Geneva Myers, demands judgment on behalf of the Estate of Harry Douglas Myers, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCXCVIII
ESTATE OF HARRY DOUGLAS MYERS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(679) Plaintiff, Geneva Myers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(680) Before death, Harry Douglas Myers, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Geneva Myers, demands judgment on behalf of the Estate of Harry Douglas Myers, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCXCVIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(681) Plaintiff Geneva Myers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(682) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Harry Douglas Myers, to wit, Geneva Myers, Harry Myers, and Debra Myers, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Geneva Myers, demands judgment on behalf of herself, Harry Myers, and Debra Myers, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCC
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(683) Plaintiff Geneva Myers described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(684) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Geneva Myers prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCI
ESTATE OF DAVID JOHNS NAIRN
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(685) Plaintiff Tammy Freshour repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(686) On October 23, 1983, when the explosive device described above was detonated, David Johns Nairn, a member of the United States Marine Corps, suffered fatal injuries. The death of David Johns Nairn was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David Johns Nairn. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(687) The beneficiaries of David Johns Nairn who survived him, namely, Tammy Freshour, (Billie Ann Nairn, Personal Representative of the) Estate of Campbell J. Nairn, Jr., Billie Ann Nairn, Campbell J. Nairn, III, and William P. Nairn, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss,

including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David Johns Nairn, and funeral and burial expenses.

WHEREFORE, Plaintiff, Tammy Freshour, demands judgment on behalf of the Estate of David Johns Nairn, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCII
ESTATE OF DAVID JOHNS NAIRN
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(688) Plaintiff, Tammy Freshour, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(689) Before death, David Johns Nairn, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Tammy Freshour, demands judgment on behalf of the Estate of David Johns Nairn, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(690) Plaintiff Tammy Freshour, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(691) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David Johns Nairn, to wit, Tammy Freshour, (Billie Ann Nairn, Personal Representative of the) Estate of Campbell J. Nairn, Jr., Billie Ann Nairn, Campbell J. Nairn, III, and William P. Nairn, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Tammy Freshour, demands judgment on behalf of herself, (Billie Ann Nairn, Personal Representative of the) Estate of Campbell J. Nairn, Jr., Billie Ann Nairn, Campbell J. Nairn, III, and William P. Nairn, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCCIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(692) Plaintiff Tammy Freshour, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(693) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Tammy Freshour, and each of them, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCV
ESTATE OF JOHN OLSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(694) Plaintiff Roger S. Olson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(695) On October 23, 1983, when the explosive device described above was detonated, John Olson, a member of the United States Marine Corps, suffered fatal injuries. The death of John Olson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Olson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(696) The beneficiaries of John Olson who survived him, namely, Roger S. Olson, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, Wendy L. Lange, and the Estates of Bertha Olson and Liguard Olson, as a direct and proximate consequence of the actions of

<div align="center">

258

</div>

the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Olson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of the Estate of John Olson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCVI
ESTATE OF JOHN OLSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(697) Plaintiff, Roger S. Olson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(698) Before death, John Olson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of the Estate of John Olson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(699) Plaintiff Roger S. Olson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(700) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Olson, to wit, Roger S. Olson, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, Wendy L. Lange, and the Estates of Bertha Olson and Sigurd Olson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Roger S. Olson, demands judgment on behalf of himself, Jana M. Christian, Julia A. McFarlin, Mary Baumgartner, Susan J. Sinsioco, Karen L. Olson, Randal D. Olson, Ronald J. Olson, Wendy L. Lange, and the Estates of Bertha Olson and Sigurd Olson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(701) Plaintiff Roger S. Olson described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(702) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Roger S. Olson, prays that a judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCIX
ESTATE OF JOSEPH A. OWENS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(703) Plaintiff Frances L. Owens repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(704) On October 23, 1983, when the explosive device described above was detonated, Joseph A. Owens, a member of the United States Marine Corps, suffered fatal injuries. The death of Joseph A. Owens was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Joseph A. Owens. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(705) The beneficiaries of Joseph A. Owens who survived him, namely, Frances L. Owens, Deanna L. Owens, David L. Owens, Steven T. Owens, (Frances L. Owens, Personal Representative of the) Estate of James A. Owens, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joseph A. Owens, and funeral and burial expenses.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of the Estate of Joseph A. Owens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCX
ESTATE OF JOSEPH A. OWENS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(706) Plaintiff, Frances L. Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(707) Before death, Joseph A. Owens, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of the Estate of Joseph A. Owens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

## COUNT CCCXI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(708) Plaintiff Frances L. Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(709) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Joseph A. Owens, to wit, Frances L. Owens, Deanna L. Owens, David L. Owens, Steven T. Owens, (Frances L. Owens, Personal Representative of the) Estate of James A. Owens, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Frances L. Owens, demands judgment on behalf of herself, Deanna L. Owens, David L. Owens, Steven T. Owens, (Frances L. Owens, Personal Representative of the) Estate of James A. Owens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CCCXII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(710) Plaintiff Frances L. Owens described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(711) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff Frances L. Owens, and each of them, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXIII
ESTATE OF CONNIE RAY PAGE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(712) Plaintiff Judith K. Page repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(713) On October 23, 1983, when the explosive device described above was detonated, Connie Ray Page, a member of the United States Marine Corps, suffered fatal injuries. The death of Connie Ray Page was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Connie Ray Page. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(714) The beneficiaries of Connie Ray Page who survived him, namely, Judith K. Page and Connie M. Page, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Connie Ray Page, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of the Estate of Connie Ray Page, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXIV
ESTATE OF CONNIE RAY PAGE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(715) Plaintiff, Judith K. Page, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(716) Before death, Connie Ray Page, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of the Estate of Connie Ray Page, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(717) Plaintiff Judith K. Page repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(718) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Connie Ray Page, to wit, Judith K. Page and Connie M. Page, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judith K. Page, demands judgment on behalf of herself and Connie M. Page, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(719) Plaintiff Judith K. Page described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(720) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Judith K. Page, and each of them, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXVII
ESTATE OF ULYSSES G. PARKER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(721) Plaintiff Mary Ruth Ervin repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(722) On October 23, 1983, when the explosive device described above was detonated, Ulysses G. Parker, a member of the United States Marine Corps, suffered fatal injuries. The death of Ulysses G. Parker was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Ulysses G. Parker. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(723) The beneficiaries of Ulysses G. Parker who survived him, namely, Mary Ruth Ervin, Ray A. Johnson, Sharon Parker, Henry James Parker, and Shirley L. Knox, as a direct and proximate consequence of the actions of the Defendants hereinabove

<div align="center">

267

</div>

described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ulysses G. Parker, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of the Estate of Ulysses G. Parker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXVIII
ESTATE OF ULYSSES G. PARKER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(724) Plaintiff, Mary Ruth Ervin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(725) Before death, Ulysses G. Parker, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of the Estate of Ulysses G. Parker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(726) Plaintiff Mary Ruth Ervin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(727) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Ulysses G. Parker, to wit, Mary Ruth Ervin, Ray A. Johnson, Sharon Parker, Henry James Parker, and Shirley L. Knox, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ruth Ervin, demands judgment on behalf of herself, Ray A. Johnson, Sharon Parker, Henry James Parker, and Shirley L. Knox, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(728) Plaintiff Mary Ruth Ervin described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(729) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Ruth Ervin, prays that a judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS $250,000,000.00),** **besides costs.**

COUNT CCCXXI
ESTATE OF JOHN L. PEARSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(730) Plaintiff Sonia Pearson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(731) On October 23, 1983, when the explosive device described above was detonated, John L. Pearson, a member of the United States Marine Corps, suffered fatal injuries. The death of John L. Pearson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John L. Pearson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(732) The beneficiaries of John L. Pearson who survived him, namely, Sonia Pearson, Helen M. Pearson, Melrose Ricks, and John L. Pearson, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss,

including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John L. Pearson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of the Estate of John L. Pearson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCXXII
ESTATE OF JOHN L. PEARSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(733) Plaintiff, Sonia Pearson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(734) Before death, John L. Pearson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of the Estate of John L. Pearson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(735) Plaintiff Sonia Pearson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(736) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John L. Pearson, to wit, Sonia Pearson, Helen M. Pearson, Melrose Ricks, and John L. Pearson, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sonia Pearson, demands judgment on behalf of herself, Helen M. Pearson, Melrose Ricks, and John L. Pearson, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(737) Plaintiff Sonia Pearson described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(738) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Sonia Pearson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CCCXXV</u>
<u>ESTATE OF THOMAS S. PERRON</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(739) Plaintiff Ronald R. Perron repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(740) On October 23, 1983, when the explosive device described above was detonated, Thomas S. Perron, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas S. Perron was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas S. Perron. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(741) The beneficiaries of Thomas S. Perron who survived him, namely, Ronald R. Perron, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A. Hurston, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas S. Perron, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of the Estate of Thomas S. Perron, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCCXXVI
ESTATE OF THOMAS S. PERRON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(742) Plaintiff, Ronald R. Perron, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(743) Before death, Thomas S. Perron, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of the Estate of Thomas S. Perron, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CCCXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(744) Plaintiff Ronald R. Perron, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(745) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas S. Perron, to wit, Ronald R. Perron, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A. Hurston, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ronald R. Perron, demands judgment on behalf of himself, Michelle L. Perron, Christine M. Brown, Brett A. Perron, Deborah J. Perron, Suzanne M. Perron Garza, and Cynthia A. Hurston, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<u>COUNT CCCXXVIII</u>
<u>PUNITIVE DAMAGES</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(746) Plaintiff Ronald R. Perron described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(747) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Ronald R. Perron, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCCXXIX
ESTATE OF JOHN ARTHUR PHILLIPS, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(748) Plaintiff Nancy B. Fox repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(749) On October 23, 1983, when the explosive device described above was detonated, John Arthur Phillips, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of John Arthur Phillips, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Arthur Phillips, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(750) The beneficiaries of John Arthur Phillips, Jr. who survived him, namely, Nancy B. Fox, John A. Philllips, Sr., Harold T. Phillips, Elizabeth P. Moy, and Victoria Jacobus, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of John Arthur Phillips, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of the Estate of John Arthur Phillips, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCXXX
ESTATE OF JOHN ARTHUR PHILLIPS, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(751) Plaintiff, Nancy B. Fox, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(752) Before death, John Arthur Phillips, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of the Estate of John Arthur Phillips, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCXXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(753) Plaintiff Nancy B. Fox repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(754) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, John Arthur Phillips, Jr., to wit, Nancy B. Fox, John A. Phillips, Sr., Harold T. Phillips, Elizabeth P. Moy, and Victoria Jacobus, have suffered extraordinary grief and mental anguish, and have thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Nancy B. Fox, demands judgment on behalf of herself, John A. Phillips, Sr., Harold T. Phillips, Elizabeth P. Moy, and Victoria Jacobus against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(755) Plaintiff Nancy B. Fox repeats and re-alleges every allegation set forth above with like effect as if alleged herein.

