

**U.S. Department of Justice**
Civil Division

Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530

---

Lesley Farby
Trial Attorney

Tel: 202.514.3481
Fax: 202.616.8470

March 26, 2008

VIA FEDERAL EXPRESS

David J. Cook, Esq.
Cook Collection Attorneys, PLC
165 Fell Street
San Francisco, CA 94102

    Re:    <u>Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.</u>, Case No. 01-cv-02094

Dear Mr. Cook:

    I represent the Office of Foreign Assets Control (OFAC), a component of the U.S. Department of the Treasury, with respect to the subpoena addressed to OFAC, dated March 10, 2008. The subpoena, a copy of which OFAC received on March 12, 2008, commands OFAC to produce and permit the inspection of certain documents by April 10, 2008. This letter sets forth OFAC's objections to the subpoena.

    First, any response by OFAC to the subpoena is subject to the regulations found at 31 C.F.R. §§ 1.8-1.12 (commonly known as "Touhy regulations," issued in accordance with <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951)). The subpoena you provided has failed to comply with those regulations in several ways, as set forth below, and therefore OFAC has not authorized release of any documents requested in this subpoena. Second, OFAC objects to this subpoena pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure as noted below.

1.    <u>31 C.F.R. § 1.11(d)(3)(i) - Affidavit Required</u>

    Pursuant to 31 C.F.R. § 1.11(d)(3)(i), in cases in which the United States or the Treasury Department is not a party, as is the case here, the litigant requesting production of documents must submit an affidavit (or statement if an affidavit is not feasible) in order to obtain a decision as to whether such production will be authorized. The affidavit must provide the following information:

    i.     the title of the legal proceeding, the forum,
    ii.    the requestor's interest in the legal proceeding,
    iii.   the reason for the subpoena, and
    iv.   a showing that other evidence reasonably suited to the requester's needs is not available from any other source.

31 C.F.R. § 1.11(d)(3)(i). No such affidavit was submitted. Permission to produce documents will "be limited to the information set forth in the affidavit or statement, or to such portions thereof as may be deemed proper." *Id.*

2.    <u>31 C.F.R. § 1.11(e)(1)(vi) – The Requestor Must Show that Any Potentially Responsive Documents are Unavailable From Another Source</u>

The requestor's ability to demonstrate that the requested documents are unavailable from other sources, including public sources, is a factor in determining whether the request is unduly burdensome, section 1.11(e)(1)(vi). In the case of the instant subpoena, this factor is of particular significance.

Eight of the litigant's requests are grounded in the claim resolution proceedings before the Iran-U.S. Claim Tribunal ("Tribunal"). However, OFAC does not represent the United States before the Tribunal, otherwise participate in the Tribunal proceedings, or even monitor the proceedings. Although the assets underlying the Tribunal proceedings were subject to an OFAC-administered blocking program from 1979 to 1981, that background fact does not establish that OFAC has any familiarity with the Tribunal proceedings, or any reason to have in its possession the requested Tribunal-related documents. However, requests nos. 1, 2, 3(A) through (D), and 7(A) and (D) require that the respondent have knowledge of the subject matter of the Tribunal proceedings, and cannot be processed without such knowledge. OFAC does not have the requisite knowledge. As the following examples make clear, familiarity with, and knowledge of, the substance of the Tribunal proceedings is required in order to attempt to identify responsive documents:

    i.     A list of all assets that are "the subject matter of one or more claims through the Iran-U.S. Claims Tribunal, hereinafter 'IUSCT.'" (Request 1).
    ii.    A list of all assets "in which the United States is obligated to pay to Iran the reasonable value thereof, mandated by the IUSCT in any decision, award, full or partial award, order, judgment or decree." (Request 2).
    iii.   Documents "which are the subject to the following proceedings and all proceedings which are generally or partially related to the case or case numbers, listed below:" (listing seven cases). (Request 3).
    iv.   Documents relating to the holders of all property of Iran which Iran claims that the United States has control, possession or dominion thereof, and which is the subject of any claims, counterclaims, proceeding, award, judgment, pending in the Iran-U.S. Claims Tribunal. (Request 7(A)).

      v.      "All property of Iran consisting of military and duel [*sic*] use property arising from Foreign Military Sales Accounts." (Request 7(D)).

Even were OFAC able to identify any documents potentially responsive to these requests, OFAC would thereafter need to refer the documents to the agency representing the United States at the Tribunal proceedings to give it the opportunity to identify and/or assert any applicable privilege. This fact further underscores that plaintiffs' demand for Tribunal-related documents is not appropriately addressed to OFAC.

