UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DEBORAH D. PETERSON,** Personal Representative of the Estate of James C. Knipple (Dec.), *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN,** *et al.*, <br><br> **Defendants.** | Consolidated Civil Actions: <br> 01-2094 (RCL) <br> 01-2684 (RCL) |

## MEMORANDUM & ORDER

Upon consideration of plaintiffs' motion [355] for an entry of an order *nunc pro tunc* to proceed with an execution of judgment pursuant to 28 U.S.C. § 1610(c), and for the reasons stated herein, this Court finds that the motion should be GRANTED.

Under 28 U.S.C. § 1610(c), no attachment or execution referred to in §§ 1610(a) and (b) is permitted until the court has ordered such an attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under 28 U.S.C. § 1608(e).[1] In determining whether the period has been

---

[1] Section 1608(e) provides as follows:

No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

reasonable, courts should take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, evidence that the foreign state is actively taking steps to satisfy the judgment, or evidence that the foreign state is attempting to evade payment of the judgment.  *See Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (Lamberth, J.) (citation omitted).  Plaintiffs move the Court to hold, *nunc pro tunc* from March 10, 2008, that a reasonable period of time elapsed within the meaning of 1610(c).

This Court entered a default judgment against defendants on September 7, 2007.  On January 10, 2008, plaintiffs completed service of this Court's Judgment and Memorandum Opinion in accordance with 28 U.S.C. § 1608(e).  (*See* Fay Aff. 1–2 [Docket Entry 352].)  By March 10, 2008, there was a two-month time lapse since plaintiffs gave notice of the judgment.  A two-month time lapse is not inconsistent with prior rulings from this Court and others.  *See Ned Chartering*, 130 F. Supp. 2d at 67 (finding six weeks between the judgment and issuance of writ sufficient to satisfy section 1610(c)); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (finding two-month period sufficient); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (finding three-month lapse sufficient).  Moreover, this Court is aware of no evidence showing that defendants have taken any steps to pay the judgment.  Indeed, plaintiffs maintain that the Islamic Republic of Iran has never voluntarily paid a judgment arising out of terrorist activity which was entered in any United States court.  (*See* Pls.' Mem. Supp. Mot. for Entry of J. 2.)  In light of these circumstances, this Court is satisfied that the period between January 10, 2008 and March 10, 2008, is a sufficient period of time to meet the requirements set forth in § 1610(c).  Accordingly, it is hereby

ORDERED that plaintiffs' motion [355] be, and is hereby, GRANTED; it is further

ORDERED that pursuant to 28 U.S.C. § 1610(c), *nunc pro tunc* from March 10, 2008, that attachment and execution proceed upon this Court's September 7, 2007 Judgment.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, on June 25, 2008.