THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 01-2094 (RCL) |

**UNOPPOSED MOTION ON BEHALF OF THE OFFICE OF
FOREIGN ASSETS CONTROL FOR PROTECTIVE ORDER AUTHORIZING
DISCLOSURE IN RESPONSE TO RULE 45 SUBPOENAS**

**INTRODUCTION**

The Department of the Treasury's Office of Foreign Assets Control ("OFAC"), which is not a party to the above-referenced case, hereby seeks the entry of an order authorizing it to provide certain information responsive to subpoenas issued to it under Federal Rule of Civil Procedure 45 on behalf of Plaintiffs in the above-referenced action. The Court's authorization is sought before OFAC responds to those subpoenas because information in OFAC's possession that is responsive might be protected from disclosure by the Trade Secrets Act, 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law. Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for Plaintiffs, David Cook, regarding this Motion, and he advised that Plaintiffs do not object to the terms of the proposed protective order attached hereto.

Plaintiffs in this case hold a judgment entered by this Court against the Islamic Republic of Iran ("Iran"). The subpoenas dated October 21, November 7, and November 8, 2008 issued on behalf of Plaintiffs (hereinafter "the Subpoenas") request information from OFAC regarding, "permits, licenses, certificates, applications, and amendments thereto permitting, authorizing or licensing the sale" to Iran of wheat, aircraft and aviation parts, chemical wood pulp, soda or sulphate, cigarettes, tobacco, corn, soybean seeds, meal, and mash, and "related products." *See* Subpoena in *Peterson v. Islamic Republic of Iran* (Oct. 21, 2008) (seeking information related to wheat sales to Iran); Subpoena in *Peterson v. Islamic Republic of Iran* (Nov. 7, 2008) (seeking information related to sales to Iran of cigarette, corn, soybeans, and related products); Subpoena in *Peterson v. Islamic Republic of Iran* (Nov. 8, 2008) (seeking information related to sales to Iran of aircraft and aviation parts, chemical wood pulp, and related products), attached hereto as Exhibit A.

After discussions with Plaintiffs' counsel about the scope of their Subpoenas and consistent with its applicable Touhy regulations, OFAC has agreed to provide Plaintiffs with certain responsive information, pursuant to the terms of the attached proposed protective order. The release of that information might violate the Trade Secrets Act, 18 U.S.C. § 1905, a statute that provides for the imposition of criminal penalties on government employees for prohibited disclosure of documents within its scope.[1] Thus, while OFAC does not intend to waive any right, privilege, or immunity it may have with respect to any further response, OFAC files this motion

---

[1] By identifying information concerning these assets as responsive to Plaintiffs' Subpoenas, OFAC states no position as to whether these assets may ultimately be available for attachment under relevant provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 *et seq.*, or any other governing law. Nor does OFAC intend to compromise or waive in any way the United States' ability in future litigation to state its views as to whether these assets may be subject to attachment.

to request that, in light of the prohibitions of the Trade Secrets Act, the Court authorize it to disclose information responsive to Plaintiffs' Subpoenas via the attached jointly proposed protective order.[2]

## ARGUMENT

I. **AUTHORIZATION OF LAW IS REQUIRED BEFORE DISCLOSURE MAY BE MADE OF INFORMATION PROTECTED BY THE TRADE SECRETS ACT.**

Information responsive to Plaintiffs' subpoena may be subject to the prohibitions on disclosure set forth in the Trade Secrets Act ("TSA"), a criminal statute. The TSA prohibits the unauthorized release by a federal employee or officer of certain types of information received by the government. Specifically, the statute provides:

> **§ 1905. Disclosure of confidential information generally.**
>
> Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

---

[2] As noted in the proposed order, the Court's entry of that Order would resolve only the question of whether disclosure is authorized under the Trade Secrets Act and does not constitute any determination as to any other privilege or immunity which OFAC may possess that applies either to the information to be provided at this stage, or to any additional information in OFAC's custody that may be responsive Plaintiffs' Subpoenas, or as to any objection that OFAC may have to Plaintiffs' Subpoenas. Similarly, in the event the Court authorizes OFAC to disclose information pursuant to a protective order in the form attached hereto, OFAC's subsequent provision of the information described in this motion to Plaintiffs does not constitute a waiver of any applicable privileges that may apply to the information or its sources, including but not limited to the law-enforcement privilege, in this or any other proceeding.

18 U.S.C. § 1905.

The Court of Appeals has described the TSA's scope as "exceedingly broad" (even "oceanic") and has held that it "encompasses virtually every category of business information likely to be found in the files" of an agency. *CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987) (stating further that the TSA "appears to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment," and that the "comprehensive catalogue of items in the [TSA] accomplishes essentially the same thing as if it had simply referred to 'all officially collected commercial information' or 'all business and financial data received'"). As noted above, under the TSA, disclosure of any such information must be "authorized by law," or the disclosing employee "shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment."

