## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH D. PETERSON,**<br>**Personal Representative of the**<br>**Estate of James C. Knipple (Dec.),** *et al.,*<br><br>Plaintiffs - Judgment Creditors,<br><br>v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN, et al.**<br><br>Defendants – Judgment Debtors | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Case # 1:01CV02094**<br>   **Chief Judge Royce C. Lamberth** |

## MOTION FOR SANCTIONS PURSUANT TO
## TITLE 16, § 526(b) D.C. CODE

Plaintiffs Deborah D. Peterson, et al., by counsel, hereby move this Court to grant appropriate relief in collection efforts against HSBC Bank USA, N.A., a garnishee in possession of Iranian funds, as part of Plaintiffs' ongoing enforcement of the September 7, 2007 judgment awarded in *Peterson et al., v. The Islamic Republic of Iran* by the United States District Court for the District of Columbia. In support of this motion, Plaintiffs state as follows:

1. During collection efforts on the underlying judgment in this case, Plaintiffs caused to be issued a Writ of Attachment on Judgment by this Court on March 25, 2008.

2. The writ and its accompanying interrogatories were served on garnishee HSBC Bank USA, N.A. on April 30, 2008.

3. HSBC Bank USA, N.A., responded to the interrogatories on May 6, 2008 and denied any debts to, or possession of goods, chattel, or credits of defendant the Islamic Republic of Iran.

4. On November 8, 2012, Plaintiffs, upon new information detailing HSBC Bank USA, N.A.'s dealings with the Islamic Republic of Iran between the years 2001 and 2010, filed subpoenas requesting information regarding HSBC's transactions with that nation in 2008 and 2009.

5. On December 19, 2012, HSBC Bank USA, N.A. represented, in response to Plaintiffs' Subpoena, that it did in fact hold funds belonging to defendant The Islamic Republic of Iran at the time it denied possession in the April 2008 interrogatories.

6. Federal Rule of Civil Procedure 37(a)(4) states: "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

7. HSBC Bank USA, N.A.'s answers to Plaintiffs' April 30, 2008 interrogatories were incomplete and evasive because they did not disclose the judgment defendant's funds in their possession.

8. HSBC Bank USA, N.A. thereby failed to answer the interrogatories regarding its control over assets belonging to the defendant Islamic Republic of Iran.

9. Title 16, Section 526(b) of the D.C. Code provides: "when the garnishee has failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, judgment shall be entered against him for the whole amount of the plaintiff's claim, and costs, and execution may be had thereon."

10. Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that an appropriate sanction for failure to answer interrogatories may be a default judgment.

11. Plaintiffs submit and incorporate herein by reference their Memorandum of Law in Support of their Motion for Sanctions Pursuant to Title 16, §526(b) D.C. Code, against

2

HSBC Bank USA, N.A. in the amount of $2,656,944,877.00, plus interest at the statutory rate applicable of 4.27% per annum.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to grant their motion for appropriate relief, and find that the garnishee HSBC Bank USA, N.A. has failed to respond to interrogatories in violation of Federal Rule of Civil Procedure 37 and Title 16, Section 526(b)[1] of the D.C. Code, enter judgment against HSBC USA, N.A. in the amount of $2,656,944,877.00, plus interest at the applicable statutory rate of 4.27% per annum from the date of judgment of September 7, 2007, and award all other relief that the Court deems appropriate.

Date: January 28, 2013                    Respectfully Submitted,

                                          FAY KAPLAN LAW, PA


                                          *Thomas Fortune Fay*
                                          **Thomas Fortune Fay, Esq. ( # 23929)**


                                          *William Coleman Dowden, III*
                                          **William Coleman Dowden, III, Esq. ( # MD18451 )**


                                          *Jamie Knight*
                                          **Jamie Knight, Esq. (Pro Hac Vice)**
                                          **777 Sixth Street, NW**
                                          **Suite 410**
                                          **Washington, DC 20001**
                                          **202/589-1300**
                                          **Fax 589-1721**
                                          ***ThomasFay@aol.com***

---

[1]December 23, 1963, P.L. 88-241

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Motion and the Memorandum in support thereof were served electronically by the E.C.F. System of the United States Courts this 28th day of January, 2013, to the following persons:

