## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH D. PETERSON,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Civil No. 01-2094 (RCL)** |
| | ) |
| **ISLAMIC REPUBLIC OF IRAN,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>MEMORANDUM OPINION</u>

The Court recently denied plaintiffs' motion for sanctions against garnishee HSBC Bank USA, N.A. ("HBUS").  *Peterson v. Islamic Republic of Iran*, 01-cv-2094, 2013 WL 1460188 (D.D.C. Apr. 11, 2013).  Plaintiffs now move for reconsideration of that decision pursuant to Federal Rule of Civil Procedure 60(b).  Pls.' Mot., ECF No. 503.  The Court denies the motion.

## I.    BACKGROUND[1]

Plaintiffs' motion for sanctions argued that garnishee HBUS failed to properly disclose three blocked electronic fund transfers ("EFTs") in response to a 2008 interrogatory.  *Peterson*, 2013 WL 1460188, at *1.  These three EFTs were disclosed by HBUS in 2012.  Relying on its earlier opinion in *Estate of Heiser v. Islamic Republic of Iran*, 885 F. Supp. 2d 429, 438 (D.D.C. 2012), the Court found that Iran "had no property interest in these blocked EFTs," and therefore "HBUS's 2008 [interrogatory response] statements that it was not 'indebted to' defendants and did not possess any of their 'goods, chattels, or credits' were legally accurate, notwithstanding

---

[1] The Court presumes familiarity with the background of the case, and only provides those facts essential to the disposition of the present motion.

their failure to mention these blocked EFTs." *Peterson*, 2013 WL 1460188, at *3. Because HBUS's statements were legally accurate, the Court held, they could not be sanctionable. *Id.*

## II.    LEGAL STANDARD

Rule 60 provides, in pertinent part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3) & (6). To obtain relief under (b)(3), the moving party must show (1) that the other party engaged in fraud, misrepresentation, or misconduct; and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). To obtain relief under (b)(6), the moving party must demonstrate "extraordinary circumstances." *Marino v. Drug Enforcement Admin.*, 685 F.3d 1076, 1079 (D.C. Cir. 2012).

## III.    ANALYSIS

### A.  Plaintiffs Do Not Merit Relief Under Rule 60(b)(3)

Plaintiffs purport to show that HBUS engaged in "fraud, misrepresentation, or misconduct" which "substantially interfered" with their ability to fully and fairly present their case. Pls.' Reply 3. They point to three categories of allegedly fraudulent conduct: (1) HBUS's failure in 2008 to disclose the three EFTs, Pls.' Mot. 9–10; Pls.' Reply 3–4; (2) HBUS's ongoing failure to accurately disclose its Iran-related assets, as demonstrated by alleged inconsistencies between those EFTs listed in HBUS's 2012 disclosures and those listed in a 2008 Office of Foreign Asset Control ("OFAC") disclosure, Pls.' Mot. 10 (citing Pl.'s Mot, Ex. C, under seal); Pls.' Reply 5–6; and (3) HBUS's mischaracterization of its legal procedures and compliance department, Pls.' Mot. 4–9; Pls.' Reply 3–4.

The first category of allegedly fraudulent conduct—HBUS's alleged 2008 disclosure failure—fails to support plaintiffs' motion because it is precisely the subject of the very opinion and order that plaintiffs are challenging.  The Court already found that HBUS's responses to the 2008 interrogatories did not support a motion for sanctions.  *Peterson*, 2013 WL 1460188, at *3. Plaintiffs will not obtain a different result merely by invoking the same conduct again in a motion for reconsideration.

The second category of allegedly fraudulent conduct—HBUS's alleged ongoing disclosure failure—does not appear to be fraudulent.  Plaintiffs point to a 2008 OFAC memorandum, listing four undated blocked transactions between January 1, 2007 and June 30, 2008 held by HSBC, and complain that this memo lists "a different number of Iranian entities, none of which were those named by HBUS" in its 2012 disclosure.  Pls.' Mot. 10.  HBUS explains that the first two of the 2008 OFAC-listed transactions actually correspond to two of the three transactions listed in the 2012 disclosure; the amounts are slightly different because of the change in value between 2008 and 2012, and the names are different because the 2008 OFAC disclosure lists the originator of the transaction, while the 2012 HBUS disclosure lists the beneficiary.  HBUS's Opp'n 8 n.4, ECF No. 508-3.  HBUS further explains that the third transaction listed in the 2008 OFAC disclosure was not included in the HBUS 2012 disclosure because it was outside the time-frame of that disclosure.  HBUS's Opp'n 8.  Finally, HBUS explains that the fourth transaction listed in the 2008 OFAC disclosure was not included in the HBUS 2012 disclosure because it had been released to the remitter in 2010 and was not held by HBUS as of 2012.  HBUS's Opp'n 8.

Even if these discrepancies were evidence of fraud, plaintiffs would not be entitled to relief under (b)(3) because they failed to demonstrate how such "fraud" prevented them from

fully and fairly making their case.  *See Summers*, 374 F.3d at 1193.  That plaintiffs appear to have possessed the allegedly inconsistent OFAC disclosure since 2008—well before they filed the sanctions motion at issue here—makes it even more doubtful that such "fraud" imposed any burden on their ability to make their case.

The third category of allegedly fraudulent conduct—HBUS's alleged mischaracterization of its legal procedures and compliance department—fails to support plaintiffs' motion because it is irrelevant to the case at hand.  The Court's denial of the motion for sanctions rested only on the legal accuracy of the challenged interrogatory responses—the adequacy of HBUS's compliance office has no bearing on that determination.  There is no reason why such "fraud" would be any burden on plaintiffs' ability to make their case.

### B.  Plaintiffs Do Not Merit Relief Under Rule 60(b)(6)

Plaintiffs attack the Court's April opinion by raising the same legal arguments the Court rejected.  Pls.' Mot. 11–23.  Such arguments do not amount to the kind of "extraordinary circumstances" that could merit relief under Rule 60(b)(6).  *See Marino*, 685 F.3d at 1079.

Plaintiffs also complain that the "legal analysis upon which this Court rested its April 11, 2013 [*sic*] is far from settled" because the *Heiser* opinion upon which the Court relied is pending on appeal, and because several district judges in the Southern District of New York have reached a different conclusion on the same legal issue.  Pls.' Reply 11.  Plaintiffs fail to note that the Court *explicitly* recognized both of these facts in the challenged opinion.  *Peterson*, 2013 WL 1460188, at *3 nn.3–4.  Since the Court already considered these facts, they do not amount to the kind of "extraordinary circumstances" that would merit relief under Rule 60(b)(6).  *See Marino*, 685 F.3d at 1079.

**IV.  CONCLUSION**

Plaintiffs' motion for reconsideration is denied. An order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on May 22, 2013.