THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, : <br> PERSONAL REPRESENTATIVE OF : <br> THE ESTATE OF JAMES C. KNIPPLE : <br> (DECEASED), ET AL. : <br>   : <br> *Plaintiffs*, : <br>   : <br> v. : <br>   : <br> ISLAMIC REPUBLIC OF IRAN, ET AL.: <br>   : <br> *Defendants.* : | Consolidated Civil <br> 01-2094 (RCL) <br> 01-2684 (RCL) <br> Hon. Royce C. Lamberth |

DECLARATION OF MURPHREY KNOX IN SUPPORT OF
PLAINTIFFS' REPLY TO
GLENN'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
TO QUASH GLENN'S AMENDED NOTICE OF CHARGING LIEN

I, Murphrey Knox, being an adult person competent to give testimony, say as follows:

1. I am employed as a paralegal at Fay Law Group PLLC and am a custodian of records related to this case.

2. Each of the Plaintiffs signed a form retainer agreement with law firm of Fay & Perles. A blank copy of that retainer agreement is attached as Exhibit A.

1

3. Records show that attorney Jay Glenn was employed by Fay & Perles to depose claimants from families related to claimants he identifies in Doc. 546-1 and two expert witnesses testifying on behalf of those claimants.

4. Jay Glenn was assigned to depose a total of 82 persons.

5. Records show that Jay Glenn deposed a total of 41 persons.

I make these statements under penalty of perjury.

*[signature]*

Murphrey Knox

Executed this 1st day of July 2016.

LAW OFFICE
# FAY & PERLES
777 Sixth Street, NW
Suite 410
Washington, DC 20001
Tel (202) 589-1300
Fax (202) 216-0298

## CONTINGENT RETAINER AGREEMENT

_____, _____ , hereby retain and employ Fay & Perles (Attorneys) to represent me in the prosecution and recovery or settlement of all claims and causes of action against The Islamic Republic of Iran, The Iranian Ministry of Information and Security and their associates and agents with regard to the October 23, 1983 bombing of the Marine Barracks in Beirut, Lebanon.

I agree to pay to said Attorneys a fee which will be computed as follows: (1) 33 1/3 % of the total gross recovery before deduction of any fees, liens or charges of any type; and (2) an amount equal to the necessary expenses in the preparation, prosecution and administration of the case. This fee is contingent upon collection and to the extent of collection only. The percentage attorneys fee above described will be distributed to each of the Attorneys in an equal share. The "necessary expenses" portion of the attorneys' fee will be distributed in the proportion which that attorney's expenses bears to the total expenses of the attorneys.

Client shall have no liability for any expenses in connection with the preparation, prosecution and administration of the claim, the above provision relating solely to the computation of the attorneys' fee. The Attorneys will, under no circumstances, represent to any vendor, supplier of services or contractor with regard to services, that they are incurring expenses on behalf of or chargeable to the credit of the Client and all such


EXHIBIT A

expenses shall be the sole obligation of the Attorneys and not in any manner the legal obligation of the Client. Under no circumstances shall any part of the attorneys' fee be considered to be a loan from the Attorneys to the Client. The fees due the Attorneys shall constitute a lien upon any proceeds realized having priority before all other liens on any sums realized from this claim.

Client understands that although the Attorneys have been successful in the past in prosecuting cases under the Foreign Sovereign Immunities Act, collection may depend upon factors beyond their control, including, but not limited to, statutory amendments and the foreign relations of the United States. Attorneys will assert their best efforts but cannot guarantee success.

Date: _____

_____
Client, _____,

_____
Thomas Fortune Fay, Esq.

_____
Steven R. Perles, Esq.