UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEBORAH D. PETERSON**, *et al.* | § § | |
| PLAINTIFFS, | § § | **CONSOLIDATED CASES:** |
| | § | **No. 01-CV-02094 (RCL)** |
| v. | § | **No. 01-CV-02684 (RCL)** |
| | § | |
| **ISLAMIC REPUBLIC OF IRAN**, *et al.* | § § | |
| DEFENDANTS. | § § | |

## Memorandum and Order

### Background

The movants—Mr. David Cook and his firm, Cook Collection Attorneys, PLC (collectively "Cook")—now seek a common law equitable lien over the plaintiffs' attorneys' ("respondents") share of the recovery in this case and sequestration of the portion disputed in the ongoing arbitration between Cook and the respondents. ECF No. 575. Cook formerly worked as collection counsel in this case.

This is the fifth time and the third forum in which Cook has sought relief similar to that for which he asks here. Previously, in this Court, Cook sought an "attorney's charging lien" against the funds "to be received by the Plaintiffs" in this case. ECF No. 528 at 1–2. This Court granted the plaintiffs' motion [ECF No. 539] to quash that lien because Cook had no contractual or attorney–client relationship with the plaintiffs; rather, Cook has a contractual relationship with the plaintiffs' attorneys. (ECF No. 564). The D.C. Circuit affirmed that decision. *Peterson v. Islamic Republic of Iran*, 724 F. App'x 1 (D.C. Cir. 2018).

Cook sought similar relief in the Southern District of New York. There, he tried to assert a statutory charging lien under New York law on the proceeds being used to satisfy the

1

*Peterson* judgment and other judgments against Iran. The District Court denied Cook's motion to intervene to assert this lien as untimely, *Peterson v. Islamic Republic of Iran*, No. 10-cv-4518, 2016 WL 9447953 (S.D.N.Y. June 6, 2016), and the Second Circuit affirmed, *Peterson v. Islamic Republic of Iran*, 690 F. App'x 744 (2d Cir. 2017).

Cook also sought similar relief in arbitration. Cook has, for the past several years, arbitrated the merits of his contract claim against the respondents and other attorneys who have been involved in this litigation with JAMS in New York. Twice in the course of that arbitration, once in 2016 and once in 2018, Cook has sought from the arbitrator an interim award creating some form of security interest in any funds that the respondents receive from the trust that now holds the funds pending payments to the plaintiffs. Specifically, Cook sought to enjoin or otherwise prevent the respondents from acquiring and spending as they will any payments they receive from those funds as attorney's fees. Both times, the arbitrator denied Cook's petitions. *See generally* Arbitration Order No. 2, ECF No. 577-2; Arbitration Order No. 15, ECF No. 577-3. Both times, the arbitrator chastised Cook for his flagrant forum shopping. *Id.* Both times, the arbitrator characterized Cook's efforts as attempts to effect pre-judgment attachment. *Id.* And both times, the arbitrator made clear that Cook's requests should be denied on their merits. *Id.* In both cases, the arbitrator said that

> The merits of the case are still very much in dispute. The Claimants (Cook) have offered no evidence of the irreparable harm they may suffer if the injunction is not granted, other than a conclusory assertion for the need for "security" from an "empty award." The Respondents, on the other hand, would suffer harm as a result of the restrictions placed on their ability to spend these funds as they see fit. Finally, a grant of the relief requested by the Claimants would promote forum-shopping which disserves the public interest.

Arbitration Order No. 15, ECF No. 577-3 at 5–6.

Having been denied four times already (six, if you count the appeals) in three separate forums, Cook now tries again to obtain a security interest in the judgment proceeds of this case, this time in the form of a common law equitable lien over and sequestration of the respondents' share of the recovery. In response to Cook's motion, the respondents move to compel arbitration of Cook's motion and to stay proceedings in this case. Having reviewed the record and the applicable law, the Court grants the respondents' motion, compels Cook to arbitrate his motion, and stays proceedings in this case until arbitration is completed.

## Analysis

"Section 3 of the Federal Arbitration Act [FAA] entitles litigants in federal court to a stay of any action that is 'referable to arbitration under an agreement in writing.'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 625 (2009) (quoting 9 U.S.C. § 3). Cook and the respondents have a written agreement that contains an arbitration clause requiring arbitration of "any disputes by and among any of the attorneys." ECF No. 575-3, p.4, ¶5.

Cook's attempt to secure an equitable lien over and sequestration of any funds that the respondents may receive for their services in this case qualifies as a dispute among the attorneys. Even if the arbitration agreement were narrowly construed to cover only disputes arising out of the contract, this dispute would meet that criterion as it arises out of Cook's attempt to secure and collect payment for services allegedly performed under the contract. That this dispute is arbitrable is amply demonstrated by Cook's two previous attempts to obtain nearly identical relief from the arbitrator. Because this dispute is arbitrable, the Court must stay proceedings between these litigants until arbitration has been had in compliance with the parties' agreement.

Cook argues that his motion need not be referred to arbitration for three reasons. First, he argues that the arbitrator has decided to defer to this Court on this issue. Second, he argues that

the respondents are in default in proceeding with arbitration under § 3 of the FAA. Third, he argues that the arbitrator has no authority to issue the lien/injunction he seeks because it would bind nonparties to the arbitration agreement. All of these arguments are meritless.