(756) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Nancy B. Fox, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXXIII
ESTATE OF WILLIAM ROY POLLARD
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(757) Plaintiff Margaret Pollard repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(758) On October 23, 1983, when the explosive device described above was detonated, William Roy Pollard, a member of the United States Marine Corps, suffered fatal injuries. The death of William Roy Pollard was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William Roy Pollard. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(759) The beneficiaries of William Roy Pollard who survived him, namely, Margaret Pollard and Stacey Yvonne Pollard, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to

the beneficiaries, the loss of future earnings and accretions to the Estate of William Roy Pollard, and funeral and burial expenses.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of the Estate of William Roy Pollard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCXXXIV
ESTATE OF WILLIAM ROY POLLARD
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(760) Plaintiff, Margaret Pollard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(761) Before death, William Roy Pollard, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of the Estate of William Roy Pollard, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCXXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(762) Plaintiff Margaret Pollard, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(763) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William Roy Pollard, to wit, Margaret Pollard and Stacey Yvonne Pollard, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Margaret Pollard, demands judgment on behalf of herself and Stacey Yvonne Pollard jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCCXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(764) Plaintiff Margaret Pollard described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(765) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Margaret Pollard, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXXVII
ESTATE OF VICTOR MARK PREVATT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(766) Plaintiff Sandra Rhodes Young repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(767) On October 23, 1983, when the explosive device described above was detonated, Victor Mark Prevatt, a member of the United States Marine Corps, suffered fatal injuries. The death of Victor Mark Prevatt was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Victor Mark Prevatt. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(768) The beneficiaries of Victor Mark Prevatt who survived him, namely, Sandra Rhodes Young, Victor Thornton Prevatt, and Lee H. Prevatt, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Victor Mark Prevatt, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of the Estate of Victor Mark Prevatt, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXXVIII
ESTATE OF VICTOR MARK PREVATT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(769) Plaintiff, Sandra Rhodes Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(770) Before death, Victor Mark Prevatt, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of the Estate of Victor Mark Prevatt, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(771) Plaintiff Sandra Rhodes Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(772) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Victor Mark Prevatt, to wit, Sandra Rhodes Young, Victor Thornton

Prevatt, and Lee H. Prevatt, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sandra Rhodes Young, demands judgment on behalf of herself, Victor Thornton Prevatt, and Lee H. Prevatt, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXL
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(773) Plaintiff Sandra R. Young repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(774) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Sandra R. Young, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of

Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>COUNT CCCXLI</u>
<u>ESTATE OF PATRICK K. PRINDEVILLE</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>Title 16 District of Columbia Code Section 16-2701</u>

(775) Plaintiff Kathleen Tara Prindeville repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(776) On October 23, 1983, when the explosive device described above was detonated, Patrick K. Prindeville, a member of the United States Marine Corps, suffered fatal injuries. The death of Patrick K. Prindeville was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Patrick K. Prindeville. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(777) The beneficiary of Patrick K. Prindeville who survived him, namely, Kathleen Tara Prindeville, Paul E. Prindeville, Michael G. Prindeville, Sean J. Prindeville, and Eileen Ahlquist, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Patrick K. Prindeville, and funeral and burial expenses.

WHEREFORE, Plaintiff, Kathleen Tara Prindeville, demands judgment on behalf of the Estate of Patrick K. Prindeville, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLII
ESTATE OF PATRICK K. PRINDEVILLE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(778) Plaintiff, Kathleen Tara Prindeville, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(779) Before death, Patrick K. Prindeville, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Kathleen Tara Prindeville, demands judgment on behalf of the Estate of Patrick K. Prindeville, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(780) Plaintiff Kathleen Tara Prindeville, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(781) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of

Decedent, Patrick K. Prindeville, to wit, Kathleen Tara Prindeville, Paul E. Prindeville, Michael G. Prindeville, Sean J. Prindeville,  the Estate of Barbara Dorothy Prindeville, and Eileen Ahlquist, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Kathleen Tara Prindeville, demands judgment on behalf of herself, Paul E. Prindeville, Michael G. Prindeville, Sean J. Prindeville, the Estate of Barbara Dorothy Prindeville, and Eileen Ahlquist, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(782) Plaintiff Kathleen Tara Prindeville described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(783) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff Kathleen Tara Prindeville, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLV
ESTATE OF DIOMEDES J. QUIRANTE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(784) Plaintiff Belinda J. Quirante repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(785) On October 23, 1983, when the explosive device described above was detonated, Diomedes J. Quirante, a member of the United States Navy, suffered fatal injuries. The death of Diomedes J. Quirante was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Diomedes J. Quirante. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(786) The beneficiaries of Diomedes J. Quirante who survived him, namely, Belinda J. Quirante, Belinda J. Quirante (Personal Representative of the) Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the

loss of future earnings and accretions to the Estate of Diomedes J. Quirante, and funeral and burial expenses.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of the Estate of Diomedes J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLVI
ESTATE OF DIOMEDES J. QUIRANTE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(787) Plaintiff, Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(788) Before death, Diomedes J. Quirante, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of the Estate of Diomedes J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCXLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(789) Plaintiff Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**289**

</div>

(790) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Diomedes J. Quirante, to wit, Belinda J. Quirante, Belinda J. Quirante (Personal Representative of the) Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Belinda J. Quirante, demands judgment on behalf of herself, Belinda J. Quirante (Personal Representative of the) Estate of Godofredo Quirante, Edgar J. Quirante, Milton J. Quirante, Belinda J. Riva, Liberty Q. Gregg, and Sabrina J. Quirante, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

COUNT CCCXLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(791) Plaintiff, Belinda J. Quirante, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(792) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Belinda J. Quirante, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXLIX
ESTATE OF WARREN RICHARDSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(793) Plaintiff Clarence Richardson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(794) On October 23, 1983, when the explosive device described above was detonated, Warren Richardson, a member of the United States Marine Corps, suffered fatal injuries. The death of Warren Richardson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Warren Richardson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(795) The beneficiaries of Warren Richardson who survived him, namely, Clarence Richardson, Beatrice Richardson, Vanessa Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, as a direct and proximate consequence of

<div align="center">

**291**

</div>

the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Warren Richardson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of the Estate of Warren Richardson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCL
ESTATE OF WARREN RICHARDSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(796) Plaintiff, Clarence Richardson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(797) Before death, Warren Richardson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of the Estate of Warren Richardson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(798) Plaintiff Clarence Richardson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(799) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Warren Richardson, to wit, Clarence Richardson, Beatrice Richardson, Vanessa Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Clarence Richardson, demands judgment on behalf of himself, Beatrice Richardson, Vanessa Richardson, Lynnette Richardson, Alan Richardson, and Eric Michael Richardson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCLII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(800) Plaintiff, Clarence Richardson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(801) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Clarence Richardson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLIII
ESTATE OF LOUIS ROTONDO
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(802) Plaintiff Marian Rotondo DiGiovanni repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(803) On October 23, 1983, when the explosive device described above was detonated, Louis Rotondo, a member of the United States Marine Corps, suffered fatal injuries. The death of Louis Rotondo was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Louis Rotondo. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(804) The beneficiaries of Louis Rotondo who survived him, namely, Marian Rotondo DiGiovanni, the Estates of the Deceased Parents (Louis Joseph Rotondo and

<div align="center">

294

</div>

Rose Catherine Rotondo), the Estate of the Deceased Sister (Phyllis Santorsiero), Lisa DiGiovanni, and Danielle DiGiovanni, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Louis Rotondo, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of the Estate of Louis Rotondo, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLIV
ESTATE OF LOUIS ROTONDO
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(805) Plaintiff, Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(806) Before death, Louis Rotondo, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of the Estate of Louis Rotondo, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(807) Plaintiff Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(808) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Louis Rotondo, to wit, Marian Rotondo DiGiovanni, the Estates of the deceased parents (Louis Joseph and Rose Catherine Rotondo), the deceased sister (Phyllis Santorsiero), have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, demands judgment on behalf of herself, the Estates of the deceased parents (Louis Joseph and Rose Catherine Rotondo), and the deceased sister (Phyllis Santorsiero), Lisa DiGiovanni, and Danielle DiGiovanni, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCCLVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(809) Plaintiff, Marian Rotondo DiGiovanni, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(810) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marian Rotondo DiGiovanni, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCCLVII
ESTATE OF MICHAEL C. SAULS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(811) Plaintiff Barbara E. Rockwell repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(812) On October 23, 1983, when the explosive device described above was detonated, Michael C. Sauls, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael C. Sauls was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael C. Sauls. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(813) The beneficiaries of Michael C. Sauls who survived him, namely, Barbara E. Rockwell, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, IV, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Michael C. Sauls, and funeral and burial expenses.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of the Estate of Michael C. Sauls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLVIII
ESTATE OF MICHAEL C. SAULS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(814) Plaintiff, Barbara E. Rockwell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(815) Before death, Michael C. Sauls, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of the Estate of Michael C. Sauls, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CCCLIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

</div>

(816) Plaintiff Barbara E. Rockwell repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(817) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Michael C. Sauls, to wit, Barbara E. Rockwell, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, IV have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Barbara E. Rockwell, demands judgment on behalf of herself, Andrew R. Sauls, Henry Caleb Sauls, Riley A. Sauls, and Donald E. Rockwell, IV, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(818) Plaintiff, Barbara Elizabeth Rockwell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(819) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards

<div align="center">

**299**

</div>

of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Barbara Elizabeth Rockwell, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CCCLXI
ESTATE OF CHARLES SCHNORF
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(820) Plaintiff Lynn Dallachie repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(821) On October 23, 1983, when the explosive device described above was detonated, Charles Schnorf, a member of the United States Marine Corps, suffered fatal injuries. The death of Charles Schnorf was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Charles Schnorf. Those agents were at all times acting with the scope of their

agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(822) The beneficiaries of Charles Schnorf who survived him, namely, Lynn Dallachie, Richard Colfax Schnorf, Margaret Medler Schnorf, Richard Schnorf, Robert Schnorf and Susan Schnorf Breeden, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Charles Schnorf, and funeral and burial expenses.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of the Estate of Charles Schnorf, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLXII
ESTATE OF CHARLES SCHNORF
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(823) Plaintiff, Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(824) Before death, Charles Schnorf, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of the Estate of Charles Schnorf, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(825) Plaintiff Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(826) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Charles Schnorf, to wit, Lynn Dallachie, Richard Colfax Schnorf, Margaret Medler Schnorf, Richard Schnorf, Robert Schnorf, and Susan Schnorf Breeden have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lynn Dallachie, demands judgment on behalf of herself, Richard Colfax Schnorf, Margaret Medler Schnorf, Richard Schnorf, Robert Schnorf, and Susan Schnorf Breeden, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CCCLXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(827) Plaintiff, Lynn Dallachie, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(828) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lynn Dallachie, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXV
ESTATE OF SCOTT LEE SCHULTZ
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(829) Plaintiff, Beverly Schultz, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(830) On October 23, 1983, when the explosive device described above was detonated, Scott Lee Schultz, a member of the United States Marine Corps, suffered fatal injuries. The death of Scott Lee Schultz was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Scott Lee Schultz. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(831) The beneficiaries of Scott Lee Schultz who survived him, namely, Beverly Schultz, Dennis R. Schultz, and Dennis James Schultz, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Scott Lee Schultz, and funeral and burial expenses.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of the Estate of Scott Lee Schultz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXVI
ESTATE OF SCOTT LEE SCHULTZ
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(832) Plaintiff, Beverly Schultz, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(833) Before death, Scott Lee Schultz, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of the Estate of Scott Lee Schultz, jointly and severally, against the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

**TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(834) Plaintiff Beverly Schultz repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(835) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Scott Lee Schultz, to wit, Beverly Schultz, Dennis R. Schultz, and Dennis James Schultz, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Beverly Schultz, demands judgment on behalf of herself, Dennis R. Schultz, and Dennis James Schultz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(836) Plaintiff, Beverly Schultz, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(837) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

<div align="center">

305

</div>

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Beverly Schultz, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXIX
ESTATE OF PETER SCIALABBA
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(838) Plaintiff Samuel Scott Scialabba, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(839) On October 23, 1983, when the explosive device described above was detonated, Peter Scialabba, a member of the United States Marine Corps, suffered fatal injuries. The death of Peter Scialabba was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Peter Scialabba. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

<div align="center">306</div>

(840) The beneficiaries of Peter Scialabba who survived him, namely, Samuel Scott Scialabba, Frank Scialabba, and Jacquelyn Scialabba, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Peter Scialabba, and funeral and burial expenses.

WHEREFORE, Plaintiff, Samuel Scott Scialabba, demands judgment on behalf of the Estate of Peter Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CCCLXX</u>
<u>ESTATE OF PETER SCIALABBA</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(841) Plaintiff, Samuel Scott Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(842) Before death, Peter Scialabba, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Samuel Scott Scialabba, demands judgment on behalf of the Estate of Peter Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(843) Plaintiff Samuel Scott Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(844) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Peter Scialabba, to wit, Samuel Scott Scialabba, Frank Scialabba, and Jacquelyn Scialabba, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Samuel Scott Scialabba, demands judgment on behalf of himself, Frank Scialabba, and Jacquelyn Scialabba, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCCLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(845) Plaintiff, Samuel Scott Scialabba, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(846) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Samuel Scott Scialabba, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXIII
ESTATE OF GARY R. SCOTT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(847) Plaintiff Mary Ann Scott repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(848) On October 23, 1983, when the explosive device described above was detonated, Gary R. Scott, a member of the United States Marine Corps, suffered fatal injuries. The death of Gary R. Scott was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Gary R. Scott. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(849) The beneficiaries of Gary R. Scott who survived him, namely, Mary Ann Scott, Stephen Scott, Susan Jordan, Kevin James Scott, Jon Chris Scott, and The Estate of

<div align="center">

309

</div>

Larry L. Scott (Personal Representative Mary Ann Scott), as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Gary R. Scott, and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of the Estate of Gary R. Scott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXIV
ESTATE OF GARY R. SCOTT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(850) Plaintiff, Mary Ann Scott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(851) Before death, Gary R. Scott, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of the Estate of Gary R. Scott, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(852) Plaintiff Mary Ann Scott repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(853) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Gary R. Scott, to wit, Mary Ann Scott, Stephen Scott, Susan Jordan, Kevin James Scott, Jon Chris Scott, and The Estate of Larry L. Scott (Personal Representative Mary Ann Scott), have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Mary Ann Scott, demands judgment on behalf of herself, Stephen Scott, Susan Jordan, Kevin James Scott, Jon Chris Scott, and The Estate of Larry L. Scott (Personal Representative Mary Ann Scott), jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(854) Plaintiff, Mary Ann Scott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(855) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Ann Scott, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXVII
ESTATE OF THOMAS ALAN SHIPP
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(856) Plaintiff Pauline Shipp repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(857) On October 23, 1983, when the explosive device described above was detonated, Thomas Alan Shipp, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas Alan Shipp was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Alan Shipp. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(858) The beneficiaries of Thomas Alan Shipp who survived him, namely, Pauline Shipp, Bryan Richard Shipp, Karen Shipp Collard, James D. Shipp, Janice D.

Shipp, Maurice Shipp, Raymond D. Shipp, Russell Shipp, and Theresa Desjardins, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas Alan Shipp, and funeral and burial expenses.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of the Estate of Thomas Alan Shipp, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXVIII
ESTATE OF THOMAS ALAN SHIPP
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(859) Plaintiff, Pauline Shipp, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(860) Before death, Thomas Alan Shipp, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of the Estate of Thomas Alan Shipp, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXIX
SOLATIUM CLAIM

</div>

<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(861) Plaintiff Pauline Shipp repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(862) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Alan Shipp, to wit, Pauline Shipp, Bryan Richard Shipp, Karen Shipp Collard, James D. Shipp, Janice D. Shipp, Raymond D. Shipp, Russell Shipp, Maurice Shipp, and Theresa Desjardins, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Pauline Shipp, demands judgment on behalf of herself, Bryan Richard Shipp, Karen Shipp Collard, Maurice Shipp, James D. Shipp, Janice D. Shipp, Raymond D. Shipp, Russell Shipp, and Theresa Desjardins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXX
PUNITIVE DAMAGES
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

</div>

(863) Plaintiff, Pauline Shipp, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(864) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Pauline Shipp, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXXI
ESTATE OF JERRYL D. SHROPSHIRE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(865) Plaintiffs Geraldine Morgan and Simon Watkins repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(866) On October 23, 1983, when the explosive device described above was detonated, Jerryl D. Shropshire, a member of the United States Marine Corps, suffered fatal injuries. The death of Jerryl D. Shropshire was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jerryl D. Shropshire. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(867) The beneficiaries of Jerryl D. Shropshire who survived him, namely, Geraldine Morgan, Simon Watkins, and the Estate of Lula Mae Watkins as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jerryl D. Shropshire, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Geraldine Morgan and Simon Watkins, demand judgment on behalf of the Estate of Jerryl D. Shropshire, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLXXXII
ESTATE OF JERRYL D. SHROPSHIRE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(868) Plaintiffs, Geraldine Morgan and Simon Watkins, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(869) Before death, Jerryl D. Shropshire, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Geraldine Morgan and Simon Watkins, demand judgment on behalf of the Estate of Jerryl D. Shropshire, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(870) Plaintiffs Geraldine Morgan and Simon Watkins repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(871) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Jerryl D. Shropshire, to wit, Geraldine Morgan and Simon Watkins, and the Estate of Lula Mae Watkins, have suffered extraordinary grief and mental anguish, and have thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Geraldine Morgan and Simon Watkins, demand judgment on behalf of themselves and the Estate of Lula Mae Watkins, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCCLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(872) Plaintiffs, Geraldine Morgan and Simon Watkins, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(873) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Geraldine Morgan and Simon Watkins, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),**

**besides costs.**

<div align="center">

COUNT CCCLXXXV
ESTATE OF LARRY H. SIMPSON, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(874) Plaintiff Anna Marie Simpson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(875) On October 23, 1983, when the explosive device described above was detonated, Larry H. Simpson, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Larry H. Simpson, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Larry H. Simpson, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(876) The beneficiaries of Larry H. Simpson, Jr. who survived him, namely, Anna Marie Simpson, Larry H. Simpson, Sr., Sherry Lynn Fiedler, Renee Eileen Simpson, and Robert Simpson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Larry H. Simpson, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of the Estate of Larry H. Simpson, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXXVI
ESTATE OF LARRY H. SIMPSON, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(877) Plaintiff, Anna Marie Simpson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(878) Before death, Larry H. Simpson, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of the Estate of Larry H. Simpson, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCLXXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(879) Plaintiff Anna Marie Simpson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(880) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Larry H. Simpson, Jr., to wit, Anna Marie Simpson, Larry H. Simpson, Sr., Sherry Lynn Fiedler, Renne Eileen Simpson, and Robert Simpson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Anna Marie Simpson, demands judgment on behalf of herself, Larry H. Simpson, Sr., Sherry Lynn Fiedler, Renee Eileen Simpson, and Robert Simpson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CCCLXXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(881) Plaintiff, Anna Marie Simpson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(882) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anna Marie Simpson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCLXXXIX
ESTATE OF KIRK H. SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(883) Plaintiff Bobbie Ann Smith repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(884) On October 23, 1983, when the explosive device described above was detonated, Kirk H. Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Kirk H. Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Kirk H. Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(885) The beneficiaries of Kirk H. Smith who survived him, namely, Bobbie Ann Smith and Terrence Smith, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Kirk H. Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of the Estate of Kirk H. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXC
ESTATE OF KIRK H. SMITH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(886) Plaintiff, Bobbie Ann Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(887) Before death, Kirk H. Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of the Estate of Kirk H. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT CCCXCI
## SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(888) Plaintiff Bobbie Ann Smith repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(889) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Kirk H. Smith, to wit, Bobbie Ann Smith and Terrence Smith, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Bobbie Ann Smith, demands judgment on behalf of herself and Terrence Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT CCCXCII
## PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(890) Plaintiff, Bobbie Ann Smith, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(891) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Bobbie Ann Smith, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXCIII
ESTATE OF THOMAS G. SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(892) Plaintiff Joseph K. Smith, Jr. repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(893) On October 23, 1983, when the explosive device described above was detonated, Thomas G. Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas G. Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas G. Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(894) The beneficiaries of Thomas G. Smith who survived him, namely, Joseph K. Smith, Jr. and Joseph K. Smith III, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are

vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas G. Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Joseph K. Smith, Jr., demands judgment on behalf of the Estate of Thomas G. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXCIV
ESTATE OF THOMAS G. SMITH
CLAIM FOR WRONGFUL DEATH
Title 12 District of Columbia Code Section 16-2701

</div>

(895) Plaintiff, Joseph K. Smith, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(896) Before death, Thomas G. Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Joseph K. Smith, Jr., demands judgment on behalf of the Estate of Thomas G. Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CCCXCV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(897) Plaintiff Joseph K. Smith, Jr. repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(898) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas G. Smith, to wit, Joseph K. Smith, Jr., the Estate of Angela Josephine Smith, and Joseph K. Smith, III, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Joseph K. Smith, Jr., demands judgment on behalf of himself, the Estate of Angela Josephine Smith, and Joseph K. Smith III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CCCXCVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(899) Plaintiff, Joseph K. Smith, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(900) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joseph K. Smith, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CCCXCVII
ESTATE OF VINCENT LEE SMITH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(901) Plaintiff Ana Smith-Ward repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(902) On October 23, 1983, when the explosive device described above was detonated, Vincent Lee Smith, a member of the United States Marine Corps, suffered fatal injuries. The death of Vincent Lee Smith was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Vincent Lee Smith. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(903) The beneficiaries of Vincent Lee Smith who survived him, namely, Ana Smith-Ward, Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cynthia I. Smith, Lynn M. Derbyshire, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the

beneficiaries, the loss of future earnings and accretions to the Estate of Vincent Lee Smith, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of the Estate of Vincent Lee Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCXCVIII
ESTATE OF VINCENT LEE SMITH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(904) Plaintiff, Ana Smith-Ward, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(905) Before death, Vincent Lee Smith, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of the Estate of Vincent Lee Smith, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CCCXCIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(906) Plaintiff Ana Smith-Ward repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(907) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Vincent Lee Smith, to wit, Ana Smith-Ward, Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cynthia I. Smith, Lynn M. Derbyshire, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ana Smith-Ward, demands judgment on behalf of herself, Gen. Keith Smith, Shirley L. Smith, Ian Smith, Kelly B. Smith, Timothy B. Smith, Holly D. Smith, Cynthia I. Smith, Lynn M. Derbyshire, Thad D. Gilford-Smith, Tadgh A. Smith, and Tara L. Rose, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CD
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(908) Plaintiff, Anna Smith-Ward, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(909) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anna Smith-Ward, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDI
ESTATE OF WILLIAM SCOTT SOMMERHOF
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(910) Plaintiff William Sommerhof repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(911) On October 23, 1983, when the explosive device described above was detonated, William Scott Sommerhof, a member of the United States Marine Corps, suffered fatal injuries. The death of William Scott Sommerhof was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William Scott Sommerhof. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(912) The beneficiaries of William Scott Sommerhof who survived him, namely, William Sommerhof, Jocelyn Sommerhof, and John A. Sommerhof, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for

<div align="center">330</div>

which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William Scott Sommerhof, and funeral and burial expenses.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of the Estate of William Scott Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT CDII
### ESTATE OF WILLIAM SCOTT SOMMERHOF
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(913) Plaintiff, William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(914) Before death, William Scott Sommerhof, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of the Estate of William Scott Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT CDIII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(915) Plaintiff William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(916) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William Scott Sommerhof, to wit, William Sommerhof, Jocelyn Sommerhof, and John A. Sommerhof, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, William Sommerhof, demands judgment on behalf of himself, Jocelyn Sommerhof, and John A. Sommerhof, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(917) Plaintiff, William Sommerhof, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(918) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, William Sommerhof, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDV
ESTATE OF STEPHEN E. SPENCER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(919) Plaintiff, Ila M. Wallace repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(920) On October 23, 1983, when the explosive device described above was detonated, Stephen E. Spencer, a member of the United States Marine Corps, suffered fatal injuries. The death of Stephen E. Spencer was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Stephen E. Spencer. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(921) The beneficiaries of Stephen E. Spencer who survived him, namely, Ila M. Wallace, Richard J. Wallace, Bobby L. Wallace, Douglas Spencer, and Deborah Lynn Rhosto, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

<div align="center">333</div>

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Stephen E. Spencer, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ila M. Wallace, demands judgment on behalf of the Estate of Stephen E. Spencer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDVI
ESTATE OF STEPHEN E. SPENCER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(922) Plaintiff, Ila M. Wallace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(923) Before death, Stephen E. Spencer, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ila M. Wallace, demands judgment on behalf of the Estate of Stephen E. Spencer, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CDVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(924) Plaintiff, Ila M. Wallace repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**334**

</div>

(925) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Stephen E. Spencer, to wit, Ila M. Wallace, Richard J. Wallace, Bobby L. Wallace, Douglas Spencer, and Deborah Lynn Rhosto, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ila M. Wallace, demands judgment on behalf of herself, Richard J. Wallace, Bobby L. Wallace, Douglas Spencer, and Deborah Lynn Rhosto, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(926) Plaintiff, Ila M. Wallace, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(927) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Ila M. Wallace, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CDIX
ESTATE OF WILLIAM JOHN STELPFLUG
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(928) Plaintiffs William J. and Peggy Stelpflug, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(929) On October 23, 1983, when the explosive device described above was detonated, William John Stelpflug, a member of the United States Marine Corps, suffered fatal injuries. The death of William John Stelpflug was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William John Stelpflug. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(930) The beneficiaries of William John Stelpflug who survived him, namely, William J. Stelpflug, Peggy Stelpflug, Christy Williford, Kathy Nathan, Laura Barfield, and Joseph Stelpflug, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and

severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William John Stelpflug, and funeral and burial expenses.

WHEREFORE, Plaintiffs, William J. and Peggy Stelpflug, demand judgment on behalf of the Estate of William John Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDX
ESTATE OF WILLIAM JOHN STELPFLUG
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(931) Plaintiffs, William J. and Peggy Stelpflug, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(932) Before death, William John Stelpflug, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, William J. and Peggy Stelpflug, demand judgment on behalf of the Estate of William John Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

COUNT CDXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(933) Plaintiffs William J. and Peggy Stelpflug, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(934) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William John Stelpflug, to wit, William J. Stelpflug, Peggy Stelpflug, Christy Williford, Kathy Nathan, Laura Barfield, and Joseph Stelpflug, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, William J. and Peggy Stelpflug, demand judgment on behalf of themselves, Christy Williford, Kathy Nathan, Laura Barfield, and Joseph Stelpflug, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(935) Plaintiffs, William J. and Peggy Stelpflug, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(936) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, William J. and Peggy Stelpflug, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CDXIII
ESTATE OF HORACE RENARDO STEPHENS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(937) Plaintiff Karl Goodman repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(938) On October 23, 1983, when the explosive device described above was detonated, Horace Renardo Stephens, a member of the United States Marine Corps, suffered fatal injuries. The death of Horace Renardo Stephens was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Horace Renardo Stephens. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(939) The beneficiaries of Horace Renardo Stephens who survived him, namely, Karl Goodman, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Horace Renardo Stephens, and funeral and burial expenses.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of the Estate of Horace Renardo Stephens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXIV
ESTATE OF HORACE RENARDO STEPHENS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(940) Plaintiff, Karl Goodman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(941) Before death, Horace Renardo Stephens, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of the Estate of Horace Renardo Stephens, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

340

(942) Plaintiff Karl Goodman repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(943) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Horace Renardo Stephens, to wit, Karl Goodman, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Karl Goodman, demands judgment on behalf of himself, Horace Stephens, Keith Stephens, Joyce Stephens, Kimberly Moore, and Leticia Boddie, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(944) Plaintiff, Karl Goodman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(945) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Karl Goodman, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),** besides costs.

<div align="center">

COUNT CDXVII
ESTATE OF CRAIG STOCKTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(946) Plaintiff Dona Stockton repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(947) On October 23, 1983, when the explosive device described above was detonated, Craig Stockton, a member of the United States Marine Corps, suffered fatal injuries. The death of Craig Stockton was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Craig Stockton. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(948) The beneficiaries of Craig Stockton who survived him, namely, Dona F. Stockton, the Estate of Donald R. Stockton, and Richard G. Stockton, as a direct and

proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Craig Stockton, and funeral and burial expenses.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of the Estate of Craig Stockton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXVIII
ESTATE OF CRAIG STOCKTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(949) Plaintiff, Dona Stockton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(950) Before death, Craig Stockton, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of the Estate of Craig Stockton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(951) Plaintiff Dona Stockton repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(952) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Craig Stockton, to wit, Dona Stockton, the Estate of Donald R. Stockton, and Richard G. Stockton, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Dona Stockton, demands judgment on behalf of herself, the Estate of Donald R. Stockton, and Richard G. Stockton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(953) Plaintiff, Dona Stockton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(954) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Dona Stockton, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXXI
ESTATE OF JEFFREY STOKES
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(955) Plaintiff Irene Stokes repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(956) On October 23, 1983, when the explosive device described above was detonated, Jeffrey Stokes, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey Stokes was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey Stokes. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(957) The beneficiary of Jeffrey Stokes who survived him, namely, Irene Stokes, Dianne Stokes Williams, Gwen Stokes-Graham, Leshune Stokes Clark, Melvina Wright Nelson Stokes, Jr., Rennitta Stokes Johnson, Robert Stokes, and the Estate of Nelson Stokes, Sr., as a direct and proximate consequence of the actions of the Defendants

<div align="center">345</div>

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Jeffrey Stokes, and funeral and burial expenses.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of the Estate of Jeffrey Stokes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXXII
ESTATE OF JEFFREY STOKES
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(958) Plaintiff, Irene Stokes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(959) Before death, Jeffrey Stokes, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of the Estate of Jeffrey Stokes, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(960) Plaintiff Irene Stokes repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(961) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Jeffrey Stokes, to wit, Irene Stokes, Dianne Stokes Williams, Gwen Stokes-Graham, Leshune Stokes Clark, Melvina Wright, Nelson Stokes, Jr., Rennitta Stokes Johnson, Robert Stokes, and the Estate of Nelson Stokes, Sr., have suffered extraordinary grief and mental anguish, and have thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Irene Stokes, demands judgment on behalf of Irene Stokes, Dianne Stokes Williams, Gwen Stokes Graham, Leshune Stokes Clark, Melvina Wright, Nelson Stokes, Jr., Rennitta Stokes Johnson, Robert Stokes, and the Estate of Nelson Stokes, Sr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(962) Plaintiff, Irene Stokes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(963) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

<div align="center">

347

</div>

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Irene Stokes, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXXV
ESTATE OF ERIC D. STURGHILL
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(964) Plaintiff Marcus L. Sturghill,  repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(965) On October 23, 1983, when the explosive device described above was detonated, Eric D. Sturghill, a member of the United States Marine Corps, suffered fatal injuries. The death of Eric D. Sturghill was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Eric D. Sturghill. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(966) The beneficiaries of Eric D. Sturghill who survived him, namely, Marcus L. Sturghill, Marcus D. Sturghill, and Nakeshia Lynn Sturghill, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the

<div align="center">

348

</div>

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Eric D. Sturghill, and funeral and burial expenses.

WHEREFORE, Plaintiff, Marcus L. Sturghill, demands judgment on behalf of the Estate of Eric D. Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXXVI
ESTATE OF ERIC D. STURGHILL
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(967) Plaintiff, Marcus L. Sturghill, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(968) Before death, Eric D. Sturghill, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marcus L. Sturghill, demands judgment on behalf of the Estate of Eric D. Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(969) Plaintiff Marcus L. Sturghill, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(970) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Eric D. Sturghill, to wit, Marcus L. Sturghill, Marcus D. Sturghill, and Nakeshia Lynn Sturghill have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Marcus L. Sturghill, demands judgment on behalf of Marcus L. Sturghill, Jr., Marcus D. Sturghill, and Nakeshia Lynn Sturghill, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(971) Plaintiff, Marcus L. Sturghill, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(972) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marcus L. Sturghill, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXXIX
ESTATE OF DEVON SUNDAR
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(973) Plaintiff Doreen Sundar repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(974) On October 23, 1983, when the explosive device described above was detonated, Devon Sundar, a member of the United States Marine Corps, suffered fatal injuries. The death of Devon Sundar was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Devon Sundar. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(975) The beneficiary of Devon Sundar who survived him, namely, Doreen Sundar, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiary, the loss of future earnings and accretions to the Estate of Devon Sundar, and funeral and burial expenses.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of the Estate of Devon Sundar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CDXXX</u>
<u>ESTATE OF DEVON SUNDAR</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(976) Plaintiff, Doreen Sundar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(977) Before death, Devon Sundar, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of the Estate of Devon Sundar, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<u>COUNT CDXXXI</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(978) Plaintiff Doreen Sundar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(979) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Devon Sundar, to wit, Doreen Sundar, has suffered extraordinary grief and

mental anguish, and  has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Doreen Sundar, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(980) Plaintiff, Doreen Sundar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(981) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Doreen Sundar, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),**

**besides costs.**

<div align="center">

COUNT CDXXXIII
ESTATE OF STEPHEN DALE TINGLEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(982) Plaintiffs Richard and Barbara Tingley repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(983) On October 23, 1983, when the explosive device described above was detonated, Stephen Dale Tingley, a member of the United States Marine Corps, suffered fatal injuries. The death of Stephen Dale Tingley was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Stephen Dale Tingley. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(984) The beneficiaries of Stephen Dale Tingley who survived him, namely, Richard Tingley, Barbara Tingley, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Stephen Dale Tingley, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Richard and Barbara Tingley, demand judgment on behalf of the Estate of Stephen Dale Tingley, jointly and severally, against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CDXXXIV
ESTATE OF STEPHEN DALE TINGLEY
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701
</div>

(985) Plaintiffs, Richard and Barbara Tingley, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(986) Before death, Stephen Dale Tingley, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Richard and Barbara Tingley, demand judgment on behalf of the Estate of Stephen Dale Tingley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )
</div>

(987) Plaintiffs Richard and Barbara Tingley, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(988) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Stephen Dale Tingley, to wit, Richard Tingley, Barbara Tingley, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, have suffered extraordinary grief and

<div align="center">

355
</div>

mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Richard and Barbara Tingley, demand judgment on behalf of themselves, Nancy Hurlburt, Russell L. Tingley, and Donna Plickys, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CDXXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(989) Plaintiffs, Richard and Barbara Tingley, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(990) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs, Richard and Barbara Tingley, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving

plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXXXVII
ESTATE OF THOMAS THORSTAD
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(991) Plaintiff James Thorstad, Sr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(992) On October 23, 1983, when the explosive device described above was detonated, Thomas Thorstad, a member of the United States Marine Corps, suffered fatal injuries. The death of Thomas Thorstad was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas Thorstad. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(993) The beneficiaries of Thomas Thorstad who survived him, namely, James Thorstad, Sr., Barbara Thorstad, Kathleen S. Hedge, Adam Thorstad, Ryan Thorstad, Barbara Thorstad Warwick, James Thorstad, Jr., Janice Thorstad Edquist, Kathryn Thorstad Wallace, Patricia Thorstad Zosso, John Thorstad, and the Estate of Susan Thorstad Hugis, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas Thorstad, and funeral and burial expenses.

<div align="center">

**357**

</div>

WHEREFORE, Plaintiff, James Thorstad, Sr., demands judgment on behalf of the Estate of Thomas Thorstad, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXXXVIII
ESTATE OF THOMAS THORSTAD
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(994) Plaintiff, James Thorstad, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(995) Before death, Thomas Thorstad, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Thorstad, Sr., demands judgment on behalf of the Estate of Thomas Thorstad, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(996) Plaintiff James Thorstad, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(997) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Thomas Thorstad, to wit, James Thorstad, Sr., Barbara Thorstad, Kathleen

<div align="center">

358

</div>

S. Hedge, Adam Thorstad, Ryan Thorstad, Barbara Thorstad Warwick, James Thorstad, Jr., Janice Thorstad Edquist, Kathryn Thorstad Wallace, Patricia Thorstad Zosso, the Estate of John Thorstad, and the Estate of Susan Thorstad Hugis, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, James Thorstad, Sr., demands judgment on behalf of himself, Barbara Thorstad, Kathleen S. Hedge, Adam Thorstad, Ryan Thorstad, Barbara Thorstad Warwick, James Thorstad, Jr., Janice Thorstad Edquist, Kathryn Thorstad Wallace,  Patricia Thorstad Zosso, Estate of John Thorstad, and the Estate of Susan Thorstad Hugis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXL
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(998) Plaintiff, James Thorstad, Sr., Personal Representative of the Estate of Thomas Thorstad, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(999) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Thorstad, Sr., Personal Representative of the Estate of Thomas Thorstad, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXLI
ESTATE OF DONALD H. VALLONE, JR.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1000) Plaintiff Donald H. Vallone repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1001) On October 23, 1983, when the explosive device described above was detonated, Donald H. Vallone, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Donald H. Vallone, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Donald H. Vallone, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1002) The beneficiaries of Donald H. Vallone, Jr. who survived him, namely, Donald H. Vallone, Donna J. Phelps, Charles R. Phelps, Sr., Charles R. Phelps, Jr., Donna Marie Smith, Natalie Lewis, Timothy Vallone, Anthony Vallone, Donna Bereford

<div align="center">360</div>

Vallone, William Beresford, Michael Beresford, and Susan Beresford, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Donald H. Vallone, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of the Estate of Donald H. Vallone, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CDXLII
ESTATE OF DONALD H. VALLONE, JR.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1003) Plaintiff, Donald H. Vallone, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1004) Before death, Donald H. Vallone, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of the Estate of Donald H. Vallone, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT CDXLIII
SOLATIUM CLAIM

</div>

Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1005) Plaintiff Donald H. Vallone repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1006) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Donald H. Vallone, Jr., to wit, Donald H. Vallone, Donna J. Phelps, Charles R. Phelps, Sr., Charles R. Phelps, Jr., Donna Marie Smith, Natalie Lewis, Timothy Vallone, Anthony Vallone, and Donna Beresford Vallone, William Beresford, Michael Beresford, and Susan Beresford, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Donald H. Vallone, demands judgment on behalf of himself, Donna J. Phelps, Charles R. Phelps, Sr., Charles R. Phelps, Jr., Donna Marie Smith, Natalie Lewis, Timothy Vallone, Anthony Vallone, Donna Beresford Vallone, William Beresford, Michael Beresford, and Susan Beresford, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT CDXLIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1007) Plaintiff, Donald H. Vallone, Personal Representative of the Estate of Donald H. Vallone, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1008) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Donald H. Vallone, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXLV
ESTATE OF ERIC WASHINGTON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1009) Plaintiff Charles Corry, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1010) On October 23, 1983, when the explosive device described above was detonated, Eric Washington, a member of the United States Marine Corps, suffered fatal injuries. The death of Eric Washington was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the

death of Eric Washington. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1011) The beneficiaries of Eric Washington who survived him, namely, Charles Corry, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, and Vancine Washington, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Eric Washington, and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of the Estate of Eric Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDXLVI
ESTATE OF ERIC WASHINGTON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(1012) Plaintiff, Charles Corry, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1013) Before death, Eric Washington, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of the Estate of Eric Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDXLVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1014) Plaintiff Charles Corry repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1015) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Eric Washington, to wit, Charles Corry, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, Patrice Washington, and Vancine Washington, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Charles Corry, demands judgment on behalf of himself, Pearl Olaniji, Blanche F. Corry, Gerald Foister, Diane Whitener, Patrice Washington, and Vancine Washington, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDXLVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1016) Plaintiff, Charles Corry, Personal Representative of the Estate of Eric Washington, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1017) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles Corry, Personal Representative of the Estate of Eric Washington, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDXLIX
ESTATE OF DWAYNE WIGGLESWORTH
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1018) Plaintiffs Sandra and Henry Wigglesworth repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(1019) On October 23, 1983, when the explosive device described above was detonated, Dwayne Wigglesworth, a member of the United States Marine Corps, suffered fatal injuries. The death of Dwayne Wigglesworth was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Dwayne Wigglesworth. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1020) The beneficiaries of Dwayne Wigglesworth who survived him, namely, Sandra and Henry Wigglesworth, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dwayne Wigglesworth, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Sandra and Henry Wigglesworth, demand judgment on behalf of the Estate of Dwayne Wigglesworth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs**.

<div align="center">

COUNT CDL
ESTATE OF DWAYNE WIGGLESWORTH
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1021) Plaintiffs, Sandra and Henry Wigglesworth, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1022) Before death, Dwayne Wigglesworth, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Sandra and Henry Wigglesworth, demand judgment on behalf of the Estate of Dwayne Wigglesworth, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1023) Plaintiffs Sandra and Henry Wigglesworth, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1024) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Dwayne Wigglesworth, to wit, Sandra and Henry Wigglesworth, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Sandra and Henry Wigglesworth, demand judgment on behalf of themselves, Mark Wigglesworth, Shawn Wigglesworth, Daryl Wigglesworth, Robyn Wigglesworth, Darrin Wigglesworth, and Candace Campbell, jointly and

severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1025) Plaintiffs, Sandra and Henry Wigglesworth, the Personal Representatives of the Estate of Dwayne Wigglesworth, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1026) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Sandra and Henry Wigglesworth, Personal Representatives of the Estate of Dwayne Wigglesworth, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CDLIII
ESTATE OF RODNEY J. WILLIAMS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1027) Plaintiff Ruth Williams repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1028) On October 23, 1983, when the explosive device described above was detonated, Rodney J. Williams, a member of the United States Marine Corps, suffered fatal injuries. The death of Rodney J. Williams was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Rodney J. Williams. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1029) The beneficiaries of Rodney J. Williams who survived him, namely, Ruth Williams, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Rodney J. Williams, and funeral and burial expenses.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of the Estate of Rodney J. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLIV
ESTATE OF RODNEY J. WILLIAMS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(1030) Plaintiff, Ruth Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1031) Before death, Rodney J. Williams, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of the Estate of Rodney J. Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT CDLV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1032) Plaintiff Ruth Williams repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1033) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Rodney J. Williams, to wit, Ruth Williams, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Ruth Williams, demands judgment on behalf of herself, Rhonda Williams, Hilton Ferguson, Arlington J. Ferguson, Wesley Williams, and Ronald Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1034) Plaintiff, Ruth Williams, Personal Representative of the Estate of Rodney J. Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1035) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Ruth Williams, Personal Representative of the Estate of Rodney J. Williams, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and

Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CDLVII
ESTATE OF SCIPIO C. WILLIAMS, Jr.
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1036) Plaintiff Janet Williams repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1037) On October 23, 1983, when the explosive device described above was detonated, Scipio C. Williams, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Scipio C. Williams, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Scipio C. Williams, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1038) The beneficiaries of Scipio C. Williams, Jr. who survived him, namely, Janet Williams, Keysha Tolliver, Scipio J. Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Scipio C. Williams, Jr. and funeral and burial expenses.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of the Estate of Scipio C. Williams, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLVIII
ESTATE OF SCIPIO C. WILLIAMS, Jr.
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(1039) Plaintiff, Janet Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1040) Before death, Scipio C. Williams, Jr. suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of the Estate of Scipio C. Williams, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1041) Plaintiff Janet Williams repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1042) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Scipio C. Williams, Jr., to wit, Janet Williams, Keysha Tolliver, Scipio J.

Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Janet Williams, demands judgment on behalf of herself, Keysha Tolliver, Scipio J. Williams, Johnny Williams, Kenneth Watson, Erma Smith, Delma R. Williams-Edwards, Philiece Richardson-Mills, George Robinson, Kevin Coker, and the Estate of Dorothy Williams, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1043) Plaintiff, Janet Williams, Personal Representative of the Estate of Scipio C. Williams, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1044) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Janet Williams, Personal Representative of the Estate of Scipio C. Williams, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXI
ESTATE OF JOHNNY ADAM WILLIAMSON
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1045) Plaintiff Jewelene Dunlap Williamson repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1046) On October 23, 1983, when the explosive device described above was detonated, Johnny Adam Williamson, a member of the United States Marine Corps, suffered fatal injuries. The death of Johnny Adam Williamson was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Johnny Adam Williamson. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1047) The beneficiaries of Johnny Adam Williamson who survived him, namely, Jewelene Dunlap Williamson, Bill Williamson, Elizabeth Adams, and Tony Williamson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered

pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Johnny Adam Williamson, and funeral and burial expenses.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of the Estate of Johnny Adam Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLXII
ESTATE OF JOHNNY ADAM WILLIAMSON
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(1048) Plaintiff, Jewelene Dunlap Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1049) Before death, Johnny Adam Williamson, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of the Estate of Johnny Adam Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

COUNT CDLXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1050) Plaintiff Jewelene Dunlap Williamson repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1051) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Johnny Adam Williamson, to wit, Jewelene Dunlap Williamson, Bill Williamson, Elizabeth Adams, and Tony Williamson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Jewelene Dunlap Williamson, demands judgment on behalf of herself, Bill Williamson, Elizabeth Adams, and Tony Williamson, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CDLXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1052) Plaintiff, Jewelene Dunlap Williamson, Personal Representative of the Estate of Johnny A. Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1053) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Jewelene Dunlap Williamson, Personal Representative of the Estate of Johnny A. Williamson, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXV
ESTATE OF WILLIAM E. WINTER
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1054) Plaintiff Melia Winter Collier repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1055) On October 23, 1983, when the explosive device described above was detonated, William E. Winter, a member of the United States Marine Corps, suffered fatal injuries. The death of William E. Winter was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William E. Winter. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1056) The beneficiaries of William E. Winter who survived him, namely, Melia Winter Collier, Amanda E. Crouch, and Michael E. Winter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the

<div align="center">379</div>

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William E. Winter, and funeral and burial expenses.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of the Estate of William E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXVI
ESTATE OF WILLIAM E. WINTER
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1057) Plaintiff, Melia Winter Collier, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1058) Before death, William E. Winter, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of the Estate of William E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXVII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1059) Plaintiff Melia Winter Collier repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1060) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William E. Winter, to wit, Melia Winter Collier, Amanda E. Crouch, and Michael E. Winter, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Melia Winter Collier, demands judgment on behalf of herself, Amanda Crouch, and Michael E. Winter, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLXVIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1061) Plaintiff, Melia Winter Collier, Personal Representative of the Estate of William E. Winter, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1062) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provision of Public Law 104-208, Div. A, Title I, Section 101 (C)

the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Melia Winter Collier, Personal Representative of the Estate of William E. Winter, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

COUNT CDLXIX
ESTATE OF DONALD E. WOOLLETT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(1063) Plaintiff Paul R. Woollett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1064) On October 23, 1983, when the explosive device described above was detonated, Donald E. Woollett, a member of the United States Marine Corps, suffered fatal injuries. The death of Donald E. Woollett was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Donald E. Woollett. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1065) The beneficiaries of Donald E. Woollett who survived him, namely, Paul R. Woollett, Beverly Woollett, Lilla Abbey, and Lyda Guz, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Donald E. Woollett, and funeral and burial expenses.

WHEREFORE, Plaintiff, Paul R. Woollett, demands judgment on behalf of the Estate of Donald E. Woollett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXX
ESTATE OF DONALD E. WOOLLETT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1066) Plaintiff, Paul R. Woollett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1067) Before death, Donald E. Woollett, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Paul Woollett, demands judgment on behalf of the Estate of Donald E. Woollett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

<div align="center">

383

</div>

(1068) Plaintiff Paul R. Woollett repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1069) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Donald E. Woollett, to wit, Paul R. Woollett, Beverly Woollett, Lilla Abbey, and Lyda Guz, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Paul R. Woollett, demands judgment on behalf of himself, Beverly Woollett, Lilla Abbey, and Lyda Guz, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1070) Plaintiff, Paul R. Woollett, Personal Representative of the Estate of Donald E. Woollett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1071) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Paul R. Woollett, Personal Representative of the Estate of Donald E. Woollett, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXIII
ESTATE OF CRAIG WYCHE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1072) Plaintiff Sandra D. Jones repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1073) On October 23, 1983, when the explosive device described above was detonated, Craig Wyche, a member of the United States Marine Corps, suffered fatal injuries. The death of Craig Wyche was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Craig Wyche. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1074) The beneficiaries of Craig Wyche who survived him, namely, Sandra D. Jones, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, and Alicia Jones, as a

<div align="center">385</div>

direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Craig Wyche, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of the Estate of Craig Wyche, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXIV
ESTATE OF CRAIG WYCHE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1075) Plaintiff, Sandra D. Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1076) Before death, Craig Wyche, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of the Estate of Craig Wyche, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1077) Plaintiff Sandra D. Jones repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1078) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Craig Wyche, to wit, Sandra D. Jones, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, and Alicia Jones, suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Sandra D. Jones, demands judgment on behalf of herself, Glenn Wyche, John Wyche, James Cherry, Sonia Cherry, and Alicia Jones, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXVI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1079) Plaintiff, Sandra D. Jones, Personal Representative of the Estate of Craig Wyche, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1080) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Sandra D. Jones, Personal Representative of the Estate of Craig Wyche, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXVII
ESTATE OF JEFFREY D. YOUNG
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1081) Plaintiff Judith Young repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1082) On October 23, 1983, when the explosive device described above was detonated, Jeffrey D. Young, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey D. Young was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey D. Young. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1083) The beneficiaries of Jeffrey D. Young who survived him, namely, Judith Young, John Young, and John W. Young, II, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are

<div align="center">

388

</div>

vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffrey D. Young, and funeral and burial expenses.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of the Estate of Jeffrey D. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXVIII
ESTATE OF JEFFREY D. YOUNG
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1084) Plaintiff, Judith Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1085) Before death, Jeffrey D. Young, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of the Estate of Jeffrey D. Young, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXIX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1086) Plaintiff Judith Young repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**389**

</div>

(1087) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Jeffrey D. Young, to wit, Judith Young, John Young, and John W. Young, II, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Judith Young, demands judgment on behalf of herself, John Young, and John W. Young, II, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

<div align="center">

COUNT CDLXXX
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1088) Plaintiff, Judith Young, Personal Representative of the Estate of Jeffrey D. Young, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1089) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Judith Young, Personal Representative of the Estate of Jeffrey D. Young, prays that Judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXXI
ESTATE OF JOHN N.  BOYETT
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

</div>

(1090) Plaintiff Theresa U. Roth repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(1091) On October 23, 1983, when the explosive device described above was detonated, John N. Boyett, a member of the United States Marine Corps, suffered fatal injuries. The death of John N. Boyett was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John N. Boyett. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(1092) The beneficiaries of John N. Boyett who survived him, namely, Theresa U. Roth, Lavon Boyett, William A. Boyett, and the Estate of Norman E. Boyett, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John N. Boyett, and funeral and burial expenses.

WHEREFORE, Plaintiff, Theresa U. Roth, demands judgment on behalf of the Estate of John N. Boyett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXXII
ESTATE OF JOHN N. BOYETT
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

</div>

(1093) Plaintiff, Theresa U. Roth, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1094) Before death, John N. Boyett, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Theresa U. Roth, demands judgment on behalf of the Estate of John N. Boyett, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXXIII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

</div>

(1095) Plaintiff Theresa U. Roth repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1096) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John N. Boyett, to wit, Theresa U. Roth, Lavon Boyett, William A. Boyett,

and the Estate of Norman E. Boyett, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Theresa U. Roth, demands judgment on behalf of herself, Lavon Boyett, William A. Boyett, and the Estate of Norman E. Boyett, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

COUNT CDLXXXIV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(1097) Plaintiff, Theresa U. Roth, Personal Representative of the Estate of John N. Boyett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1098) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Theresa U. Roth, Personal Representative of the Estate of John N. Boyett, prays that Judgment be entered, jointly and severally, against

The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<div align="center">

COUNT CDLXXXV
BATTERY
</div>

Claim of Marvin Albright

(1099)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1100) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Marvin Albright, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT CDLXXXVI
ASSAULT
</div>

Claim of Marvin Albright

(1101) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1102) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Marvin Albright, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT CDLXXXVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Marvin Albright

(1103) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1104) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Marvin Albright, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT CDLXXXVIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
</div>

Claims of Marvin Albright Jr., Shertara Albright, and Mirequrn Albright.

(1105) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1106) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Marvin Albright with the intent to inflict emotional distress upon him and upon members of his family, Marvin Albright, Jr., Shertara Albright, and Mirequrn Albright, and as a result of these willful, wrongful and intentional acts of Hezbollah, Marvin Albright's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Marvin Albright, Jr., Shertara Albright, and Mirequrn Albright, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT CDLXXXIX
</div>

## PUNITIVE DAMAGES

Claim of Marvin Albright

(1107) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1108) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Marvin Albright's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Marvin Albright, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT CDXC</u>
<u>BATTERY</u>

<u>Claim of Anthony Banks</u>

(1109)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1110) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Anthony Banks, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT CDXCI</u>
<u>ASSAULT</u>

<u>Claim of Anthony Banks</u>

(1111) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1112) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Anthony Banks, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT CDXCII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Anthony Banks

(1113) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1114) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Anthony Banks, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT CDXCIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Anthony Banks (son), Michael Banks, and Taiarra Banks.

(1115) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1116) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Anthony Banks with the intent to inflict emotional distress upon him and upon members of his family, Anthony Banks, Michael Banks, and Taiarra Banks, and as a result of these willful, wrongful and intentional acts of Hezbollah, Anthony Banks's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Anthony Banks, Michael Banks, and Taiarra Banks, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT CDXCIV
PUNITIVE DAMAGES

Claim of Anthony Banks

(1117) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1118) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Anthony Banks's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Anthony Banks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT CDXCV
## BATTERY

Claim of Rodney Burnette

(1119)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1120) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Rodney Burnette, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS, and constituted a battery upon the person of the Plaintiff.**

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">COUNT CDXCVI<br>ASSAULT</div>

Claim of Rodney Burnette

(1121) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1122) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Rodney Burnette, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT CDXCVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Rodney Burnette

(1123) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1124) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Rodney Burnette, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs**

COUNT CDXCVIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette

(1125) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1126) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Rodney Burnett with the intent to inflict emotional distress upon him and upon members of his family, Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Rodney Burnette's family, consisting of his sisters, brother, mother and son were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Christopher Burnette, Connie Decker, Gwen Woodcock and Gwen Burnette, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT CDXCIX

404

## PUNITIVE DAMAGES

Claim of Rodney Burnette

(1127) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1128) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Rodney Burnette rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Rodney Burnette, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT D</u>
<u>BATTERY</u>

<u>Claim of Frank W. Comes, Jr.</u>

(1129)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1130) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Frank W. Comes, Jr. inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Frank W. Comes, Jr. demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT DI</u>
<u>ASSAULT</u>

<u>Claim of Frank W. Comes, Jr.</u>

(1131) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1132) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Frank W. Comes, Jr. in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Frank W. Comes, Jr. demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Frank W. Comes, Jr.

(1133) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1134) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Frank W. Comes, Jr. endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Frank W. Comes, Jr. demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNTS DIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Frank Comes, Sr., Joan Comes, Patrick Comes, Christopher Comes, Lisa Magnotti, Dale Comes and Tommy Comes

(1135) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1136) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Frank Comes, Jr. with the intent to inflict emotional distress upon him and upon members of his family, Frank Comes, Sr., Joan Comes, Patrick Comes, Christopher Comes, Lisa Magnotti, Dale Comes and Tommy Comes, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Frank Comes, Jr.'s family, consisting of his sister, brothers, mother and father were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Frank Comes, Sr., Joan Comes, Patrick Comes, Christopher Comes, Lisa Magnotti, Dale Comes and Tommy Comes, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT DIV
PUNITIVE DAMAGES

Claim of Frank W. Comes, Jr.

(1137) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1138) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Frank W. Comes Jr.'s rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Frank W. Comes, Jr. demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT DV
## BATTERY

Claim of Glenn Dolphin

(1139)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1140) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Glenn Dolphin, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION ($20,000,000) and costs.**

## COUNT DVI
## ASSAULT

Claim of Glenn Dolphin

(1141) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1142) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Glenn Dolphin, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Glenn Dolphin

(1143) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1144) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Glenn Dolphin, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DVIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
</div>

Claims of Erin Dolphin.

(1145) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1146) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Glenn Dolphin with the intent to inflict emotional distress upon him and upon members of his family, Erin Dolphin, and as a result of these willful, wrongful and intentional acts of Hezbollah, Glenn Dolphin's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Erin Dolphin, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DIX
PUNITIVE DAMAGES
</div>

Claim of Glenn Dolphin

(1147) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**412**
</div>

(1148) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Glenn Dolphin's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Glenn Dolphin, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DX
BATTERY
</div>

Claim of Dr. Charles Frye

(1149)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**413**
</div>

(1150) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Dr. Charles Frye, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">COUNT DXI<br/>ASSAULT</div>

Claim of Dr. Charles Frye

(1150) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1151) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Dr. Charles Frye, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Dr. Charles Frye

(1152) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1153) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Dr. Charles Frye, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Gina Frye, Lincoln Frye, Charles Frye, Randall Frye, and Lialani Frye.

(1154) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1155) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Dr. Charles Frye with the intent to inflict emotional distress upon him and upon members of his family, Gina Frye, Lincoln Frye, Charles Frye, Randall Frye, and Lialani Frye, and as a result of these willful, wrongful and intentional acts of Hezbollah, Dr. Charles Frye's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Gina Frye, Lincoln Frye, Charles Frye, Randall Frye, and Lialani Frye, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXIV
PUNITIVE DAMAGES

</div>

Claim of Dr. Charles Frye

(1156) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if  alleged herein.

(1157) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Dr. Charles Frye's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training

and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Dr. Charles Frye, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">COUNT DXV<br>BATTERY</div>

Claim of Truman Dale Garner

(1158)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1159) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Truman Dale Garner, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DXVI
ASSAULT

</div>

Claim of Truman Dale Garner

(1160) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1161) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Truman Dale Garner, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Truman Dale Garner

(1162) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1163) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Truman Dale Garner, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Penny Garner, Joseph Garner, Justina Garner, and Reva Garner.

(1164) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1165) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Truman Garner with the intent to inflict emotional distress upon him and upon members of his family, Penny Garner, Joseph Garner, Justina Garner, and Reva Garner, and as a result of these willful, wrongful and intentional acts of Hezbollah, Truman Garner's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Penny Garner, Joseph Garner, Justina Garner, and Reva Garner, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT DXIX
PUNITIVE DAMAGES

Claim of Truman Dale Garner

(1166) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1167) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Truman Dale Garner's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the

Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Truman Dale Garner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

COUNT DXX
BATTERY

Claim of Larry Gerlach

(1168)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1169) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Larry Gerlach, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT DXXI</u>
<u>ASSAULT</u>

<u>Claim of Larry Gerlach</u>

(1170) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1171) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Larry Gerlach, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Larry Gerlach

(1172) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1173) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Larry Gerlach, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Patricia Gerlach, Travis Gerlach, and Megan Gerlach

(1174) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1175) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Larry Gerlach with the intent to inflict emotional distress upon him and upon members of his family, Patricia Gerlach, Travis Gerlach, and Megan Gerlach, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Larry Gerlach's family, consisting of his daughter, son, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Patricia Gerlach, Travis Gerlach, and Megan Gerlach, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT DXXIV
PUNITIVE DAMAGES

Claim of Larry Gerlach

(1176)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1177) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Larry Gerlach's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the

Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Larry Gerlach, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DXXV
BATTERY

</div>

Claim of John Hlywiak

(1178)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1179) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Hlywiak, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT DXXVI</u>
<u>ASSAULT</u>

<u>Claim of John Hlywiak</u>

(1180) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1181) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Hlywiak, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of John Hlywiak

(1182) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1183) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Hlywiak, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT DXXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Peter Hlywiak, Sr., Margaret Hlywiak, Joseph Hlywiak, Peter Hlywiak, Jr., Paul Hlywiak, Margaret H. Angeloni, Jordan Hlywiak, and Taylor Hlywiak.

(1184) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1185) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John Hlywiak with the intent to inflict emotional distress upon him and upon members of his family, Peter Hlywiak, Sr., Margaret Hlywiak, Joseph Hlywiak, Peter Hlywiak, Jr., Paul Hlywiak, Margaret H. Angeloni, Jordan Hlywiak and Taylor Hlywiak, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John Hlywiak's family, consisting of his parents, brothers, sister, and children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Peter Hlywiak, Sr., Margaret Hlywiak, Joseph Hlywiak, Peter Hlywiak, Jr., Paul Hlywiak, Margaret H. Angeloni, Jordan Hlywiak and Taylor Hlywiak, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXXIX
PUNITIVE DAMAGES

</div>

Claim of John Hlywiak

(1186) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1187) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John

<div align="center">428</div>

Hlywiak's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Hlywiak, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT DXXX</u>
<u>BATTERY</u>

<u>Claim of MGSgt. Orval E. Hunt</u>

(1188)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1189) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, MGSgt. Orval E. Hunt, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DXXXI
ASSAULT
</div>

Claim of MGSgt. Orval E. Hunt

(1190) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1191) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, MGSgt. Orval E. Hunt, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of MGSgt. Orval E. Hunt

(1192) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1193) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, MGSgt. Orval E. Hunt, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

<u>Claims of Cynthia L. Hunt, Mendy Leigh Hunt, Jack Darrell Hunt, Marcy Elizabeth Hunt, and Molly Faye Hunt.</u>

(1194) The Plaintiffs repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1195) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against MGSgt. Orval E. Hunt with the intent to inflict emotional distress upon him and upon his wife, Cynthia L. Hunt, Mendy Leigh Hunt, Jack Darrell Hunt, Marcy Elizabeth Hunt, and Molly Faye Hunt, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

WHEREFORE, Plaintiff, Cynthia L. Hunt Mendy Leigh Hunt, Jack Darrell Hunt, Marcy Elizabeth Hunt, and Molly Faye Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXXXIV
PUNITIVE DAMAGES
</div>

<u>Claim of MGSgt. Orval E. Hunt</u>

(1196) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1197) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of MGSgt. Orval E. Hunt's rights and physical well being. All of the acts of Hezbollah were facilitated by

funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, MGSgt. Orval E. Hunt, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT DXXXV
## BATTERY

Claim of Joseph Jacobs

(1198)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1199) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Joseph Jacobs, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">COUNT DXXXVI<br>ASSAULT</div>

Claim of Joseph Jacobs

(1200) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1201) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Joseph Jacobs, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Joseph Jacobs

(1202) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1203) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Joseph Jacobs, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXXXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Danita Jacobs, Daniel Jacobs, and Andrew Jacobs

(1204) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1205) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Joseph Jacobs with the intent to inflict emotional distress upon him and upon members of his family, Danita Jacobs, Daniel Jacobs, and Andrew Jacobs, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Joseph Jacobs's family, consisting of his wife and sons were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Danita Jacobs, Daniel Jacobs, and Andrew Jacobs, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXXXIX
PUNITIVE DAMAGES
</div>

Claim of Joseph Jacobs

(1206) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1207) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joseph Jacobs's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of

<div align="center">436</div>

Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph Jacobs, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT DXL
## BATTERY

Claim of Brian Kirkpatrick

(1208) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1209) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Brian Kirkpatrick, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DXLI
ASSAULT
</div>

Claim of Brian Kirkpatrick

(1210) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1211) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Brian Kirkpatrick, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

438
</div>

COUNT DXLII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Brian Kirkpatrick, Kathleen Kirkpatrick, and Cecilia Stanley

(1213) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1214) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Brian Kirkpatrick, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXLIII
PUNITIVE DAMAGES

Claim of Brian Kirkpatrick

(1215) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1216) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Brian Kirkpatrick's rights and physical well being. All of the acts of Hezbollah were facilitated

by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Brian Kirkpatrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DXLIV
BATTERY

</div>

Claim of Burnham Matthews

(1217)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1218) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Burnham Matthews, inflicting severe and permanent injuries upon

<div align="center">

**440**

</div>

him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT DXLV</u>
<u>ASSAULT</u>

<u>Claim of Burnham Matthews</u>

(1219) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1220) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Burnham Matthews, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXLVI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Burnham Matthews

(1221) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1222) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Burnham Matthews, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXLVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Debra Matthews, Chadwick Matthews, and Drew Matthews.

(1223) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

**442**

(1224) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Burnham Matthews with the intent to inflict emotional distress upon him and upon members of his family, Debra Matthews, Chadwick Matthews, and Drew Matthews, and as a result of these willful, wrongful and intentional acts of Hezbollah, Burnham Matthews's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Debra Matthews, Chadwick Matthews, and Drew Matthews, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<u>COUNT DXLVIII</u>
<u>PUNITIVE DAMAGES</u>

<u>Claim of Burnham Matthews</u>

(1225) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1226) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Burnham Matthews's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and

Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Burnham Matthews, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">COUNT DXLIX<br>BATTERY</div>

Claim of Lovelle Moore

(1227) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1228) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Lovelle Moore, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

<div align="center">444</div>

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DL
ASSAULT

Claim of Lovelle Moore

(1229) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1230) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Lovelle Moore, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DLI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Lovelle Moore

(1231) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1232) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Lovelle Moore, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Alie Mae Moore, Alice Warren Franklin, Deborah Crawford, Audrey Webb, Bronzell Warren, Johnnie Mae Moore-Jones, Jamaal Ali, Marvin Moore, and the Estates of James O. Moore and Johnny S. Moore

(1233) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1234) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Lovelle Moore with the intent to inflict emotional distress upon him and upon members of his family, Alie Mae Moore, Alice Warren Franklin, Deborah Crawford, Audrey Webb, Bronzell Warren, Johnnie

**446**

Mae Moore-Jones, Jamaal Ali Marvin Moore, and the Estates of James O. Moore and Johnny S. Moore, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Lovelle Moore's family were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Alie Mae Moore, Alice Warren Franklin, Deborah Crawford, Audrey Webb, Bronzell Warren, Johnnie Mae Moore-Jones, Jamaal Ali, Marvin Moore, and the Estates of James O. Moore and Johnny S. Moore, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<u>COUNT DLIII</u>
<u>PUNITIVE DAMAGES</u>

<u>Claim of Lovelle Moore</u>

(1235) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1236) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Lovelle Moore's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic

Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Lovelle Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DLIV
BATTERY

</div>

Claim of Jeffrey Nashton

(1237)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1238) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Jeffrey Nashton, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLV
## ASSAULT

Claim of Jeffrey Nashton

(1239) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1240) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Jeffrey Nashton, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Jeffrey Nashton

(1241) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1242) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Jeffrey Nashton, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DLVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Olympia Carletta, Pamela Joyce Nashton, and Estate of Alex W. Nashton

(1243) The Plaintiffs repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1244) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Jeffrey Nashton with the intent to inflict emotional distress upon him and upon his mother, Olympia Caletta, and wife

Pamela Joyce Nashton, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

WHEREFORE, Plaintiffs, Olympia Carletta and Pamela Joyce Nashton, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DLVIII
PUNITIVE DAMAGES

</div>

Claim of Jeffrey Nashton

(1245) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1246) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Jeffrey Nashton's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277,

amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Jeffrey Nashton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

COUNT DLIX
BATTERY

Claim of John Edward Oliver

(1247)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1248) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Edward Oliver, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLX
## ASSAULT

Claim of John Edward Oliver

(1249) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1250) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Edward Oliver, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of John Edward Oliver

(1251) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1252) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Edward Oliver, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Paul Oliver, Grace Lewis, Ashley E. Oliver, Natalie L. Rochwell, Kimberly Carpenter, Patrick Oliver, Kayley Oliver, Michael John Oliver, and Riley Oliver.

(1253) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1254) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John Edward Oliver with the intent to inflict emotional distress upon him and upon members of his family, Paul Oliver, Grace Lewis, Ashley E. Oliver, Natalie L. Rochwell, Kimberly Carpenter, Patrick Oliver, Kayley Oliver, Michael John Oliver, and Riley Oliver, and as a direct result and

proximate result of these willful, wrongful and intentional acts of Hezbollah, John Edward Oliver's family, consisting of his wife and parents were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Paul Oliver, Grace Lewis, Ashley E. Oliver, Natalie L. Rochwell, Kimberly Carpenter, Patrick Oliver, Kayley Oliver, Michael John Oliver, and Riley Oliver, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs**.

## COUNT DLXIII
## PUNITIVE DAMAGES

Claim of John Edward Oliver

(1255) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1256) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Edward Oliver's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic

Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Edward Oliver, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DLXIV
BATTERY
</div>

Claim of Stephen Russell

(1256)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1257) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Stephen Russell, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DLXV
ASSAULT

Claim of Stephen Russell

(1258) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1259) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Stephen Russell, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DLXVI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Stephen Russell

(1260) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1261) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Stephen Russell, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Wanda Russell, Jason Russell, and Tanya Russell

(1262) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1263) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Stephen Russell with the intent to inflict emotional distress upon him and upon members of his family, Wanda Russell, Jason Russell, and Tanya Russell, and as a direct result and proximate result of these

willful, wrongful and intentional acts of Hezbollah, Stephen Russell's family, consisting of his wife and children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Wanda Russell, Jason Russell, Tanya Russell, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs**.

COUNT DLXVIII
PUNITIVE DAMAGES

Claim of Stephen Russell

(1264) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1265) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Stephen Russell's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277,

amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Stephen Russell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

COUNT DLXIX
BATTERY

Claim of Dana J. Spaulding

(1266)   The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1267) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Dana J. Spaulding, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXX
## ASSAULT

Claim of Dana J. Spaulding

(1268) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1269) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Dana J. Spaulding, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Dana J. Spaulding

(1270) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1271) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Dana J. Spaulding, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DLXXII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
</div>

Claims of Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson

(1272) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1273) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Dana J. Spaulding with the intent to inflict emotional distress upon him and upon members of his family, Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Dana J. Spaulding's family, consisting of his sisters, brother, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Barbara Davis, Scott Spaulding, Kelly Swank, and Jessica Watson, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DLXXIII
PUNITIVE DAMAGES

</div>

Claim of Dana J. Spaulding

(1274) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1275) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Dana J. Spaulding's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been

<div align="center">463</div>

designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Dana J. Spaulding, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

COUNT DLXXIV
BATTERY

Claim of Craig Swinson

(1276)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1277) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Craig Swinson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXV
## ASSAULT

Claim of Craig Swinson

(1278) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1279) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Craig Swinson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Craig Swinson

(1280) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1281) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Craig Swinson, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">COUNT DLXXVII<br>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</div>

Claims of Clydia Shaver, Dawn Swinson, Teresa Swinson, William Swinson, Daniel Swinson, and the Estates of Kenneth Swinson and Ingrid Swinson

(1282) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1283) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Craig Swinson with the intent to inflict emotional distress upon him and upon members of his family, Clydia Shaver, Dawn Swinson, Teresa Swinson, William Swinson, Daniel Swinson, and the Estates of Kenneth and Ingrid Swinson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Craig Swinson's family, consisting of his sisters, deceased parents, wife and sons were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Clydia Shaver, Dawn Swinson, Teresa Swinson, William Swinson, Daniel Swinson, and the Estates of Kenneth and Ingrid Swinson, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs**.

<div align="center">

COUNT DLXXVIII
PUNITIVE DAMAGES

</div>

Claim of Craig Swinson

(1284) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1285) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Craig Swinson's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been

<div align="center">

467

</div>

designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Craig Swinson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DLXXIX
BATTERY
</div>

Claim of Pastor Danny Wheeler

(1286)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1287) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Pastor Danny Wheeler, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DLXXX
ASSAULT
</div>

Claim of Pastor Danny Wheeler

(1288) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1289) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Pastor Danny Wheeler, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DLXXXI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
</div>

Claim of Pastor Danny Wheeler

(1290) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**469**
</div>

(1291) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Pastor Danny Wheeler, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler Wold, and The Estate of Molly Wheeler(Personal Representative Danny Wheeler)

(1292) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1293) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Pastor Danny Wheeler with the intent to inflict emotional distress upon him and upon members of his family, Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler Wold, and The Estate of Molly Wheeler (Personal Representative Danny Wheeler), and as a direct result and proximate result of these willful, wrongful

**470**

and intentional acts of Hezbollah, Pastor Danny Wheeler's family, consisting of his sisters, mother, wife and sons were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Andrew Wheeler, Brenda June Wheeler, Jonathan Wheeler, Benjamin Wheeler, Kimberly Crop, Kerry Wheeler, Jill Wheeler Wold, and The Estate of Molly Wheeler(Personal Representative Danny Wheeler), demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs**.

<div align="center">

COUNT DLXXXIII
PUNITIVE DAMAGES

</div>

Claim of Pastor Danny Wheeler

(1294) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1295) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Pastor Danny Wheeler's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Pastor Danny Wheeler, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DLXXXIV
BATTERY
</div>

Claim of Thomas P. Young

(1296)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1297) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas P. Young, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXXV
## ASSAULT

Claim of Thomas P. Young

(1298) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1299) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas P. Young, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Thomas P. Young

(1300) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1301) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas P. Young, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DLXXXVII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claims of Mary Stilpen, James Young, Estates of Nora Young and Robert Young

(1302) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1303) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Thomas P. Young, with the intent to inflict emotional distress upon him and upon members of his family, Mary Stilpen, James Young and the Estates of Nora Young and Robert Young, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Thomas P. Young's

family, consisting of his sister, brother, deceased father and mother, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Mary Stilpen, James Young and the Estates of Nora Young and Robert Young, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**
.

<div align="center">

COUNT DLXXXVIII
PUNITIVE DAMAGES
</div>

Claim of Thomas P. Young

(1304) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1305) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas P. Young's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas P. Young, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT DLXXXIX
## BATTERY

Claim of Daniel Eaves

(1306)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1307) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Daniel Eaves, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXC
## ASSAULT

Claim of Daniel Eaves

(1308) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1309) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Daniel Eaves, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXCI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Daniel Eaves

(1310) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1311) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Daniel Eaves, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DXCII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Claims of Sylvia Jean Eaves, Christopher Eaves, and India Eaves.

(1312) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1313) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Daniel Eaves with the intent to inflict emotional distress upon him and upon members of his family, Sylvia Jean Eaves, Christopher Eaves, and India Eaves, and as a result of these willful, wrongful and

intentional acts of Hezbollah, Daniel Eaves's family, consisting of his children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Sylvia Jean Eveas, Christopher Eaves, and India Eaves, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXCIII
PUNITIVE DAMAGES

</div>

Claim of Daniel Eaves

(1314) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1315) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Daniel Eaves's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United

<div align="center">479</div>

States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Daniel Eaves, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DXCIV
BATTERY
</div>

Claim of Timothy D. Mitchell

(1316)  The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(1317) On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Timothy D. Mitchell, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Timothy D. Mitchell, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

<div align="center">

**480**
</div>

Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXCV
## ASSAULT

Claim of Timothy D. Mitchell

(1318) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1319) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Timothy D. Mitchell, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Timothy D. Mitchell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DXCVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Timothy D. Mitchell

(1320) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1321) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Timothy D. Mitchell, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Timothy D. Mitchell, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DXCVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

</div>

Claims of Elvera Mitchell, Robert Mitchell, Debra Wise, and Wendy Mitchell.

(1322) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1323) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Tim Mitchell, with the intent to inflict emotional distress upon him and upon members of his family, Elvera Mitchell, Robert Mitchell, Debra Wise, and Wendy Mitchell, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Tim Mitchell's family, consisting of his sister, aunt, and uncle, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Elvera Mitchell, Robert Mitchell, Debra Wise, and Wendy Mitchell, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DXCVIII
PUNITIVE DAMAGES

</div>

Claim of Timothy D. Mitchell

(1324) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1325) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Timothy D. Mitchell's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been

<div align="center">

**483**

</div>

designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Timothy D. Mitchell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DXCIX
BATTERY

</div>

Claim of Paul Rivers

(1326)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1327) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Paul Rivers, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

<div align="center">484</div>

of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DC
ASSAULT
</div>

Claim of Paul Rivers

(1328) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1329) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Paul Rivers, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DCI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
</div>

Claim of Paul Rivers

(1330) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

**485**
</div>

(1331) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Paul Rivers, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DCII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

</div>

Claims of Sandra Rivers, Paul Rivers, and Jeremy Rivers.

(1332) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1333) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Paul Rivers with the intent to inflict emotional distress upon him and upon members of his family, Sandra Rivers, Paul Rivers, and Jeremy Rivers, and as a result of these willful, wrongful and intentional acts of Hezbollah, Paul Rivers's family, consisting of his wife and children were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Sandra Rivers, Paul Rivers, and Jeremy Rivers, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<div align="center">

COUNT DCIII
PUNITIVE DAMAGES

</div>

Claim of Paul Rivers

(1334) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1335) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul Rivers's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security  was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Paul Rivers, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT DCIV</u>
<u>BATTERY</u>

<u>Claim of Michael Toma</u>

(1336)  The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1337) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Toma, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DCV
## ASSAULT

Claim of Michael Toma

(1338) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1339) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Michael Toma, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT DCVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Michael Toma

(1340) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1341) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Michael Toma, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<div align="center">

COUNT DCVII
PUNITIVE DAMAGES

</div>

Claim of Michael Toma

(1342) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1343) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Toma's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Michael Toma, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<div align="center">

COUNT DCVIII
BATTERY
</div>

Claim of Pablo Arroyo

(1344) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1345) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Pablo Arroyo, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DCIX
ASSAULT

Claim of Pablo Arroyo

(1346) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1347) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Pablo Arroyo, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DCX
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Claim of Pablo Arroyo

(1348) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1349) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Pablo Arroyo, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

COUNT DCXI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Claims of Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and Milagros Arroyo

(1350) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(1351) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Pablo Arroyo with the intent to inflict emotional distress upon him and upon members of his family, Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and Milagros Arroyo, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Pablo

Arroyo's family, consisting of his sisters, brother, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jesus Arroyo, Arminda Hernandez, Rosa Ibarro, and Milagros Arroyo, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

COUNT DCXII
PUNITIVE DAMAGES

Claim of Pablo Arroyo

(1352) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(1353) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Pablo Arroyo's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United

States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Pablo Arroyo, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**


Date:_____

STEVEN R. PERLES, P.C.                    THOMAS FORTUNE FAY, P.C.

By:_____          By:_____
Steven R. Perles (D.C.Bar#326975)          ThomasFortuneFay
(D.C.Bar#23929)                    (D.C. Bar#
1615 New Hampshire Ave, NW          601 Pennsylvania Avenue, NW
Suite 200                    #900 – South Building
Washington, DC 20009               Washington, DC 20004
(202) 745-1300                    (202) 638-4534


ATTORNEYS FOR PLAINTIFF