In addition to establishing that the Tribunal-related documents are not available from sources other than OFAC, the requestor must make a similar showing as to Request 5, which makes demand for documents relating to an accounting "from 1981 to date hereof," of the Foreign Military Sales Account (FMSA) "maintained by the United States." OFAC is not "the United States;" nor is it responsible for maintaining any accounts of the FMSA.

3.    <u>Fed. R. Civ. P. 45(c)(3)(A)(iv); 31 C.F.R. § 1.11(e) – The Subpoena is Unduly Burdensome and Overly Broad</u>

The subpoena is unduly burdensome and overly broad. *See* Section 1.11(e). *See also* Fed. R. Civ. P. 45(c)(3)(A)(iv), which provides that a court "must quash or modify" a subpoena if it "subjects a person to undue burden."

Iran has been the subject of different sanction regimes administered by OFAC dating back to the President's declaration of a national emergency in 1979, in response to the Iranian hostage crisis. Because the requestor has failed to limit its request to any period of time, the subpoena arguably requires OFAC to review documents generated over a period of 29 years. Any such search would subject the agency to an unreasonable burden, and the requestor's inclusion of overly broad requests, such as, but not limited to, the "catch-all" demands of Request 7(E) and Request 8 would have a highly detrimental impact on OFAC's ability to conduct its regular business.

OFAC further objects that your requests are vague and overbroad to the extent that you have embedded incorrect, overstated, argumentative, and/or premature legal conclusions and propositions within your requests. For example, you request a "list of all assets . . . in which the United States was obligated to freeze, sequester, hold or block under the Algiers Accord.[]" (Request 1), and assert certain legal obligations of the United States (Request 2).

Moreover, most, if not all, of any potentially responsive documents are likely to be subject to assertions of privilege and/or statutory confidentiality requirements. For example, the requested financial information, if any, may have been provided by financial institutions with the express understanding that the information would be kept confidential. <u>See</u> 31 C.F.R. § 501.603; 31 C.F.R. § 1.11(e)(2)(iv) & (vi). Confidential business and/or financial information may be protected from release by the Trade Secrets Act, 18 U.S.C. § 1905, a criminal statute. Under the

3

Trade Secrets Act, OFAC may disclose protected information only if authorized to do so by law. See id.; 31 C.F.R. § 1.11(e)(2)(i).

In addition to the probable applicability of privileges such as the deliberative process privilege and the attorney-client privilege, certain documents may be protected from disclosure because of foreign policy or national security concerns. Section 1.11(a)(3)(ii). The implementation of any sanctions regime is always predicated on a presidential determination that the national security, foreign policy, or economy of the United States is threatened, and often leads to the creation of documents by other components of the Executive Branch. Some of the documents the requestor seeks may be in this category. OFAC would likely to have to consult with, or refer documents to, other components of the Executive Branch to allow them to identify applicable privileges prior to production.

Insofar as Request 4 and other requests may seek information regarding the non-blocked asset data reported in the Terrorist Assets Report (TAR), such information is reported pursuant to statutes that have stringent prohibitions on disclosure, see, e.g., the International Investment and Trade in Services Survey Act of 1976, 22 U.S.C. 3101, et seq., and the Bretton Woods Agreements Act.

The burden of responding to the requestor's unreasonable demands is further underscored by the cumulative impact that any required production would have on OFAC. OFAC has received several subpoenas in the past few weeks seeking information about the assets of a terrorist state. These demands have already affected the agency's ability to conduct business as normal, and the possibility of additional information demands from at least 30 parties known to hold judgments against terrorist states, see CRS Report, dated December 17, 2007, would have a crippling effect. See Section 1.11(e)(iv).

4. Fed. R. Civ. P. 45(3)(A)(i)– Time for Compliance Unreasonable

In light of the breadth of the request for documents, the 29-year time period covered, the convoluted manner in which the requests are drafted, the requestor's failure to define its terms, and the likely need to refer documents to other agencies for identification and/or assertion of privilege, and other reasons stated above, the subpoena's production date of April 10, 2008, "fails to allow reasonable time to comply." Fed. R. Civ. P. 45(3)(A)(i).

The foregoing objections are not exclusive, and we reserve the right to assert further objections in response to the subpoena as appropriate. As noted above, OFAC maintains its objections to the third party subpoena. Therefore, no OFAC employee will produce the requested documents at the date, time and place specified in the subpoena.

If you have questions, please do not hesitate to contact me or my colleague Hannah Chanoine. I may be reached at (202) 514-3481 or by email at lesley.farby@usdoj.gov, and Ms. Chanoine may be reached at (202) 305-2318 or hannah.chanoine@usdoj.gov.

                          Sincerely,

                          Lesley Farby
                          Trial Attorney
                          Federal Programs Branch