The information that OFAC intends to disclose to Plaintiffs was voluntarily provided to OFAC by persons seeking OFAC's authorization to export to entities in Iran pursuant to the Trade Sanctions Reform and Enhancement Act of 2000, Pub. L. No. 106-387, 114 Stat. 1549 (2000), or other applicable authorities, including the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-06. Such information clearly falls within the type of information that has been held by the courts to be protected by the TSA, as it is "*any commercial or financial data collected by any federal employee from any source in the performance of the duties of his or her employment.*" *CNA Financial Corp.*, 830 F.2d at 1140 (emphasis added).

Under the TSA, disclosure of protected information is permitted only if "authorized by law." A Rule 45 subpoena, which may be issued at the discretion of any civil litigant, does not constitute the "authoriz[ation] by law" that the TSA requires. *Cf. Doe v. DiGenova*, 779 F.2d 74,

84-85 (D.C. Cir. 1985) (construing similar language in the Privacy Act); *In re Valencia Condensed Milk*, 240 F. 310, 314 (7th Cir. 1917) (construing predecessor to Trade Secrets Act). A "lawfully issued judicial order," however, provides the necessary authorization for disclosure of Trade Secrets Act material, *United States v. Liebert*, 519 F. 2d 542, 546 (3d Cir. 1975), and, indeed, this Court previously issued a Protective Order in this action authorizing OFAC to disclose certain information in response to an earlier subpoena served by these Plaintiffs. *See* Order of June 11, 2008 [Dkt. No. 326].

Where the Trade Secrets Act is at issue, disclosure pursuant to a protective order that limits the distribution and use of the information to be provided by OFAC is necessary to protect important governmental interests, whether the information that is the subject of the Order is provided to the Government voluntarily or under compulsion. The D.C. Circuit has recognized that ordinarily, in the context of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for example, information provided voluntarily to the Government is exempt from disclosure because it is "a matter of common sense that the disclosure of information the Government has secured from voluntary sources on a confidential basis will both jeopardize its continuing ability to secure such data on a cooperative basis and injure the provider's interest in preventing its unauthorized release." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 879 (D.C. Cir. 1992) (en banc). In order to protect the Government's interests in the voluntary provision of information, the D.C. Circuit has adopted a "categorical rule" rule that "financial or commercial information provided to the Government on a voluntary basis is 'confidential' for the purpose of [FOIA, and therefore exempt from disclosure] if it is of a kind that would customarily not be released to the public by the person from whom it was obtained." *Id.* Accordingly, a portion of the information OFAC intends to disclose to plaintiffs – which was provided to OFAC voluntarily as part of applications for export licenses – might be categorically

exempt from disclosure under FOIA.

Accordingly, there are important government interests to be served by limiting disclosure, and the TSA, of course, prohibits disclosures that fall within its terms. As noted above, notwithstanding the standards that might govern a FOIA disclosure, the Court can provide the requisite authorization of law for disclosure of TSA-protected material by issuing an appropriate order. An order of disclosure incorporating the restrictions contained in the proposed order attached hereto would protect the important governmental interests recognized by the D.C. Circuit and minimize the concerns articulated by the D.C. Circuit about the disclosure of information that was provided voluntarily to the Government. OFAC, therefore, requests this Court to authorize it to disclose information in response to Plaintiffs' Subpoenas, via the attached joint proposed protective order.

## CONCLUSION

For the reasons set forth herein, OFAC requests that this Court enter the attached proposed protective order authorizing OFAC to disclose information in response to Plaintiffs' Subpoenas pursuant to the terms set forth therein.

Date: December 3, 2008						Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
Civil Division

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
Federal Programs Branch

ARTHUR G. GOLDBERG
Assistant Branch Director
Federal Programs Branch

          s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar 459548)
Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Avenue, N.W.
Washington, D.C. 20044
Tel.:  (202) 514-3418; Fax:  (202) 616-8470
Email: jacqueline.snead@usdoj.gov

**Counsel for OFAC**

**CERTIFICATE OF SERVICE**

This is to certify that on December 3, 2008, a true and correct copy of the foregoing Unopposed Motion on Behalf of the Office of Foreign Assets Control for Protective Order Authorizing Disclosure in Response to Rule 45 Subpoenas was filed through the ECF system of the United States District Court for the District of Columbia and that the document is available though that system.

                                                          s/Jacqueline Coleman Snead
                                                          JACQUELINE COLEMAN SNEAD