**Bradford A. Berenson, Esq.**
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
*bberenson@sidley.com*

**Rupa Bhattacharyya, Esq.**
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
Washington, DC 20530
*rupa.bhattacharyya@usdoj.gov*

**Ferris Ridgely Bond, Esq.**
BOND & NORMAN
777 Sixth Street, NW
Suite 410
Washington, DC 20001
*ferrisbond@bondandnorman.com*

**Karl H. Buch, Esq.**
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
*kbuch@chadbourne.com*

**Varu Chilakamarri, Esq.**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 6141
Washington, DC 20001
*varudhini.chilakamarri@usdoj.gov*

4

**Kay M. Clarke, Esq.**
5450 Burford Street
San Diego, CA 92111
*covelok@aol.com*

**Jacqueline E. Coleman Snead, Esq.**
U.S. DEPARTMENT OF JUSTICE
Civil Division
20 Massachusetts Avenue, NW
Room 7218
Washington, DC 20530
*jacqueline.snead@usdoj.gov*

**David J. Cook, Esq.**
COOK COLLECTION ATTORNEYS, P.L.C.
165 Fell Street
San Francisco, CA 94102-5106
*cook@squeezebloodfromturnip.com*

**Joseph Peter Drennan, Esq.**
JOSEPH PETER DRENNAN, ATTORNEY-AT-LAW
218 North Lee Street
3rd Floor
Alexandria, VA 22314
*joseph@josephpeterdrennan.com*

**Robert Peter Feeney, Esq.**
ROBERT P. FEENEY, ESQUIRE
702 Russell Avenue
Suite 300
Gaithersburg, MD 20877
*bobfeeney11@gmail.com*

**Griffith L. Green, Esq.**
SIDLEY AUSTIN, LLP
1501 K Street, NW
Washington, DC 20005-1401
*ggreen@sidley.com*

**James H. Hulme, Esq.**
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
*hulme.james@arentfox.com*

**Anthony J. LaSpada, Esq.**
1802 North Morgan Street
Tampa, FL 33602
*ajl@laspada.com*

**Lynn Yuhee Lee, Esq.**
U.S. DEPARTMENT OF JUSTICE
Civil Division-Federal Programs Branch
P.O. Box 883
Washington, DC 20044
*lynn.lee@usdoj.gov*

**Robert W. Littleton, Esq.**
LITTLETON JOYCE UGHETTA PARK & KELLY, LLP
39 Broadway
34th Floor
New York, NY 10006
*robert.littleton@littletonjoyce.com*

**Tuna Mecit, Esq.**
4101 Albemarle Street, NW
Suite 422
Washington, DC 20016
*tmecit@yahoo.com*

**Jane Carol Norman, Esq.**
BOND & NORMAN, PLLC
777 Sixth St. NW #410
Washington, DC 20001
*jnorman425@aol.com*

**Alex Young K. Oh, Esq.**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
5th Floor
Washington, DC 20006
*aoh@paulweiss.com*

**Frank Panopoulos, Esq.**
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
*fpanopoulos@whitecase.com*

**Steven R. Perles, Esq.**
PERLES LAW FIRM, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036
*sperles@perleslaw.com*

**Heather R. Phillips, Esq.**
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 7222
Washington, DC 20001
*heather.phillips@usdoj.gov*

**Allen Louis Rothenberg, Esq.**
1420 Walnut Street
Philadelphia, PA 19102
*allen@injurylawyer.com*

**Francis A. Vasquez, Jr., Esq.**
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
*fvasquez@whitecase.com*

**Eric R. Womack, Esq.**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
*eric.womack@usdoj.gov*

And by Federal Express to:

**Bruce E. Clark**
SULLIVAN & CROMWELL, L.L.P.
125 Broad Street
New York, New York
10004-2498
(212) 558-4000
Facsimile: (212) 558-3588
*clarkb@sullcrom.com*

                                                                    *Thomas Fortune Fay*
                                                  **Thomas Fortune Fay, Esq. ( # 23929)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH D. PETERSON,                  )
Personal Representative of the        )
Estate of James C. Knipple (Dec.), *et al.,*  )
                                      )
        Plaintiffs,                   )
                                      )        Case # 1:01CV02094
        v.                            )        Chief  Judge Royce C. Lamberth
                                      )
                                      )
THE ISLAMIC REPUBLIC OF IRAN, et al.  )
                                      )
        Defendants                    )
                                      )

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR SANCTIONS PURSUANT TO
## TITLE 16, §526(b) D.C. CODE

On September 7, 2007, this Court, by Chief Judge Royce C. Lamberth, entered a final

judgment in *Peterson, et. al., v. The Islamic Republic of Iran,* 01-cv-2904. Plaintiffs are currently

engaged in enforcement efforts to collect on the $2,656,944,877.00 award, and have issued writs

of attachment against holders of Iranian assets across numerous jurisdictions.

On April 30, 2008, Plaintiffs served a Writ of Attachment, attached here as "Exhibit A,"

upon HSBC Bank USA, N.A., a wholly owned subsidiary of HSBC, a large international bank

operating out of the United Kingdom. Service of the writ was made upon Wiecher H.

Mandemaker, who is believed to have been, at that time, Vice President for Compliance at

HSBC Bank USA, N.A. A copy of the return of the Office of the United States Marshal is

attached as "Exhibit B." Two interrogatories appearing on the second page of the writ asked

whether, at the time of the service of the writ, or between filing of the writ and service of

answers to the interrogatory, HSBC Bank USA, N.A. was "indebted to the defendant" in this

case, the Islamic Republic of Iran, or if HSBC Bank USA, N.A. was in possession of any

"goods, chattels, or credits of the defendant." A representative of HSBC Bank USA, N.A.

responded "No" to both questions.[2] The answers to the interrogatories were returned on May 6,

2008. A copy of that document is attached as "Exhibit C."

Plaintiffs accepted HSBC Bank USA, N.A.'s responses as true, having no information to

the contrary and having no basis to suspect that HSBC had been engaged for a number of years

in an illegal and criminal series of money cleansing operations for the Islamic Republic of Iran.

On July 17, 2012, the United States Senate Committee on Homeland Security and Government

Affairs Permanent Subcommittee on Investigations issued a report on HSBC Bank USA, N.A.'s

business with numerous nations subject to International Financial Sanctions, including extensive

dealings with the defendant, the Islamic Republic of Iran, between the years 2001 and 2010. The

report contained evidence that HSBC Bank USA, N.A. knowingly engaged in transfers of Iranian

funds at the time it responded to Plaintiffs' April, 2008 interrogatories, in violation of applicable

laws and sanctions promulgated pursuant to those laws. A copy of that report is attached as

"Exhibit D" to this Motion and Memorandum. *See* pp. 164-165 of the report.

Plaintiffs then issued a subpoena, a copy of which is attached as "Exhibit E," requesting

documents and information for the years 2008 and 2009 regarding financial transactions and

communications with the Islamic Republic of Iran or its known financial institutions.[3]  On

December 19, 2012, HSBC Bank USA, N.A. responded to the subpoena, with objections. *See*

attached "Exhibit F." The following transactions with Iran were disclosed:

---

[2] The signature appearing on the document is illegible, but is believed to be that of Wiecher H. Mandemaker.
[3] The names of Iranian governmental entities were listed in an attachment to the writ.

| RECIPIENT | CURRENT VALUE | DATE BLOCKED |
|---|---|---|
| Bank Melli PLC, London | $21,060.22 | February 21, 2008 |
| Bank Melli Iran / Iranian Airport Company | $2,713.05 | March 12, 2008 |
| Bank Mellat, Tehran, Iran | $508.38 | March 24, 2008 |
| Bank Saderat, Tehran, Iran | $17,600.28 | July 22, 2008 |
| Bank Mellat, Tehran, Iran | $1,477.22 | October 28, 2008 |
| Oasis Freight Agency LLC | $3,006.08 | November 17, 2008 |
| Islamic Republic of Iran Shipping Lines | $880.62 | March 31, 2009 |
| Bank Melli Iran / Iran Aseman Airlines | $22,765.61 | May 12, 2009 |
| Bank Mellat, Tehran, Iran | $6,775.87 | June 4, 2009 |
| Bank Mellat, Armenia | $1,028.07 | September 11, 2009 |
| Islamic Republic of Iran Shipping Lines | $5,966.77 | September 18, 2009 |
| Islamic Republic of Iran Shipping Lines | $61,939.27 | October 12, 2009 |

The response disclosed at least three financial transactions with Iran which were conducted within the relevant time frame of HSBC Bank USA, N.A.'s answer to Plaintiffs' 2008 interrogatories. Each recipient noted in the response was also listed on the list made a part of the Writ of Attachment on Judgment designated as "ministries, divisions, subdivisions, agencies and/or instrumentalities" of Iran which to which the writ was addressed. Thus, HSBC Bank USA, N.A.'s response to the Writ of Attachment issued April 30, 2008 was false, by HSBC's own admission.

11

On January 23, 2013, Bruce E. Clark, retained counsel for HSBC Bank USA, N.A.

(HBUS), in a letter to counsel for the Plaintiffs in *Peterson v. Iran*, categorically stated on behalf

of his client:

> HBUS reviewed its records for accounts and property of the Defendants-judgment
> debtors and found only 12 wire transfers that had been blocked in 2008 or 2009 pursuant
> to regulations published by the Office of Foreign Assets Control. Those wire transfers
> remain blocked. *See* Exhibit "G" – letter of Bruce E. Clark to Thomas Fortune Fay,
> 1/23/2013.[4]

Statements made in the course of representation by retained counsel are admissible against the

client represented. *Frank R. Jelleff, Inc. v. Blanche K. Braden*, 233 F.2d 671, 98 U.S. App. D.C.

180 (1956).

Federal Rule of Civil Procedure 69 governs proceedings in aid of execution of judgments.

The rule states, in pertinent part: "The procedure on execution [of a money judgment] – and in

proceedings supplementary to and in aid of judgment or execution – must accord with the

procedure of the state where the court is located, but a federal statute governs to the extent it

applies." Fed. R. Civ. Pro. 69(a)(1). It is further provided in Fed. R. Civ. Pro. 69(a)(2) as

follows:

> *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a
> successor in interest whose interest appears of record may obtain discovery from any
> person--including the judgment debtor--as provided in these rules or by the procedure of
> the state where the court is located.

Accordingly, both the District of Columbia Code and the Federal Rules of Civil Procedure apply

to the instant case. Federal Civil Rule 37 provides sanctions for a party's failure to disclose or

comply with discovery. Rule 37(a)(4) enforces parties' obligation to provide through, complete

---

[4] The reference in the letter to contact with Jay Varkey refers to an inquiry to HBUS as to the whereabouts of
Wiecher H. Mandemaker, Vice President for Compliance at HSBC USA in 2008 and the individual upon whom the
writ of garnishment was served. According to Mr. Varkey, Mr. Mandemaker has been transferred to the Persian
Gulf and is thus beyond the jurisdiction of this Court.

disclosure to a discovery request. The rule states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(4). Emphasis added.

Thus, when a party fails to answer an interrogatory responsively, courts must equate this with a failure to answer and apply sanctions accordingly. *See Hunter v. Int'l Sys. & Controls Corp.*, 56 F.R.D. 617 (W.D. Mo. 1972). The party requesting information is entitled to a clear picture of a dispositive fact, and failure to provide a sufficiently detailed answer may be interpreted as a deliberate attempt to misconstrue the question. *Hunter,* 56 F.R.D. at 624. There is no obligation for the requesting party to immediately conclude that answers to interrogatories are false or incomplete. When an evasive response cannot be detected until further proceedings have been conducted, sanctions for failure to answer interrogatories are still applicable. *Airtex Corp. v. Shelley Radiant Ceiling Co.,* 536 F.2d 145, 155 (7th Cir. 1976); *see also Dotson v. Bravo,* 321 F.3d 663 (7th Cir. 2003). In the instant case, the time gap between Plaintiffs' good faith acceptance of the answers to the interrogatories as true and their subsequent realization of HSBC's non-disclosure is irrelevant. Penalties are still appropriate for HSBC's false reply.

Moreover, a party may not provide a partial answer merely because it harbors an undisclosed objection to the question. *Dollar v. Long Mfg.*, 561 F.2d 613, 616-17 (5th Cir. 1977). Federal Civil Rule 33(b)(3)-(4) requires responding parties to answer each interrogatory "separately and fully in writing under oath," and, if the party objects, that the grounds for the objection be stated with specificity. Fed. R. Civ. Pro. 33(b)(3),(4). The answering party must respond with clarity and candor, or, alternatively, object to providing the information sought. *Dollar,* 561 F.2d at 616. Here, HSBC Bank USA, N.A. did neither. If HSBC's representative was uncertain about the existence of Iranian funds in the bank's coffers, he should have

13

expressed his doubt in a detailed response to Plaintiff's question. Instead, he provided just one word, "No," in response to each interrogatory. Under Federal Rule of Civil Procedure 37(a)(4), a response so misleading must be considered no response at all.

Title 16, Section 526(b) of the D.C. Code states that when a garnishee "has failed to answer the interrogatories served upon him, or appear and show cause why a judgment of condemnation should not be entered, judgment shall be entered against him for the whole amount of the plaintiff's claim, and costs, and execution may be had thereon." D. C. Code §16-526(b),[5] emphasis added. Here, HSBC Bank USA, N.A.'s incomplete and untruthful response to Plaintiff's 2008 interrogatories must be treated as a failure to answer. Plaintiffs are entitled to the full amount of their judgment.

Numerous state courts have applied these principles to garnishment proceedings under statutes similar to the one at issue here. Florida courts have concluded that the "term 'answer' in Florida's garnishment statute means "a *complete* answer revealing all debts owed by the garnishee to the defendant debtor," and that a garnishee that fails to provide a full response is liable for all property and debts to the judgment debtor from the time of service of the writ to the time of the amended, truthful response. *Dixie Nat'l Bank v. Chase*, 485 So.2d 1353, 1356 (Fla. Dist. Ct. App. 1986). Texas courts have followed suit, concluding "where the garnishee's answer fails to respond to [the] questions, it may be regarded as no answer all, and judgment by default may be entered against the garnishee." *American Express Co. v. Monfort Food Distrib. Co.*, 545 S.W.2d 49, 52 (Tex. App. 1976).

In *Southwestern Glass Co., Inc. v. Waelder Oil and Gas, Inc.*, the Eighth Circuit upheld an award for judgment in full, plus interest and attorney's fees, upon findings that the garnishee

---

[5] Enacted by the Congress, December 23, 1963, as part of P.L. 88-241. Emphasis added.

bank failed to answer interrogatories accompanying a writ of garnishment truthfully.

*Southwestern Glass Co., Inc. v. Waelder Oil and Gas, Inc.*, 332 F.3d 513, 516 (8th Cir. 2003). In

that case, the garnishee bank assumed that proceeds from the judgment debtor's line of credit

were not subject to garnishment, and stated, in response to the plaintiff's interrogatories, that it

held no property of the defendant debtor. *Southwestern Glass*, 332 F.3d at 516. The Eighth

Circuit upheld the resulting default judgment against the bank, reasoning that the language of the

statute, which requires a garnishee to submit information about and retain any property possibly

subject to attachment, put the bank on notice that it must provide full disclosure. "The garnishee

must stand neutral with the money or other property in its possession, disclose all information

relating to that property, and hold the property pending a decision by the court." *Id.* at 517, citing

*McMahan & Co. v. Po Folk, Inc.,* 206 F.3d 627, 633 (6th Cir. 2000). Concealment – even

without ill-intent – strips the garnishee of court protection. When "the garnishee assumes a risk

[it] must accept the outcome of the battle it has chosen." *Id.*

Not only does the D.C. Code provision on a garnishee's failure to answer warrant default

judgment for a garnishee's failure to answer, but the Rules of Civil Procedure also impose this

sanction for a party's general failure to cooperate in discovery. *Nat'l Hockey League, et al. v.*

*Metro. Hockey Club, Inc., et al.,* 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). In a per

curium decision, the Supreme Court, Justices Brennan and White dissenting, and Justice Stevens

not participating, reversed the Court of Appeals for the Second Circuit and upheld the District

Court's finding of bad faith against respondents in an antitrust action who, despite extensions of

time and assurances that their tardiness was not willful, left interrogatories "substantially

unanswered" for almost seventeen months. *Nat'l Hockey League,* 427 U.S. at 640. The District

Court noted, and the Supreme Court agreed, that failing to supplement the answers despite

15

numerous requests and extended deadlines constituted "callous disregard of responsibilities counsel owe to the Court and to their opponents." *Id.*

Default judgment is the harshest of sanctions for discovery violations, and thus the Advisory Committee Notes to the Federal Rule, as well as case law, require a finding of willful non-compliance before imposing default judgment. *See* Advisory Committee Notes to 1970 Amendments (courts have imported into "refusal" a requirement of "willfulness"); *see also Societe Internationale v. Rogers,* 357 U.S. 197, 212 (1958) (no dismissal where failure to comply with discovery order has been due to inability, and not to willfulness, bad faith, or any fault of petitioner). However, what constitutes "willfulness" in failure to comply with discovery is left to the court's interpretation of the facts. In *National Hockey League,* the Supreme Court explained that severe sanctions must be available to courts, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 643. In that case, the Court upheld a finding of bad faith when the non-responsive party could offer no reasonable excuse for their actions. *Nat'l Hockey League,* 427 U.S. at 642. By that standard, HSBC Bank USA, N.A. must be held accountable for the charade it performed. The bank claimed it had no property of defendant the Islamic Republic of Iran in April 2009, when its own records, provided in response to Plaintiff's 2012 subpoena, demonstrate the bank had such funds during the time it answered the writ. Moreover, the commission of literally thousands of such transactions and the concealment of them demonstrates, as set forth in the United States Senate Report attached as "Exhibit D" that this was neither oversight nor an act in good faith, but the commission of one in a long and continuing series of fraudulent and felonious acts.

16

A garnishee's refusal to respond to a Writ of Attachment while holding judgment debtor assets is a failure to comply with discovery. The District of Columbia Court of Appeals has found that a "critical factor" in awarding default judgment for failure to answer under the D.C. garnishment statute is "whether the garnishee was in fact indebted to the judgment debtor or possessed any property belonging to the debtor" when he failed to answer interrogatories accompanying the writ of attachment. *Wrecking Corp. of America, Virginia, Inc. v. Jersey Welding Supply, Inc.,* 463 A.2d 678, 679 (D.C.1983)[6]; *see also Paster v. Republic Savings and Loan Ass'n,* 153 A.2d 813, 815 (D.C. 1959). In the present case, the bank's answers to Plaintiff's 2012 subpoenas demonstrate that HSBC held at least $24,281.65 in Iranian funds at the time it responded "No" to each of Plaintiff's interrogatories. HSBC Bank USA, N.A.'s conduct was willfully evasive and deserving of default judgment.

As a result of HSBC Bank USA, N.A.'s disingenuous answers to the April 2008 interrogatories, Plaintiffs, consisting of hundreds of family members who lost loved ones in the Beirut Marine Barracks terrorist suicide bombing, have yet to collect any part of the judgment awarded to them by this Court. Plaintiffs ask this Court to end a lengthy wait for justice by entering judgment in accordance with D. C. Code §16-526(b), in the language enacted by the Congress: "judgment shall be entered against him for the whole amount of the plaintiff's claim, and costs, and execution may be had thereon." Emphasis added. Plaintiffs respectfully request that this Court enter a judgment against HSBC for its failure to make disclosure or comply with discovery as permitted by Title 16, Section 526 of the D.C. Code and Federal Rule of Civil Procedure 37, in the amount of $2,656,944,877.00, plus interest at the applicable statutory rate of

---

[6] D.C. Code § 16-556(b), cited in the opinion, is in fact the same statute as in play here, renumbered to §16-526(b) in a subsequent version of the D.C. Code.

4.27% per annum from the date of judgment of September 7, 2007, and award all other relief that the Court deems appropriate.

Date: January 28, 2013          Respectfully Submitted,

                                                **FAY KAPLAN LAW, PA**


*Thomas Fortune Fay*
**Thomas Fortune Fay, Esq. ( # 23929)**


*William Coleman Dowden, III*
**William Coleman Dowden, III, Esq. ( # MD18451 )**


*Jamie Knight*
**Jamie Knight, Esq. (Pro Hac Vice)**
**777 Sixth Street, NW**
**Suite 410**
**Washington, DC 20001**
**202/589-1300**
**Fax 589-1721**
*ThomasFay@aol.com*