I.     **The Arbitrator Has Not Decided to Defer to the Court on this Issue.**

Cook's first argument mischaracterizes the arbitrator's orders. In the arbitrator's first order denying an interim injunctive award to Cook, the arbitrator opined that

> The first and foremost reason for denying [Cook's] motion is that [he] already sought the same relief in the . . . Southern District of New York. They lost there . . . . [It] would not only be arrogant for the Arbitrator to overrule Judge Forrest, but it would encourage forum-shopping and create jurisprudential chaos.

Arbitration Order No. 2, ECF No. 577-2 at 4. This does not indicate a desire to defer to this Court (or a District Court generally) to decide these issues. Instead, it indicates the respect the arbitrator had for decisions already rendered by a District Court and the arbitrator's desire not to make any ruling contrary to those decisions. And even though "the first and foremost reason for denying" Cook's motion was its previous denial in other forums, the arbitrator did go on to offer his own analysis of why that motion deserved to be denied on its merits. *See generally id.* In short, nothing in the arbitrator's first order indicates that the arbitrator intended generally to defer to this Court or any other court on any matter within the scope of the parties' arbitration agreement.

The arbitrator's second order also demonstrates no intent to defer decision of this issue to this Court. That order dealt with Cook's request for an interim award restraining the respondents from "disposing of any newly distributed funds received from the QSF Trust other than in the ordinary course of business until after the entry and confirmation of the Final Award." Arbitration Order No. 15, ECF No. 577-3 at 1. That request was flatly denied on its merits. *See generally id.* A denial on the merits does not indicate an intent to defer to another adjudicatory body.

4

## II. The Respondents Have Not Defaulted in Proceeding with Arbitration.

Cook's second argument mischaracterizes the previous litigation in this case. Under § 3 of the FAA, an applicant in default in proceeding with arbitration is not entitled to a stay such as that which the respondents seek. 9 U.S.C. § 3. Such a default occurs when the applicant "actively participates in a lawsuit or takes other action inconsistent with" the right to arbitrate. *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966). Cook argues that the respondents here actively participated in litigation of this issue when they "brought their Motion to Quash Cook's Charging Lien before this Court and thereafter participated in briefing and oral argument at the Circuit Court on the equitable lien issue." ECF No. 579 at 6.

But Cook misconstrues that motion and the proceedings that followed. The Motion to Quash makes clear that it was the Peterson "Plaintiffs, by and through undersigned counsel," who brought the motion to protect their own interests. ECF No. 539 at 1. This reflects Cook's Notice of Charging Lien, which asserted a lien against any and all recovery "to be received by the Plaintiffs," not the respondents. Therefore, the respondents' involvement in those proceedings was not active participation in a lawsuit of the sort that would waive a right to arbitrate because they were not parties to those proceedings. Rather, they were parties' attorneys. This was made clear in the D.C. Circuit's opinion, which affirmed this Court's decision to grant the motion to quash because Cook is not "entitled to invoke the power of the court to withhold payment of any part of the judgment from *Plaintiffs*." *Peterson*, 724 F. App'x at 4 (emphasis added). The D.C. Circuit also made clear that the litigation did not address any claims that Cook may have against any of the respondents. *Id.* at 5. And because the respondents have not, in their personal capacities, actively participated in any litigation in this Court regarding this matter (outside of responding to

5

the present motion and seeking to refer the motion to arbitration), the respondents have in no way defaulted in proceeding with arbitration.

### III. The Arbitrator Has Power to Grant the Relief Cook Requests.

Cook's third argument for why these proceedings should not be stayed pending arbitration is that arbitration of the equitable lien issue would exceed the arbitrator's powers because the determination would necessarily affect non-parties. Cook suggests that Jay Glenn and possibly other lawyers could be involved in this "equitable interference." This argument is meritless. Cook's motion for an equitable lien and sequestration asks the Court to "sequester[] funds recovered on the judgment and payable from the QSF Trust to Plaintiffs' Attorneys Thomas Fay, Steven Perles, Allen Rothenberg and Anthony LaSpada." ECF No. 575 at 1. Neither Glenn nor other attorneys are mentioned in the motion. Neither Glenn nor other attorneys are parties to the current suit. All of the attorneys mentioned by name in Cook's motion are parties to the arbitration. Glenn is not. As such, the arbitrator does have power over all of the parties actually named in Cook's motion. And the Court has full confidence that the arbitrator will not overstep the bounds of his power in considering this or any other motion.

### Conclusion

Cook and the respondents are bound by a written arbitration agreement. The dispute created by Cook's motion seeking an equitable lien over and sequestration of funds received by the respondents from the QSF Trust is within the scope of that arbitration agreement. Cook can point to no reason for which that arbitration agreement should not be enforced. Therefore, the Court does the following:

- **GRANTS** the respondents' motion to compel arbitration and to stay proceedings. ECF No. 577.
    - **STAYS** all proceedings in this Court between Cook and the respondents until the arbitration between them is complete.

- o **ORDERS** Cook to arbitrate any further issues between him and the respondents, including the issue of equitable liens and sequestration.
- **DENIES AS MOOT** Cook's motion for an equitable lien over plaintiffs' attorneys' 1/3 share of the recovery and for sequestration of the disputed portion. ECF No. 575.

**It is so ordered.**


Signed: June __22__, 2018.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE